

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 FEB 26 PM 3: 42

NANCY M.
MAYER-WHITTINGTON
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Robbins, Russell, Englert, Orseck & Untereiner LLP,**<br>1801 K Street NW<br>Washington, D.C. 20006<br>　　　　Plaintiff,<br><br>v.<br><br>**Gary Kornman,**<br>3640 Haynie Avenue<br>Dallas, TX 75205<br>　　　　Defendant. | UNDER SEAL<br><br>Case Number _____<br><br><br>Complaint |

## COMPLAINT

Plaintiff, Robbins, Russell, Englert, Orseck & Untereiner LLP ("Robbins Russell"), by and through undersigned counsel, as and for its complaint against Gary Kornman ("Kornman"), states as follows:

### Introduction

This case arises out of Kornman's intentional refusal to pay fees for and costs associated with legal services rendered by Robbins Russell. After entering into a contract for those services, and in fact receiving them, Kornman has refused to pay outstanding invoices totaling $149,021.29, despite acknowledging his obligation to do so.

### Jurisdiction and Venue

1.　Robbins Russell is a limited liability partnership for the practice of law and a resident of the District of Columbia. Its office is located at 1801 K Street N.W., Suite 411, in the District of Columbia. None of the partners of Robbins Russell are citizens of Texas.

2. Kornman is a Texas resident residing at 3640 Haynie Avenue, Dallas, Texas 75205, and is, on information and belief, a citizen of Texas.

3. The amount in controversy, exclusive of interests and costs, is $149,021.29.

4. Subject matter jurisdiction exists under 28 U.S.C. § 1332(a)(2), diversity jurisdiction, as the parties are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

5. Kornman visited Robbins Russell's offices in Washington, D.C. on several occasions for the purpose of obtaining legal advice, including on January 20, 24, and 25, 2006.

6. Personal jurisdiction over Kornman is based on D.C. Code § 13-423.

7. Venue properly lies in this Judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this case arose in this District.

**Factual Background**

8. In October 2004, Kornman engaged Robbins Russell to represent him in connection with certain litigation involving the Securities and Exchange Commission ("SEC"). This engagement was confirmed by a letter dated October 5, 2004, which was executed by Kornman and Lawrence S. Robbins of Robbins Russell ("Engagement Letter," attached as Exhibit A to this complaint).

9. The Engagement Letter:

    a. set forth the billing rates of several Robbins Russell attorneys;

    b. explained that the firm might draw on any of its attorneys in connection with performing legal services for Kornman, at hourly rates determined by Robbins Russell's schedule of hourly rates;

    c. informed Kornman that Robbins Russell would bill him for costs associated with its provision of legal services;

    d. provided that Robbins Russell's invoices would be due within 20 days after Kornman received them;

    e. permitted Kornman to terminate Robbins Russell's representation of him at any time;

    f. provided that Kornman's acceptance of the Engagement Letter constituted his understanding of, and consent to, its terms, conditions, and disclosures.

10. Also in October 2004, Kornman paid Robbins Russell a retainer of $20,000, one-half of which was to be held as a reserve against the final bill.

11. Pursuant to requests by Kornman and his Texas counsel, Jeff Tillotson, acting at Kornman's direction, Robbins Russell expanded the scope of the services it provided to include the preparation of a variety of motions and the performance of an array of legal research, in both the SEC litigation and criminal litigation, arising out of the same alleged conduct, brought by the U.S. Attorney's Office for the Northern District of Texas.

12. In connection with and within the scope of this representation, Robbins Russell submitted invoices to Kornman for legal services rendered and costs advanced from October 5, 2004, through September 30, 2006. These invoices were dated November 1, 2004; December 2, 2004; January 4, 2005; February 2, 2005; March 2, 2005; April 4, 2005; May 4, 2005; July 11, 2005; October 5, 2005; November 4, 2005; January 4, 2006; February 2, 2006; March 3, 2006; April 6, 2006; May 2, 2006; June 5, 2006; July 5, 2006; August 3, 2006; September 7, 2006; and October 4, 2006.

13. Pursuant to the parties' agreement, Robbins Russell applied $10,000 of Kornman's $20,000 retainer against the November 1, 2004, invoice. Robbins Russell continues to hold the remaining $10,000 of Kornman's retainer as a reserve against his final bill.

14. Between December 2004 and February 2006, Kornman paid in full the twelve invoices dated between and including November 1, 2004, and February 2, 2006.

