UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
ROBBINS, RUSSELL, ENGLERT, :
ORSECK & UNTEREINER LLP, :
:
       Plaintiff        :   Case No. 1:07-cv-00554-JR
:
       v. :
:
GARY KORNMAN, :
:
       Defendant. :
_____:

**DEFENDANT'S MOTION AND INCORPORATED
MEMORANDUM FOR PROTECTIVE ORDER TO STAY DISCOVERY**

Defendant Gary Kornman respectfully moves the Court under Fed. R. Civ. P. 26(c) for a protective order staying discovery in this case until the Court decides his pending Motion to Dismiss.

**BACKGROUND**

Mr. Kornman, a private citizen residing in Texas, filed suit against Robbins, Russell, Englert, Orseck & Untereiner LLP[1] in Texas state court on November 15, 2006 seeking a declaratory judgment that the legal fees charged by the Plaintiff were excessive. Plaintiff, a Washington D.C. law firm, then filed a complaint to recover the full amount of these fees in this Court on February 26, 2007. The Robbins Firm subsequently removed the Texas state-court case to federal court in the Northern District of Texas on May 25, 2007. Thereafter, on June 19, 2007, Plaintiff moved to stay the Texas litigation or to transfer the case to this Court.

---

[1] "Plaintiff" or "the Robbins Firm."

**Case No. 1:07-cv-00554-JR**

In response to Mr. Kornman's Complaint, Plaintiff has raised counterclaims in the Texas court that are identical to claims that Plaintiff has alleged before this Court, and that are similarly subject there to a motion to dismiss by Mr. Kornman. Discovery is already freely available to Plaintiff in the federal district court case in Texas, where a status-and-scheduling conference has already occurred and a joint report has been filed by the parties by standard order of that court. For its own apparently inappropriate strategic purposes, however, the Robbins Firm has demanded that discovery commence immediately in this D.C. case. By its demand, Plaintiff seems to seek to advance this later-filed case and to impose an undue burden on Mr. Kornman.

On May 29, 2007, Mr. Kornman moved to dismiss the Complaint in this Court in its entirety for failure to state a claim. The grounds for dismissal are straightforward. Mr. Kornman hired the Plaintiff to perform limited legal services. A deliberately narrow retention agreement governed the scope of the legal work the Plaintiff contracted to perform. The Plaintiff exceeded that scope and has brought a Complaint for fees for extraneous services that had no value to Mr. Kornman. The Complaint fails to allege that the unpaid fees were for services within the scope of the retention agreement. Moreover, the Complaint fails to allege any benefit from the extraneous services.

In view of these facts, if this Court determines that the plain language of the written retention agreement governs the scope of the representation, the Plaintiff's claims for such extraneous fees, including its claims for breach of contract and in *quantum meruit*, should be dismissed. Plaintiff's claim for an account stated should similarly be dismissed because the Complaint admits a dispute as to whether the unpaid amount was owed in the absence of further services.

**Case No. 1:07-cv-00554-JR**

Mr. Kornman has included the foregoing dispositive arguments in his Motion to Dismiss, which is now pending before the Court. If the Motion to Dismiss is granted, Plaintiff's lawsuit in Washington D.C. will be disposed of **in its entirety**. The Texas case, however, will obviously remain.

On August 8, 2007, Mr. Kornman's counsel received a letter from the Robbins Firm asserting Plaintiff's belief that an August 1, 2007 telephone conference between counsel constituted a Rule 26(f) conference. However, Mr. Kornman's counsel has repeatedly and explicitly maintained that a Rule 26(f) conference is inappropriate and premature in view of the pending Motion to Dismiss and does not regard the August 1, 2007 telephone call as a Rule 26(f) conference. It is Mr. Kornman's position that, much like discovery, a Rule 26(f) conference will prove unnecessary if the Motion to Dismiss is granted and Plaintiff's case is entirely dismissed. Conversely, if the Motion to Dismiss is denied, Mr. Kornman presently intends to file an Answer that includes a counterclaim for legal malpractice. Mr. Kornman's counterclaim would necessarily change the frame and scope of this case and necessarily impact initial disclosures, discovery requests, and any meaningful discussion of scheduling.

Plaintiff can not dispute that even in the August 1, 2007 telephone call itself, Mr. Kornman's counsel emphatically maintained that a Rule 26(f) conference is premature and inappropriate at this juncture. Nonetheless, Plaintiff attached a "joint" Rule 26(f) report, as well as Requests for Interrogatories and Document Production to its August 8th letter, necessitating this Motion. In view of the foregoing, and to prevent further undue cost and burden, Mr. Kornman requests a stay of discovery pending a ruling on his Motion to Dismiss.

## ARGUMENT

### A STAY OF DISCOVERY IS APPROPRIATE WHERE A MOTION TO DISMISS IS PENDING AND THE BURDEN OF PROCEEDING WITH DISCOVERY OUTWEIGHS ANY HARM TO THE PARTY SEEKING DISCOVERY.

