IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBBINS, RUSSELL, ENGLERT ORSECK & UNTEREINER LLP, | : :  : |
| Plaintiff, | : Civil Action No. 1:07-cv-00554-JR : |
| v. | : : |
| GARY KORNMAN, | : : |
| Defendant. | : |

## JOINT REPORT

Plaintiff Robbins, Russell, Englert, Orseck & Untereiner LLP ("Robbins Russell") and defendant Gary Kornman ("Mr. Kornman") file this Joint Report. The parties first conferred by telephone conference on August 1, 2007, and later by electronic communications on August 9, 16, and 17, 2007. Robbins Russell believes that those conferences were held pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and that this report is being filed pursuant to that same Rule. Mr. Kornman, however, does not believe that a Rule 26(f) conference is appropriate while his Motion to Dismiss is pending, and accordingly moved on August 8, 2007 to stay discovery.

A.   **The Nature of this Case**

Statement of Robbins Russell:

This case arises from Mr. Kornman's refusal to pay Robbins Russell for its legal services. In October 2004, Mr. Kornman engaged Robbins Russell to represent him in an SEC civil proceeding in which Mr. Kornman was accused of "repeated insider trading." Mr. Kornman later instructed Robbins Russell to perform additional work, including in connection with a

Case 1:07-cv-00554-JR    Document 14    Filed 08/20/2007    Page 2 of 10

criminal case that was brought against Mr. Kornman by the United States Attorney's Office for the Northern District of Texas, that expanded the scope of the engagement.

Mr. Kornman initially paid his bills, including bills relating to work by Robbins Russell in the criminal case (both before and after indictment), but then he simply stopped paying, despite having expanded the scope of the engagement (including in the criminal case) numerous times. Although Robbins Russell continued to bill Mr. Kornman for the additional work he requested, he failed to pay these invoices. Mr. Kornman never denied that he owed the money. But while Robbins Russell repeatedly asked Mr. Kornman to pay his debts – and although both Mr. Kornman and his other counsel acknowledged Mr. Kornman's obligation to pay – Mr. Kornman never did so.

On October 24, 2006, Mr. Kornman spoke with Lawrence Robbins (who is a partner at Robbins Russell) about the unpaid invoices. Mr. Kornman once again acknowledged that he owed Robbins Russell the amounts listed in the outstanding invoices, Mr. Kornman asked Robbins Russell to perform even more legal work; he threatened that he would not pay the prior invoices unless Robbins Russell performed additional legal work. Mr. Kornman's debts, however, were seven months overdue, so Robbins Russell rejected Mr. Kornman's demand that the firm perform still more work before he would pay any of his previous bills.

On October 31, 2006, and again on November 8, 2006, Lawrence Robbins sent written letters to Mr. Kornman formally requesting payment. Mr. Kornman continued to withhold payment. He presently owes $149,021.29 to Robbins Russell (exclusive of interest, costs, and attorney's fees for provoking this litigation).

On February 26, 2007, Robbins Russell sued Mr. Kornman for damages, alleging breach of contract, *quantum meruit*, and account stated. Mr. Kornman's Motion to Dismiss the Complaint has been briefed and is now pending.

Robbins Russell notes that Mr. Kornman states in this report that he anticipates asserting a counterclaim for legal malpractice if his motion to dismiss is denied. We see no reason to respond to the supposed factual allegations that would underlie such a claim except to deny categorically that our performance failed to meet professional standards. Furthermore, we deny Mr Kornman's contention that we performed work that Mr. Kornman or his representative had never requested and deny his contention that our work was not useful to him. If Mr. Kornman lodges a counterclaim for malpractice notwithstanding the standards contained in Fed. R. Civ. P. 11(b), we will respond vigorously to it.

Statement of Mr. Kornman:

Mr. Kornman retained Robbins Russell by written engagement agreement to provide legal services in connection with certain pending civil legal matters in October of 2004. The parties agreed that Mr. Kornman would pay Robbins Russell its reasonable fees for the legal services that were specifically requested by Mr. Kornman and that were actually provided by Robbins Russell relating to the civil matter. Mr. Kornman paid Robbins Russell, the fees in full, for the work that he specifically requested and that Robbins Russell actually provided in the civil matter. Robbins Russell's engagement with Mr. Kornman was limited by written agreement to the civil legal matters. When the criminal action started, Mr. Kornman and Robbins Russell agreed to a fixed flat fee for legal work by Robbins Russell. Robbins Russell never adequately and competently completed the required legal services that were agreed by the parties. In addition, Mr. Kornman contends that, thereafter, Robbins Russell performed services that were

not requested or useful in connection with the subsequent criminal matters and, furthermore, were not reasonable or necessary. To make matters worse, Robbins Russell gave Mr. Kornman inadequate and incorrect legal advice regarding the criminal matters. Robbins Russell nonetheless continued to invoice Mr. Kornman and demand payment for services in connection with the subsequent criminal matters, yet never completed any adequate, approved, or even useful services in connection with the criminal matters.

