# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROBBINS, RUSSELL, ENGLERT,
ORSECK & UNTEREINER LLP,

Plaintiff,

v.

GARY KORNMAN,

Defendant.

Case No. 1:07-cv-00554-JR

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## FOR PROTECTIVE ORDER TO STAY DISCOVERY

Plaintiff, Robbins, Russell, Englert, Orseck & Untereiner LLP ("Robbins Russell") submits this memorandum in opposition to defendant Gary Kornman's motion ("Mot.") for a protective order staying discovery until the disposition of his motion to dismiss the complaint in this action. As Magistrate Judge Robinson explained in *Chavous* v. *D.C. Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 n.4 (D.D.C. 2001), "a 'bald assertion' by a defendant that [his] motion to dismiss will be granted, or that discovery would be burdensome, is generally insufficient to justify the entry of an order staying discovery." See also *Telesca* v. *Long Island Hous. P'ship*, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006) ("It is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."). A "bald assertion," however, is all Kornman has mustered in support of his stay application. As we show below, the motion should be denied.

## PROCEDURAL BACKGROUND

This is a suit to collect from Kornman fees for legal services rendered to him in the District of Columbia by Robbins Russell. Those legal services relate to insider-trading charges against

Kornman brought by the SEC and a criminal case against him indicted by the Department of Justice. As we explain at greater length in our opposition to defendant's motion to dismiss, Kornman stopped paying his bills to Robbins Russell in March 2006, and has accumulated some $150,000 in unpaid charges (exclusive of interest, costs, and attorney's fees for provoking this litigation). On April 9, 2007, after Robbins Russell had ceased representing him, Kornman pleaded guilty under 18 U.S.C. § 1001 to one count of making a false statement to the SEC. See *United States* v. *Kornman*, No. 3:05-cr-0298P, Dkt. Nos. 163-66 (N.D. Tex.) (available on PACER). Kornman was sentenced on July 11, 2007. *Id.*, Dkt. No. 168. As part of that sentence, Kornman was ordered to disgorge $143,465.00 for disbursement to the SEC. *Id.* He paid that amount, in full, on or before August 1, 2007. See *id.*, Dkt. No. 169.

In the course of his stay papers, Kornman makes two claims about the procedural history of this case that should be put to rest at the outset. *First*, Kornman styles the present case as "later-filed" (Mot. at 2) because, says Kornman, he "filed suit against Robbins, Russell, Englert, Orseck & Untereiner LLP in Texas state court on November 15, 2006." Mot. at 1. That claim is incorrect, and the Texas proceedings have laid it to rest. On August 18, 2007, Judge Godbey ordered that Kornman's Texas case be transferred to this Court because, as Judge Godbey's order (attached as Ex. A) put it, Kornman's lawsuit was "an improper anticipatory suit." Ex. A at 1. Specifically, Kornman filed an action captioned *Doe* v. *Unnamed Law Firm* on "the very day" by which Robbins Russell had demanded payment on its outstanding invoices. *Id.* at 4. The suit was purely defensive; it sought "only a declaration that [Kornman] is not liable to [Robbins Russell] for the outstanding legal fees." *Id.* Kornman never sought to serve that anonymous petition. *Id.* at 2. Rather, he filed and served a complaint actually *naming* Robbins Russell *after* we brought this action in D.C and

served the complaint upon him. *Id.* Robbins Russell then removed the suit to federal court and moved for it to be transferred to this Court. *Id.*

Judge Godbey ordered the transfer of that case to this Court, concluding that Kornman was not entitled to benefit from the "first-to-file" rule because Kornman's suit was merely "intended to circumvent [Robbins Russell's] choice of forum." Ex. A at 4. "[That] type of forum-shopping," Judge Godbey wrote, "is highly disfavored." *Id.* at 5.

