UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
ROBBINS, RUSSELL, ENGLERT, :
ORSECK & UNTEREINER LLP, :
 :
      Plaintiff, :    Civil Action No. 1:07-cv-00554-JR
 :
      v. :
 :
GARY KORNMAN, :
 :
      Defendant. :
_____:

**DEFENDANT GARY KORNMAN'S REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
<u>FOR PROTECTIVE ORDER TO STAY DISCOVERY</u>**

      Defendant Gary Kornman ("Kornman"), by his undersigned attorneys, herein replies to the Opposition of the Plaintiff Robbins, Russell, Englert, Orseck & Untereiner LLP ("Plaintiff" or "Robbins Russell") to his Motion for a Protective Order to Stay Discovery and states as follows:

      Plaintiff's Opposition is replete with gross exaggerations, unnecessary rhetoric, and inappropriate attempts at humor. *See* Plaintiff's Opposition to Defendant's Motion for Protective Order to Stay Discovery, *passim*. One would expect more from a law firm of Robbins Russell's stature.

      Most of the Plaintiff's commentary and asides are not relevant to the matter at hand. Mr. Kornman will not address each of these irrelevant matters, unless the Court so requests. The main question before this Court relating to Mr. Kornman's Motion for Protective Order is whether discovery should be stayed when a motion to dismiss is pending that raises viable grounds on which all pending claims could be dismissed.

{B0674544; 5}

Even a key case cited by Plaintiff settles this question in favor of Mr. Kornman. *See Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001). ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion."). *See also Maljack Productions, Inc. v. Motion Picture Ass'n of America*, No. CIV.A. 90-1121, 1990 WL 157900 (D.D.C. Oct. 3, 1990), citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.1987) ("purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery"); *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955 (2007) (a plaintiff does not survive a 12(b)(6) motion with a mere hope that discovery will help it state a prima facie case).

Prior to this motion, we consistently expressed Defendant's view that a conference under Rule 26(f) of the Federal Rules of Civil Procedure, as a prelude to discovery, remained premature until our motion to stay discovery was briefed and resolved. Mr. Kornman has paid the Plaintiff in full, and without hesitation, for the services he was satisfied with. These significant payments amounted to at least 70% of the Plaintiff's extraordinary bill. Plaintiff never offered a reason for particular urgency in attempting to collect the remaining disputed amount of its fees for pretrial legal services (with regard to claims that were ultimately dismissed for reasons entirely unrelated to Plaintiff's work). We invited a discussion on briefing schedules, and agreed that Plaintiff could file a report or other pleading expressing its different viewpoint.

Mr. Kornman seeks only to proceed efficiently. He has refrained, for now, from filing a significant malpractice claim against Plaintiff, with the hope that this matter will be dismissed or otherwise resolved. Plaintiff now claims that it accepted a much broader role in the representation of Mr. Kornman than the narrow civil motion practice contemplated by the written

{B0674544; 5}

retention agreement. Specifically, Plaintiff claims its representation included criminal defense services. Yet, among other things, Plaintiff never provided basic advice to Mr. Kornman regarding the potential benefits of plea bargains and negotiations which, if provided in a timely and reasonable manner, would have saved Mr. Kornman more than $2,000,000.00 in legal fees. Instead, Plaintiff churned Mr. Kornman's file, something it could not have enjoyed in the event of a prompt resolution of Mr. Kornman's legal matters. Now Plaintiff is not satisfied with anything less than a 100% realization rate on its bill, no matter how dissatisfied its client and no matter what the burden on the parties and the judicial system.

Accordingly, Mr. Kornman respectfully submits his request to stay discovery, pending resolution of his Motion to Dismiss, to the sound discretion of this Court.

Respectfully submitted,

SULLIVAN & WORCESTER LLP


By: /s/ Orlando E. Vidal
　　Orlando E. Vidal, Esq.
　　(D.C. Bar # 461815)
　　1666 K Street, N.W., Suite 700
　　Washington, D.C. 20006
　　Telephone: (202) 775-1200
　　Fax: (202) 293-2275
　　ovidal@sandw.com

　　Counsel for Gary Kornman

Of Counsel:
Barry S. Pollack

August 27, 2007

{B0674544; 5}