UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
ROBBINS, RUSSELL, ENGLERT,         :
ORSECK & UNTEREINER LLP,           :
                                   :
       Plaintiff                   :   Case No. 1:07-cv-00554-JR
                                   :
       v.                          :
                                   :
GARY KORNMAN,                      :
                                   :
       Defendant.                  :
_____:

**MOTION FOR CIVILITY OR PROTECTIVE ORDER**

     Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant Gary Kornman ("Mr. Kornman") hereby moves for a civility or protective order prohibiting extrajudicial communications by the Plaintiff Robbins, Russell, Englert, Orseck & Untereiner LLP (the "Robbins Firm") that contain threats to Mr. Kornman's past and/or present lawyers or that seek potentially privileged information. As grounds for this motion, Mr. Kornman offers his Memorandum in Support of Motion for Civility or Protective Order, which is being filed concurrently with this motion and attached hereto.

                                          Respectfully submitted,
                                          SULLIVAN & WORCESTER LLP

                                          By: /s/ Orlando E. Vidal
                                              Orlando E. Vidal, Esq. (D.C. Bar # 461815)
                                              1666 K Street, N.W., Suite 700
                                              Washington, D.C.  20006
                                              Telephone: (202) 775-1200
                                              Fax: (202) 293-2275
                                              ovidal@sandw.com
                                              Counsel for Gary Kornman

Dated: September 19, 2007
Of Counsel: Barry S. Pollack

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          :
ROBBINS, RUSSELL, ENGLERT,                :
ORSECK & UNTEREINER LLP,                  :
                                          :
            Plaintiff                     :   Case No. 1:07-cv-00554-JR
                                          :
        v.                                :
                                          :
GARY KORNMAN,                             :
                                          :
            Defendant.                    :
_____       :

**MEMORANDUM IN SUPPORT OF MOTION FOR CIVILITY
OR PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant Gary Kornman ("Mr. Kornman") respectfully submits this memorandum in support of his motion for a civility or protective order. Plaintiff Robbins, Russell, Englert, Orseck & Untereiner LLP (the "Robbins Firm") has disseminated correspondence to present and former lawyers for Mr. Kornman, threatening to take broad discovery of privileged information from them and even to sue them.

Through this motion, Defendant seeks only to prevent extrajudicial threats or other forms of influence, which may be caused by the Robbins Firm's efforts to interfere with Mr. Kornman's attorney-client relationships.

**Background**

On February 26, 2007, the Robbins Firm filed this action, styled as a collection proceeding. It is undisputed that Mr. Kornman has already paid the Robbins Firm approximately $300,000, but the Robbins Firm seeks an additional $150,000. Mr. Kornman believes that he is not obligated to pay the amount that the Robbins Firm seeks because of, among other things, the

unreasonableness of the charges for the particular portions of work at issue. On May 29, 2007, Mr. Kornman moved to dismiss the action.

### The September 7th Hearing

At a hearing on September 7, 2007, this Court denied Mr. Kornman's motion to dismiss and scheduled a trial for November 26, 2007. During the hearing, through his counsel, Mr. Kornman advised the Court of his intention to file a counterclaim seeking damages arising from the lengthy delay he experienced in the resolution of the criminal matter at issue (ultimately resolved by new lawyers with only a term of probation). More specifically, the Robbins Firm failed to advise Mr. Kornman properly regarding (1) the potential benefits of a plea agreement, (2) certain applicable legal standards governing an aspect of one of the charges against Mr. Kornman that increased his exposure, and (3) the potential positive impact of a plea agreement on the application of the federal sentencing guidelines. The Court advised the parties that the claim and counterclaim would be tried together beginning on November 26, 2007.

### Letters by the Robbins Firm to Mr. Kornman's Other Attorneys

At the hearing, counsel for Mr. Kornman informed the Court that the Robbins Firm had disseminated letters to several former and present lawyers who have represented Mr. Kornman. These letters included threats of claims by the Robbins Firm against these lawyers if Mr. Kornman were to proceed with his anticipated malpractice claim against the Robbins Firm. These letters also suggested that the Robbins Firm would be seeking categories of privileged materials from each of the recipients. A sample of letters to his attorneys is attached hereto as Exhibit A, but Mr. Kornman is aware of similar letters sent by the Robbins Firm to which he has not yet obtained access. Mr. Kornman views these letters as efforts to exert pressure on him and his lawyers, as well as to influence these lawyers, some of whom may serve as witnesses, during

these proceedings. In no uncertain terms, at the hearing, this Court expressed disfavor with this approach by the Robbins Firm and the lack of civility among lawyers.

