UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP, <br><br> Plaintiff <br><br> v. <br><br> GARY M. KORNMAN, <br><br> Defendant <br><br> GARY M. KORNMAN, <br><br> Counterclaim-Plaintiff <br><br> v. <br><br> ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP, <br><br> Counterclaim-Defendant | Case No. 1:07-cv-00554-JR |

**DEFENDANT GARY M. KORNMAN'S ANSWER,
COUNTERCLAIM AND JURY DEMAND**

Defendant Gary M. Kornman ("Mr. Kornman") respectfully responds, in this Answer and Counterclaim, to the Complaint brought by Plaintiff, Robbins, Russell, Englert, Orseck & Untereiner LLP (the "Robbins Firm"), and states as follows:

### I. ANSWER OF DEFENDANT

**Preliminary Statement**

Defendant answers as follows to the allegations in the specifically-numbered paragraphs of the Complaint. To the extent that any allegation in the Complaint is inadvertently not specifically addressed below, such allegation is denied by Defendant.

**Jurisdiction and Venue**

1.     Defendant admits that Plaintiff holds itself out as a limited liability partnership in the District of Columbia, with its offices in the District of Columbia, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 1 of the Complaint.

2.     Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.     Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.     Paragraph 4 of the Complaint sets forth a legal conclusion to which no response is required, and Defendant denies the remaining allegations contained therein.

5.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific dates set forth in paragraph 5 of the Complaint, and therefore denies those allegations, but admits the remainder of allegations in paragraph 5 of the Complaint.

6.     Paragraph 6 of the Complaint contains a legal conclusion to which no response is required.  Defendant does not contest that this Court has jurisdiction over this matter.

7.     Paragraph 7 of the Complaint sets forth a legal conclusion to which no response is required, and Defendant denies the remaining allegations contained therein.

**Factual Background**

8.     Defendant admits that he contacted the Robbins Firm in connection with a matter involving the Securities and Exchange Commission, and that he executed the "Engagement Letter," attached to the Complaint as Exhibit A, on or about October 5, 2004, the terms of which speak for themselves.  Defendant denies the remainder of the allegations in paragraph 8 of the Complaint.

9.     Defendant admits the existence of the "Engagement Letter," attached to the Complaint as Exhibit A, the terms of which speak for themselves, and otherwise denies the

remainder of the allegations in paragraph 9 of the Complaint, including any attempt to qualify, limit or expand the terms of the "Engagement Letter."

10.  Defendant admits that he paid a $20,000 retainer to Plaintiff, in or about October 2004, subject to the terms of the Engagement Letter, a document which speaks for itself, but denies any attempt to qualify, limit or expand the terms of the "Engagement Letter."  Defendant denies the remainder of the allegations in paragraph 10 of the Complaint.

11.  Defendant admits that he requested certain services from Plaintiff on certain pretrial motions beyond the scope of the Engagement Letter, for a criminal matter commenced by the United States Attorney's Office for the Northern District of Texas, the allegations of which speak for themselves.  Defendant further states that he lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding other instructions that Jeffrey Tillotson may have provided to Plaintiff, and therefore denies such allegations, and denies the remainder of the allegations set forth in paragraph 11 of the Complaint.

12.  Defendant admits that Plaintiff submitted various invoices, that Jeffrey Tillotson received certain invoices, but denies the remainder of the allegations in paragraph 12 of the Complaint.

13.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies them.

14.  Defendant admits the allegations of paragraph 14 of the Complaint.

15.  Defendant admits that he did not pay invoices from Plaintiff dated in or after March 2006, and he admits that he made a payment to Plaintiff in excess of amounts in previous invoices, but he denies the remainder of the allegations in paragraph 15 of the Complaint and denies that any outstanding balance remains properly due or payable.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant admits that he spoke with Lawrence Robbins by telephone in or about October 2006, that he insisted that Plaintiff owed him additional services before any payment was due, but denies the remainder of the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint, except he admits that in or about November 2006, Jeffrey Tillotson received a demand letter from Plaintiff, the content of which speaks for itself, but the substance of which is denied.

## Count I - Breach of Contract Claim

19. Defendant incorporates by reference all of his answers to paragraphs 1 through 18 of the Complaint.

20. Defendant admits that he executed the Engagement Letter, on or about October 5, 2004, the terms of which speak for themselves, but denies the remainder of the allegations in paragraph 20 of the Complaint to the extent they attempt to qualify, limit or expand the terms of the "Engagement Letter."

