# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP, | ) ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| v. | ) ) | Civil Action No. 07-0554 (JR) |
| GARY M. KORNMAN, | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |
| GARY KORNMAN, | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| v. | ) ) | Civil Action No. 07-1613 (JR) |
| ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP, | ) ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT GARY KORNMAN'S
REPLY TO COUNTERCLAIM IN TRANSFERRED ACTION**

Plaintiff/Counterclaim Defendant Gary Kornman ("Mr. Kornman") herein replies to the specifically-numbered paragraphs of the Answer and Counterclaims of Defendant Robbins, Russell, Englert, Orseck & Untereiner LLP (the "Robbins Firm") in Civil Action No. 07-1613 (the "Transferred Action"). The Transferred Action has been consolidated with Civil Action No. 07-0554 by this Court's Order dated September 21, 2007. Mr. Kornman's Answer and Counterclaim in Civil Action No. 07-0554 is incorporated by reference herein, but his counterclaim in that action is not repeated, in order to avoid redundancy. To the extent that any

allegation in the Counterclaim is inadvertently not specifically addressed below, such allegation is denied by Mr. Kornman. For his Answer to the Counterclaim, Mr. Kornman further states as follows:

## COUNTERCLAIMS

### Jurisdiction and Venue

1. Mr. Kornman admits that the Robbins Firm holds itself out as a limited liability partnership in the District of Columbia, with its offices in the District of Columbia, but Mr. Kornman lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 1 of the Counterclaim.

2. Mr. Kornman admits the allegations contained in Paragraph 2 of the Counterclaim.

3. Mr. Kornman admits the allegations contained in paragraph 3 of the Counterclaim.

4. Paragraph 4 of the Counterclaim sets forth a legal conclusion to which no response is required. Mr. Kornman admits that he is a citizen of Texas and that the amount in controversy exceeds $75,000. Mr. Kornman admits that the Robbins Firm holds itself out as a limited liability partnership and citizen of the District of Columbia, with its offices in the District of Columbia. Mr. Kornman lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 4 of the Counterclaim, and therefore denies same.

### Factual Background

5. Mr. Kornman admits that he contacted the Robbins Firm in connection with a matter involving the Securities and Exchange Commission, and that he executed the Engagement Letter attached as Exhibit A to the Counterclaim (the "Engagement Letter") on or about October

5, 2004, the terms of which speak for themselves. Mr. Kornman denies the remainder of the allegations in paragraph 5 of the Counterclaim.

6. Mr. Kornman admits the existence of the Engagement Letter, the terms of which speak for themselves, and otherwise denies the remainder of the allegations in paragraph 6 of the Counterclaim, including any attempt to qualify, limit or expand the terms of the Engagement Letter.

7. Mr. Kornman admits that he paid a $20,000 retainer to the Robbins Firm, in or about October 2004, subject to the terms of the Engagement Letter, a document which speaks for itself, but denies any attempt to qualify, limit or expand the terms of the "Engagement Letter." Mr. Kornman denies the remainder of the allegations in paragraph 7 of the Counterclaim.

8. Mr. Kornman admits that he requested certain services from the Robbins Firm on certain pretrial motions beyond the scope of the Engagement Letter, for a criminal matter commenced by the United States Attorney's Office for the Northern District of Texas, the allegations of which speak for themselves. Mr. Kornman further states that he lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding other instructions that Jeffrey Tillotson may have provided to the Robbins Firm, and therefore denies such allegations, and denies the remainder of the allegations set forth in paragraph 8 of the Counterclaim.

9. Mr. Kornman admits that the Robbins Firm submitted various invoices, that Jeffrey Tillotson received certain invoices, but denies the remainder of the allegations in paragraph 9 of the Counterclaim.

10. Mr. Kornman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Counterclaim, and therefore denies them.

11. Mr. Kornman admits the allegations of paragraph 11 of the Counterclaim.

12. Mr. Kornman admits that he did not pay invoices from the Robbins Firm dated in or after March 2006, and he admits that he made a payment to the Robbins Firm in excess of amounts in previous invoices, but he denies the remainder of the allegations in paragraph 12 of the Counterclaim and denies that any outstanding balance remains properly due or payable.

13. Mr. Kornman denies the allegations in paragraph 13 of the Counterclaim.

14. Mr. Kornman admits that he spoke with Lawrence Robbins by telephone in or about October 2006, that he insisted that the Robbins Firm owed him additional services before any payment was due, but denies the remainder of the allegations contained in paragraph 14 of the Counterclaim.

15. Mr. Kornman denies the allegations in paragraph 15 of the Counterclaim, except he admits that in or about November 2006, Jeffrey Tillotson received a demand letter from the Robbins Firm, the content of which speaks for itself, but the substance of which is denied.

### Count I - Breach of Contract Claim

16. Mr. Kornman incorporates by reference all of his answers to paragraphs 1 through 15 of the Counterclaim.

17. Mr. Kornman admits that he executed the Engagement Letter, on or about October 5, 2004, the terms of which speak for themselves, but denies the remainder of the allegations in paragraph 17 of the Counterclaim to the extent they attempt to qualify, limit or expand the terms of the "Engagement Letter."

18. Mr. Kornman denies the allegations contained in paragraph 18 of the Counterclaim.

19. Mr. Kornman denies the allegations contained in paragraph 19 of the Counterclaim.

20.     Mr. Kornman denies the allegations contained in Paragraph 20 of the Counterclaim and denies any liability to the Robbins Firm.