15. Kornman has not paid in full, however, the March 3, 2006, invoice, or any part of the invoices that followed it. The last payment Robbins Russell received from Kornman was dated February 13, 2006, and included an overpayment that was subsequently applied to the March 3 invoice. Kornman's balance on the outstanding invoices totals $149,021.29.

16. Neither Kornman nor anyone on Kornman's behalf has denied that Robbins Russell's invoices are outstanding and unpaid.

17. On several occasions, Kornman or Jeff Tillotson, on Kornman's behalf, have acknowledged Kornman's obligation to pay in full the outstanding invoices. On October 24, 2006, Kornman spoke with Lawrence Robbins by telephone. During that conversation, Kornman acknowledged that he owed Robbins Russell the amounts listed in the outstanding invoices but insisted that Robbins Russell perform additional legal work before Kornman would agree to pay the amounts owed. Kornman (and Tillotson, on Kornman's behalf) made the same acknowledgment on several other occasions as well.

18. On October 31, 2006, and November 8, 2006, Lawrence Robbins sent to Kornman and Jeff Tillotson, via Federal Express, letters on Robbins Russell's behalf requesting that Kornman pay in full the outstanding amount of $149,021.29 by November 15, 2006. Neither Kornman nor Jeff Tillotson responded to those letters, and the entire $149,021.29 remains unpaid.

## COUNT I
### (Breach of Contract)

19. The allegations of paragraphs one through eighteen are incorporated here by reference as though set forth fully here.

20. On or about October 5, 2004, Kornman retained Robbins Russell and entered into a contractual agreement under which Kornman would pay Robbins Russell for its performance of legal services. The parties executed an engagement letter.

21. Robbins Russell fully performed its obligations under the parties' agreement by representing Kornman during the SEC and criminal matters.

22. Kornman has failed to perform his contractual obligations because he failed to pay the invoices for the outstanding fees and costs associated with Robbins Russell's services.

23. Wherefore, Robbins Russell demands judgment against Kornman for $149,021.29, plus pre-judgment and post-judgment interest, and the costs of this action, and any other relief that the Court deems appropriate.

## COUNT II
### (Breach of Implied-in-Fact Contract—Quantum Meruit)

24. The allegations of paragraphs one through eighteen are incorporated here by reference as though set forth fully here.

25. Robbins Russell performed valuable legal services on Kornman's behalf.

26. Kornman invited and accepted Robbins Russell's legal services and, in fact, sought additional legal services from Robbins Russell as recently as October 24, 2006.

27. The circumstances, including the Engagement Letter, the legal services rendered, and Robbins Russell's periodic invoices, reasonably put Kornman on notice that Robbins Russell expected to be paid by him.

28. The amounts billed by Robbins Russell constitute a reasonable valuation of the services performed and costs advanced by Robbins Russell in representing Kornman.

29. Wherefore, Robbins Russell demands judgment against Kornman for $149,021.29, plus pre-judgment and post-judgment interest, and the costs of this action, and all other relief that the Court deems appropriate.

## COUNT III

### (Account Stated—Invoices)

30. The allegations of paragraphs one through eighteen are incorporated here by reference as though set forth fully here.

31. The circumstances, including the Engagement Letter, Robbins Russell's periodic invoices, and Kornman's payment of some of those invoices, established a debtor-creditor relationship between Kornman and Robbins Russell. The Engagement Letter, in particular, established that Robbins Russell's periodic invoices would be due within 20 days after Kornman received them.

32. Robbins Russell's invoices rendered an account payable by Kornman.

33. Under the circumstances, including the terms of the Engagement Letter and Lawrence Robbins's demand that Robbins Russell's invoices be paid in full by November 15, 2006, Kornman agreed to pay those invoices by failing to object to them and by affirmatively acknowledging his obligation to pay them.

34. The actions of Kornman and Robbins Russell created an account stated.

35.    Wherefore, Robbins Russell demands judgment against Kornman for $149,021.29, plus pre-judgment and post-judgment interest, and the costs of this action, and all other relief that the Court deems appropriate.