Fed. R. Civ. P. 26(c) allows this Court, upon a showing of good cause, to make "any order which justice requires to protect a party or person from ... undue burden and expense." The Court should prevent undue burden and expense to Mr. Kornman by staying discovery in this matter until the Court rules on his Motion to Dismiss. The Court has ample authority to do so under Rule 26(c) of the Federal Rules of Civil Procedure.[2]

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[3] This Court should exercise its broad discretion to stay all discovery pending resolution of the Motion to Dismiss, which if granted, would dispose of the case entirely. Notably, when a stay rather than a prohibition is sought, the burden on the party requesting the stay is less than if he were requesting a total freedom from discovery.[4]

In deciding whether to stay discovery, this Court should weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would result from a denial of discovery.[5] Such a balancing test in this case can only dictate that discovery should be stayed. As a general matter, the burden of discovery is substantially greater

---

[2] *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (affirming stay of discovery as within district court's clear discretion).

[3] *Gettings v. Bldg Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999), cert. denied, 529 U.S. 1020 (2000); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

[4] *Marrese v. American Academy of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983), rev'd on other grounds, 470 U.S. 373 (1985).

[5] *Nabi Biopharmaceuticals v. Roxane Labs, Inc.*, No. 2:05-cv-0889, 2006 WL 3007430, at *1 (S.D. Ohio Oct. 20, 2006).

for Mr. Kornman, a private individual, than it would be for a party such as the Robbins Firm. Significantly, a stay of discovery will not create hardship for the Plaintiff in any way. Plaintiff has not requested and does not require any discovery in order to respond to any pending matters. Indeed, the Plaintiff's response to Mr. Kornman's Motion to Dismiss did not require any discovery.

Moreover, Plaintiff is already able to conduct discovery in the case currently pending before the Texas federal district court in the earlier-filed lawsuit. Plaintiff's insistence on conducting discovery and hastening activity in this case, in the face of freely available discovery in the Texas case, amounts to no more than an inappropriate strategic maneuver to bolster Plaintiff's efforts to transfer the case here and to increase the litigation costs of Mr. Kornman.

In sum, a stay of discovery presents no hardship to the Plaintiff, whereas the undue and potentially unnecessary burden to Mr. Kornman is clear. Because going forward with discovery will require Mr. Kornman to undertake time-consuming, costly, and burdensome efforts – all of which will prove to have been unnecessary if the Court dismisses the Complaint – Mr. Kornman respectfully submits that the Court should enter an order staying discovery pending the resolution of his Motion to Dismiss.

## **CONCLUSION**

For the foregoing reasons, Mr. Kornman respectfully requests that his Motion for Protective Order to Stay Discovery be GRANTED, and that the Court issue an Order STAYING all pending and other discovery until the Court renders its decision on Mr. Kornman's Motion to Dismiss, along with such other relief as appropriate.

Case No. 1:07-cv-00554-JR

**[CONTINUATION OF**
*DEFENDANT'S MOTION AND INCORPORATED*
*MEMORANDUM FOR PROTECTIVE ORDER TO STAY DISCOVERY***]**

    Respectfully submitted,

    SULLIVAN & WORCESTER LLP

    /s/ Orlando E. Vidal
    Orlando E. Vidal, Esquire
    (D.C. Bar # 461815)
    1666 K Street, N.W., Suite 700
    Washington, D.C. 20006
    Ph.: (202) 775-6825
    Fax.: (202) 293-2275
    ovidal@sandw.com

Of Counsel:
Barry S. Pollack

**CERTIFICATE OF CONFERENCE**

    Pursuant to Local Rule 7.0(m), on August 1, 2007, Defendant's counsel advised Plaintiff's counsel by telephone that Defendant anticipated filing the foregoing *Motion*. Plaintiff is expected to oppose it.

    /s/ Orlando E. Vidal

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP, | : | |
| Plaintiff | : | Case No. 1:07-cv-00554-JR |
| v. | : | |
| GARY KORNMAN, | : | |
| Defendant. | : | |

## ORDER

This matter comes before the Court on motion of Defendant Gary Kornman to stay discovery in the above-captioned case, pending this Court's ruling on the Defendant's *Motion to Dismiss* that was filed on May 29, 2007. Having considered the Defendant's *Motion and Incorporated Memorandum for Protective Order to Stay Discovery*, it is hereby **ORDERED** that all discovery in this case is stayed, pending the resolution of the Defendant's *Motion to Dismiss*.

In the event the Court denies the *Motion to Dismiss*, the parties shall then hold a Fed. R. Civ. P. 26(f) conference within 20 days of the later date of either Defendant's answer or any answer by Plaintiff to any counterclaim.

SIGNED this ____ day of _____, 2007.

By the Court:

_____
JUDGE