Robbins Russell insisted on a deposit of $50,000 before they began to provide any legal advice or other services relating to the criminal matters. Mr. Kornman paid Robbins Russell $50,000. for advice and specifically requested and approved legal documents that were actually completed and furnished by Robbins Russell to Mr. Kornman. Because Robbins Russell failed to actually complete adequate and competent legal services for Mr. Kornman, Mr. Kornman never agreed that any further money was owed to Robbins Russell for its work in the criminal matters.

Mr. Kornman was required to engage additional legal counsel and incur substantial additional legal fees to provide the legal services that he required in the criminal matters. On November 15, 2006 and before the action before this Court was filed, Mr. Kornman filed an Original Petition in the District Court for Dallas County, Texas against Robbins Russell, seeking a declaratory judgment that the legal fees demanded by Robbins Russell are not due and owing because of: (a) the failure of Mr. Kornman to approve or even request some of the legal services allegedly provided; (b) the fact that certain services allegedly performed were not adequate, useful, or necessary; (c) the incomplete and incompetent nature of the services allegedly performed; and (d) the excessiveness of the fees demanded. Because criminal legal proceedings, which arose out of civil litigation relating to matters for which Robbins Russell had already been

paid in full (approximately $300,000), were in progress, the attorney-client privilege was implicated. Therefore, Mr. Kornman did not disclose the identities of the parties in his Original Petition. Thereafter, on May 14, 2007, as the criminal proceedings neared resolution, Mr. Kornman filed an Amended Petition against Plaintiff, which disclosed parties' identities while attempting to preserve the attorney-client privilege. After being served with the Amended Petition, Robbins Russell removed the Texas state court lawsuit to Federal Court in the Northern District of Texas, answered Mr. Kornman's Amended Petition, and counterclaimed.

In the interim, on February 26, 2007, after Mr. Kornman's lawsuit was filed in Texas, Robbins Russell sued Mr. Kornman for identical claims in this Court: breach of contract, *quantum meruit*, and account stated, based on Mr. Kornman's alleged failure to pay the disputed invoices that are the subject of this lawsuit. A motion to dismiss Robbins Russell's claims and counterclaims, respectively, has been filed in both this Court and the Texas Federal Court. In an effort to prevent waiving his attorney-client privileges during the pending criminal action, Mr. Kornman refrained from filing his claims against Robbins Russell for their malpractice in representing him and the resulting damages he suffered. Should the pending Motion to Dismiss in this case be denied, upon filing his Answer, Mr. Kornman anticipates raising a well supported (in both fact and law) counterclaim for legal malpractice and the substantial damages arising therefrom.

**B.    The Status of Settlement Discussions**

At this time, the parties believe that there is no possibility of settlement.

**C.    Alternative Dispute Resolution**

Due to the parties' current settlement position, they do not believe this case is an appropriate candidate for alternative dispute resolution,

**D.     Rule 26(a) Disclosures, Subjects of Discovery, Discovery of Electronically Stored Information, Claims of Privilege, Limitations on Discovery, and Other Orders**

<u>Statement of Robbins Russell</u>:

Robbins Russell anticipates being prepared for trial in approximately four months, on or around December 1, 2007.  Counsel believes that the trial of this matter will last approximately five days.

Robbins Russell has no objections to commencement of discovery.  Robbins Russell's views of the discovery plan items listed in Rule 26(f)(1) through 26(f)(6) are as follows:

(1) Robbins Russell has no objection to the timing, form, or requirement for disclosures under Rule 26(a) and will make disclosure under Rule 26(a)(1) within 14 days of the filing of this Joint Report.

(2) Robbins Russell anticipates taking discovery from Mr. Kornman on his reasons for refusing to pay Robbins Russell's invoices and on his failure to raise any disagreement with those invoices, Robbins Russell also anticipates taking discovery from third parties, including Mr. Kornman's personal lawyer, Jeff Tillotson, concerning the quality of Robbins Russell's legal services and unpaid invoices to Mr. Kornman from other law firms.