*Second*, Kornman claims that he has never agreed to participate in the discovery conference mandated by Fed. R. Civ. P. 26(f) and "does not regard the August 1, 2007 telephone call [between counsel] as a Rule 26(f) conference." Mot. at 3. It is certainly true that Kornman's counsel declined to discuss the prescribed Rule 26(f) issues during the August 1 telephone conference. It is *not* true, however, that, as a result, there hasn't *been* a Rule 26(f) conference. As the correspondence and email chain between counsel reflects (attached as Ex. B), Robbins Russell first tried to schedule a Rule 26(f) conference more than two months ago. Ex. B at 1. Initially, Kornman's counsel sought to defer the conference until defendant's motion to dismiss was resolved – but Robbins Russell pointed out in a letter of July 16 that Rule 26(f), by its terms, requires that such conferences be convened "as soon as practicable." *Id.* (quoting Fed. R. Civ. P. 26(f)). In light of that statutory command, Robbins Russell advised Kornman's attorneys that they must either agree to a conference by week's end or else file a formal motion to stay discovery. *Id.* Kornman's counsel chose the former: By email on July 18, defense counsel represented that they could "hold the conference[] either July 31st or August 1st or 2nd." *Id.* at 5. When Robbins Russell's counsel offered to meet on either July 31 or August 1, Kornman's counsel settled on August 1; he even offered "cookies," if counsel for Robbins Russell agreed to come to defense counsel's law firm for the conference. *Id.*

at 4-5. In the end, the conference was by phone – and by then, as Kornman's papers accurately reflect, his counsel refused to discuss any of the prescribed topics in Rule 26(f). The Joint Report, filed by the parties on August 20, 2007, shows that Kornman still asserts that he has never participated in a 26(f) conference. That, nevertheless, *was* a Rule 26(f) conference, with or without a willing defendant participating.

## ARGUMENT

Kornman contends that a stay is warranted because he has a pending motion to dismiss the action and because, in his view, "the burden of discovery is substantially greater for Mr. Kornman, a private individual, than it would be for a party such as the Robbins Firm." Mot. at 4-5. Kornman's motion also suggests that Robbins Russell should instead take discovery in his anticipatory Texas case, which has subsequently been transferred to this Court. Finally, Kornman threatens that he will someday file a counterclaim "for legal malpractice," and that discovery in this case should be held in abeyance while we await that threatened filing.

As we show below, each of these assertions is meritless. Discovery should commence so that Kornman – a wealthy man who has made a practice of stiffing his lawyers – is speedily held to account.

1.    The pendency of a motion to dismiss is *not* a reason, standing alone, to grant a motion to stay discovery. The pertinent Advisory Committee Notes make explicit that the parties must plan and participate in discovery even if a motion to dismiss in pending: "The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case." Fed. R. Civ. P. 26, Advisory Committee's note to 1993 amendments; *Amendments to the Federal Rules of*

*Civil Procedure*, 146 F.R.D. 401, 643 (1993). "[A] stay of discovery pending determination of a motion to dismiss 'is *rarely appropriate* when the pending motion will not dispose of the entire case.'" *Chavous*, 201 F.R.D. at 3 (citation omitted; emphasis added).

That is precisely the circumstance here. Kornman's motion to dismiss – meritless in any event, for the reasons stated in our opposition – at most quibbles with the phrasing of the complaint. Thus, for example, Kornman argues that our contract claim is "missing" certain "necessary" allegations about how the parties expanded the initial scope of legal services. See *Reply Memorandum of Law in Further Support of Gary Kornman's Motion to Dismiss*, at 2. Similarly, our *quantum meruit* claim is said to be "missing" a "necessary" allegation about how Kornman "used, relied on, or otherwise benefited from services for which he did not already pay." *Id*. Finally, our claim for an account stated is said to be "missing" a "necessary" allegation that Kornman "received invoices and acquiesced in them without objection or insisting on further work." *Id*.

In truth, the complaint in this case suffers from none of those putative deficiencies. But even if it did, each alleged deficiency could be cured through a simple amendment – at most an extra sentence or two. For example, Kornman has conceded – in civil litigation with another law firm and in the Joint Report filed August 20, 2007, in this case – that he did in fact retain Robbins Russell to provide legal services beyond those outlined in the engagement letter.[1] Thus, if any "necessary" allegation is "missing" from Robbins Russell's complaint – which we dispute – that is not because such an allegation cannot truthfully be alleged. At this stage of the litigation, leave to amend is