## Mediation Efforts

In an effort to avoid a protracted battle, at the hearing, Mr. Kornman requested an opportunity to engage in settlement talks or mediation, and the Robbins Firm agreed to participate. After the first session before the Honorable John M. Facciola, on September 11, 2007, this Court formally referred this matter to mediation. Through mediation efforts to date, both parties have moved approximately the same amount and have narrowed the gap in their positions by approximately 50%. Magistrate Judge Facciola has scheduled a conference call for this Friday, September 21st, at which time it is anticipated that a recommended settlement value will be set.

## September 17th Letter to Sullivan &Worcester LLP Managing Partners

Notwithstanding the progress in settlement efforts, the Robbins Firm has proceeded with less than civil litigation tactics. For example, on September 17, 2007, the Robbins Firm sent an email with attached correspondence to the managing partners of Mr. Kornman's present counsel. A copy of the September 17th letter is attached hereto as Exhibit B. In the correspondence, the Robbins Firm threatened third-party claims, (inconsistently) threatened Rule 11 sanctions, insulted counsel of record, and sought to drive a wedge between Mr. Kornman and his lawyers.

## Conclusion

Because Mr. Kornman cannot be aware of all communications that the Robbins Firm has had or intends to have with all of his former lawyers, and because the colloquy at the September 7th hearing did not serve to terminate their efforts, Mr. Kornman respectfully requests that this Court issue a civility or protective order prohibiting extrajudicial efforts to obtain privileged

information and threats by the Robbins Firm against Mr. Kornman's past and present lawyers. The Robbins Firm should simply be limited to formal requests consistent with the Federal Rules of Civil Procedure.

Dated: September 19, 2007

                                        Respectfully submitted,

                                        SULLIVAN & WORCESTER LLP

                                        By: /s/ Orlando E. Vidal
                                              Orlando E. Vidal, Esq.
                                              (D.C. Bar # 461815)
                                              1666 K Street, N.W., Suite 700
                                              Washington, D.C.  20006
                                              Telephone: (202) 775-1200
                                              Fax: (202) 293-2275
                                              ovidal@sandw.com

                                              Counsel for Gary Kornman

Of Counsel:
Barry S. Pollack

# EXHIBIT A

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Gary A. Orseck

(202) 775-4504
gorseck@robbinsrussell.com

August 30, 2007

**Via Facsimile ((214) 981-3839)**

Jeffrey M. Tillotson, Esq.
Lynn Tillotson & Pinker, L.L.P.
750 N. St. Paul Street, Suite 1400
Dallas, TX 75201

Re:  *Robbins, Russell, Englert, Orseck & Untereiner LLP v. Kornman*,
United States District Court for the District of Columbia
Case No. 1:07-cv-00554-JR

Dear Jeff:

I write in connection with the above-captioned lawsuit that my firm, Robbins, Russell, Englert, Orseck & Untereiner LLP ("Robbins Russell") filed against Gary Kornman for his failure to pay for certain legal services that we provided him in connection with criminal and SEC charges against Mr. Kornman. We understand that your firm also provided legal advice to Mr. Kornman in connection with one or both of those proceedings.

In his most recent filing in our collection action, Mr. Kornman outlined the substance of a potential counterclaim for malpractice that he says he will file against my firm unless our claim against him is either "dismissed or otherwise resolved." In particular, Mr. Kornman asserts that my firm "never provided basic advice to Mr. Kornman regarding the potential benefits of plea bargains and negotiations which, if provided in a timely and reasonable manner, would have saved Mr. Kornman more than $2,000,000.00 in legal fees. Instead, [Robbins Russell] churned Mr. Kornman's file, something it could not have enjoyed in the event of a prompt resolution of Mr. Kornman's legal matters."

In light of Mr. Kornman's threatened counterclaim, we write to provide notice to you that your firm may possess two categories of materials that are likely to be relevant to such a malpractice claim; if Mr. Kornman files that claim, we would promptly serve discovery on your firm calling for these materials. First, with respect to Mr. Kornman's claim that Robbins Russell

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP
August 30, 2007
Page 2

rendered legal services that fell below professional standards, we would demand production of any and all materials that bear in any way on your representation of Mr. Kornman. In that connection, we would seek, without limitation, any and all materials (including otherwise privileged materials) reflecting or constituting legal advice regarding the merits of Mr. Kornman's defenses and the appropriateness of his pleading guilty. Second, with respect to Mr. Kornman's claim that the alleged malpractice caused him to incur more than $2,000,000.00 in legal fees, we would request all of your billing records in connection with your work for Mr. Kornman.