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff seeks certain relief, but denies the remainder of the allegations contained in Paragraph 23 of the Complaint and denies any liability to Plaintiff.

## Count II - Breach of Implied-in-Fact Contract - Quantum Meruit Claim

24. Defendant incorporates by reference all of its answers to paragraphs 1 through 23 of the Complaint.

25. Paragraph 25 of the Complaint contains legal conclusions regarding what is "valuable" and "on his behalf," to which a response is not required, but Defendant admits that

Plaintiff performed certain services in connection with certain of Defendant's matters, and denies the remainder of the allegations in paragraph 25.

26. Defendant admits that he entered into the Engagement Letter, that he received certain services from Plaintiff, and that he insisted that Plaintiff owed him additional services before any payment was due, but denies the remainder of the allegations in paragraph 26 of the Complaint.

27. Defendant admits that the Engagement Letter contemplated payments for certain services, and that he was on notice of Plaintiff's expectation to be paid for services within the scope of the Engagement Letter, but denies the remainder of the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff seeks certain relief, but denies the remainder of the allegations contained in Paragraph 29 of the Complaint and denies any liability to Plaintiff.

## Count III - Account Stated – Invoices Claim

30. Defendant incorporates by reference all of its answers to paragraphs 1 through 29 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint, except admits that the Engagement Letter speaks for itself with respect to services provided within the scope of its terms.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant admits that Plaintiff seeks certain relief, but denies the remainder of the allegations contained in Paragraph 34 of the Complaint and denies any liability to Plaintiff.

## II. AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred based on its failure to satisfy a condition precedent. Specifically, Defendant understood that Plaintiff was required, in the criminal matter, to complete certain work before payment would be due, while the parties either negotiated or reached agreement on a flat fee arrangement.

### Third Affirmative Defense

Plaintiff's claims are limited or precluded by professional standards that limit their fees to reasonable amounts. Defendant has paid in excess of all reasonable fees charged by Plaintiff.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff failed to advise Defendant adequately regarding alternative dispute resolution, including plea negotiations and related matters, before undertaking excessive work on his behalf. In addition, Plaintiff made arrangements to hide certain of its work from Defendant rather than openly communicate with him.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of forfeiture based on its breach of fiduciary duties.

**Seventh Affirmative Defense**

Defendant is not responsible for actions and statements taken or made by Jeffrey Tillotson, any intermediaries, or other parties outside the scope of their authority.

### III. COUNTERCLAIM

**Parties**

1. Counterclaim-Plaintiff Gary M. Kornman ("Mr. Kornman") is a Texas resident residing on Haynie Avenue, Dallas, Texas 75205, and is a citizen of Texas.

2. On information and belief, Counterclaim-Defendants Robbins, Russell, Englert, Orseck & Untereiner LLP (the "Robbins Firm") is a law firm based in the District of Columbia, and located at 1801 K Street N.W., Suite 411, in the District of Columbia.

**Jurisdiction**

3. This Court has jurisdiction over this Counterclaim under 28 U.S.C. § 1367, and as a permissive or mandatory counterclaim under the Federal Rules of Civil Procedure.

**Facts**

4. In October 2004, Mr. Kornman engaged the Robbins Firm to represent him in connection with a matter involving the Securities and Exchange Commission ("SEC").

5. Mr. Kornman executed an Engagement Letter on October 5, 2004, acknowledging the association of the Robbins Firm in the SEC litigation.

6. Mr. Kornman agreed to pay, and did pay to the Robbins Firm, a retainer of $20,000, as stipulated in the Engagement Letter executed on October 5, 2004.

7. Between December 2004 and February 2006, Mr. Kornman paid, in full, all invoices from the Robbins Firm dated between and including November 1, 2004, and February 2, 2006.

8. In or about February 2006, Mr. Kornman issued an overpayment for services rendered by the Robbins Firm.

9. The Robbins Firm undertook to perform certain services, outside the scope of the Engagement Letter, in connection with criminal charges that were filed against Mr. Kornman in Texas on or about November 16, 2005.

10. Outside the scope of any terms of the Engagement Letter, Mr. Kornman provided a $50,000 deposit against fees in connection with the criminal matter. Mr. Kornman understood at the time that the parties were exploring a flat-fee agreement for projects on the case.