21.     Mr. Kornman admits that the Robbins Firm seeks certain relief, but denies the remainder of the allegations contained in Paragraph 21 of the Counterclaim and denies any liability to the Robbins Firm.

### Count II - Breach of Implied-in-Fact Contract - Quantum Meruit Claim

22.     Mr. Kornman incorporates by reference all of its answers to paragraphs 1 through 21 of the Counterclaim.

23.     Paragraph 23 of the Counterclaim contains legal conclusions regarding what is "valuable" and "on his behalf," to which a response is not required, but Mr. Kornman admits that the Robbins Firm performed certain services in connection with certain of Mr. Kornman's matters, and denies the remainder of the allegations in paragraph 23.

24.     Mr. Kornman admits that he entered into the Engagement Letter, that he received certain services from the Robbins Firm, and that he insisted that the Robbins Firm owed him additional services before any payment was due, but denies the remainder of the allegations in paragraph 24 of the Counterclaim.

25.     Mr. Kornman admits that the Engagement Letter contemplated payments for certain services, and that he was on notice of the Robbins Firm's expectation to be paid for services within the scope of the Engagement Letter, but denies the remainder of the allegations contained in paragraph 25 of the Counterclaim.

26.     Mr. Kornman denies the allegations in paragraph 26 of the Counterclaim.

27.     Mr. Kornman admits that the Robbins Firm seeks certain relief, but denies the remainder of the allegations contained in Paragraph 27 of the Counterclaim and denies any liability to the Robbins Firm.

### Count III - Account Stated – Invoices Claim

28. Mr. Kornman incorporates by reference all of its answers to paragraphs 1 through 27 of the Counterclaim.

29. Mr. Kornman denies the allegations in paragraph 29 of the Counterclaim, except admits that the Engagement Letter speaks for itself with respect to services provided within the scope of its terms.

30. Mr. Kornman denies the allegations in paragraph 30 of the Counterclaim.

31. Mr. Kornman denies the allegations in paragraph 31 of the Counterclaim, except admits that the Engagement Letter speaks for itself with respect to services provided within the scope of its terms.

32. Mr. Kornman denies the allegations in paragraph 32 of the Counterclaim.

33. Mr. Kornman admits that the Robbins Firm seeks certain relief, but denies the remainder of the allegations contained in Paragraph 33 of the Counterclaim and denies any liability to the Robbins Firm.

### ATTORNEYS' FEES

34. Mr. Kornman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Counterclaim, and therefore he denies them.

35. Paragraph 35 of the Counterclaim sets forth a legal conclusion to which no response is required. Mr. Kornman admits that the Robbins Firm seeks certain relief, but denies the remainder of the allegations contained in Paragraph 35 of the Counterclaim and denies any liability to the Robbins Firm.

## RELIEF

36. In response to the unnumbered paragraph entitled "Relief," Mr. Kornman denies that Robbins Firm is entitled to any relief, including the relief it specifically requests.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Robbins Firm fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Robbins Firm's claims are barred based on its failure to satisfy a condition precedent. Specifically, Mr. Kornman understood that the Robbins Firm was required, in the criminal matter, to complete certain work before payment would be due, while the parties either negotiated or reached agreement on a flat fee arrangement.

### Third Affirmative Defense

The Robbins Firm's claims are limited or precluded by professional standards that limit their fees to reasonable amounts. Mr. Kornman has paid in excess of all reasonable fees charged by the Robbins Firm.

### Fourth Affirmative Defense

The Robbins Firm's claims are barred, in whole or in part, by the doctrine of laches.

### Fifth Affirmative Defense

The Robbins Firm's claims are barred, in whole or in part, by the doctrine of unclean hands. The Robbins Firm failed to advise Mr. Kornman adequately regarding alternative dispute resolution, including plea negotiations and related matters, before undertaking excessive work on his behalf. In addition, the Robbins Firm made arrangements to hide certain of its work from Mr. Kornman rather than openly communicate with him.

### Sixth Affirmative Defense

The Robbins Firm's claims are barred by the doctrine of forfeiture based on its breach of fiduciary duties.

### Seventh Affirmative Defense

Mr. Kornman is not responsible for actions and statements taken or made by Jeffrey Tillotson, any intermediaries, or other parties outside the scope of their authority.

### PRAYER FOR RELIEF & JURY DEMAND

WHEREFORE, Mr. Kornman prays that this Court:

a.  Deny all relief requested by the Robbins Firm in Civil Action No. 07-0554 and the Counterclaim in the Transferred Action;

b.  Grant judgment requiring the Robbins Firm to forfeit all of the fees charged to the Robbins Firm; and

c.  Grant Mr. Kornman an award of legal fees, costs, pre-judgment interest, post-judgment interest, and any and all relief as may be necessary and just.

**MR. KORNMAN DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

Dated:  September 23, 2007

Respectfully submitted,
/s/ Orlando E. Vidal
Orlando E. Vidal (D.C. Bar No. 461815)
Barry S. Pollack, *Admitted Pro Hac Vice*
Sullivan & Worcester, LLP
1666 K Street, NW, Suite 700
Washington, DC 20006
Telephone: (202) 775-1200
Fax: (202) 293-2275
*Counsel for Gary M. Kornman*