Dated: February 26, 2007             Respectfully submitted,

_____
Gary A. Orseck (D.C. Bar No. 433788)
Alan D. Strasser (D.C. Bar. No 967885)
Matthew R. Segal (D.C. Bar No. 483486)
ROBBINS, RUSSELL, ENGLERT,
  ORSECK & UNTEREINER, LLP
1801 K Street, NW, Suite 411-L
Washington, D.C. 20006
(202) 775-4500

Attorneys for Robbins, Russell, Englert,
Orseck & Untereiner LLP

### ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Lawrence S. Robbins

(202) 775-4501
lrobbins@robbinsrussell.com

October 5, 2004

*Via email:* lfk_lfk@yahoo.com

Mr. Gary Kornman
3640 Haynie Avenue
Dallas, TX 75205

    Re:    Engagement in *SEC* v. *Gary M. Kornman*,
             Civ. Action No. 3:04CV1803-L (N.D. Texas)

Dear Gary:

    The purpose of this letter is to set forth the basis upon which this firm will provide legal services to you with respect to the above-named litigation.

    1.    **Legal Services Provided**: You are engaging this Firm to represent you in connection with the above-referenced litigation; specifically, you have asked us to research issues relating to the SEC's rulemaking authority and prepare a possible motion to dismiss with respect to that subject matter. I will work principally with my partners Gregory Poe and Gary Orseck and my associate Alice Yao on this project. If at any time you have questions, concerns, or criticisms, please feel free to call. My direct dial number is (202) 775-4501 and my e-mail address is **lrobbins@robbinsrussell.com.**

    2.    **Fees**: My fee will be $550 per hour, Gary's and Greg's will be $450 per hour, and Alice's will be $300 per hour. We may also, but only to the extent necessary, draw on other attorneys, most of whom are billed at rates lower than $325 per hour, but in no event would another lawyer's fee exceed my hourly rate. Our fees are generally based on the Firm's schedule of hourly rates. Our schedule of hourly rates for attorneys and other members of the professional staff is based on years of experience, specialization in training and practice, and level of

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

Mr. Gary Kornman
October 5, 2004
Page 2

       professional attainment. You have also agreed to pay a retainer of $20,000, one-half of which will be applied to fees as they accrue, and one-half held as a reserve against the final bill.

3.   Costs: It is sometimes necessary for us to incur other charges for items such as travel, lodging, meals, telecommunication expenses (telephone, telecopier and telex) and messengers. Similarly, some matters require ancillary services such as photocopying, word processing, computerized legal research and staff overtime.

       In order to allocate these charges fairly and keep billable rates as low as possible for those matters which do not involve such expenditures, these items are separately itemized on our statements. Some charges represent out-of-pocket costs, some include an allocation of overhead costs associated with the items, and others include a combination of both factors. It is the Firm's policy to maintain the costs of these items at reasonable levels.

4.   Billings: Our statements generally will be prepared and mailed during the month following the month in which services are rendered and costs advanced. We expect payment within twenty days after any statement is received.

5.   Termination: You will have the right to terminate our representation at any time. You agree that we will have the same right, subject to an obligation to give you reasonable notice to arrange alternative representation. You also agree that we will be relieved from the responsibility of performing any further work should you fail to pay any statement for fees and/or other charges unless other special arrangements have been mutually agreed upon.

6.   Acceptance of Engagement: Your acceptance of this engagement letter constitutes your understanding of, and consent to, the particular terms, conditions and disclosures described above.

                      \*   \*   \*   \*   \*

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

Mr. Gary Kornman
October 5, 2004
Page 3

   Please review the foregoing and, if it meets your approval, sign a copy of the letter and return it to us, together with a check in the amount of $20,000. If you have questions, please feel free to call me.

                Very truly yours,

                ROBBINS, RUSSELL, ENGLERT, ORSECK &
                UNTEREINER LLP

          By: _____
              Lawrence S. Robbins

APPROVED AND AGREED:

Gary Kornman

By: _____
  Gary Kornman

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Robbins, Russell, Englert, Orseck & Untereiner LLP

## DEFENDANTS
Gary Kornman

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  District of Columbia 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gary A. Orseck
Robbins Russell Englert Orseck & Untereiner LLP
1801 K St NW Ste 411-L, Washington DC 20006
(202) 775-4500

Case: 1:07-cv-00554
Assigned To : Robertson, James
Assign. Date : 2/26/2007
Description: ROBBINS v. KORNMAN

(214) 981-3800

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⦿ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC sec 1332(a)(2) (diversity); Recovery of fees for services rendered and costs advanced per contract and account stated

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 149,021.29    Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE February 26, 2007    SIGNATURE OF ATTORNEY OF RECORD [signature]

JT

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.