(3) Robbins Russell has no objection to the disclosure of electronically stored information in a manner mutually acceptable to the parties, such as by electronic CD or by hard copy.  Robbins Russell anticipates that it will seek discovery of Mr. Kornman's text messages, which will have to be produced in a manner acceptable to both parties.

(4) Robbins Russell has no objection to the entry of an appropriate protective order.

(5) At this time, Robbins Russell does not request any changes to the limitations on discovery imposed under the applicable rules.

(6) Robbins Russell respectfully submits that a Rule 16(b) conference may be appropriate. Because discovery is now authorized by Rule 26(d), however, Robbins Russell believes that a Rule 16(b) conference is not necessary for discovery to proceed.

Statement of Mr. Kornman:

Mr. Kornman anticipates being prepared for trial approximately 9 months after the Court's decision on his Motion to Dismiss, if it is necessary. Like Robbins Russell, Mr. Kornman believes that the trial of this matter will last approximately five days.

Mr. Kornman's lack of a specific objection in this Report to a statement of Robbins Russell's intention to take certain discovery should not be construed as acquiescence to it. In fact, Mr. Kornman objects to commencement of discovery pending resolution of his Motion to Dismiss the Complaint, which motion is before the Court. Mr. Kornman's objection is set forth more fully in his Motion and Incorporated Memorandum for Protective Order to Stay Discovery that was filed on August 8, 2007. Mr. Kornman's views of the discovery plan items listed in Rule 26(f)(1) through 26(f)(6) are as follows:

(1) Mr. Kornman objects that initial disclosures under Rule 26 would be premature at this time. As a threshold matter, Mr. Kornman objects to the characterization of counsel's August 1, 2007, telephone call as a Rule 26 conference. Moreover, should the Motion to Dismiss be granted, the disclosures would prove to be unnecessary. Conversely, if the Motion is denied, Mr. Kornman expects to include a counterclaim for legal malpractice in his Answer, which will necessarily change the scope of the lawsuit and the disclosures. Subject to and without waiving his foregoing objection,

Mr. Kornman will be prepared to make all required disclosures within 14 days after a "mutual" Rule 26 conference is held.

(2) Again, subject to and without waiving his foregoing objection, Mr. Kornman anticipates taking discovery from the Plaintiff and third parties who may have knowledge of the scope and utility of the services Plaintiff provided.

(3) Mr. Kornman has no objection to the disclosure of electronically stored information in a manner mutually acceptable to the parties, such as by electronic CD or by hard copy. Mr. Kornman anticipates requesting electronic data from Plaintiff, including, but not limited to: text messages, email, and as necessary, access to computer networks, including servers, backup systems, and individual PCs.

(4) Mr. Kornman has no objection to the entry of an appropriate protective order.

(5) At this time, Mr. Kornman does not request any changes to the limitations on discovery imposed under the applicable rules. Additionally, Mr. Kornman has filed for a Protective Order to Stay Discovery pending resolution of his Motion to Dismiss.

(6) Mr. Kornman requested in his Motion to Stay that, after resolution of his pending Motion to Dismiss, this Court order, if appropriate, a Rule 26 conference to take place within 20 days of the later date of either Defendant's answer or any answer by Plaintiff to any counterclaim. Mr. Kornman believes that a subsequent Rule 16(b) conference would be appropriate and necessary to reconcile any differences contained in that subsequent report.

August 20, 2007                             Respectfully submitted,

                                            By: /s/ *Gary A. Orseck*
                                            Gary A. Orseck                (Bar No. 433788)
                                            Alan D. Strasser              (Bar No. 967885)
                                            Matthew R. Segal (Bar No. 483486)
                                            ROBBINS, RUSSELL, ENGLERT,
                                              ORSECK & UNTEREINER LLP
                                            1801 K Street, NW, Suite 411
                                            Washington, DC 20006
                                            Telephone (202) 775-4500
                                            Fax (202) 775-4510

                                            *Counsel for Robbins, Russell, Englert,
                                              Orseck & Untereiner LLP*

                                            AND

                                            By: /s/ *Orlando E. Vidal*
                                            Orlando E. Vidal, Esq.
                                            SULLIVAN & WORCESTER LLP
                                            1666 K Street, N.W., Suite 700
                                            Washington, DC 20006
                                            Telephone: (202)775-1200
                                            Fax: (202) 293-2275

                                            *Counsel for Gary Kornman*