---

[1] See Answer to Counterclaim by Gary M. Kornman, *Kornman* v. *Winston & Strawn LLP*, No. 3:07-cv-968, Dkt. No. 5, ¶ 20  (N.D. Tex.) (acknowledging that Kornman "retained [Robbins Russell] to perform work in connection with the Criminal Action."); Joint Report at 3.

freely granted.  See *Steinbuch* v. *Cutler*, 463 F. Supp. 2d 1, 3 (D.D.C. 2006) (citing Fed. R. Civ. P. 15(a) and *Foman* v. *Davis*, 371 U.S. 178, 182 (1962)).  In short, even if Kornman's pending motion to dismiss had merit – and it doesn't – the motion plainly would *not* "dispose of the entire case." *Chavous*, 201 F.R.D. at 3.  As such, the mere fact that such a motion remains pending is not a reason to stay discovery.  See *United States* v. *County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (a motion to dismiss may provide a reason to stay discovery if "the issue [raised in the motion] is one that in all likelihood cannot be cured by an amended pleading").

2.     Kornman also asks for a stay because, in his view, "the burden of discovery is substantially greater for Mr. Kornman, a private individual, than it would be for a party such as the Robbins Firm."  Mot. at 4-5.  Other than his own say-so, however, Kornman offers no reason to conclude that "the burden of discovery" is greater on a "private" (and wealthy) individual than it is on a "private" (and small) law firm.  As the dockets in Kornman's criminal and SEC cases reflect, Kornman has had the wherewithal to hire battalions of lawyers to engage in voluminous discovery when he believed that it was in his interest to do so.  See *United States* v. *Kornman*, No. 3:05-cr-0298P, Dkt. Rpt. (N.D. Tex.); *SEC* v. *Kornman*, No. 3:04-cv-1803, Dkt. Rpt. (N.D. Tex.).  Indeed, Kornman has hired so many lawyers in these cases that one of the lawyers representing him in this collection action is actually *the second* lawyer named "Barry Pollack" to have represented Kornman.

Kornman's stay motion recommends (at 5) that Robbins Russell pursue discovery in the now-discredited Texas litigation that he commenced by filing a "John Doe" complaint in state court. When Kornman made that recommendation, he knew full well that Robbins Russell was not going to pursue that option, having filed a motion to transfer the Texas action to the District of Columbia. Now that the Texas case has been transferred, there is nothing left of Kornman's argument.

That does not mean, however, that subjecting Kornman to discovery in this case would impose burdens that he would not otherwise have to bear. Kornman is (or soon will be) subject to discovery on these and related issues in litigation against Winston & Strawn, one of several other law firms he has bilked. See *Kornman* v. *Winston & Strawn LLP*, No. 3:07-cv-968 (N.D. Tex.). After Kornman ran up legal bills with Winston & Strawn, he filed against that firm the same kind of declaratory judgment action that he filed against Robbins Russell – only without the "John Doe" artifice. Winston & Strawn removed the litigation to federal court and counterclaimed for breach of contract, *quantum meruit*, theft of service, and fraud. *Id.*, Dkt. Nos. 1-2. Winston & Strawn – which is evidently owed even more money than we are – may be expected to seek fulsome discovery in support of those claims, which are broader than ours. There is no burden to Kornman from having to provide discovery in both actions. See *Hollins* v. *U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006) (denying request for stay where "[d]iscovery of the moving defendants [was] inevitable regardless of the outcome of their motion to dismiss").

By contrast, Robbins Russell *would* sustain a hardship if discovery in this case is stayed. First and foremost, delay simply lengthens Kornman's delinquency and rewards manipulative litigation behavior. It has already been 18 months since Kornman paid his last bill to Robbins Russell. And this is Kornman's *modus operandi*; Winston & Strawn's counterclaims assert that Kornman has made a habit of hiring lawyers, exacting hundreds of thousands of dollars of legal work, then changing lawyers and stopping payment. *Winston & Strawn LLP*, No. 3:07-cv-968, Dkt. No. 2. Likewise, as Judge Godbey observed, Kornman has already deployed "highly disfavored" litigation tactics to hinder Robbins Russell's effort to collect on Kornman's debt. Ex. A at 5. Kornman's motion to stay discovery is nothing but a tool to promote that same strategy.