Accordingly, we hereby request that you take all reasonable steps to preserve the materials described above, including electronic evidence on computers, computer networks, removable media or other locations. Please also take all reasonable steps to avoid data destruction or records destruction that might affect any of the materials that could constitute evidence in this case.

Finally, we wish to notify you that, in the event Mr. Kornman files such a claim, we may be constrained to file a third-party complaint against your firm pursuant to Fed. R. Civ. P. 14. To the extent your firm advised Mr. Kornman that he had viable legal or factual defenses in the case, or in any way failed to encourage him to plead guilty prior to the expenditure of funds for his defense, you may be liable to Robbins Russell for all or part of Mr. Kornman's potential claim against Robbins Russell.

Please feel free to call me at (202) 775-4504 if you have questions about this matter.

Very truly yours,

Gary A. Orseck

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Gary A. Orseck

(202) 775-4504
gorseck@robbinsrussell.com

August 30, 2007

**Via Facsimile ((617) 338-2880)**

Barry S. Pollack, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

> Re: *Robbins, Russell, Englert, Orseck & Untereiner LLP* v. *Kornman*,
> United States District Court for the District of Columbia
> Case No. 1:07-cv-00554-JR

Dear Barry:

In your most recent filing in our collection action, you outline the substance of a potential counterclaim for malpractice that you will file against my firm unless our claim against Mr. Kornman is either "dismissed or otherwise resolved." In particular, you assert that my firm "never provided basic advice to Mr. Kornman regarding the potential benefits of plea bargains and negotiations which, if provided in a timely and reasonable manner, would have saved Mr. Kornman more than $2,000,000.00 in legal fees. Instead, [Robbins Russell] churned Mr. Kornman's file, something it could not have enjoyed in the event of a prompt resolution of Mr. Kornman's legal matters."

In light of your threatened counterclaim—and the fact that your firm also provided legal advice to Mr. Kornman in connection with the SEC and criminal proceedings against him—we write to provide notice to you that your firm may possess two categories of materials that are likely to be relevant to such a malpractice claim; if Mr. Kornman files that claim, we would promptly serve discovery on your firm calling for these materials. First, with respect to Mr. Kornman's claim that Robbins Russell rendered legal services that fell below professional standards, we would demand production of any and all materials that bear in any way on your representation of Mr. Kornman in the underlying proceedings. In that connection, we would seek, without limitation, any and all

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

August 30, 2007
Page 2

materials (including otherwise privileged materials) reflecting or constituting legal advice regarding the merits of Mr. Kornman's defenses and the appropriateness of his pleading guilty. Second, with respect to Mr. Kornman's claim that the alleged malpractice caused him to incur more than $2,000,000.00 in legal fees, we would request all of your billing records in connection with your work for Mr. Kornman.

Accordingly, we hereby request that you take all reasonable steps to preserve the materials described above, including electronic evidence on computers, computer networks, removable media or other locations. Please also take all reasonable steps to avoid data destruction or records destruction that might affect any of the materials that could constitute evidence in this case.

Finally, we wish to notify you that, in the event Mr. Kornman files such a claim, we may be constrained to file a third-party complaint against your firm pursuant to Fed. R. Civ. P. 14. To the extent your firm advised Mr. Kornman that he had viable legal or factual defenses in the case, or in any way failed to encourage him to plead guilty prior to the expenditure of funds for his defense, you may be liable to Robbins Russell for all or part of Mr. Kornman's potential claim against Robbins Russell.

Please feel free to call me at (202) 775-4504 if you have questions about this matter.

Very truly yours,

Gary A. Orseck

# EXHIBIT B

**ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP**
1801 K STREET, NW
SUITE 411L
WASHINGTON, DC 20006
TELEPHONE: (202) 775-4500
FAX: (202) 775-4510
www.robbinsrussell.com

Gary A. Orseck

(202) 775-4504
gorseck@robbinsrussell.com

September 17, 2007

**Via Email (w/o attachments) and Overnight Delivery**

Joel R. Carpenter, Esq. Co-Managing Partner
William J. Curry Co-Managing Partner
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

Re: *Robbins, Russell, Englert, Orseck & Untereiner LLP v. Kornman*,
Case No. 1:07-cv-00554-JR

Dear Messrs. Carpenter and Curry:

I represent my firm in the above-captioned case, a collection action against our former client, Gary Kornman. Two of my partners represented Mr. Kornman in connection with a civil enforcement action brought against him by the SEC in the Northern District of Texas, and in connection with a related criminal case brought against him in the same District. Mr. Kornman is represented in this action by Barry Pollack, in your Boston office, and by Orlando Vidal, in your Washington, D.C. office. Mr. Pollack also represented Mr. Kornman in connection with the criminal case. On September 7, 2007, Judge James Robertson denied Mr. Kornman's motion to dismiss our complaint and set the case for trial on November 26, 2007.