11. On or about April 12, 2006, three lawyers from the Robbins Firm, Lawrence Robbins, Gregory Poe, and Alice Yao, formally appeared as counsel of record for Mr. Kornman in the criminal matter in Texas. At the time, the Robbins Firm expressly and impliedly agreed to comply with Texas standards of the practice of law.

12. On multiple occasions, Mr. Kornman requested information from the Robbins Firm regarding sentencing guidelines issues and risks to the charges against him.

13. The Robbins Firm provided, in response to Mr. Kornman's request regarding sentencing issues, nothing more than vague or passing references regarding the sentencing guidelines.

14. The Robbins Firm failed to meet reasonable standards of care, prevalent among federal criminal defense lawyers, when it omitted from its advice to Mr. Kornman that, under the sentencing guidelines, even if convicted by a jury of only one count of the Indictment, he could be sentenced based on conduct underlying acquitted offenses.

15. The Robbins Firm failed to meet reasonable standards of care, prevalent among federal criminal defense lawyers, when it omitted from its advice to Mr. Kornman that plea

negotiations and stipulations with the government could reasonably and effectively assist in an effort to avoid sentencing based on conduct other than that underlying the count of conviction.

16. The Robbins Firm failed to meet reasonable standards of care, prevalent among federal criminal defense lawyers, when it omitted from its advice to Mr. Kornman that he could be convicted on Count III of the Indictment against him, charging him with a false statement in violation of 18 U.S.C. § 1001, even for an arguably ambiguous statement in which he denied knowledge of certain information when he knew a portion of the information. In conversations with Mr. Kornman, the Robbins Firm grossly underestimated his exposure on Count III.

### Count One – Breach of Fiduciary Duty
### (Forfeiture under Texas Law)

17. Mr. Kornman hereby realleges and incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

18. At all relevant times, the Robbins Firm had an attorney-client relationship with Mr. Kornman, which involved exclusively matters pending in Texas.

19. As a result, the Robbins Firm owed a fiduciary duty of care to Mr. Kornman.

20. This fiduciary duty required the Robbins Firm to, among other things, employ the degree of care, skill, or diligence ordinarily possessed by members of the legal profession and those who practice federal criminal law.

21. The Robbins Firm breached its duty of care to Mr. Kornman by negligently advising him regarding the merits of the false statements charge against him, grossly underestimating his exposure on one aspect of that charge.

22. The Robbins Firm breached its duty of care to Mr. Kornman by negligently advising him regarding the application of the federal sentencing guidelines, including concepts of "relevant conduct" and "cross-referencing."

23. The Robbins Firm breached its duty of care to Mr. Kornman by negligently failing to advise him regarding pertinent potential benefits of plea agreements.

24. In addition, the Robbins Firm made arrangements to hide certain of its work from Mr. Kornman rather than openly communicate with him.

25. Upon information and belief, the breaches of fiduciary duty by the Robbins Firm were not inadvertent.

26. These clear, serious and culpable breaches of the Robbins Firm's fiduciary duties foreseeably delayed Plaintiff's resolution of his criminal matter, which caused him to suffer additional expenses, burdens and distress associated with criminal proceedings.

27. The Robbins Firm had a motive to delay resolution of the criminal matter, namely, to earn additional fees. On behalf of the Robbins Firm, Lawrence Robbins had solicited Mr. Kornman, on multiple occasions, to serve as lead trial counsel in the matter.

28. These clear, serious and culpable breaches by the Robbins Firm of its fiduciary duties to Mr. Kornman require a forfeiture of the Robbins Firm's fees for services on Mr. Kornman's matters, including fees that he has already paid, and an award of damages to compensate him for the emotional distress he experienced as a result of the ensuing delay in the resolution of his criminal matter.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Defendant prays that this Court:

a. Deny all relief requested by the Robbins Firm in the Complaint;

b. Grant judgment requiring the Robbins Firm to forfeit all of the fees charged to Plaintiff; and

c. Grant Defendant an award of legal fees, costs, pre-judgment interest, post-judgment interest, and any and all relief as may be necessary and just.

**DEFENDANT AND COUNTERCLAIM-PLAINTIFF GARY KORNMAN DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

Dated:  September 20, 2007

Respectfully submitted,
/s/ Orlando E. Vidal
Orlando E. Vidal (D.C. Bar No. 461815)
Barry S. Pollack, *Admitted Pro Hac Vice*
Sullivan & Worcester, LLP
1666 K Street, NW, Suite 700
Washington, DC 20006
Telephone: (202) 775-1200
Fax: (202) 293-2275
*Counsel for Gary M. Kornman*