Delaying discovery also entails the very real risk that "evidence may be lost and [that] memories [will] fade." *DSMC, Inc.* v. *Convera Corp.*, 273 F. Supp. 2d 14, 31 (D.D.C. 2002); *see also Howse* v. *Atkinson*, 2005 WL 994572, at *2 (D. Kan. Apr. 27, 2005) ("[S]taying discovery as to all Defendants has consequences to Plaintiff in that there are risks that witnesses' memories will fade, witnesses may relocate, and documents may get misplaced or destroyed."); *cf. SEC* v. *Kornman*, 2006 WL 1506954, at *4 (N.D. Tex. May 31, 2006) (placing conditions on granting the SEC's Motion to Dismiss Without Prejudice because of the risk that "Kornman will be substantially prejudiced, as he will be denied access to relevant discovery already authorized by the court; and memories of witnesses and deponents, of course, fade as time passes"). Thus, "[d]isruption or prolongation of the discovery schedule is normally in no one's interest." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988). That is especially true from the perspective of a law firm that provided high-quality legal services requested by its former client, did not get paid, and therefore has the most to lose if "[m]atters of importance [are] mislaid" before discovery can be completed. *Id.*

3.      Finally, Kornman suggests (Mot. at 3) that discovery should be stayed until he files a threatened "counterclaim for legal malpractice." At present, no such action has been filed, and there is still a chance that the facts, and Fed. R. Civ. P. 11, will dissuade Kornman's counsel from filing such an action. Even so, we acknowledge the threat and recognize its reality – threats like this are routine, and that is why law firms (including ours) are typically reluctant to sue non-paying clients.

But the prospect that Kornman may one day *expand* the scope of this collection action to suit his strategic ends is hardly a reason to delay discovery with respect to the case that has already been

filed.  This is a simple case about a man who prefers to hire lawyers than to pay them.  We respectfully suggest that it is time to get on with it.

## <u>CONCLUSION</u>

For the foregoing reasons, Robbins Russell respectfully asks that the Court deny Kornman's motion for a protective order to stay discovery.

Respectfully submitted,

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

Dated:  August  20, 2007            <u>    /s/ Gary A. Orseck        </u>
Gary A. Orseck            (Bar No. 433788)
Alan D. Strasser            (Bar No. 967885)
Matthew R. Segal            (Bar No. 483486)
1801 K Street, N.W., Suite 411-L
Washington, D.C.  20006
Telephone: (202) 775-4500
Fax: (202) 775-4510

**Attorneys for Plaintiff Robbins, Russell, Englert, Orseck & Untereiner LLP**

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of August, 2007, I caused copies of the foregoing to be served by the Court's Electronic Case Filing (ECF) system on:

Orlando E. Vidal, Esq.
SULLIVAN & WORCESTER LLP
1666 K Street, N.W., Suite 700
Washington, D.C. 20006
(Counsel for Defendant Gary Kornman)


    */s/ Matthew R. Segal*
Matthew R. Segal

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-0934-N |
| | § | |
| UNNAMED LAW FIRM, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Robbins, Russell, Englert, Orseck & Untereiner LLP's ("Robbins") Motion to Stay Further Proceedings or to Transfer [5]. Because the Court concludes that the instant action for declaratory judgment is an improper anticipatory suit, the Court grants the motion and orders that this case be transferred to the District of Columbia.

### I. ORIGINS OF THE CASE

In 2004, Plaintiff Gary Kornman ("Kornman") retained Robbins, a Washington, DC law firm, to provide legal services. Robbins continued to represent Kornman until March 2006, when Kornman stopped paying his legal fees. In October and November 2006, Robbins sent written letters to Kornman demanding that he pay any outstanding legal fees by November 15, 2006.

On November 15, 2006, Kornman filed this action against Robbins in Texas state court under the heading *Doe v. Unnamed Law Firm*. In his Original Complaint, Kornman

ORDER   PAGE 1

alleges that Robbins performed a substantial amount of unnecessary legal services for which it demanded payment and seeks a declaratory judgment that the amounts demanded by Robbins are not due and owing. Additionally, Kornman requests an award of reasonable and necessary attorneys' fees and expenses incurred in seeking the declaratory relief. Kornman, however, did not attempt to serve Robbins the Complaint.