At various times since we filed the complaint, Mr. Pollack has suggested to me that he was considering bringing a malpractice counterclaim against us. As he has described it, the substance of the claim would be that my firm failed to advise Mr. Kornman about the pros and cons of an early guilty plea, which caused him not to plead guilty until the day before his trial, resulting in his expenditure of $1 million in legal fees he would not have incurred otherwise. Shortly before the September 7 hearing, Mr. Pollack told me explicitly that he would indeed bring a malpractice counterclaim in the event the motion to dismiss was denied, and he told Judge Robertson the same thing at the hearing. Now that the motion to dismiss has been denied, Mr. Kornman's answer and any counterclaim are due this Friday, September 21.

Just after the September 7 hearing, Mr. Pollack and I agreed to attempt to resolve the case through an informal mediation before Magistrate Judge John M. Facciola, and on

**ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP**

Joel R. Carpenter, Esq. Co-Managing Partner
William J. Curry Co-Managing Partner
September 17, 2007
Page 2


September 12, 2007, Mr. Pollack submitted a Mediation Statement on Mr. Kornman's behalf. I attach a copy of that statement for your reference, which sets forth (among other things) Mr. Pollack's malpractice theory. I also attach our responsive Mediation Statement, which we have filed today. We respond (at pages 3-4) to the malpractice theory.

    This letter is to urge your firm not to proceed with this threatened malpractice claim, and to make certain that there are no misunderstandings between our firms as to what will happen if it is filed nonetheless. I will tell you what I have told Mr. Pollack. First, the claim as described by Mr. Pollack is frivolous under Fed. R. Civ. P. 11. It is without any basis in fact or in law, for the reasons described in our attached Mediation Statement. What is more, it is our strong belief that Mr. Pollack has been made aware of that (and not only by us), but chooses to pursue the claim as a means of exerting leverage. Second, if Mr. Pollack proceeds to file the claim, we will seek his disqualification from this case. Because Mr. Pollack *himself* represented Mr. Kornman in Kornman's plea negotiations, he is a material witness to the facts surrounding the plea at issue in his malpractice claim. Third, and relatedly, we may be constrained to name Sullivan & Worcester as a third-party defendant to the malpractice claim under Rule 14. To the extent Robbins Russell is liable to Mr. Kornman for allegedly failing to advise him about plea bargaining (in fact, we did so, and we have a document to prove it), Sullivan & Worcester may in turn be liable to us for whatever part Mr. Pollack played in failing to convince Mr. Kornman to plead guilty until the day before trial. Fourth, we will immediately seek sanctions against both Mr. Kornman and Sullivan & Worcester for knowingly filing a frivolous claim.

    I do not take lightly sending a letter to the managing partners of a firm concerning a case being handled by one of its partners. But given the exceedingly reckless nature of what Mr. Pollack seems determined to do, I thought it best to take all reasonable measures to head it off before he pulls the trigger. I also thought it best that there be no surprises about what will happen next in the event Mr. Pollack nevertheless proceeds to file this frivolous claim against my firm.

Very truly yours,

Gary A. Orseck

cc:    Barry Pollack (w/o Enclosures)

Enclosures

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP, | : : : : | |
| Plaintiff | : : | Case No. 1:07-cv-00554-JR |
| v. | : : | |
| GARY KORNMAN, | : : | |
| Defendant. | : : | |

### ORDER

This matter comes before the Court on motion of Defendant Gary Kornman for a civility or protective order in the above-captioned case. Having considered the Defendant's *Motion for Civility or Protective Order*, the Motion is hereby granted and it is **ORDERED** that Plaintiff Robbins, Russell, Englert, Orseck & Untereiner LLP is prohibited from engaging in *extrajudicial* communications that contain threats to Mr. Kornman's past and/or present lawyers or that seek potentially privileged information.

Nothing herein prevents any party from making any formal discovery request consistent with the Federal Rules of Civil Procedure.

SIGNED this ____ day of _____, 2007.

By the Court:

_____
JUDGE