Unaware of the Texas lawsuit, Robbins continued to try to obtain payment of Kornman's outstanding legal fees. These attempts proved fruitless, and Robbins brought a federal diversity action in the District of Columbia to collect the unpaid legal fees in February 2007. Service upon Kornman was completed on April 25, 2007. The next day, Kornman filed his First Amended Petition in the Texas lawsuit and immediately served Robbins. Upon learning of the Texas lawsuit, Robbins removed the case to this Court on the basis of diversity jurisdiction. Robbins now moves to transfer this case to the District of Columbia, or alternatively, to stay it pending the resolution of Robbins's case in that court.

## II. COMPELLING CIRCUMSTANCES JUSTIFY DISREGARDING THE FIRST-TO-FILE RULE

Robbins urges the Court to transfer Kornman's declaratory action to the District of Columbia so that it may be handled along with the parallel litigation currently pending before that court. The parties agree that the two cases present substantially similar if not identical issues, and thus should not proceed concurrently in different courts. However, Kornman argues that the Court should deny Robbins's motion to transfer because Kornman filed the instant action first and, therefore, this Court has priority over the disputed issues.

ORDER PAGE 2

"The federal courts have long recognized that the principle of comity requires federal district courts . . . to exercise care to avoid interference with each other's affairs." *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721,728 (5th Cir. 1985). "As between federal district courts, the general principle is to avoid duplicative litigation." *Id.* (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). When two actions involving the same parties or issues are pending concurrently, courts in the Fifth Circuit follow the "first-to-file" rule, which provides that the court in which an action is first filed generally has priority. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *West Gulf*, 751 F.2d at 730.

The "first-to-file" rule is not absolute, and courts do not apply the rule mechanically. Rather, the rule aids judicial administration by "acting as a presumption" that may be rebutted by a showing of compelling circumstances. *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001); *see also Excel Music, Inc. v. Simone*, No. 95-3626, 1996 WL 5708, at *6 (E.D. La. Jan. 5, 1996) ("While Excel's suit may have technically been the 'first-filed' between these parties, the Court finds that there are 'compelling circumstances' present here that obviate the applicability of the first-filed rule."). Numerous courts have found such compelling circumstances when the plaintiff filed the first action in anticipation of subsequent litigation, especially when the action is one for declaratory judgment. *See, e.g.*, *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663-64 (5th Cir. 1967); *Excel Music, Inc.*, 1996 WL 5708, at *6; *909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292-93 (S.D. Tex. 1990). Furthermore, the Court has discretion to

ORDER   PAGE 3

decline to exercise jurisdiction over declaratory judgment actions, and courts have done so when the plaintiff filed suit in anticipation of a substantially similar litigation in an another court.  *See, e.g.*, *Amerada*, 381 F.2d at 663.

The Court finds that compelling circumstances in this case call for setting aside the "first-to-file" rule.  Kornman filed this declaratory judgment action after Robbins made several written demands for full payment of the unpaid legal fees.  These letters demanded that Kornman pay the outstanding invoices by November 15, 2006    the very day that Kornman filed the instant action.  Robbins's written demands put Kornman on notice that Robbins intended to collect payment from Kornman and would likely pursue legal action if Kornman failed to pay his bills by the stated deadline.  Thus, the timing of Kornman's filing suggests that this action is an improper anticipatory suit, intended to circumvent Robbins's choice of forum.  *See Amerada*, 381 F.2d at 663 (affirming district court's dismissal of declaratory judgment action when the filing of the action was "triggered" by receipt of defendants' intent to sue letter); *Excel Music, Inc.*, 1996 WL 5708, at *6 (finding that plaintiff's declaratory judgment action constituted an anticipatory suit when filed one week after receipt of defendant's demand and intent to sue letter).  This conclusion is buttressed by the fact that Kornman's First Amended Complaint seeks only a declaration that he is not liable to Robbins for the outstanding legal fees.  *Cf. Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1152-53 (S.D.N.Y. 1995) (concluding that declaratory action was not an anticipatory suit when plaintiff "was genuinely pursuing relief beyond what [the defendant's] suit could be expected to encompass").

ORDER   PAGE 4

Kornman's delay in serving Robbins also indicates that Kornman filed this suit in anticipation of an action by Robbins. Although Kornman filed suit in November 2006, he did not attempt service upon Robbins until after Robbins filed suit in the District of Columbia. In fact, Kornman did not even notify Robbins that he filed suit, nor did he reveal the names of the parties, until after Robbins had him served. Kornman's failure to timely serve Robbins indicates that Kornman filed this suit not as an attempt to obtain affirmative relief, but rather to secure his choice of forum. This type of forum-shopping is highly disfavored. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983) ("Anticipatory suits are disfavored because they are an aspect of forum-shopping.").

Kornman attempts to convince the Court to apply the first-to-file rule by characterizing his declaratory judgment action as one for malpractice. However, neither Kornman's Original Complaint nor his First Amended Complaint asserts a malpractice claim. Kornman does not allege that Robbins failed to meet professional standards or that he suffered damages as a result of Robbins's substandard representation;[1] rather, he alleges only that Robbins performed unnecessary, unrequested, or incomplete legal services and has demanded an unreasonable sum in attorneys' fees. Kornman asks the Court to excuse his failure to assert a malpractice claim, as well as to timely serve Defendants, because he was trying to preserve attorney-client privilege with respect to the underlying litigation in which

---

[1] Under Texas law, a plaintiff must prove the following elements to establish a malpractice claim: (1) the existence of a professional duty; (2) breach of that duty; (3) the breach proximately caused the plaintiff's injury; and (4) resulting damages. *Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex. 1989).

ORDER   PAGE 5

Robbins represented him.  The Court is simply not persuaded by Kornman's arguments, and

it will not construe Kornman's request for declaratory relief as a malpractice claim.

### CONCLUSION

The Court concludes that compelling circumstances preclude application of the "first-

to-file" rule in this case.  Accordingly, the Court grants Defendants' motion to transfer and

orders transfer of this case to the District of Columbia.

Signed August 16, 2007.

David C. Godbey
United States District Judge

ORDER    PAGE 6

# CASE CLOSED

**CASE NUMBER:**     <u>3:07-CV-0934-N</u>

**DATE:**     <u>08-16-07</u>

**TRIAL HELD:**     <u>NO</u>

**Exhbit A**
**Page 7 of 7**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N.W.  SUITE 411
WASHINGTON D C  20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Gary A  Orseck

(202) 775-4504
gorseck@robbinsrussell.com

July 16, 2006

*By Fax*

Orlando E. Vidal
Sullivan & Worcester LLP
1666 K Street, NW
Washington, DC  20006

Re:    *Robbins, Russell, Englert, Orseck & Untereiner LLP* v. *Kornman*,
       Case No  1:07-cv-00554-JR

Dear Orlando:

When we spoke on June 14, 2007 about my request for a Rule 26(f) conference in this case, you said you would be out of town until early July, and unable to have the conference before that  You also noted that Gary Kornman was scheduled to be sentenced on July 11, 2007, and that you would resist any attempt at discovery before then

Now that you're back, and Kornman's sentencing is behind him, you say that a Rule 26(f) conference is not appropriate until your motion to dismiss is adjudicated.  As I have told you, however, Rule 26(f) contains no provision that postpones the conference in this way; it is to be held "as soon as practicable."  I asked you last Tuesday, July 10, to let me know promptly how you intend to proceed, but you have not responded  Unless you either agree to hold the conference by this Friday, or file a motion to stay discovery pending the resolution of your dispositive motion, we will move to compel discovery.

Very truly yours,

Gary A. Orseck

**Exhibit B**
**Page 1 of 7**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP
1801 K Street, NW
Suite 411
Washington, DC 20006
Telephone: (202) 775-4500
Fax: (202) 775-4510
www.robbinsrussell.com

# FACSIMILE TRANSMISSION COVER SHEET

July 16, 2007

TO:  Orlando Vidal  *Fax:* (202) 293-2275
Sullivan & Worcester LLP

FROM:  Gary A. Orseck  Direct Dial: (202) 775-4504

RE:

Number of Page(s) Including Cover Sheet: 2

Comments/Special Instructions:

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service

**Exhibit B**
**Page 2 of 7**

P  1

≍  ≍  ≍  C O M M U N I C A T I O N  R E S U L T  R E P O R T  ( JUL 16 2007  12:23PM )  ≍  ≍  ≍

FAX HEADER:  ROBBINS RUSSELL

TRANSMITTED/STORED : JUL 16 2007 12:22PM

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|------|------|--------|---------|--------|------|
| 105 | MEMORY TX | | G3 : ≍6711≍18110701≍92022932275≍18 OK<br>110701 | | 2/2 |

```
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL              E-2) BUSY
  E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
  E-5) MAIL SIZE OVER
```

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP
1801 K Street, NW
Suite 411
Washington, DC 20006
Telephone: (202) 775-4500
Fax: (202) 775-4510
www.robbinsrussell.com

## FACSIMILE TRANSMISSION COVER SHEET

July 16, 2007

TO:        Orlando Vidal              *Fax:*    (202) 293-2275
           Sullivan & Worcester LLP


FROM:      Gary A. Orseck            Direct
                                     Dial:    (202) 775-4504


RE:

Number of Page(s) Including Cover Sheet:   2

Comments/Special Instructions:

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the recipients, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.

**Exhibit B**
**Page 3 of 7**

**Segal, Matthew**

| | |
|---|---|
| **From:** | Vidal, Orlando [ovidal@sandw.com] |
| **Sent:** | Wednesday, August 01, 2007 3:31 PM |
| **To:** | Orseck, Gary |
| **Cc:** | Segal, Matthew |
| **Subject:** | RE: Robbins et al. v. Kornman |

Gary, just running late. Give me 5 minutes. Thanks.

-----Original Message-----
From: Orseck, Gary [mailto:gorseck@robbinsrussell.com]
Sent: Tuesday, July 31, 2007 1:25 PM
To: Vidal, Orlando
Cc: Segal, Matthew
Subject: RE: Robbins et al. v. Kornman

Though I rarely turn down free food, would you be insulted if we do it by phone?  My afternoon tomorrow will be tight.  Should I just call your office at 3:30?

-----Original Message-----
From: Vidal, Orlando [mailto:ovidal@sandw.com]
Sent: Tuesday, July 31, 2007 12:12 PM
To: Orseck, Gary
Cc: Segal, Matthew
Subject: RE: Robbins et al. v. Kornman

3:30 is fine.  Where you planning doing it in person or by phone?  If in person, just want to make sure I've got cookies for you. :-)  Want to be nice, although not to nice (the cookies may be hard).

-----Original Message-----
From: Orseck, Gary [mailto:gorseck@robbinsrussell.com]
Sent: Tuesday, July 31, 2007 9:02 AM
To: Vidal, Orlando
Cc: Segal, Matthew
Subject: RE: Robbins et al. v. Kornman

Thanks.  How about 3:30?

-----Original Message-----
From: Vidal, Orlando [mailto:ovidal@sandw.com]
Sent: Tuesday, July 31, 2007 8:59 AM
To: Orseck, Gary
Cc: Segal, Matthew
Subject: Re: Robbins et al. v. Kornman

Let's meet tomorrow (Wed.). I can do it between 11am and 2pm, and after 3pm.

Orlando E. Vidal
Attorney at Law

Sullivan & Worcester LLP
1666 K Street, N.W.
Suite 700
Washington, D.C. 20006

T 202 775 6825
F 202 293 2275
C 202 744 2776

**Exhibit B**
**Page 4 of 7**

ovidal@sandw.com
www.sandw.com

BOSTON    NEW YORK    WASHINGTON, D.C.

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Orseck, Gary
To: Vidal, Orlando
CC: Segal, Matthew
Sent: Mon Jul 30 17:53:54 2007
Subject: RE: Robbins et al. v. Kornman

Orlando:

I hope the Louisiana Bar treated you well.  Are we on for tomorrow?
Wednesday?  Please let me know.

Thanks,

Gary


    _____

From: Orseck, Gary
Sent: Monday, July 23, 2007 5:27 PM
To: 'Vidal, Orlando'
Subject: RE: Robbins et al. v. Kornman


Orlando:

I'm free in the morning on either July 31st or August 1st.  Let me know which one you
prefer.  10 AM would be best for me either day.

Gary


    _____

From: Vidal, Orlando [mailto:ovidal@sandw.com]
Sent: Wednesday, July 18, 2007 5:38 PM
To: Orseck, Gary
Subject: Robbins et al. v. Kornman


Dear Gary,

I wanted to get back to you and tell you that we would not accept any
discovery request before we hold our conference.

Again, I can hold the conference, either July 31st or August 1st or 2nd.


Let me know what time would be best for you.

Orlando

Orlando E. Vidal
Attorney at Law

Sullivan & Worcester LLP
1666 K Street, N.W.
Suite 700

2

Washington, D.C. 20006

T 202 775 6825
F 202 293 2275
C 202 744 2776
ovidal@sandw.com
 <file://www.sandw.com> www.sandw.com

BOSTON    NEW YORK    WASHINGTON, D.C.

This message is intended to be confidential and may be legally
privileged. It is intended solely for the addressee. If you are not the
intended recipient, please delete this message from your system and
notify us immediately. Any disclosure, copying, distribution or action
taken or omitted to be taken by an unintended recipient in reliance on
this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax
advice. Under recently promulgated US Internal Revenue Service (IRS)
standards, we are required to inform you that only formal, written tax
opinions meeting IRS requirements may be relied upon by taxpayers for
the purpose of avoiding tax-related penalties. Accordingly, this
communication is not intended or written to be used, and it cannot be
used, for the purpose of avoiding tax-related penalties under the
Internal Revenue Code. Please contact a member of our law firm's Tax
Department if you require a formal, written tax opinion that satisfies
applicable IRS requirements, or if you have any other questions
regarding federal tax advice.


This message is intended to be confidential and may be legally
privileged. It is intended solely for the addressee. If you are not
the intended recipient, please delete this message from your system and
notify us immediately. Any disclosure, copying, distribution or action
taken or omitted to be taken by an unintended recipient in reliance on
this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax
advice. Under recently promulgated US Internal Revenue Service (IRS)
standards, we are required to inform you that only formal, written tax
opinions meeting IRS requirements may be relied upon by taxpayers for
the purpose of avoiding tax-related penalties. Accordingly, this
communication is not intended or written to be used, and it cannot be
used, for the purpose of avoiding tax-related penalties under the
Internal Revenue Code. Please contact a member of our law firm's Tax
Department if you require a formal, written tax opinion that satisfies
applicable IRS requirements, or if you have any other questions
regarding federal tax advice.


This message is intended to be confidential and may be legally
privileged. It is intended solely for the addressee. If you are not
the intended recipient, please delete this message from your system and
notify us immediately. Any disclosure, copying, distribution or action
taken or omitted to be taken by an unintended recipient in reliance on
this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax
advice. Under recently promulgated US Internal Revenue Service (IRS)
standards, we are required to inform you that only formal, written tax
opinions meeting IRS requirements may be relied upon by taxpayers for
the purpose of avoiding tax-related penalties. Accordingly, this
communication is not intended or written to be used, and it cannot be
used, for the purpose of avoiding tax-related penalties under the
Internal Revenue Code. Please contact a member of our law firm's Tax
Department if you require a formal, written tax opinion that satisfies

3

applicable IRS requirements, or if you have any other questions
regarding federal tax advice.


This message is intended to be confidential and may be legally privileged.  It is intended
solely for the addressee.  If you are not the intended recipient, please delete this
message from your system and notify us immediately.  Any disclosure, copying, distribution
or action taken or omitted to be taken by an unintended recipient in reliance on this
message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax advice.  Under
recently promulgated US Internal Revenue Service (IRS) standards, we are required to
inform you that only formal, written tax opinions meeting IRS requirements may be relied
upon by taxpayers for the purpose of avoiding tax-related penalties.  Accordingly, this
communication is not intended or written to be used, and it cannot be used, for the
purpose of avoiding tax-related penalties under the Internal Revenue Code.  Please contact
a member of our law firm's Tax Department if you require a formal, written tax opinion
that satisfies applicable IRS requirements, or if you have any other questions regarding
federal tax advice.

**Exhibit B**
**Page 7 of 7**