# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBBINS, RUSSELL, ENGLERT** | : | |
| **ORSECK & UNTEREINER LLP,** | : | |
| | : | **Civil Action Nos.** |
| **Plaintiff,** | : | **1:07-cv-00554-JR/JMF** (lead) |
| | : | **1:07-cv-01613-JR/JMF** (consolidated) |
| **v.** | : | |
| | : | |
| **GARY KORNMAN,** | : | |
| | : | |
| **Defendant.** | : | |

---

## MOTION FOR SUMMARY JUDGMENT ON COUNT III (ACCOUNT STATED) OF COMPLAINT AND COUNTERCLAIMS

---

Plaintiff, Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP ("Robbins Russell") moves for summary judgment on the account stated claims alleged in Count III of its Complaint in case number 07-00554 and Count III of its Counterclaims in case number 07-01613. Summary judgment is warranted because: (1) Robbins Russell and Kornman established a course of dealing, in which Robbins Russell provided legal services on Kornman's behalf and sent Kornman invoices for those services, and Kornman became obligated to pay each Robbins Russell invoice twenty days after receiving it; (2) Robbins Russell rendered numerous invoices and demands for payment to Kornman for approximately one year before filing this lawsuit; (3) Kornman neither paid those invoices nor disputed any entry on any of them; and (4) Kornman is therefore obligated to pay Robbins Russell's unpaid invoices totaling $149,021.29.

In support of this Motion, Robbins Russell has filed the accompanying Statement of Material Facts as to which There is No Genuine Issue, Memorandum of Points and Authorities, and Proposed Order.

WHEREFORE, Robbins Russell respectfully requests that this Court grant its Motion for Summary Judgment and enter judgment against Gary Kornman on Robbins Russell's account stated claims in case numbers 07-00554 and 07-01613.

Dated: September 24, 2007                    Respectfully submitted,


                                        _____/s/ Gary A. Orseck_____
                                        Gary A. Orseck (Bar No. 433788)
                                        Alan D. Strasser (Bar No. 967885)
                                        Matthew R. Segal (Bar No. 483486)
                                        ROBBINS, RUSSELL, ENGLERT,
                                          ORSECK, UNTEREINER & SAUBER LLP
                                        1801 K Street, NW, Suite 411
                                        Washington, DC  20006
                                        Telephone: (202) 775-4500
                                        Fax: (202) 775-4510

                                        **Attorneys for Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ROBBINS, RUSSELL, ENGLERT** | : | |
| **ORSECK & UNTEREINER LLP,** | : | |
| | : | **Civil Action Nos.** |
| **Plaintiff,** | : | **1:07-cv-00554-JR/JMF** (lead) |
| | : | **1:07-cv-01613-JR/JMF** (consolidated) |
| **v.** | : | |
| | : | |
| **GARY KORNMAN,** | : | |
| | : | |
| **Defendant.** | : | |

---

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH**
**THERE IS NO GENUINE ISSUE IN SUPPORT OF MOTION FOR**
**SUMMARY JUDGMENT ON COUNT III (ACCOUNT STATED)**
**OF THE COMPLAINT AND COUNTERCLAIMS**

---

Pursuant to D.C. Super. Ct. R. Civ. P. 12-I(k), plaintiff Robbins, Russell, Englert, Orseck,

Untereiner & Sauber LLP ("Robbins Russell") submits this Statement of Material Facts Not in

Dispute, in support of its Motion for Summary Judgment on Count III (Account Stated) of the

Complaint and Counterclaims.

1.      In August 2004, the Securities and Exchange Commission brought an action against

defendant Gary Kornman, under Section 10(b) of the Securities Exchange Act of 1934, and Rule

10b-5 promulgated thereunder,  for "repeated insider trading."  See Aug. 18, 2004 SEC Complaint

¶ 1 (attached at Exhibit B to Robbins Russell's opposition to Kornman's motion to dismiss). The

SEC sought to enjoin Kornman from selling securities, to fine him, and to disgorge his allegedly unlawful profits. *Id.* at ¶ 5.

2.    On October 5, 2005, Kornman engaged Robbins Russell to represent him in the SEC's civil action. Declaration of Lawrence S. Robbins, filed herewith ("Robbins Decl.") ¶ 2. Kornman specifically asked Robbins Russell to "research issues relating to the SEC's rulemaking authority and prepare a possible motion to dismiss" the SEC's complaint. *Id.* ¶ 3 & Exh. A (Engagement Letter).[1] The letter also reflected, more generally, that Kornman was "engaging [Robbins Russell] to represent [Kornman] in connection with the above-referenced litigation," which was the SEC's case against Kornman. *Id.* ¶ 1.

3.    Kornman and Tillotson instructed Robbins Russell to perform additional work that went beyond the specific tasks mentioned in the engagement letter. Robbins Decl. ¶ 4. Kornman further expanded the scope of Robbins Russell's responsibilities after the United States Attorney's Office for the Northern District of Texas indicted Kornman on charges of insider trading and making false statements to the SEC. See Indictment in *United States v. Kornman*, No. 3:05-CR-0298P (N.D. Tex.); Robbins Decl. ¶ 4 & Exhs. B-1 to B-7.

4.    Kornman and Tillotson both asked Robbins Russell to draft motions, give advice, and conduct research in connection with Kornman's criminal case. Robbins Decl. ¶ 4 & Exhs. B-1 to B-7.

5.    After providing those services for several months, the firm entered its appearance in that case. *Kornman*, No. 3:05-CR-0298P (N.D. Tex.) (Dkt. 20-22) (available on PACER).

---

[1] Unless stated otherwise, the Exhibits cited herein are those attached to the accompanying Robbins Declaration.

6.    On April 9, 2007, Kornman pleaded guilty to making a false statement to the SEC. *Id.*, Dkt. 163-65.

7.    Pursuant to the practice described in Robbins Russell's engagement letter, Robbins Russell issued monthly invoices to Kornman for its work in the civil and criminal matters.

8.    Each invoice was mailed directly to Kornman's home, along with a cover letter from Lawrence Robbins. Each cover letter specified the time period covered by the invoice, listed the previous, unpaid balance (if any), and said that "If you have any questions, please do not hesitate to contact me." Robbins Decl. ¶ 7 & Exh. C.

9.    Robbins Russell always billed Kornman in quarter-hour increments at rates specified in the engagement letter and each invoice. Robbins Decl. ¶ 6.

10.    The Engagement Letter stated that Robbins Russell "expect[ed] payment within twenty days after any statement is received." Exh. A ¶ 4.

11.     Kornman timely paid in full Robbins Russell's first twelve monthly invoices, dated November 1, 2004 through February 2, 2006. Exh. C (invoices and cover letters); Exh. D (Kornman ledger of invoices and payments).

12.    Following Robbins Russell's March 2006 invoice, Kornman stopped paying.

13.    By June 2006—after Kornman had failed to pay Robbins Russell's March, April, and May invoices—the unpaid balance had grown to $116,208.25. Exh. C, pp. 64-67.

14.    On June 5, 2006, Robbins sent Kornman an invoice for that amount and hand-wrote on the accompanying cover letter a demand for payment: "Gary—I would appreciate it if you could get rid of some of the older invoices. Thanks. Larry." *Id*. at 64.

15.    Kornman failed to respond to invoices dated July 5 (for $144,250.11), August 3 (for $146,842.23), and September 7 (for $148,121.29). *Id*. at 68-78; Exh. D.

16.    Kornman and Tillotson (on Kornman's behalf) nevertheless continued to request legal services from Robbins Russell. See Robbins Decl. ¶ 12 & Exhs. E-1 to E-8.

17.    On September 27, 2006, Robbins Russell sent to Mr. Tillotson by e-mail a copy of Kornman's unpaid invoices through August 2006. Robbins Decl. ¶ 14 & Exh. F.

18.    On October 4, 2006—nearly eight months after Kornman's last payment—Robbins Russell sent Kornman an invoice for $149,020.29. Exh. C, pp. 79-80. Robbins hand-wrote the following note on the cover letter to the October 4, 2006, invoice:

> Gary–
>      I hope Jeff [Tillotson] has given you a set of the invoices I just e-mailed to him [on September 27, 2006]. I would really like to get these bills cleared up very soon. Thanks,
>                                                        Larry

*Id.* at 79.

19.    On September 20, 26, and 27, 2006—after Kornman's balance had exceeded $148,000—Robbins sent text messages to Kornman asking him to call. Exh. H.

20.    On September 27, Robbins wrote Kornman to make sure he knew that the "[i]nvoices have been sent to [Tillotson] per your request." Exh. H. Kornman immediately replied, "Thanks." *Id*. Robbins then sent additional text messages to Kornman on October 4, 5, and 24. *Id.*

21.    Kornman called Robbins after receiving the October 24 text message. He first assured Robbins that the outstanding bills would be paid. Robbins Decl. ¶ 18. But he then insisted that Robbins Russell do yet *more* work on his behalf before he would pay the outstanding balance. *Id.*

22.     Robbins declined that new request. Kornman responded that Robbins Russell had performed subpar work that was of no use to him. *Id.*

23.     This was the first and only time, over the entire course of Kornman's engagement of Robbins Russell, in which Kornman had uttered so much as a word of criticism of Robbins Russell's work. *Id.*

24.     At Kornman's request, Robbins Russell sent its prior work product to Tillotson on October 26, 2006, for Kornman's review. Robbins Decl ¶ 19 & Exh. J.

25.     Kornman responded by sending the following text message to Robbins on October 26, 2006: "Larry, [Tillotson's] assistant is out on vacation. I won't be able to get the docs you have done from [Tillotson's] [e]-mail until late next week." Exh H.

26.     Robbins replied later that day, "Gary[,] [Tillotson] tells me that he can get you the documents right away so that we can get this done asap." *Id.* Kornman's response came less than 45 minutes later: "Ok." *Id.*

27.     That was the last communication from Kornman to Robbins Russell concerning the unpaid bills before this litigation began. Robbins Decl. ¶ 22.

28.     At no time did Kornman or anyone speaking on his behalf ever call, write, e-mail, text-message, or otherwise communicate to anyone at Robbins Russell that he questioned or disputed any entry on any of Robbins Russell's invoices.

29.     On October 31, 2006 (Exh. K), and November 8, 2006 (Exh. L), Larry Robbins sent demand letters to both Kornman and Tillotson seeking payment by November 15, 2006. The first of those letters explained:

Although you (and [Tillotson], on your behalf) have several times promised to pay these invoices in full – including as recently as [October 24, 2006] – you have yet to do so.

* * *

Gary, I deeply regret that matters have deteriorated to the point that I have had to send you this kind of letter. I cannot recall ever having done so with a client in nearly 30 years of law practice. But I find that I have exhausted nearly every other remedy at this point. I am therefore constrained to demand payment in full of all outstanding invoices – a total of $149,021.29 – by no later than November 15, 2006.

30.    Kornman ignored these demand letters.

31.    Kornman has not paid any portion of his outstanding bill of $149,021.29.

Dated: September 24, 2007

Respectfully submitted,

_____/s/ Gary A. Orseck_____

Gary A. Orseck (Bar No. 433788)
Alan D. Strasser (Bar No. 967885)
Matthew R. Segal (Bar No. 483486)
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, DC  20006
Telephone: (202) 775-4500
Fax: (202) 775-4510

**Attorneys for Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP**

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ROBBINS, RUSSELL, ENGLERT   :
ORSECK & UNTEREINER LLP,   :
   :   **Civil Action Nos.**
     **Plaintiff,**   :   **1:07-cv-00554-JR/JMF** (lead)
   :   **1:07-cv-01613-JR/JMF** (consolidated)
     **v.**   :
   :
**GARY KORNMAN,**   :
   :
     **Defendant.**   :

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT III (ACCOUNT STATED) OF COMPLAINT AND COUNTERCLAIMS**

---

Gary A. Orseck (Bar No. 433788)
Alan D. Strasser (Bar No. 967885)
Matthew R. Segal (Bar No. 483486)
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, DC  20006
Telephone: (202) 775-4500
Fax: (202) 775-4510

Dated: September 24, 2007

Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP ("Robbins Russell")[1] submits this memorandum of law in support of its Motion for Summary Judgment on Count III (Account Stated) of the Complaint and Counterclaims.[2] As demonstrated below, and by the supporting materials submitted herewith, there is no genuine issue as to any material fact at issue in our Account Stated claim, and plaintiff therefore is entitled to judgment as a matter of law.

The "account stated" doctrine holds that a debtor (like defendant Gary Kornman) who fails to pay rendered bills, and fails to dispute them within a reasonable time despite having a sufficient opportunity to do so, is liable for the debt. That is precisely what happened here. After paying Robbins Russell's monthly invoices for more than a year, Kornman simply stopped paying. Month after month, Robbins Russell sent to Kornman, at his home, invoices that detailed the work performed in the previous month, and spelled out the rates and charges associated with each lawyer who worked on his behalf. Each invoice was accompanied by a cover letter, inviting Mr. Kornman to raise any questions he might have about any part of the bill. *Never once* did Mr. Kornman so much as inquire about any of our bills; to the contrary, he continued to request that Robbins Russell do *more* work on his behalf. Finally, when the unpaid amount exceeded six figures, and no payment had been received in several months, our firm began to press Mr. Kornman and his Texas counsel, Jeff Tillotson, to bring the account current. Even then, Kornman never suggested he might not pay—no doubt because he wanted Robbins Russell to continue working on his behalf.

---

[1] On September 17, 2007, plaintiff changed the name of the law firm to Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP.

[2] Robbins Russell alleged essentially identical account stated claims in Count III of its Complaint in case number 07-00554 and Count III of its Counterclaims in case number 07-01613. Plaintiff respectfully submits that this Court should enter summary judgment in Robbins Russell's favor on both account stated claims and order all available (non-duplicative) relief.

Under these circumstances, Robbins Russell is entitled to judgment as a matter of law on its account stated claim. There is *no* evidence from which a finder of fact could conclude that Mr. Kornman contested any of the bills at issue; if there were, Mr. Kornman surely would produce it. But he has not, and will not, and for that reason summary judgment should be entered in Robbins Russell's favor on Count III of the Complaint.

## BACKGROUND

### 1.    Kornman's Engagement of Robbins Russell

In August 2004, the Securities and Exchange Commission brought an action against defendant Gary Kornman, under Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder,  for "repeated insider trading."  See Aug. 18, 2004 SEC Complaint ¶ 1 (attached at Exhibit B to our opposition to Kornman's motion to dismiss). The SEC sought to enjoin Kornman from selling securities, to fine him, and to disgorge his allegedly unlawful profits. *Id.* at ¶ 5. Approximately six weeks later, Kornman engaged Robbins Russell to represent him in the SEC's civil action. Declaration of Lawrence S. Robbins, filed herewith ("Robbins Decl.") ¶ 2. Kornman specifically asked Robbins Russell to "research issues relating to the SEC's rulemaking authority and prepare a possible motion to dismiss" the SEC's complaint. *Id.* ¶ 3 & Exh. A (Engagement Letter).[3] The letter also reflected, more generally, that Kornman was "engaging [Robbins Russell] to represent [Kornman] in connection with the above-referenced litigation," which was the SEC's case against Kornman. *Id.* ¶ 1.

---

[3] Unless stated otherwise, the Exhibits cited herein are those attached to the accompanying Robbins Declaration.

Before long, both Kornman and Tillotson instructed Robbins Russell to perform additional work that went beyond the specific tasks mentioned in the engagement letter. Robbins Decl. ¶ 4. Kornman further expanded the scope of Robbins Russell's responsibilities after the United States Attorney's Office for the Northern District of Texas indicted Kornman on charges of insider trading and making false statements to the SEC. See Indictment in *United States v. Kornman*, No. 3:05-CR-0298P (N.D. Tex.); Robbins Decl. ¶ 4 & Exhs. B-1 to B-7. Kornman and Tillotson both asked Robbins Russell to draft motions, give advice, and conduct research in connection with Kornman's criminal case. *Id.* After providing those services for several months, the firm entered its appearance in that case. *Kornman*, No. 3:05-CR-0298P (N.D. Tex.) (Dkt. 20-22) (available on PACER). On April 9, 2007, Kornman pleaded guilty to making a false statement to the SEC. *Id.*, Dkt. 163-65.

## 2.     Kornman's Failure Either to Pay or Dispute Robbins Russell's Invoices

Pursuant to the practice described in Robbins Russell's engagement letter, Robbins Russell issued monthly invoices to Kornman for its work in the civil and criminal matters. Each invoice was mailed directly to Kornman's home, along with a cover letter from Lawrence Robbins. Each cover letter specified the time period covered by the invoice, listed the previous, unpaid balance (if any), and said that "If you have any questions, please do not hesitate to contact me." Robbins Decl. ¶ 7 & Exh. C. Robbins Russell always billed Kornman in quarter-hour increments at rates specified in the engagement letter and each invoice. *Id.* ¶ 6. As stated in the engagement letter, Robbins Russell "expect[ed] payment within twenty days after any statement is received." Exh. A ¶ 4.

From the outset, Jeff Tillotson assured Robbins Russell that he would "make sure Gary [Kornman] pays you promptly." Exh. B-1. And for more than a year, Kornman paid his bills according to the parties' agreement. He timely paid in full Robbins Russell's first twelve monthly

invoices, dated November 1, 2004 through February 2, 2006. Exh. C (invoices and cover letters);

Exh. D (Kornman ledger of invoices and payments). But following Robbins Russell's March 2006

invoice, Kornman simply stopped paying. By June 2006—after Kornman had failed to pay Robbins

Russell's March, April, and May invoices—the unpaid balance had grown to $116,208.25. Exh. C,

pp. 64-67. On June 5, 2006, Robbins sent Kornman an invoice for that amount and hand-wrote on

the accompanying cover letter a demand for payment: "Gary—I would appreciate it if you could get

rid of some of the older invoices. Thanks. Larry." *Id.* at 64.

Kornman never responded to that invoice, or to any of the invoices that followed it.

Specifically, Kornman failed to respond to invoices dated July 5 (for $144,250.11), August 3 (for

$146,842.23), and September 7 (for $148,121.29). Exh. C, pp. 68-78; Exh. D. Yet Kornman and

Tillotson (on Kornman's behalf) nevertheless continued to request legal services from Robbins

Russell. See Robbins Decl. ¶ 12 & Exhs. E-1 to E-8. For example, in June 2006 Tillotson asked to

review a draft of Robbins Russell's motion to suppress evidence in Mr. Kornman's criminal case

(Exhs. E-6 to E-7), and Kornman even made a special point to instruct Robbins Russell associate

Alice Yao to "send all future documents in Word format" (Exh. E-2).

In light of Kornman's nonresponsiveness to the invoices, on September 27, 2006, Robbins

Russell sent to Mr. Tillotson by e-mail a copy of Kornman's unpaid invoices through August 2006.

Robbins Decl. ¶ 14 & Exh. F. A week later, on October 4, 2006—nearly eight months after

Kornman's last payment—Robbins Russell sent Kornman an invoice for $149,020.29. Exh. C,

pp.79-80. Robbins hand-wrote the following note on the cover letter to the October 4, 2006, invoice:

Gary–

    I hope Jeff [Tillotson] has given you a set of the invoices I just e-mailed to him [on September 27, 2006]. I would really like to get these bills cleared up very soon. Thanks,

                              Larry

*Id.* at 79.

Robbins Russell communicated its payment demands to Kornman in other ways as well. Because Kornman previously had instructed Robbins Russell to communicate with him by text messaging and not by phone or e-mail (see Robbins Decl. ¶ 16 & Exh. G), on September 20, 26, and 27, 2006—after Kornman's balance had exceeded $148,000—Robbins sent text messages to Kornman asking him to call. Exh. H. In a second text message on September 27, Robbins wrote Kornman to make sure he knew that the "[i]nvoices have been sent to [Tillotson] per your request." *Id.* Kornman immediately replied, "Thanks." *Id*. Robbins then sent additional text messages to Kornman on October 4, 5, and 24. *Id.*

Kornman called Robbins after receiving the October 24 text message. He first assured Robbins that the outstanding bills would be paid. Robbins Decl. ¶ 18. But he then insisted that Robbins Russell do yet *more* work on his behalf before he would pay the outstanding balance. *Id.* Robbins declined that new request. Kornman responded that Robbins Russell had performed subpar work that was of no use to him. *Id.* This was the first and only time, over the entire course of Kornman's engagement of Robbins Russell, in which Kornman had uttered so much as a word of criticism of Robbins Russell's work. *Id.*

At Kornman's request, Robbins Russell sent its prior work product to Tillotson on October 26, 2006, for Kornman's review. Robbins Decl ¶ 19 & Exh. J. Kornman responded by sending the following text message to Robbins on October 26, 2006: "Larry, [Tillotson's] assistant is out on

vacation. I won't be able to get the docs you have done from [Tillotson's] [e]-mail until late next week." Exh H. Robbins replied later that day, "Gary[,] [Tillotson] tells me that he can get you the documents right away so that we can get this done asap." *Id.* Kornman's response came less than 45 minutes later: "Ok." *Id.*

That was the last communication from Kornman to Robbins Russell concerning the unpaid bills before this litigation began. Robbins Decl. ¶ 22. At no time, not then, not ever, did Kornman or anyone speaking on his behalf ever call, write, e-mail, text-message, or otherwise communicate to anyone at Robbins Russell that he questioned or disputed any entry on any of Robbins Russell's invoices.

Finally, on October 31, 2006 (Exh. K), and November 8, 2006 (Exh. L), Larry Robbins sent demand letters to both Kornman and Tillotson seeking payment by November 15, 2006. The first of those letters explained:

> Although you (and [Tillotson], on your behalf) have several times promised to pay these invoices in full – including as recently as [October 24, 2006] – you have yet to do so.
>
> * * *
>
> Gary, I deeply regret that matters have deteriorated to the point that I have had to send you this kind of letter. I cannot recall ever having done so with a client in nearly 30 years of law practice. But I find that I have exhausted nearly every other remedy at this point. I am therefore constrained to demand payment in full of all outstanding invoices – a total of $149,021.29 – by no later than November 15, 2006.

Kornman ignored these demand letters as well.[4]

---

[4] Instead, on November 15, 2006, Kornman filed a declaratory judgment action against Robbins Russell in Texas state court. But Kornman styled that action *Doe* v. *Unnamed Law Firm*, and did not serve the complaint on Robbins Russell until after Robbins Russell filed the instant lawsuit. Robbins Russell then removed the Texas suit to federal court, where Judge Godbey transferred it to this Court because, in his view, it was "an improper anticipatory suit." Order on Motion to Stay Further Proceedings or to Transfer at 1, *John Doe* v. *Unnamed Law Firm*, No. 3:07-cv-00934, Dkt. No. 14 (N.D. Texas) (available on PACER and attached as Exhibit A to Robbins Russell's opposition to

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Galvin* v. *Eli Lilly & Co.*, 488 F.3d 1026, 1031 (D.C. Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott* v. *Harris*, 127 S. Ct. 1769, 1776 (2007) (quoting Fed. R. Civ. P. 56(c)). But "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Industrial Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Thus, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## ARGUMENT

**ROBBINS RUSSELL IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM FOR AN ACCOUNT STATED BECAUSE THE DEFENDANT FAILED EITHER TO PAY OR DISPUTE INVOICES FOR SERVICES RENDERED**

    **A.    Summary Judgment Is Warranted On An Account Stated Where The Parties Had A Course of Dealing, The Plaintiff Delivered Statements To The Defendant, And The Defendant Failed Timely To Object To The Statements**

"An account stated is 'a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due.'" *Eagle Maint. Servs.* v. *D.C. Contract Appeals Bd.*, 893 A.2d 569, 582 (D.C. 2006) (quoting *Ally & Gargano, Inc.* v. *Comprehensive Accounting Corp.*, 615 F.

---

Kornman's motion to stay discovery in this proceeding).

Supp. 426, 428-29 (S.D.N.Y. 1985)). The agreement to pay the amount due may be "either . . .
express or . . . implied." *Braude & Margulies, P.C.* v. *Fireman's Fund Ins. Co.*, 468 F. Supp. 2d 190,
199 (D.D.C. 2007) (quoting *Chinn* v. *Lewin*, 16 F.2d 512, 515 (D.C. Ct. App. 1926)).[5] An implied
agreement typically is found where (as in this case) a debtor fails to object within a reasonable period
of time to bills rendered by a creditor; "where bills have been rendered, silence of the obligor may
work to convert the rendered accounts into stated ones." *Exxon Corp.* v. *Int'l Concrete Corp.*, 335
A.2d 236, 237 (D.C. 1975) (citing *First Nat'l Realty Corp.* v. *Impact Advertising Inc.*, 206 A.2d 579,
580 (D.C. Ct. App. 1965)); see also *Continental Cas. Co.* v. *Dr. Pepper Bottling Co. of Texas, Inc.*,
416 F. Supp. 2d 497, 505 (N.D. Tex. 2006) ("Approval of an account can be inferred by a party's
silence if the account is rendered and retained without objection for a reasonable time after full
opportunity to object." (citing *Eastern Dev. & Inv. Corp.* v. *City of San Antonio*, 557 S.W.2d 823,
825 (Tex. Civ. App.-San Antonio, 1977))).[6]

    Because clients who do not pay their legal bills often ignore them rather than contest them,
lawyers regularly assert the theory of account stated in collection actions. See, *e.g.*, *United States* v.

---

[5] See also *Eagle Maint. Servs.*, 893 A.2d at 582 (account stated may be based on "an assent,
express or implied, to the correctness of the balance" (quoting *Falcone* v. *Paradiso*, 54 F.2d 715,
717 (D.C. Cir. 1931))).

[6] The Court need not resolve choice-of-law issues to decide this motion because District of
Columbia and Texas law both recognize that a debtor's failure seasonably to object to an account
rendered obliges him to pay a creditor upon an account stated. Indeed, that is the law virtually
everywhere, and has been since at least the nineteenth century. See, *e.g.*, *Wiggins* v. *Burkham*, 77
U.S. 129, 131 (1870) ("in accordance with all the leading authorities on the subject," "an account
rendered, and not objected to within a reasonable time, is to be regarded as admitted by the party
charged to be prima facie correct"); see generally RESTATEMENT (SECOND) OF CONTRACTS § 282
(1981) ("A party's retention without objection for an unreasonably long period of time of a statement
of account rendered by the other party is a manifestation of assent."). Robbins Russell therefore
reserves its right to seek all available relief under D.C. law and Texas law.

*District Council of New York City*, 1996 WL 334414, *7 (S.D.N.Y. 1996) ("'Account stated' is a rule founded in equity, which says that a client cannot delay unreasonably in questioning his attorney's fees and then refuse to pay them."); *Riley* v. *Mattingly*, 42 App. D.C. 290, 294 (D.C. Cir. 1914) ("[a]n account rendered" by a lawyer to his client, "and not objected to within a reasonable time, is to be regarded as admitted by the [client] to be prima facie correct, and may not be impeached save for fraud, error, or mistake."); see also *Paul, Weiss, Rifkind, Wharton & Garrison* v. *Koons*, 780 N.Y.S.2d 710, 712 (N.Y. Sup. Ct. 2004) ("[A]n account stated may exist between an attorney an a client . . . .") [hereinafter "*Paul, Weiss*"]; *Robins, Kaplan, Miller & Ciresi* v. *Senoret Chem. Co.*, 1991 WL 325289, *3 (D. Minn. 1991) (entering judgment for law firm on account stated where client "instructed Robins to perform further legal services" well after account had become overdue and "first complained of its financial obligation to Robins" only after receiving an adverse court ruling in the underlying litigation); *Santora, McKay & Ranieri* v. *Franklin*, 339 S.E.2d 799, 802 (N.C. Ct. App. 1986) (affirming jury charge on account stated where there was "ample evidence to show an account stated resulted from an implied agreement to pay by failure to object"); cf. *Chinn*, 16 F.2d at 514 (no account stated where client timely raised a "sharp controversy as to the proper amount").

The touchstone for determining when a client's silence amounts to an implied agreement to pay is whether, under the circumstances, the length of time the client stood silent was "reasonable." *Yannelli, Zevin & Civardi* v. *Sakol*, 749 N.Y.S.2d 270, 270-71 (N.Y. App. Div. 2002). And as the D.C. Circuit has held, that crucial question—"what is a reasonable time" to go without objecting to a bill—"is a question of law for the court." *Reed Research, Inc.* v. *Schumer Co.*, 243 F.2d 602, 604 (D.C. Cir. 1957) (observing that "a silence between three and four months was found unreasonable"

-10-

in *Standard Oil Co.* v. *Van Etten*, 107 U.S. 325 (1882)). Accordingly, "the absence of any objection to a bill within a reasonable time" creates "[a]n implicit agreement, warranting summary judgment." *Paul, Weiss*, 780 N.Y.S.2d at 712.

A failure to object is unreasonable as a matter of law where "[1] there is a long course of dealing between the parties, [2] the creditor renders a number of statements of account, and [3] the debtor fails to challenge the statements." *Brand* v. *Westall*, 1995 WL 235579, *5 (D.D.C. 1995).[7] As we show below, Kornman's failure to question or object to our monthly bills in any way for more than seven months was (to say the least) unreasonable.

### B. Kornman's Failure To Dispute Robbins Russell's Invoices For More Than Seven Months Was Unreasonable as a Matter of Law and Constitutes An Implicit Agreement to Pay

#### 1. There Was a Long Course of Dealing between the Parties

By the time Kornman submitted his last payment to Robbins Russell in February 2006, he had more than a year's worth of experience receiving invoices and legal services from Robbins Russell. That "long course of dealing" means that Kornman's subsequent refusal to pay Robbins Russell cannot be attributed to an unfamiliarity with the nature of Robbins Russell's billing practices and expectations about being paid. *Reed Research*, 243 F.2d at 604; *Brand*, 1995 WL 235579, *5.

---

[7] See, *e.g.*, *Reed Research*, 243 F.2d at 605 ("Taking into account the long course of dealing, the complete absence of challenge to the account as stated in numerous statements . . . for two months when it appeared that the creditor was insisting on payment, we think the district court was warranted in concluding . . . that an account stated existed"); *Riley*, 42 App. D.C. at 295 ("It [was] apparent . . . that the account rendered became an account stated" after the statement "was held by the [client] for a period of eight months without being disputed in any way."); *Robins, Kaplan, Miller & Ciresi*, 1991 WL 325289, *4 ("Senoret agreed Robins would be compensated by it for legal services rendered and expenses incurred as an account stated, and notwithstanding demand, Senoret has failed and refused to pay either on a monthly basis as originally agreed or as subsequently restructured, and accordingly is indebted to Robins in the amount of $329,028.57.")

Kornman knew that Robbins Russell billed him on a monthly basis. He knew that Robbins Russell's invoices were due within twenty days of receipt. Exh. A ¶ 4. He knew the billing rates of Robbins Russell's attorneys, which were set forth first in the engagement letter and subsequently in every bill that Robbins Russell submitted.[8] And he knew on what and for how much time those attorneys were working, because each bill provided narrative descriptions of the legal services provided and time spent on Korman's matters by each Robbins Russell attorney. Exh. C. Kornman also knew he could contact Larry Robbins directly if he had "any questions" about any bill. *Id.* Accordingly, the parties had established a course of dealing that preceded Robbins Russell's unpaid invoices.

### 2.    *Robbins Russell Rendered a Number of Statements of Account*

Robbins Russell *repeatedly* sent both Kornman and his Texas counsel requests for payment during the more than seven months between Kornman's final payment (in February 2006) and Robbins Russell's final bill (in October 2006). *Reed Research*, 243 F.2d at 605 (emphasizing "numerous statements" submitted by plaintiff). Then, in the nearly five months that elapsed between Robbins Russell's final bill and the filing of this lawsuit (in February 2007), Robbins Russell made numerous additional efforts to obtain payment from Kornman. All told, Kornman received eight invoices (Exh. C), two hand-written notes (Exh. C, pp.64, 79), numerous text messages (Exh. H), re-delivery of Robbins Russell's invoices and work product (Exhs F & J), and two demand letters (Exhs. K and L). There is no basis in the record for disputing this element of our account stated claim.

---

[8] Consequently, Kornman—who paid his first twelve bills—is estopped from asserting that the hourly rates of Robbins Russell's attorneys were unreasonable. See, *e.g.*, *Graham* v. *San Antonio Mach. & Supply Corp.*, 418 S.W.2d 303, 312 (Tex. Civ. App. 1967) (defendant's failure to object to prices listed in bills "permits the inference of his approval of the prices so as to establish a stated account, eliminating the requirement of evidence of market value.")

### 3.    *Kornman Assented to and Never Challenged Robbins Russell's Invoices*

Until October 24, 2006—when, *after agreeing to pay in full*, he disparaged Robbins Russell's work as "subpar" and of no use to him—Kornman never once criticized the legal services Robbins Russell provided him. Indeed, Kornman called Robbins Russell's work "subpar" only after learning that he would be denied *more of that work* unless he finally paid the bills he had ignored for months while Robbins Russell continued to work on his SEC and criminal matters. And at no time before, during, or after that October 24 discussion—even after Robbins Russell fulfilled his request to re-send copies of its work product—did Kornman ever dispute any part of any invoice. There is no evidence in the record to the contrary.[9]

What is more, given Robbins Russell's numerous statements and demands for payment, the record does not permit Kornman to argue that his refusal to pay or object was a result of mere inadvertence. In truth, Kornman's failure to object was entirely purposeful. During the many months that our bills went unpaid, Kornman, through Jeff Tillotson, requested that Robbins Russell perform *more work on Kornman's behalf.* See Robbins Decl. ¶ 12 & Exhs. E-1 to E-8. Cf. *United States* v. *District Council of New York City*, 1996 WL 334414, *5 (S.D.N.Y. 1996) ("[T]he principles inherent in account stated analysis require that the client voice his objections promptly. That is particularly true in the case of an ongoing representation, since in the absence of objections the attorney is entitled to assume that there is no problem."); *Reese Design, Inc.* v. *I-94 Highway 61 Eastview*

_____

[9] Consequently, Kornman himself will not be able to produce any contemporaneous evidence that he objected to Robbins Russell's invoices. Nor is there any basis for postponing consideration of our motion pursuant to Rule 56(f), since *Kornman* would possess any evidence that he ever disputed a bill. See *Lanklert, Siffert & Wohl, LLP* v. *Rossi*, 287 F. Supp. 2d 398, 409 (S.D.N.Y. 2003) ("Further discovery would not assist the determination of [the law firm's motion for summary judgment on account stated], as Defendants themselves are best situated to provide documentation of any earlier objections, and have not done so.").

-13-

*Center P'ship*, 428 N.W.2d 441, 445 (Minn. Ct. App. 1988) (affirming denial of account stated claim where client had told lawyer to "stop all work on the project until they had clarified their situation"). Had Kornman suggested that he might not pay his bills, Robbins Russell obviously would not have allowed itself to go deeper in the hole.

Finally, Kornman cannot avoid summary judgment on the account stated claim on the theory he asserted in support of his failed motion to dismiss that claim. As alleged in the Complaint, on October 24, 2006, Kornman "insisted that Robbins Russell perform additional legal work before Kornman would agree to pay the amounts owed." See Robbins Decl. ¶ 18. In support of his motion to dismiss (Kornman Memo at 10-11), Kornman argued that his refusal to pay his bill unless Robbins Russell did more work was grounds for dismissing the claim. But that "refusal," such as it was, came after (i) months of ignoring invoices and payment demands that were sent to his home; (ii) months of failing to state any dispute whatsoever about those invoices; and (iii) months of making *new* requests for additional work by Robbins Russell. Kornman "cannot destroy the legal effect of an account stated by subsequently refusing to pay." *Levy* v. *Prinzmetal*, 134 Cal. App. 2d Supp. 919, 922 (Cal. Super. Ct. 1955) (internal quotation marks omitted); see also *Anderson* v. *Taylor*, 1976 WL 189312, *3 (Ohio Ct. App. 1976) ("The mere fact that the defendant refused to pay an account stated does not mean that there was no account stated."). If the law were otherwise, "there could never be a suit upon an account stated" because such suits arise *only* when the defendant refuses to pay a bill that was previously met with approval or silence. *Id.*

If Kornman did not believe that he owed Robbins Russell the amounts listed in his bills, it was incumbent on him to say so as his debt accrued, and to state a ground for that belief at some

point during the *year* between his last payment to Robbins Russsell and the filing of this lawsuit. His

failure to do so during so long a period is unreasonable as a matter of law.[10]

## CONCLUSION

For the foregoing reasons, Robbins Russell respectfully asks this Court to enter summary

judgment in favor of Robbins Russell on its account stated claim.

Dated: September 24, 2007

Respectfully submitted,

_____
/s/ Gary A. Orseck
Gary A. Orseck (Bar No. 433788)
Alan D. Strasser (Bar No. 967885)
Matthew R. Segal (Bar No. 483486)
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, DC 20006
Telephone: (202) 775-4500
Fax: (202) 775-4510

**Attorneys for Plaintiff Robbins, Russell, Englert,
Orseck, Untereiner & Sauber LLP**

---

[10] *Reed Research*, 243 F.2d at 605 (defendant "fail[ed] specifically to challenge the final statement of May 1954 for $ 4600.87 for two months when it appeared that the creditor was insisting on payment "); *Riley*, 42 App. D.C. at 295 ("[T]he account forming the basis of the action was held by the defendant for a period of eight months without being disputed in any way."); *Shea & Gould* v. *Burr*, 598 N.Y.S.2d 261, 262 (N.Y. App. Div. 1993) ("The failure to object to the unitemized bill for a period of five months suffices to give rise to an account stated, especially in view of the partial payment made."); *Chisholm-Ryder Co., Inc.* v. *Sommer & Sommer*, 421 N.Y.S.2d 455,458 (N.Y. App. Div. 1979) ("Plaintiff's acquiescence in the account for several months and its two payments on account during the period of the dispute without questioning the balance constitute implied agreement as to the whole.").

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBBINS, RUSSELL, ENGLERT    :
ORSECK & UNTEREINER LLP,    :
        :     **Civil Action Nos.**
       **Plaintiff,**    :     **1:07-cv-00554-JR/JMF** (lead)
        :     **1:07-cv-01613-JR/JMF** (consolidated)
     **v.**       :
        :
**GARY KORNMAN,**      :
        :
     **Defendant.**    :

## <u>DECLARATION OF LAWRENCE S. ROBBINS</u>

I, Lawrence S. Robbins, under penalty of perjury, state as follows:

1.     I am an attorney licensed in the District of Columbia and in New York.  Since May 1, 2001, I have been a partner in the firm of Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP, which until September 17, 2007, was named Robbins, Russell, Englert, Orseck & Untereiner LLP ("Robbins Russell" or "the firm"). From in or about November 1992 to April 30, 2001, I was a partner in the firm then known as Mayer, Brown & Platt. I practiced in the Washington office of Mayer, Brown & Platt. Previously I was an Associate Independent Counsel in the Office of Independent Counsel (*In re Samuel R. Pierce*); an Assistant to the Solicitor General of the United States; an Assistant United States Attorney in the Eastern District of New York; an associate in the firm then known as Kramer, Levin, Nessen, Kamin & Frankel; and a law clerk for Judge John Gibbons, then of the United States Court of Appeals for the Third Circuit. I received my J.D., *magna cum laude*, from Harvard Law School in 1978, and my B.A., *summa cum laude*, from Yale University in 1974.

2.      On October 5, 2005, Gary Kornman engaged Robbins Russell to represent him in connection with an action brought against him by the Securities and Exchange Commission ("SEC").

3.      In connection with that engagement, Mr. Kornman and I executed an engagement letter ("Engagement Letter") memorializing, among other things, Mr. Kornman's request that Robbins Russell "research issues relating to the SEC's rulemaking authority and prepare a possible motion to dismiss" the SEC's action against Mr. Kornman. An accurate copy of the Engagement Letter is attached as Exhibit A.

4.      Soon after the firm began providing legal services to Mr. Kornman, Mr. Kornman and his Texas counsel, Jeffrey Tillotson, asked Robbins Russell to perform legal services going well beyond the specific tasks described in the Engagement Letter. Not only did Mr. Kornman and Mr. Tillotson seek additional legal services in connection with the SEC action, Mr. Kornman also engaged Robbins Russell to provide certain legal services in a criminal matter in which Mr. Kornman was charged with insider trading and making false statements to the SEC. Mr. Kornman and Mr. Tillotson asked the firm to draft a variety of motions, provide certain legal advice, and conduct legal research in both the SEC action and the criminal matter. Attached as Exhibits B-1 to B-7 are accurate copies of some of the documents reflecting those requests, including:

- e-mail correspondence from Mr. Tillotson on November 7, 2004, responding to my question about whether Mr. Kornman could "afford all this high-cost legal work he's asked for" by assuring me that "[Mr. Kornman] has substantial

resources" and that "[y]ou guys have done a great job and I will make sure [Mr. Kornman] pays you promptly" (Exh. B-1);

• my handwritten notes of a telephone conversation in which Mr. Kornman assigned tasks to Robbins Russell (Exh. B-2);

• an e-mail message from Mr. Tillotson on December 13, 2004, in which he assigned Robbins Russell work in the SEC case (Exh. B-3);

• an e-mail message from Robbins Russell partner Gregory Poe on December 13, 2004, memorializing Mr. Kornman's request for additional work in the SEC case (Exh. B-4);

• an e-mail message from me on January 22, 2005, memorializing Mr. Kornman's request for advice on certain Fifth Amendment issues (Exh. B-5);

• an e-mail message from Mr. Poe on January 26, 2005, memorializing Mr. Kornman's request for certain legal services in the criminal matter (Exh. B-6); and

• hand-written notes by Robbins Russell associate Alice Yao on December 15, 2005, memorializing my discussion with her about recent requests for legal services from Mr. Kornman and Mr. Tillotson (on Mr. Kornman's behalf) (Exh. B-7; see also Exh. C, p. 44, *infra*).

5.    In connection with that representation, and as described in the Engagement Letter, I sent regular invoices to Mr. Kornman's home for legal services rendered and costs advanced on his behalf.

6.      Each invoice set forth the billing rate of each attorney who provided legal services to Mr. Kornman in the preceding month, the hours that attorney worked (in quarter-hour increments), and a description of the services provided. As set forth in the Engagement Letter, payment on each invoice was due within twenty days of receipt.

7.      In addition, I sent a cover letter along with each invoice listing the previous, unpaid balance (if any) and stating, "If you have any questions, please do not hesitate to contact me."

8.      In all, I sent 20 invoices and cover letters to Mr. Kornman, on the following dates: November 1, 2004; December 2, 2004; January 4, 2005; February 2, 2005; March 2, 2005; April 4, 2005; May 4, 2005; July 11, 2005; October 5, 2005; November 4, 2005; January 4, 2006; February 2, 2006; March 3, 2006; April 6, 2006; May 2, 2006; June 5, 2006; July 5, 2006; August 3, 2006; September 7, 2006; and October 4, 2006. Accurate copies of those invoices and cover letters are attached as Exhibit C.

9.      Mr. Kornman paid in full the first 12 of those invoices, up to and including the February 2, 2006, invoice. He paid in part the March 3, 2006, invoice. But Mr. Kornman paid none of the invoices that followed it. An accurate copy of a ledger showing Mr. Kornman's payment history is attached as Exhibit D.

10.     Mr. Kornman last payment was a $50,000 check dated February 13, 2006. The check covered the entire February 2006 invoice and part of the March 2006 invoice. The overpayment was applied to the March 2006 invoice before it was sent out to Mr. Kornman.

11.     I did not anticipate at the time that Mr. Kornman's February 2006 payment would be his last payment to Robbins Russell. But that turned out to be the case.

–4–

12.     As Mr. Kornman's balance started to climb in 2006, Mr. Kornman and Mr. Tillotson (on Mr. Kornman's behalf) continued to request legal services from Robbins Russell. Attached as Exhibits E-1 to E-8 are some of the documents reflecting those requests, including:

- a facsimile from Mr. Tillotson on April 10, 2006, requesting legal advice on Fifth Amendment issues relating to bankruptcy litigation involving Mr. Kornman (Exh. E-1);

- an e-mail message from Mr. Kornman on May 1, 2006, requesting that Robbins Russell "send all future documents in Word format" (Exh. E-2);

- an e-mail message from Mr. Tillotson on May 6, 2006, endorsing my proposed approach to drafting a document that Mr. Kornman had asked Robbins Russell to prepare in the SEC action (Exh. E-3);

- an e-mail message from Mr. Tillotson on May 16, 2006, reflecting his request that, "to avoid client problems (I.e. Temper tantrums, etc)," certain work in the SEC action should be sent directly to Mr. Tillotson (Exh. E-4);

- an e-mail message from Mr. Poe on June 13, 2006, memorializing Mr. Tillotson's request that Robbins Russell provide various legal services in the criminal matter (Exh. E-5);

- an e-mail message from Mr. Tillotson on June 20, 2006, requesting to see a draft of Robbins Russell's motion to suppress evidence in the criminal matter (Exh. E-6);

- an e-mail message from Mr. Tillotson on June 22, 2006, thanking Robbins Russell for sending a draft of its motion to suppress (Exh. E-7); and

- en e-mail message from Ms. Yao memorializing a call from Mr. Kornman on October 3, 2006, in which Mr. Kornman requested a copy of the search warrant executed on his home in 2004 (Exh. E-8).

13.     I became increasingly concerned about Mr. Kornman's failure to respond to the firm's invoices. By June 2006—after Kornman had failed to pay Robbins Russell's March, April, and May invoices—the unpaid balance had grown to $116,208.25. See Exh. C, pp. 64-67. Consequently, on the cover letter accompanying the invoice I sent to Mr. Kornman on June 5, 2006, I hand-wrote the following message:  "Gary—I would appreciate it if you could get rid of some of the older invoices. Thanks. Larry." *Id.* at 64.

14.     I also made demands for payment in several other ways. For example, on September 27, 2006, Robbins Russell's office manager, Beth Fowler, sent to Mr. Tillotson (at my direction) a copy of Kornman's unpaid invoices through August 2006. An accurate copy of Ms. Fowler's e-mail message to Mr. Tillotson is attached as Exhibit F.

15.     Subsequently, on October 4, 2006—nearly eight months after Kornman's last payment—I sent Kornman an invoice for $149,020.29. See Exhibit C, pp. 79-80. I hand-wrote the following note on the cover letter to that invoice:

> Gary–
> I hope Jeff [Tillotson] has given you a set of the invoices I just e-mailed to him [on September 27, 2006]. I would really like to get these bills cleared up very soon. Thanks,
>                                         Larry

*Id.* at 79.

–6–

16.     I also tried other means of communication with Mr. Kornman. In that connection, it is relevant that Mr. Kornman had previously instructed Robbins Russell to communicate with him by text messaging and not by phone or e-mail. Attached as Exhibit G, for example, is an accurate copy of an e-mail message I wrote on January 24, 2005, reflecting my understanding that Mr. Kornman had asked not to receive e-mail messages "for security reasons."

17.     Accordingly, on September 20, 26, and 27, 2006—after Mr. Kornman's balance had exceeded $148,000—I sent text messages to Mr. Kornman asking him to call me. In a second text message on September 27, I wrote Mr. Kornman to say that his "[i]nvoices have been sent to [Tillotson] per your request." Kornman immediately replied, "Thanks." I then sent additional text messages to Kornman on October 4, 5, and 24. An accurate transcription of all text messages between Mr. Kornman and me, which I have saved on my cellular phone, is attached as Exhibit H.

18.     Mr. Kornman called me after I sent my October 24 text message. He first assured me that the outstanding bills would be paid. But he then insisted that Robbins Russell do yet more work on his behalf before he would pay the outstanding balance. I declined that new request. Kornman responded that Robbins Russell had performed subpar work that was of no use to him. This was the first and only time, over the entire course of Kornman's engagement of Robbins Russell, in which Kornman had uttered so much as a word of criticism of Robbins Russell's work. An accurate copy of my e-mail message memorializing the October 24, 2006, call is attached as Exhibit I.

19      At Kornman's request, the firm subsequently sent its prior work product to Mr. Tillotson on October 26, 2006, for Kornman's review. Attached as Exhibit J are accurate copies of e-mail messages from Ms. Yao transmitting the firm's work product to Mr. Tillotson.

20.     Mr. Kornman responded by sending the following text message to me on October 26, 2006: "Larry, [Tillotson's] assistant is out on vacation. I won't be able to get the docs you have done from [Tillotson's] [e]-mail until late next week." See Exhibit H.

21.     I replied later that day, "Gary[,] [Tillotson] tells me that he can get you the documents right away so that we can get this done asap." See Exhibit H. Kornman's response came less than 45 minutes later: "Ok." *Id.*

22.     To my knowledge, that was the last communication from Mr. Kornman to Robbins Russell concerning the unpaid bills before this litigation began.

23.     Finally, on October 31, 2006, and November 8, 2006, I sent demand letters to both Mr. Kornman and Mr. Tillotson seeking payment by November 15, 2006. Accurate copies of the October 31 and November 8 letters are attached as Exhibits K and L, respectively.

24.     The first of those letters explained:

Although you (and [Tillotson], on your behalf) have several times promised to pay these invoices in full – including as recently as [October 24, 2006] – you have yet to do so.

<div align="center">* * *</div>

Gary, I deeply regret that matters have deteriorated to the point that I have had to send you this kind of letter. I cannot recall ever having done so with a client in nearly 30 years of law practice. But I find that I have exhausted nearly every other remedy at this point. I am therefore constrained to demand payment in full of all outstanding invoices – a total of $149,021.29 – by no later than November 15, 2006.

Kornman ignored these demand letters as well.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____9/24/07_____

Lawrence S. Robbins

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K Street, N.W., Suite 411
Washington, D.C. 20006
Phone (202) 775-4500
Fax (202) 775-4510
www.robbinsrussell.com

Lawrence S. Robbins

(202) 775-4501
lrobbins@robbinsrussell.com

October 5, 2004

*Via email:* lfk_lfk@yahoo.com

Mr. Gary Kornman
3640 Haynie Avenue
Dallas, TX 75205

> Re:   Engagement in *SEC* v. *Gary M. Kornman,*
>        Civ. Action No. 3:04CV1803-L (N.D. Texas)

Dear Gary:

The purpose of this letter is to set forth the basis upon which this firm will provide legal services to you with respect to the above-named litigation.

1. <u>Legal Services Provided</u>:  You are engaging this Firm to represent you in connection with the above-referenced litigation; specifically, you have asked us to research issues relating to the SEC's rulemaking authority and prepare a possible motion to dismiss with respect to that subject matter.  I will work principally with my partners Gregory Poe and Gary Orseck and my associate Alice Yao on this project.  If at any time you have questions, concerns, or criticisms, please feel free to call.  My direct dial number is (202) 775-4501 and my e-mail address is **lrobbins@robbinsrussell.com.**

2. <u>Fees</u>: My fee will be $550 per hour, Gary's and Greg's will be $450 per hour, and Alice's will be $300 per hour.  We may also, but only to the extent necessary, draw on other attorneys, most of whom are billed at rates lower than $325 per hour, but in no event would another lawyer's fee exceed my hourly rate.  Our fees are generally based on the Firm's schedule of hourly rates.  Our schedule of hourly rates for attorneys and other members of the professional staff is based on years of experience, specialization in training and practice, and level of

**Exhibit A**
**Page 1**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

Mr. Gary Kornman
October 5, 2004
Page 2

professional attainment. You have also agreed to pay a retainer of $20,000, one-half of which will be applied to fees as they accrue, and one-half held as a reserve against the final bill.

3.   Costs: It is sometimes necessary for us to incur other charges for items such as travel, lodging, meals, telecommunication expenses (telephone, telecopier and telex) and messengers. Similarly, some matters require ancillary services such as photocopying, word processing, computerized legal research and staff overtime.

In order to allocate these charges fairly and keep billable rates as low as possible for those matters which do not involve such expenditures, these items are separately itemized on our statements. Some charges represent out-of-pocket costs, some include an allocation of overhead costs associated with the items, and others include a combination of both factors. It is the Firm's policy to maintain the costs of these items at reasonable levels.

4.   Billings: Our statements generally will be prepared and mailed during the month following the month in which services are rendered and costs advanced. We expect payment within twenty days after any statement is received.

5.   Termination: You will have the right to terminate our representation at any time. You agree that we will have the same right, subject to an obligation to give you reasonable notice to arrange alternative representation. You also agree that we will be relieved from the responsibility of performing any further work should you fail to pay any statement for fees and/or other charges unless other special arrangements have been mutually agreed upon.

6.   Acceptance of Engagement: Your acceptance of this engagement letter constitutes your understanding of, and consent to, the particular terms, conditions and disclosures described above.

\*     \*     \*     \*     \*

Exhibit A
Page 2

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

Mr. Gary Kornman
October 5, 2004
Page 3


Please review the foregoing and, if it meets your approval, sign a copy of the letter and return it to us, together with a check in the amount of $20,000. If you have questions, please feel free to call me.

Very truly yours,

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

By:  _Lawrence S. Robbins_

Lawrence S. Robbins


APPROVED AND AGREED:

Gary Kornman


By:  _Gary M. Kornman_

Gary Kornman

| | |
|---|---|
| **From:** | Robbins, Larry |
| **Sent:** | Sunday, November 07, 2004 6:01 PM |
| **To:** | Yao, Alice; Poe, Greg |
| **Subject:** | Fw: Motion to Dismiss |

```
Fyi
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Robbins, Larry <lrobbins@robbinsrussell.com>
To: 'jmt@lynnllp.com' <jmt@lynnllp.com>
Sent: Sun Nov 07 18:00:00 2004
Subject: Re: Motion to Dismiss

Thanks, that's reassuring for us small-firm lawyers with our name on the door (as I know
you can empathise).  As for what we do now:  I have promised to come in very early (before
a long day at the US Attorneys office in another case, which I can't juggle) and read what
he send next.  I shudder to think what that will look like.  I believe we should simply
finalize last night's brief, as is, with no changes (other than any lingering typos,
formatting issues, or local rules conforming).  That's the best working document in my
view.  The problem, as I see it, is that -- like many clients who are accused of
wrongdoing -- gary cannot abide a victory based on what he sees as technicalities:  he
wants someone to declare him innocent right now.  Not the kind of thing that happens too
often on 12(b)(6) motions.
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Jeff Tillotson <jmt@lynnllp.com>
To: Robbins, Larry <lrobbins@robbinsrussell.com>
Sent: Sun Nov 07 17:50:03 2004
Subject: Re: Motion to Dismiss

Larry

To the best of my knowledge, Gary has substantial resources. Prior to the bankruptcy, he
was routinely incurring $300K plus a month in legal fees on other matters. He knows that
this action will cost him a lot and he knows how pricey this briefing process is,
particularly in the manner in which he is conducting it.

I think you have no risk of non-payment and I can give you my general assurance that (a)
there is money for case readily available and (b) Gary does pay his lawyers promptly.

You guys have done a great job and I will make sure Gary pays you promptly.

What do we do about this brief?
Jeff
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Robbins, Larry <lrobbins@robbinsrussell.com>
To: Jeff Tillotson <jmt@lynnllp.com>
Sent: Sun Nov 07 16:45:59 2004
Subject: Re: Motion to Dismiss

Jeff -- I meant to ask, and just between you and me, can gary really afford all this high-
```

1

**Exhibit B-1**

**Page 1 of 4**

cost legal work he's asked for in the last couple of weeks?  Do we have any risk of non-payment?  Larry
-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Jeff Tillotson <jmt@lynnllp.com>
To: Robbins, Larry <lrobbins@robbinsrussell.com>; Yao, Alice <ayao@robbinsrussell.com>; fhill@hillgilstrap.com <fhill@hillgilstrap.com>
CC: Poe, Greg <gpoe@robbinsrussell.com>
Sent: Sun Nov 07 17:15:14 2004
Subject: Re: Motion to Dismiss

Well it is a jumbled mess of sorts. I will speak to Gary now that I have read it.

Alice: can you email me the last and best version of the brief from your shop so I can start with that?
-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Robbins, Larry <lrobbins@robbinsrussell.com>
To: Jeff Tillotson <jmt@lynnllp.com>; Yao, Alice <ayao@robbinsrussell.com>; fhill@hillgilstrap.com <fhill@hillgilstrap.com>
CC: Poe, Greg <gpoe@robbinsrussell.com>
Sent: Sun Nov 07 16:13:15 2004
Subject: Re: Motion to Dismiss

Jeff -- from what greg and alice have now described to me, the draft that the client circulated at 3:30 -- and which he is evidently still changing -- is a complete hodgepodge.  It sounds uneditable, and I don't propose to waste my time, or the client's money, on this second-rate stuff.  Whatever you can do to move him back to last night's draft would be a wise investment of your credibility.  Larry
-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Jeff Tillotson <jmt@lynnllp.com>
To: Robbins, Larry <lrobbins@robbinsrussell.com>; Yao, Alice <ayao@robbinsrussell.com>; fhill@hillgilstrap.com <fhill@hillgilstrap.com>
CC: Poe, Greg <gpoe@robbinsrussell.com>
Sent: Sun Nov 07 14:45:14 2004
Subject: Re: Motion to Dismiss

Larr

I just spoke to him and told him exactly what you just said. I told him he was diluting a good motion and that tangling with the government on factual allegations was a huge mistake.
I also told him to stop tinkering with it.

He said he would send out his version (hmmm?) Shortly.
-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Robbins, Larry <lrobbins@robbinsrussell.com>
To: Jeff Tillotson <jmt@lynnllp.com>; Yao, Alice <ayao@robbinsrussell.com>; fhill@hillgilstrap.com <fhill@hillgilstrap.com>
CC: Poe, Greg <gpoe@robbinsrussell.com>
Sent: Sun Nov 07 13:42:20 2004
Subject: RE: Motion to Dismiss

**Exhibit B-1**
**Page 2 of 4**

Jeff/Frank:  As you may know, Gary has decided, at least for now, that he wants to revise the draft so that it takes issue with certain of the SEC's factual allegations.  I have advised him that this is a bad idea because (a) a motion to dismiss requires the court generally to accept the complaint as true and (b) we have pure issues of law that are meritorious and which may be overshadowed if we appear to be quarreling with the facts.  There are also significant logistical difficulties entailed by making major changes at the eleventh hour.  At least at this point, I have not succeeded in persuading Gary to drop his plans to make more revisions in the draft.

Please consider adding your voices to mine when you speak with the client.  I strongly believe that the draft we sent out at 1 a.m. this morning was the way to go here.  It combined the strongest features of both our previous drafts and Jeff's excellent version.  While I cannot know for sure what is about to happen to that document, I fear the worst.  Obviously, Gary is the client, and he is also a lawyer.  But lawyers are often hardest clients to counsel effectively, so I may need your help in negotiating this project to a successful conclusion.

Last point:  Jeff, we understand from Gary that your office is going to handle all of the logistics in finalizing the brief and appendices and getting the thing filed tomorrow.  If, as I presently expect, we get a largely new draft sometime late tonight, ALL we will be able to do with it is read it, mark up a hard copy, and fax you our suggested changes.  We will be relying on your shop to take it from there.  I hope that was your understanding as well.

Larry

-----Original Message-----
From: Jeff Tillotson [mailto:jmt@lynnllp.com]
Sent: Saturday, November 06, 2004 7:03 PM
To: Yao, Alice; fhill@hillgilstrap.com
Cc: Robbins, Larry; Poe, Greg
Subject: RE: Motion to Dismiss


Larry, Greg and Alice:

Thanks for the draft, the hard work, and the deft touch on how to handle the materiality/nonpublic issue in light of some difficult demands by the client.

I like the concept very much.

Jeff
.----Original Message-----
From: Yao, Alice [mailto:ayao@robbinsrussell.com]
Sent: Sat 11/6/2004 5:52 PM
To: lfk_lfk@yahoo.com; Jeff Tillotson; fhill@hillgilstrap.com
Cc: Robbins, Larry; Poe, Greg
Subject: Motion to Dismiss


        Privileged & Confidential
        Attorney Work Product
        Attorney-Client Communication

        Hi Gary,

        Here is the latest version, which (a) drops materiality and nonpublic as freestanding arguments, but (b) moves them to a new section, I.D, as reasons not to use this case as an opportunity to make up new fiduciary duties.  Doing it this way meets your objective of not having the materiality and nonpublic points in the Introduction, while still getting the stuff before the Judge.  In our view, this is clearly the version to go with.  Due to some computer glitches I was unable to

3

**Exhibit B-1**
**Page 3 of 4**

convert the document into a pdf format, but both WordPerfect and Word
(perhaps with some formatting errors) are attached.

    We have reviewed the Skadden draft again.  There is nothing more
to use there.

    We look forward to getting your comments as early in the day
tomorrow as possible.
    Alice


    Alice W. Yao
    Robbins, Russell, Englert, Orseck & Untereiner LLP
    1801 K Street, N.W., Suite 411L
    Washington, D.C. 20006
    Telephone:  (202) 775-4492
    Fax: (202) 775-4510
    www.robbinsrussell.com <http://www.robbinsrussell.com/>
    ayao@robbinsrussell.com


ington, D.C. 20006
    Telephone:  (202) 775-4492
    Fax: (202) 775-4510
    www.robbinsrussell.com <http://www.robbinsrussell.com/>
    ayao@robbinsrussell.com

**Exhibit B-1**

**Page 4 of 4**

Jerry Korman
312-266-1000
X 2727

This stuff never belonged to Heritage

→ bankruptcy litigator
214-855-7500 Lee Morris
Dallas
+ in-b's lawyer research

we'll do this one
— so we prepare

1-88F-453-4221

X 6223485

Trustee-in-bankruptcy is claiming stuff

→ Alice →
[Can't-in-b claim property seized from Gary's house?]

1) Answer   we'll renew tomorrow
2) Rule 16 → we can begin that
3) S/W / Rule 41 → both lawyers should see
4) Mauck & Pratt deps shot → outline
   (a) Call Tillotson + firm up
5) Brady letter — dates
6) Bill of Particulars → Barry Pollock has done a draft

7) Rule 17(c) / Rule 45 subpoenas
8) Coordinate w/ Private Investigators
9) A-C privilege response
   → review Monday

(10) Experts — i.d. + comment
     types of expert

USAtty well sue them back —

(11) Motion to Dismiss Indictment

**Exhibit B-2**
**Page 1 of 1**

**From:**   Jeff Tillotson [jmt@lynnllp com]
**Sent:**   Monday, December 13, 2004 5.25 PM
**To:**   Poe, Greg
**Cc:**   Robbins, Larry, Yao, Alice
**Subject:** RE. Kornman -- SEC's Motion to Strike

Yes -- a response to a motion is due 20 days after service (23 days if service is by mail, which it was)   So our response is technically due on 12-29   I would suggest, however, that we file it with our reply brief

Are you guys doing a draft for the Reply Brief? To avoid confusion and "dueling drafts," I am not writing anything and intend only on providing comments to your version

>        -----Original Message-----
>        **From:** Poe, Greg [mailto:gpoe@robbinsrussell.com]
>        **Sent:** Monday, December 13, 2004 4:20 PM
>        **To:** Jeff Tillotson
>        **Cc:** Robbins, Larry; Yao, Alice
>        **Subject:** Kornman -- SEC's Motion to Strike
>
>        Jeff --
>
>        I meant to ask before -- have you calculated the due date for an opposition to the SEC's motion to strike?
>
>        Greg
>
>
>        Gregory L Poe
>        Robbins, Russell, Englert, Orseck & Untereiner LLP
>        1801 K Street, N.W , Suite 411L
>        Washington, D C. 20006
>        Telephone. (202) 775-4490
>        Fax: (202) 775-4510
>        www.robbinsrussell.com
>        gpoe@robbinsrussell com
>
>
>        NOTICE:
>
>        This communication is intended solely for the use of the addressee   It may contain information that is privileged, confidential, exempt from disclosure under applicable law, and/or attorney work product   If the reader of this communication is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited   If you have received this communication in error, please notify us immediately by reply e-mail and by telephone (at 202 775 4500) and immediately delete this communication (including any attachments)

**Exhibit B-3**
**Page 1 of 1**

**From:**  Poe, Greg
**Sent:**  Monday, December 13, 2004 5:27 PM
**To:**  'Jeff Tillotson'
**Cc:**  Robbins, Larry, Yao, Alice
**Subject:** RE: Kornman -- SEC's Motion to Strike

I agree on filing the opposition with the reply

As for the reply, Gary spoke with Larry and asked for an outline first   I'm working on that now and we'll circulate it ASAP

> -----Original Message-----
> **From:** Jeff Tillotson [mailto:jmt@lynnllp.com]
> **Sent:** Monday, December 13, 2004 5:25 PM
> **To:** Poe, Greg
> **Cc:** Robbins, Larry; Yao, Alice
> **Subject:** RE: Kornman -- SEC's Motion to Strike
>
> Yes -- a response to a motion is due 20 days after service (23 days if service is by mail, which it was)   So our response is technically due on 12-29   I would suggest, however, that we file it with our reply brief.
>
> Are you guys doing a draft for the Reply Brief? To avoid confusion and "dueling drafts," I am not writing anything and intend only on providing comments to your version
>
> > -----Original Message-----
> > **From:** Poe, Greg [mailto:gpoe@robbinsrussell.com]
> > **Sent:** Monday, December 13, 2004 4:20 PM
> > **To:** Jeff Tillotson
> > **Cc:** Robbins, Larry; Yao, Alice
> > **Subject:** Kornman -- SEC's Motion to Strike
> >
> > Jeff --
> >
> > I meant to ask before -- have you calculated the due date for an opposition to the SEC's motion to strike?
> >
> > Greg
> >
> >
> > Gregory L. Poe
> > Robbins, Russell, Englert, Orseck & Untereiner LLP
> > 1801 K Street, N W , Suite 411L
> > Washington, D.C  20006
> > Telephone:  (202) 775-4490
> > Fax: (202) 775-4510
> > www.robbinsrussell com
> > gpoe@robbinsrussell com
> >
> >
> > NOTICE.

**Exhibit B-4**
**Page 1 of 2**

This communication is intended solely for the use of the addressee. It may contain information that is privileged, confidential, exempt from disclosure under applicable law, and/or attorney work product. If the reader of this communication is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail and by telephone (at 202 775 4500) and immediately delete this communication (including any attachments).

| | |
|---|---|
| **From:** | Robbins, Larry |
| **Sent:** | Saturday, January 22, 2005 4:54 PM |
| **To:** | Willen, Brian |
| **Cc:** | Zecca, Kathy; Poe, Greg, Yao, Alice |
| **Subject:** | Kornman Research |

Brian -- can you spend a couple of hours or so in the next few days confirming a piece of advice I gave to Gary Kornman. Specifically, if a defendant in a civil case (here, a case brought by the SEC) declines to testify at his deposition on Fifth Amendment grounds, may he nevertheless testify at trial? I am virtually certain that the answer is yes, although the court may insist that the defendant sit for a deposition before actually taking the stand (for instance, by sitting for the deposition over a weekend during the trial itself). Although I suppose the court could preclude the defendant from testifying altogether, that strikes me as an extreme and improbable remedy. Gary asked that we do some research and confirm that point unequivocally in the next day or so. Can you look into it and prepare a short memo on the point? We are in the Fifth Circuit (and in Dallas/Ft. Worth). I have copied Kathy because it is possible that this came up in the Fructose case, where Willams & Connolly (Steve Kuney over there) represented ADM, two of whose executives took the Fifth in deposition but perhaps considered testifying later (or at least W&C researched the point).

If you're tied up on other business, perhaps Alice could take a break from    Material Redacted

Larry

| | |
|---|---|
| **From:** | Poe, Greg |
| **Sent:** | Wednesday, January 26, 2005 5:20 PM |
| **To:** | Robbins, Larry; Yao, Alice |
| **Subject:** | Draft Outline for USAO Presentation in Kornman |
| **Attachments:** | Outline -- USAO Presentation.doc |

Here's a first crack at the outline Gary wants. It incorporates Jeff Tillotson's thoughts. Gary told me today that it's fine if we get it to him tomorrow (Thursday). You'll note that it's in Word format. That's because Gary gave me strict instructions a while back that he doesn't want WordPerfect documents any more. Larry, if you want to make changes directly, and need to work in WordPerfect format, please let me know, and I'll have someone convert it. I can't figure out how to do convert it properly.

**Exhibit B-6**
**Page 1 of 1**

12/15/05   CALL W/ G. ECKENMAN / MEETING w/ L. ROBBINS

1104

0401

USR talked to Jeff Tillotson

collateral estopped on MTD in SEC case

- "close call"

- if Judge says close call in MTD then scienter or willfulness (CASSESE

Gov through SEC is estopped from claiming crim intent / scienter

- case law backing up legal theory

- Basic research

Jeff Tillotson                          Indicted in criminal case - must prove

cell - 557 - 0587                       GK had intent to deceive   Language

text message                            in ct order denying MTD

                                        · close call on the merits

                                        is that finding sub. to collateral

motion on stay - Mon                    estopped

by Thurs evening

                                        if close call by crul judge, then

                                *       can it be

text mesg
USR's cell/friend

                    ① CE b/w 2 agencies ( SEC, DOJ )
                    ② can 12b6 rulings ever receive CE effect
                    ③ prove BKD intended to break law, then need to know
                        breaching fid duty
                            lindsay- if there was one, was close

**Exhibit B-7**
**Page 1 of 2**

"collateral estoppel" or "issue preclusion" is ("SEC" or agency) is criminal

PREFEDS motion to dismiss is "fully is fairly is litigated.

the technical
doesn't matter
refs if collateral
estopped or real indication
in small dictionary & etc
and so many etc
as strong precedent
will advocate judge in cameras
problems in con
trial of fat duty is different

Hudson v. US (double jeopardy)
punitive vs. remedial.

314 F.3d 1070 (9th Cir.)
[      ] F.3d 313  (4th Cir.)
214 F.2d 900 (7th Cir.)
80 F.2d 390 (7th Cir.)

Exhibit B-7
Page 2 of 2

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N W , SUITE 411
WASHINGTON, D C  20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

November 1, 2004

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

     Re:    *SEC v. Gary M. Kornman*
             Invoice No  2844

Dear Gary:

    I am hereby enclosing an invoice for professional services rendered by our Firm through October 31, 2004  We have applied the first half of the retainer to this invoice.

    If you have any questions, please do not hesitate to contact me.

                    Very truly yours,

                    Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 1 of 80**

Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street N.W., Suite 411
Washington, DC  20006
EIN 52-2312249

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

November 01, 2004
Our Matter No  1104 0401
Invoice No                              2844

For legal services rendered through      October 31, 2004

In Reference To:  SEC v. Gary M  Kornman

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 10/5/2004 GLP | Office conferences with G  Orseck and L  Robbins; teleconferences with client; teleconference with other counsel; review complaint, litigation release, and relevant code provisions; draft and revise correspondence | 2.75 450.00/hr | 1,237.50 |
| LSR | Confer with client and co-counsel; review complaint; confer with Jeff Tilletson; review SEC guidance | 3.50 550 00/hr | 1,925 00 |
| 10/6/2004 RTE | Discussion with Robbins about most effective way to present challenge to interpretive regulation | 0.25 475 00/hr | 118 75 |
| GLP | Review draft motion to dismiss; draft memorandum analyzing same; office conferences with A  Yao, L  Robbins, A  Untereiner re: 10b5 issues; review legal research re: same; teleconferences with client; review complaint | 5 75 450 00/hr | 2,587 50 |
| LSR | Confer with client and co-counsel | 1.50 550 00/hr | 825 00 |
| AEU | Talk to Poe, review key materials and cases; confer with Robbins, Yao and Poe regarding issues | 1 50 425 00/hr | 637 50 |
| AWY | Attend office conferences with L  Robbins, A  Untereiner & G  Poe; conduct legal research re Rule 10b5-2; participate in conference call with G  Kornman, L  Robbins, A  Untereiner & G  Poe | 10 75 300 00/hr | 3,225 00 |

**Exhibit C**
**Page 2 of 80**

Gary M. Kornman                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/7/2004 | GLP | Office conferences with A. Yao re: research issues, complaint, motion to dismiss; review cases and law review articles; review proposed pleading. | 7.75 450.00/hr | 3,487.50 |
|  | AWY | Attend office conferences with G. Poe; conduct legal research re judicial notice and Rule 10b5-2 | 9.50 300.00/hr | 2,850.00 |
| 10/8/2004 | GLP | Teleconference with client and A. Yao re: factual background, allegations in complaint; teleconference with L. Robbins re: analysis of complaint and drafting of motion to dismiss; office conference with K. Zecca re: analysis of complaint and Skadden draft motion; teleconference with and draft email to client re: documents referenced in complaint; review cases, law review article re: duty issues, materiality issues, 10b5-2 issues. | 6.75 450.00/hr | 3,037.50 |
|  | LSR | Review draft motion to dismiss; confer with client and co-counsel | 4.00 550.00/hr | 2,200.00 |
|  | AWY | Attend office conference with G. Poe; participate in conference calls with G. Kornman, L. Robbins & G. Poe ; conduct legal research re judicial notice | 10.00 300.00/hr | 3,000.00 |
|  | KSZ | Review complaint and draft motion to dismiss; confer with G. Poe re: same; research motion to dismiss issues | 2.25 350.00/hr | 787.50 |
| 10/9/2004 | GLP | Office conference with A. Yao re: status of research; review cases re: duty issues. | 0.50 450.00/hr | 225.00 |
|  | AWY | Conduct legal research re Motion to Dismiss. | 7.00 300.00/hr | 2,100.00 |
| 10/10/2004 | AWY | Conduct legal research re Motion to Dismiss. | 8.75 300.00/hr | 2,625.00 |
| 10/11/2004 | GLP | Review cases, other authority; office conferences re: preparation of outline; draft outline | 8.25 450.00/hr | 3,712.50 |
|  | AWY | Conduct legal research re misappropriation theory, scienter, and N.D Tex Local Rules for filing; attend office conference with G. Poe. | 14.25 300.00/hr | 4,275.00 |
| 10/12/2004 | GLP | Review cases, law review articles; draft outline of proposed motion; office conferences re: draft outline; teleconference with client | 7.25 450.00/hr | 3,262.50 |
|  | LSR | Edit and confer regarding outline of motion to dismiss | 2.25 550.00/hr | 1,237.50 |
|  | AWY | Attend office conference with L. Robbins & G. Poe; conduct legal research re scienter. | 13.00 300.00/hr | 3,900.00 |
| 10/13/2004 | GLP | Review cases; draft statement of facts and preliminary statement for proposed motion; draft and review emails re: outline; office conferences with A. Yao and L. Robbins re: preparation of motion | 7.50 450.00/hr | 3,375.00 |

**Exhibit C**
**Page 3 of 80**

Gary M  Kornman                                                                      Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/13/2004 | LSR | Outline motion to dismiss; confer with client and co-counsel | 1.50 550.00/hr | 825 00 |
|  | AWY | Attend office conference with L  Robbins; conduct legal research re scienter | 8.50 300.00/hr | 2,550.00 |
| 10/14/2004 | GLP | Draft and revise motion to dismiss; office conference with A  Yao re: same; teleconference with client re: draft outline, proposed motion; draft emails to and review emails from F  Hill's office re: receipt of draft outline; draft emails to L  Robbins and A  Yao re: scheduling status; review draft motion and case law | 6.25 450.00/hr | 2,812.50 |
|  | AWY | Draft Motion to Dismiss; attend office conference with G  Poe. | 8.50 300.00/hr | 2,550.00 |
| 10/15/2004 | GLP | Office conferences with A  Yao and L  Robbins; teleconference with client; draft and review emails; review cases and articles; draft and revise motion to dismiss | 4.50 450.00/hr | 2,025.00 |
|  | AWY | Draft Motion to Dismiss; attend office conferences with L  Robbins and G  Poe re Motion to Dismiss | 8.75 300.00/hr | 2,625.00 |
| 10/16/2004 | GLP | Draft emails to and review emails from A  Yao, L  Robbins re: scheduling issues, status of motion to dismiss; teleconference with client; teleconference with A  Yao; review draft motion to dismiss and revise same; review regulatory history | 4.75 450.00/hr | 2,137.50 |
|  | AWY | Draft Motion to Dismiss. | 6.25 300.00/hr | 1,875.00 |
| 10/17/2004 | GLP | Teleconference with client; teleconferences with A  Yao; review documents; review and revise draft motion re: scienter issues. | 1.75 450.00/hr | 787.50 |
|  | AWY | Draft Motion to Dismiss | 10.00 300.00/hr | 3,000.00 |
| 10/18/2004 | GB | Document pull for attorney review | 7.00 100.00/hr | 700.00 |
|  | MQN | Print & Sort Production Documents from CDs | 6.00 100.00/hr | 600.00 |
|  | GLP | Teleconference with client, L  Robbins, A  Yao; office conferences with A  Yao, G  Baldwin, M  Nguyen re: document organization and review; office conferences with A  Yao re: revisions to motion, research projects; review documents (including documents referenced in complaint); revise motion to include additional factual allegations; revise materiality section | 10.75 450.00/hr | 4,837.50 |

**Exhibit C**
**Page 4 of 80**

Gary M  Kornman                                                                Page    4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/18/2004 | LSR | Prepare motion to dismiss. | 3 00<br>550 00/hr | 1,650 00 |
| | AWY | Draft Motion to Dismiss; attend office conferences with L. Robbins and G. Poe re Motion to Dismiss; participate in conference call with G Kornman, L. Robbins and G. Poe re Motion to Dismiss | 9.50<br>300.00/hr | 2,850 00 |
| 10/19/2004 | GB | Document pull for attorney review. Review and update case files | 6.00<br>100.00/hr | 600 00 |
| | MQN | Prepare & Print Production Documents from CDs | 3 50<br>100.00/hr | 350 00 |
| | GLP | Draft email to L  Robbins; revise draft motion; office conferences re: same; review cases re: same. | 4.25<br>450.00/hr | 1,912.50 |
| | LSR | Edit motion to dismiss | 10 00<br>550.00/hr | 5,500 00 |
| | AWY | Phone call with G. Kornman re materiality argument; conduct legal research re materiality argument; attend office conferences with L. Robbins and G  Poe re Motion to Dismiss | 10 00<br>300.00/hr | 3,000 00 |
| 10/20/2004 | GLP | Office conferences with L. Robbins and A  Yao; calls to client; call to J. Tillotson; revise brief; draft emails re: brief revisions, scheduling issues | 3.25<br>450 00/hr | 1,462 50 |
| | LSR | Edit motion to dismiss. | 2 00<br>550.00/hr | 1,100.00 |
| | AWY | Attend office conferences with L. Robbins and G. Poe re Motion to Dismiss; revise Motion to Dismiss. | 10.25<br>300.00/hr | 3,075.00 |
| 10/21/2004 | GLP | Telephone conferences with client; telephone conference with L. Robbins re: case status; telephone conference with J. Tillotson re: draft motion status; office conferences with A. Yao: research issues; review file materials and notes; review articles re: materiality | 2.75<br>450.00/hr | 1,237.50 |
| | AWY | Review G. Kornman's Correspondence with SEC and Docs Quoted in SEC Complaint; meet with G. Poe re document review and status of motion to dismiss draft | 6 75<br>300 00/hr | 2,025 00 |
| 10/22/2004 | GLP | Teleconference with A  Yao. | 0 25<br>450 00/hr | 112 50 |
| | AWY | Review G  Kornman's Docs Quoted in SEC Complaint; meet with L Robbins re status of Motion to Dismiss draft | 4.25<br>300 00/hr | 1,275 00 |
| 10/23/2004 | GLP | Edit and revise motion; call to A  Yao. | 0 50<br>450.00/hr | 225 00 |

**Exhibit C**
**Page 5 of 80**

Gary M. Kornman                                                                    Page     5

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/25/2004 | AWY | Review cases re documents applicable to materiality determination | 4.75<br>300.00/hr | 1,425.00 |
| 10/26/2004 | GLP | Draft and review emails; review cases. | 0.50<br>450.00/hr | 225.00 |
|  | AWY | Review cases re documents applicable to materiality determination; meet with G. Poe re status of motion to dismiss draft; review G. Kornman's docs Quoted in SEC Complaint | 4.25<br>300.00/hr | 1,275.00 |
| 10/27/2004 | GLP | Office conference re: status of motion; review file material re: materiality argument | 0.50<br>450.00/hr | 225.00 |
| 10/28/2004 | MQN | Prepare Copies & Create Docs Cited in Motion to Dismiss Binder | 3.00<br>100.00/hr | 300.00 |
|  | GLP | Teleconference with client; draft emails to and review email from L. Robbins; office conference with A. Yao | 0.50<br>450.00/hr | 225.00 |
|  | AWY | Review G. Kornman's Docs Quoted in SEC Complaint; communicate with L. Robbins and G. Poe re status of Motion to Dismiss draft | 0.50<br>300.00/hr | 150.00 |
| 10/29/2004 | GLP | Teleconference with client; teleconference with L. Robbins; office conferences with A. Yao and M. Nguyen re: preparation of appendix; review appendix | 1.25<br>450.00/hr | 562.50 |
|  | AWY | Meet with G. Poe re status of Motion to Dismiss draft; assemble Appendix to Motion to Dismiss | 3.00<br>300.00/hr | 900.00 |
| 10/30/2004 | GLP | Review emails | 0.25<br>450.00/hr | 112.50 |
| 10/31/2004 | GLP | Review emails, attached articles, cases; draft email to and review email from L. Robbins; draft email to A. Yao. | 1.50<br>450.00/hr | 675.00 |

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| For professional services rendered | | 315.75 | $110,406.25 |

Additional Charges :

| | |
|---|---|
| Copying costs at $.15/page | 268.35 |
| Fax | 2.00 |
| Long Distance Telephone | 17.86 |
| Meals | 143.16 |
| Outside Copying & Printing | 700.49 |
| Total costs | $1,131.86 |

**Exhibit C**
**Page 6 of 80**

Gary M. Kornman

Page    6

Amount

| | | Amount |
|---|---|---|
| | Total amount of this bill | $111,538.11 |
| 11/1/2004 | Application of retainer | ($10,000.00) |
| | Total payments and adjustments | ($10,000.00) |
| | Balance due | $101,538.11 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Alan E. Untereiner | 1.50 | 425.00 |
| Gregory L. Poe | 90.00 | 450.00 |
| Kathryn Schaefer Zecca | 2.25 | 350.00 |
| Lawrence S. Robbins | 27.75 | 550.00 |
| Roy T. Englert, Jr | 0.25 | 475.00 |
| Alice W. Yao | 168.50 | 300.00 |
| Gerry Baldwin | 13.00 | 100.00 |
| Minh Q. Nguyen | 12.50 | 100.00 |

| | | |
|---|---|---|
| | Previous balance of Funds held in reserve | $0.00 |
| 10/8/2004 | Deposit retainer. Check No. 9262 | $10,000.00 |
| | New balance of Funds held in reserve | $10,000.00 |
| | Previous balance of Retainer to be applied | $0.00 |
| 10/8/2004 | Deposit retainer. Check No. 9262 | $10,000.00 |
| 11/1/2004 | Application of retainer | ($10,000.00) |
| | New balance of Retainer to be applied | $0.00 |

**Exhibit C**
**Page 7 of 80**

Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street N.W., Suite 411
Washington, DC  20006
EIN 52-2312249

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

November 15, 2004
Our Matter No. 1104 0401
Invoice No.                                          2915

For legal services rendered through  November 11, 2004

In Reference To:   SEC v  Gary M  Kornman

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/1/2004 | GLP | Teleconference with client and A  Yao; review emails and attachments re: publicly available information; review N  Ebaugh brief; review cases re: standards concerning nonpublic information, judicial notice, and materiality; teleconference with client, L  Robbins, and other counsel; review databases and articles concerning Hollywood and MiniMed mergers, scope of publicly-available information; revise and edit second draft of brief; draft emails to A  Yao and L  Robbins re: filing status and outstanding issues; office conferences with L  Robbins and A  Yao | 10 25 450 00/hr | 4,612 50 |
| | LSR | Conference call with client and co-counsel; edit motion | 1 00 550 00/hr | 550 00 |
| | AWY | Attend office conferences with L  Robbins and G  Poe; participate in conference call with G  Kornman, L  Robbins, & G  Poe; conduct legal research re standard for nonpublic information and judicial notice of newspaper articles | 9 25 300 00/hr | 2,775 00 |
| 11/2/2004 | GLP | Teleconference with L  Robbins; teleconferences with A  Yao; review revised pleadings; draft emails | 1 75 450 00/hr | 787 50 |
| | LSR | Edit motion to dismiss; confer with client and co-counsel | 4 50 550 00/hr | 2,475 00 |
| | AWY | Review newspaper articles re nonpublic argument; revise Motion to Dismiss draft; meet with L  Robbins re Motion to Dismiss draft; email G  Kornman and F  Hill re Motion to Dismiss draft | 7 75 300 00/hr | 2,325 00 |

**Exhibit C**
**Page 8 of 80**

Gary M Kornman

Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/3/2004 | GLP | Teleconferences with client; office conferences with L Robbins, A Yao, and A Untereiner re: revised brief; review cases, draft declaration, draft pro hac vice motions; make revisions to brief; draft email to client concerning revised brief; make further revisions to brief; review work product from other counsel | 7 25<br>450 00/hr | 3,262 50 |
| | LSR | Edit brief; confer with client and co-counsel | 2 00<br>550.00/hr | 1,100 00 |
| | AEU | Read SEC complaint; read both long and short drafts; edit short draft; meeting and discussion with Robbins, Yao, and Poe; further edits to memo; emails with co-counsel | 3 75<br>425 00/hr | 1,593 75 |
| | AWY | Prepare pro hac vice motions for L Robbins, G Poe, and A Yao; proofread Table of Contents and Table of Authorities for Motion to Dismiss draft; meet with L Robbins, A Untereiner, and G Poe re Motion to Dismiss draft; participate in conference call with G Kornman, L Robbins, and G Poe re Motion to Dismiss draft | 7 00<br>300 00/hr | 2,100 00 |
| 11/4/2004 | GLP | Draft and review emails; teleconferences with office; review draft, cases | 1 75<br>450 00/hr | 787 50 |
| | LSR | Edit brief; confer with client and co-counsel | 6 50<br>550 00/hr | 3,575 00 |
| | AWY | Revise Motion to Dismiss draft; participate in conference call with G Kornman and L Robbins re Motion to Dismiss draft; communicate with G Poe re Motion to Dismiss draft; circulate Motion to Dismiss drafts; edit Table of Contents and Table of Authorities for Motion to Dismiss; edit declarations to accompany Motion to Dismiss | 8 50<br>300 00/hr | 2,550 00 |
| 11/5/2004 | GLP | Revise brief; office conferences re: same; teleconferences with client; review cases and articles; further revisions to brief | 10 75<br>450 00/hr | 4,837 50 |
| | LSR | Edit motion to dismiss; confer with client and co-counsel | 7 50<br>550 00/hr | 4,125 00 |
| | AWY | Meet with L Robbins and G Poe re Motion to Dismiss draft; research cases re materiality; revise and edit Motion to Dismiss draft | 12 00<br>300 00/hr | 3,600 00 |
| 11/6/2004 | GLP | Teleconferences with client; office conferences with L Robbins and A Yao re: revisions to brief; review Mann deposition transcript; revise brief; review previous drafts from other counsel | 6 25<br>450 00/hr | 2,812 50 |
| | LSR | Edit motion to dismiss; confer with client and co-counsel | 4 25<br>550 00/hr | 2,337 50 |
| | AWY | Attend office conferences with L Robbins and G Poe; participate in conference call with G Kornman, L Robbins, and G Poe; revise and edit Motion to Dismiss draft | 7 00<br>300 00/hr | 2,100 00 |

**Exhibit C**
**Page 9 of 80**

Gary M Kornman                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/7/2004 | GLP | Review revised versions of brief; office conferences with L. Robbins and A. Yao; draft and review emails re: revised versions, confer with co-counsel re; same | 4 75<br>450 00/hr | 2,137 50 |
|  | LSR | Edit motion to dismiss; confer with client and co-counsel | 2 50<br>550 00/hr | 1,375 00 |
|  | AWY | Attend office conferences with L. Robbins and G. Poe re Motion to Dismiss; participate in conference call with G. Kornman, L. Robbins and G. Poe re Motion to Dismiss; revise and edit Motion to Dismiss draft from G. Kornman; attend office conference with G. Poe re Motion to Dismiss draft | 5 75<br>300 00/hr | 1,725 00 |
| 11/8/2004 | GLP | Review GMK versions of brief, revised J. Tillotson brief; office conferences with A. Yao and L. Robbins re: status of motion; teleconference with client re: same; teleconferences with J. Tillotson re: changes, edits; draft and review emails re: same | 4 00<br>450 00/hr | 1,800 00 |
|  | LSR | Edit brief; confer with client and co-counsel | 2 50<br>550 00/hr | 1,375 00 |
|  | AWY | Revise and edit Motion to Dismiss draft; attend office conferences with L. Robbins and G. Poe re Motion to Dismiss draft; participate in conference call with J. Tillotson, L. Robbins, and G. Poe re Motion to Dismiss draft | 3 00<br>300 00/hr | 900 00 |
| 11/9/2004 | GLP | Office conference with A. Yao re: filing of pro hac vice motions; review email from L. Robbins | 0 25<br>450 00/hr | 112 50 |
|  | AWY | Communicate with G. Poe re status of Motion to Dismiss and pro hac vice motions; communicate with J. Tillotson re pro hac vice motions | 0 25<br>300 00/hr | 75 00 |
| 11/11/2004 | AWY | Meet with G. Poe re pro hac vice motions; meet with L. Robbins and G. Poe | 0 25<br>300 00/hr | 75 00 |

|  |  | Hrs | Amount |
|---|---|---|---|
| For professional services rendered |  | 142 25 | $57,881 25 |
| Additional Charges : |  |  |  |
| Filing Fees |  |  | 75 00 |
| Total costs |  |  | $75 00 |
| Total amount of this bill |  |  | $57,956 25 |
| Previous balance |  |  | $101,538 11 |
| Balance due |  |  | $159,494 36 |

**Exhibit C**
**Page 10 of 80**

Gary M  Kornman

Page     4

## Timekeeper Summary

| Name | Hours | Rate |
| --- | --- | --- |
| Alan E  Untereiner | 3 75 | 425 00 |
| Gregory L  Poe | 47 00 | 450 00 |
| Lawrence S  Robbins | 30 75 | 550 00 |
| Alice W  Yao | 60 75 | 300 00 |

| | Amount |
| --- | --- |
| Previous balance of Funds held in reserve | $10,000 00 |
| New balance of Funds held in reserve | $10,000 00 |

**Exhibit C**
**Page 11 of 80**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N W, SUITE 411
WASHINGTON, D C  20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

December 2, 2004

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

     Re:   *SEC* v. *Gary M. Kornman*
          Invoice No. 2945

Dear Gary:

    I am hereby enclosing an invoice for professional services rendered by our Firm through November 30, 2004.  Please note that this invoice reflects a previous balance of $159,494.36.

    If you have any questions, please do not hesitate to contact me.

                Very truly yours,

                Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 12 of 80**

Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street N.W., Suite 411
Washington, DC 20006
EIN 52-2312249

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

December 01, 2004
Our Matter No. 1104.0401
Invoice No.                     2945

For legal services rendered through November 30, 2004

In Reference To:   SEC v. Gary M. Kornman

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/2/2004 | GB | Cite check. | 5.00 100.00/hr | 500.00 |
| | MQN | Cite Check Brief | 4.00 100.00/hr | 400.00 |
| 11/12/2004 | GLP | Office conferences re: scheduling issues; review docket. | 0.50 450.00/hr | 225.00 |
| | AWY | Review Motion to Dismiss filed in N.D. Tex.; meet with G. Poe and L. Robbins re meeting with G. Kornman on Nov. 19, 2004 | 0.50 300.00/hr | 150.00 |
| 11/16/2004 | AWY | Prepare for Nov. 19, 2004 meeting with G. Kornman, J. Tillotson, F. Hill, L. Robbins and G. Poe | 0.25 300.00/hr | 75.00 |
| 11/19/2004 | GLP | Prepare for meeting with client; office meetings with client, counsel; review case law re: investigation issues. | 4.00 450.00/hr | 1,800.00 |
| | LSR | Confer with client and co-counsel. | 3.25 550.00/hr | 1,787.50 |
| 11/23/2004 | GLP | Draft email to J. Tillotson re: warrant/return issues; review meeting notes re: same. | 0.25 450.00/hr | 112.50 |
| 11/29/2004 | AWY | Review pro hac vice motions for L. Robbins, G. Poe, A. Yao, received from J. Tillotson | 0.25 300.00/hr | 75.00 |

**Exhibit C**
**Page 13 of 80**

Gary M. Kornman                                                                    Page    2

|  | Hours | Amount |
|---|---|---|
| For professional services rendered | 18.00 | $5,125.00 |
| Additional Charges : | | |
| Computer Research Charges | | 689.37 |
| Copying costs at $.15/page | | 11.40 |
| Document retrieval services | | 2.95 |
| Fax | | 40.50 |
| Local Transportation | | 8.00 |
| Long Distance Telephone | | 14.17 |
| Meals | | 106.42 |
| Overnight delivery | | 39.96 |
| Total costs | | $912.77 |
| Total amount of this bill | | $6,037.77 |
| Previous balance | | $159,494.36 |
| Balance due | | $165,532.13 |

Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Gregory L. Poe | 4.75 | 450.00 |
| Lawrence S. Robbins | 3.25 | 550.00 |
| Alice W. Yao | 1.00 | 300.00 |
| Gerry Baldwin | 5.00 | 100.00 |
| Minh Q. Nguyen | 4.00 | 100.00 |

| | |
|---|---|
| Previous balance of Funds held in reserve | $10,000.00 |
| New balance of Funds held in reserve | $10,000.00 |

**Exhibit C**

**Page 14 of 80**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N W , SUITE 411
WASHINGTON, D C  20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

January 4, 2005

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

      Re:    *SEC* v. *Gary M. Kornman*
             Invoice No. 3006

Dear Gary:

    I am hereby enclosing an invoice for professional services rendered by our Firm through December 31, 2004.

    If you have any questions, please do not hesitate to contact me.

                Very truly yours,

                Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 15 of 80**

Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street N.W., Suite 411
Washington, DC  20006
EIN 52-2312249

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

January 04, 2005
Our Matter No. 1104.0401
Invoice No.                                    3006

For legal services rendered through  December 31, 2004

In Reference To:  SEC v. Gary M. Kornman

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/2/2004 | GLP | Draft e-mails to and review e-mails from J. Tillotson re: letter to AUSA, meeting with AUSA; review meeting notes. | 0.50 450.00/hr | 225.00 |
| 12/3/2004 | GLP | Review warrant and returns; review e-mail from J. Tillotson's office. | 0.25 450.00/hr | 112.50 |
| 12/6/2004 | GLP | Draft and review emails re: SEC's opposition, motion to strike, and scheduling issues; review opposition; office conference with L. Robbins re: scheduling issues. | 1.50 450.00/hr | 675.00 |
| | LSR | Review opposition to motion to dismiss; confer with co-counsel. | 1.25 550.00/hr | 687.50 |
| | AWY | Review SEC's Opposition to Motion to Dismiss; communicate with J. Tillotson, L. Robbins, G. Poe re SEC's Opposition to Motion to Dismiss | 1.00 300.00/hr | 300.00 |
| 12/7/2004 | GLP | Office conference with L. Robbins and A. Yao; review motion to strike; review  e-mails from L. Robbins analyzing opposition; review opposition. | 1.25 450.00/hr | 562.50 |
| | LSR | Prepare reply brief; confer with co-counsel; prepare email on approach to reply brief. | 1.50 550.00/hr | 825.00 |
| | AWY | Meet with L. Robbins and G. Poe re Reply Brief; communicate with G. Kornman and J. Tillotson re Reply Brief; review SEC's Motion to Strike | 0.75 300.00/hr | 225.00 |
| 12/8/2004 | GLP | Teleconference with L. Robbins; review pleading. | 0.25 450.00/hr | 112.50 |

**Exhibit C**
**Page 16 of 80**

Gary M. Kornman                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/8/2004 | LSR | Confer with client and co-counsel. | 0.25<br>550.00/hr | 137.50 |
| 12/9/2004 | GLP | Review cases and other authorities; draft outline; office conference re: same. | 3.25<br>450.00/hr | 1,462.50 |
| 12/10/2004 | GLP | Review cases and other authorities; review appendix materials and other file materials; draft outline for reply brief. | 3.75<br>450.00/hr | 1,687.50 |
| 12/12/2004 | GLP | Review statutes, regulations cited in SEC's brief. | 0.50<br>450.00/hr | 225.00 |
| 12/13/2004 | GLP | Review SEC brief; review cases and authorities cited in SEC brief; draft and review emails re:scheduling issues; prepare outline of reply brief. | 8.50<br>450.00/hr | 3,825.00 |
| 12/14/2004 | GLP | Draft outline; review cases and authorities cited in SEC's opposition; teleconference with L. Robbins; office conference with A. Yao. | 6.50<br>450.00/hr | 2,925.00 |
|  | AWY | Discuss Reply Brief with G. Poe | 0.25<br>300.00/hr | 75.00 |
| 12/15/2004 | GLP | Draft outline for reply brief; review SEC pleadings; review opening brief; review complaint; reviews cases and other authorities re: reply brief. | 9.50<br>450.00/hr | 4,275.00 |
| 12/16/2004 | GLP | Review outline; review cases and other authorities; draft brief. | 2.50<br>450.00/hr | 1,125.00 |
|  | LSR | Prepare reply brief. | 0.50<br>550.00/hr | 275.00 |
|  | AWY | Review Reply Brief outline; meet with G. Poe re cases re judicial notice of newspaper articles | 0.50<br>300.00/hr | 150.00 |
| 12/17/2004 | GLP | Review cases and other authorities; review file materials re: criminal case; draft and revise opposition to SEC motion. | 5.75<br>450.00/hr | 2,587.50 |
| 12/19/2004 | GLP | Draft reply brief; draft email re: same; review cases; revise brief. | 8.50<br>450.00/hr | 3,825.00 |
|  | LSR | Edit reply brief. | 1.50<br>550.00/hr | 825.00 |
| 12/20/2004 | GLP | Office conferences with L. Robbins and A. Yao; teleconferences with F. Hill and client; teleconferences with J. Tillotson's office; revise brief. | 6.00<br>450.00/hr | 2,700.00 |
|  | LSR | Confer with co-counsel. | 0.25<br>550.00/hr | 137.50 |
|  | AWY | Meet with G. Poe re N.D. Tex. Local Rules re filing reply brief; meet with L. Robbins and G. Poe re case status | 1.00<br>300.00/hr | 300.00 |

**Exhibit C**
**Page 17 of 80**

Gary M. Kornman

Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/21/2004 | GLP | Draft and review emails re: scheduling issues; revise reply brief; review rules; review SEC pleadings re: motion to strike; review cases and authorities re: same; draft opposition to motion to strike.  Review file materials | 5.25 450.00/hr | 2,362.50 |
| 12/22/2004 | GLP | Revise opposition to motion to strike; office conference with A. Yao re: same; draft and review emails re: same; review case law re: same. | 1.75 450.00/hr | 787.50 |
| | LSR | Edit response to motion to strike. | 0.25 550.00/hr | 137.50 |
| | AWY | Edit Opposition to Plaintiff's Motion to Strike; meet with G. Poe re status of Reply Brief | 0.25 300.00/hr | 75.00 |
| 12/24/2004 | GLP | Review pleadings | 0.25 450.00/hr | 112.50 |
| 12/30/2004 | GLP | Draft email to and review email from G. Kornman re: case status. | 0.50 450.00/hr | 225.00 |
| | AWY | Draft email to and review email from G. Kornman re: case status. | 0.50 300.00/hr | 150.00 |

| | | |
|---|---|---|
| For professional services rendered | 76.00 | $34,112.50 |

Additional Charges :

| | |
|---|---|
| Computer Research Charges | 84.45 |
| Copying costs at $ .15/page | 0.75 |
| Courier & Local Delivery Service | 6.35 |
| Fax | 0.50 |
| Long Distance Telephone | 1.91 |
| Meals | 167.32 |
| Overnight delivery | 17.77 |
| Total costs | $279.05 |
| Total amount of this bill | $34,391.55 |
| Previous balance | $165,532.13 |
| 12/10/2004 Payment - thank you. Check No. 9157 | ($160,000.00) |
| Total payments and adjustments | ($160,000.00) |

**Exhibit C**
**Page 18 of 80**

Gary M. Kornman

Amount

Balance due

$39,923.68

## Timekeeper Summary

| Name | Hours | Rate |
|------|-------|------|
| Gregory L. Poe | 66.25 | 450.00 |
| Lawrence S. Robbins | 5.50 | 550.00 |
| Alice W. Yao | 4.25 | 300.00 |

Previous balance of Funds held in reserve

$10,000.00

New balance of Funds held in reserve

$10,000.00

**Exhibit C**
**Page 19 of 80**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

February 2, 2005

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

  Re: *SEC* v. *Gary M. Kornman*
    Invoice No. 3081

Dear Gary:

  I am hereby enclosing an invoice for professional services rendered by our Firm through January 31, 2005.

  If you have any questions, please do not hesitate to contact me.

    Very truly yours,

    Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 20 of 80**

Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street N.W., Suite 411
Washington, DC 20006
EIN 52-2312249

Gary M. Kornman                                    February 02, 2005
3640 Haynie Avenue                                 Our Matter No. 1104.0401
Dallas, TX 75205                                   Invoice No.                    3081

For legal services rendered through    January 31, 2005

In Reference To:  SEC v. Gary M. Kornman

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/3/2005 | GLP | Office conference with L. Robbins; draft email to J. Tillotson. | 0.25 450.00/hr | 112.50 |
| 1/6/2005 | GLP | Teleconference with J. Tillotson; office conferences with L. Robbins, A. Yao; review file materials. | 1.25 450.00/hr | 562.50 |
|  | LSR | Confer with co-counsel. | 0.25 550.00/hr | 137.50 |
| 1/10/2005 | GLP | Teleconferences with client; draft and review emails re: reply brief issues; review pleading. | 2.00 450.00/hr | 900.00 |
|  | LSR | Confer with client and co-counsel on reply brief. | 0.50 550.00/hr | 275.00 |
|  | AWY | Communicate with L. Robbins, G. Poe re Reply Brief; review Motion to Dismiss, Opposition to Motion to Dismiss, Reply Brief | 0.75 300.00/hr | 225.00 |
| 1/11/2005 | GLP | Review emails. | 0.25 450.00/hr | 112.50 |
|  | GLP | Review revised brief; draft and review emails re: same. | 1.75 450.00/hr | 787.50 |
|  | LSR | Prepare reply brief. | 0.25 550.00/hr | 137.50 |

**Exhibit C**
**Page 21 of 80**

Gary M. Kornman                                                          Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/12/2005 | GLP | Revise draft brief; office conferences re: same; teleconference with J. Tillotson re: same. | 2.25 450.00/hr | 1,012.50 |
|  | LSR | Edit brief; confer with co-counsel. | 0.75 550.00/hr | 412.50 |
|  | AWY | Revise and edit Reply Brief; meet with G. Poe re Reply Brief; communicate with J. Tillotson re Reply Brief | 2.25 300.00/hr | 675.00 |
| 1/13/2005 | GLP | Review final briefs and related documents. | 0.75 450.00/hr | 337.50 |
|  | AWY | Review Reply Brief and exhibits, and Opposition to Motion to Strike | 0.50 300.00/hr | 150.00 |
| 1/19/2005 | GLP | Draft and review emails re: discovery issues; review proposed discovery plan; office conference with L. Robbins | 1.50 450.00/hr | 675.00 |
|  | LSR | Meeting with client; confer with co-counsel. | 3.00 550.00/hr | 1,650.00 |
|  | AWY | Review SEC's proposed discovery schedule; participate in conference call with L. Robbins, F. Hill re impending indictment and case strategy | 0.75 300.00/hr | 225.00 |
| 1/20/2005 | GLP | Draft and review emails; review proposed trial plan. | 0.50 450.00/hr | 225.00 |
|  | LSR | Review Seaberg materials. | 2.00 550.00/hr | 1,100.00 |
| 1/21/2005 | MQN | Prepare File Labels & Organize Files | 0.50 125.00/hr | 62.50 |
|  | GLP | Review email from L. Robbins; review discovery plan; draft email re: options for proceeding. Meeting with client and L. Robbins; meeting with client; review USSG provisions; review document production; review emails from J. Tillotson; draft and review emails re: discovery issues. | 3.75 450.00/hr | 1,687.50 |
|  | LSR | Confer with client and co-counsel. | 1.50 550.00/hr | 825.00 |
|  | AWY | Review emails re strategy for SEC case; meet with G. Poe re strategy for indictment | 0.75 300.00/hr | 225.00 |
| 1/22/2005 | GLP | Review emails re: research issues. | 0.25 450.00/hr | 112.50 |
|  | LSR | Meeting with client. | 3.00 550.00/hr | 1,650.00 |

**Exhibit C**
**Page 22 of 80**

Gary M. Kornman

Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/23/2005 | GLP | Review correspondence, file materials. | 0.25 450.00/hr | 112.50 |
| 1/24/2005 | GLP | Review file materials re: potential USAO presentation. | 1.00 450.00/hr | 450.00 |
| | LSR | Review legal memo on 5th Amendment assertion; email to co-counsel. | 0.50 550.00/hr | 275.00 |
| | BW | research re Fifth Amendment | 2.00 265.00/hr | 530.00 |
| | AWY | Review Memorandum re Fifth Amendment Privilege Against Self-Incrimination | 0.25 300.00/hr | 75.00 |
| 1/25/2005 | GLP | Review materials re: USAO presentation; office conference with L. Robbins re: same; draft and review emails re: same. | 1.25 450.00/hr | 562.50 |
| 1/26/2005 | GLP | Draft outline for presentation to US Attorney's Office; draft and review emails re: same; revise outline; teleconference with LFK re: transmission of outline; review file materials re: outstanding issues. | 2.50 450.00/hr | 1,125.00 |
| | AWY | Meet with G. Poe re outline of USAO presentation; review outline of USAO presentation | 0.25 300.00/hr | 75.00 |
| 1/27/2005 | LSR | Edit outline. | 0.25 550.00/hr | 137.50 |
| 1/28/2005 | GLP | Review file materials, pleadings. | 0.50 450.00/hr | 225.00 |

| | | |
|---|---|---|
| For professional services rendered | 40.00 | $17,842.50 |

Additional Charges :

| | |
|---|---|
| Computer Research Charges | 94.10 |
| Copying costs at $.15/page | 107.85 |
| Courier & Local Delivery Service | 6.34 |
| Fax | 1.50 |
| Long Distance Telephone | 4.84 |
| Meals | 11.84 |
| Total costs | $226.47 |
| Total amount of this bill | $18,068.97 |

**Exhibit C**
**Page 23 of 80**

Gary M. Kornman

Page    4

_____ Amount

| | |
|---|---|
| Previous balance | $39,923.68 |
| 1/19/2005 Payment - thank you. Check No. 9302 | ($35,000.00) |
| Total payments and adjustments | ($35,000.00) |
| Balance due | $22,992.65 |

Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Gregory L. Poe | 20.00 | 450.00 |
| Lawrence S. Robbins | 12.00 | 550.00 |
| Alice W. Yao | 5.50 | 300.00 |
| Brian M. Willen | 2.00 | 265.00 |
| Minh Q. Nguyen | 0.50 | 125.00 |

| | |
|---|---|
| Previous balance of Funds held in reserve | $10,000.00 |
| New balance of Funds held in reserve | $10,000.00 |

**Exhibit C**
**Page 24 of 80**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET. N.W. SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

March 2, 2005

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

      Re:    *SEC* v. *Gary M. Kornman*
              Invoice No. 3133

Dear Gary:

    I am hereby enclosing an invoice for professional services rendered by our Firm through February 28, 2005. Please note that this invoice reflects a previous balance of $22,992.65.

    If you have any questions, please do not hesitate to contact me.

                  Very truly yours,

                  Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 25 of 80**

Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street N.W., Suite 411
Washington, DC  20006
EIN 52-2312249

Gary M. Kornman                                          March 02, 2005
3640 Haynie Avenue                                       Our Matter No. 1104 0401
Dallas, TX 75205                                         Invoice No.                    3133

For legal services rendered through    February 28, 2005

In Reference To:  SEC v. Gary M. Kornman

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/3/2005 | GLP | Office conference re: call from client; review joint defense agreement issue | 0.25 450.00/hr | 112.50 |
|  | LSR | Confer with client and co-counsel on joint defense agreement. | 0.25 550.00/hr | 137.50 |
|  | KSZ | Prepare form joint defense agreement; telephone calls re: same. | 0.50 375.00/hr | 187.50 |
| 2/4/2005 | LSR | Confer with client and co-counsel on joint defense agreement. | 0.25 550.00/hr | 137.50 |
| 2/14/2005 | GLP | Office conference with A. Yao.  Review file. | 0.25 450.00/hr | 112.50 |
|  | AWY | Communicate with G. Kornman and L. Robbins re research re assertion and subsequent waiver of Fifth Amendment privilege. | 0.50 300.00/hr | 150.00 |
| 2/16/2005 | LSR | Confer with co-counsel on U.S. Attorney meeting. | 0.25 550.00/hr | 137.50 |
| 2/18/2005 | GLP | Review order; draft and review emails re: same. | 0.50 450.00/hr | 225.00 |
| 2/22/2005 | GLP | Draft and review emails. | 0.25 450.00/hr | 112.50 |

**Exhibit C**
**Page 26 of 80**

Gary M. Kornman                                                        Page    2

|            |     | | Hrs/Rate | Amount |
|------------|-----|---|---|---|
| 2/24/2005 GLP | Draft and review emails re: SEC filing status. | | 0.25 450.00/hr | 112.50 |
| 2/25/2005 GLP | Draft and review emails re: scheduling issues, case status. | | 0.25 450.00/hr | 112.50 |
| 2/28/2005 GLP | Draft and review emails re: scheduling issues, case status | | 0.25 450.00/hr | 112.50 |

| | Hrs/Rate | Amount |
|---|---|---|
| For professional services rendered | 3.75 | $1,650.00 |

Additional Charges :

| | |
|---|---|
| Computer Research Charges | 7.60 |
| Fax | 3.50 |
| Long Distance Telephone | 17.28 |
| Total costs | $28.38 |
| Total amount of this bill | $1,678.38 |
| Previous balance | $22,992.65 |
| Balance due | $24,671.03 |

Timekeeper Summary

| Name | Hours | Rate |
|------|-------|------|
| Gregory L. Poe | 2.00 | 450.00 |
| Kathryn Schaefer Zecca | 0.50 | 375.00 |
| Lawrence S. Robbins | 0.75 | 550.00 |
| Alice W. Yao | 0.50 | 300.00 |

| | |
|---|---|
| Previous balance of Funds held in reserve | $10,000.00 |
| New balance of Funds held in reserve | $10,000.00 |

**Exhibit C**
**Page 27 of 80**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

April 4, 2005

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

Re:    *SEC* v. *Gary M. Kornman*
       Invoice No. 3178

Dear Gary:

I am hereby enclosing an invoice for professional services rendered by our Firm through March 31, 2005.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 28 of 80**

Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street N.W., Suite 411
Washington, DC  20006
EIN 52-2312249

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

April 04, 2005
Our Matter No. 1104.0401
Invoice No.                             3178

For legal services rendered through     March 31, 2005

In Reference To:  SEC v. Gary M. Kornman

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/11/2005 | GLP | Call to J. Tillotson; review file materials re: SEC filing issues. | 0.25 450.00/hr | 112.50 |
| 3/14/2005 | GLP | Review draft reports; teleconference with J. Tillotson; draft and review emails. | 0.75 450.00/hr | 337.50 |
| | AWY | Review Dondi Properties Corp. v. Commerce Sav. and Loan Ass'n (N.D. Tex.) and Civil Justice Expense and Delay Reduction Plan as amended in May 2002; meet with L. Robbins and G. Poe re case status. | 0.50 300.00/hr | 150.00 |
| 3/15/2005 | GLP | Draft and review emails; review pleadings. | 0.50 450.00/hr | 225.00 |
| | LSR | Review submission on statement of facts. | 0.25 550.00/hr | 137.50 |
| 3/16/2005 | GLP | Review SEC's initial disclosures, joint status report, and discovery plan. | 0.25 450.00/hr | 112.50 |

| | | | |
|---|---|---|---|
| For professional services rendered | | 2.50 | $1,075.00 |

Additional Charges :

| | |
|---|---|
| Computer Research Charges | 0.09 |
| Copying costs at $.15/page | 17.25 |

**Exhibit C**
**Page 29 of 80**

Gary M. Kornman

Page    2

| | Amount |
|---|---|
| Long Distance Telephone | 1.73 |
| Overnight delivery | 18.52 |
| Total costs | $37.59 |
| Total amount of this bill | $1,112.59 |
| Previous balance | $24,671.03 |
| 4/4/2005 Payment - thank you. Check No. 9316 | ($24,671.03) |
| Total payments and adjustments | ($24,671.03) |
| Balance due | $1,112.59 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Gregory L. Poe | 1.75 | 450.00 |
| Lawrence S. Robbins | 0.25 | 550.00 |
| Alice W. Yao | 0.50 | 300.00 |

| | |
|---|---|
| Previous balance of Funds held in reserve | $10,000.00 |
| New balance of Funds held in reserve | $10,000.00 |

**Exhibit C**
**Page 30 of 80**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K Street, N W, Suite 411
Washington, D C 20006
Phone (202) 775-4500
Fax (202) 775-4510
www.robbinsrussell com

May 4, 2005

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

      Re:    *SEC* v. *Gary M. Kornman*
              Invoice No. 3247

Dear Gary:

    I am hereby enclosing an invoice for professional services rendered by our Firm through April 30, 2005.

    If you have any questions, please do not hesitate to contact me.

              Very truly yours,

              Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 31 of 80**

Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street N.W., Suite 411
Washington, DC  20006
EIN 52-2312249

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

May 03, 2005
Our Matter No. 1104.0401
Invoice No.                    3247

For legal services rendered through          April 30, 2005

In Reference To:   SEC v. Gary M. Kornman

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 4/1/2005 GB | Review and update case files. | 1.00<br>125.00/hr | 125.00 |
| 4/11/2005 GLP | Review pretrial order; correspondence. | 0.25<br>450.00/hr | 112.50 |
| | For professional services rendered | 1.25 | $237.50 |
| | Additional Charges : | | |
| | Long Distance Telephone | | 0.26 |
| | Total costs | | $0.26 |
| | Total amount of this bill | | $237.76 |
| | Previous balance | | $1,112.59 |
| 4/19/2005 | Payment - thank you. Check No. 9325 | | ($1,112.59) |
| | Total payments and adjustments | | ($1,112.59) |
| | Balance due | | $237.76 |

**Exhibit C**
**Page 32 of 80**

Gary M. Kornman                                                                Page     2

<div align="center">Timekeeper Summary</div>

| Name | Hours | Rate |
|------|-------|------|
| Gregory L. Poe | 0.25 | 450.00 |
| Gerry Baldwin | 1.00 | 125.00 |

| | Amount |
|---|---|
| Previous balance of Funds held in reserve | $10,000.00 |
| New balance of Funds held in reserve | $10,000.00 |

**Exhibit C**
**Page 33 of 80**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K Street, N.W., Suite 411
Washington, D.C. 20006
Phone (202) 775-4500
Fax (202) 775-4510
www.robbinsrussell.com

July 11, 2005

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

     Re:    *SEC* v. *Gary M. Kornman*
           Invoice No. 3384

Dear Gary:

    I am hereby enclosing an invoice for professional services rendered by our Firm through June 30, 2005.

    If you have any questions, please do not hesitate to contact me.

           Very truly yours,

           Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 34 of 80**

Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street N.W., Suite 411
Washington, DC  20006
EIN 52-2312249

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

July 11, 2005
Our Matter No. 1104.0401
Invoice No.                             3384

For legal services rendered through        June 30, 2005

In Reference To:   SEC v. Gary M. Kornman

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/25/2005 | GLP | Office conferences; draft and review emails; review agency requests. | 0.50 450.00/hr | 225.00 |
|  | AWY | Meet with L. Robbins, G. Poe re Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requested Admissions. | 0.25 300.00/hr | 75.00 |
| 6/14/2005 | GLP | Review documents. | 0.25 450.00/hr | 112.50 |
| 6/21/2005 | GLP | Teleconference with J. Tillotson re: case status, discovery requests; draft and review emails. | 0.50 450.00/hr | 225.00 |
| 6/23/2005 | GLP | Draft and review emails re: discovery issues. | 0.25 450.00/hr | 112.50 |

| For professional services rendered | 1.75 | $750.00 |
|---|---|---|

Additional Charges :

| Long Distance Telephone |  | 0.10 |
|---|---|---|
| Total costs |  | $0.10 |

| Total amount of this bill |  | $750.10 |
|---|---|---|
| Previous balance |  | $237.76 |

**Exhibit C**
**Page 35 of 80**

Gary M. Kornman                                                                    Page      2

                                                                                    Amount

          Balance due                                                              $987.86

                              Timekeeper Summary
Name                                                        Hours      Rate
Gregory L. Poe                                               1.50      450.00
Alice W. Yao                                                 0.25      300.00

          Previous balance of Funds held in reserve                    $10,000.00

          New balance of Funds held in reserve                         $10,000.00

**Exhibit C**
**Page 36 of 80**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N W, SUITE 411
WASHINGTON, D C 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell com

October 5, 2005

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

     Re:   *SEC* v. *Gary M. Kornman*
          Invoice No. 3578

Dear Gary:

    I am hereby enclosing an invoice for professional services rendered by our Firm through September 30, 2005.

    If you have any questions, please do not hesitate to contact me.

                 Very truly yours,

                 Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 37 of 80**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**
1801 K Street N.W., Suite 411
Washington, DC  20006
EIN 52-2312249

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

October 05, 2005
Our Matter No. 1104.0401
Invoice No                              3578

For legal services rendered through     September 30, 2005

In Reference To:  SEC v. Gary M. Kornman

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/11/2005 | GLP | Review complaint in Johnson case; review docket; review summary; draft email to J. Tillotson | 0.75 450.00/hr | 337.50 |
| | For professional services rendered | | 0.75 | $337.50 |
| | Previous balance | | | $987.86 |
| | Balance due | | | $1,325.36 |

**Exhibit C**
**Page 38 of 80**

Gary M  Kornman

Timekeeper Summary

| Name | Hours | Rate |
|------|-------|------|
| Gregory L  Poe | 0 75 | 450 00 |

|  | Amount |
|--|--------|
| Previous balance of Funds held in reserve | $10,000 00 |
| New balance of Funds held in reserve | $10,000 00 |

**Exhibit C**
**Page 39 of 80**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K Street, N.W., Suite 411
Washington, D.C. 20006
Phone (202) 775-4500
Fax (202) 775-4510
www.robbinsrussell.com

November 4, 2005

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

Re:    *SEC* v. *Gary M. Kornman*
Invoice No. 3676

Dear Gary:

I am hereby enclosing an invoice for professional services rendered by our Firm through October 31, 2005.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 40 of 80**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**
**1801 K Street N.W., Suite 411**
**Washington, DC  20006**
**EIN 52-2312249**

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

November 04, 2005
Our Matter No.  1104 0401
Invoice No.                                3676

For legal services rendered through        October 31, 2005

In Reference To:  SEC v. Gary M. Kornman

Professional Services

|  | | Hrs/Rate | Amount |
|---|---|---|---|
| 10/4/2005 AWY | Review emails; review opinion and order denying motion to dismiss. | 0.50<br>300.00/hr | 150.00 |
| 10/5/2005 LSR | Review court's decision. | 0.50<br>550.00/hr | 275.00 |
| 10/27/2005 GLP | Review Cassese decision; draft email to JT and LSR re: same. | 0.25<br>450.00/hr | 112.50 |

| | | | |
|---|---|---|---|
| For professional services rendered | | 1.25 | $537.50 |

Additional Charges :

| | |
|---|---|
| Computer Research Charges | 21.76 |
| Copying costs at $.15/page | 5.25 |
| Long Distance Telephone | 0.08 |
| Total costs | $27.09 |
| Total amount of this bill | $564.59 |
| Previous balance | $1,325.36 |

**Exhibit C**
**Page 41 of 80**

Gary M. Kornman

Amount

Balance due                                                     $1,889.95

Timekeeper Summary

| Name | Hours | Rate |
|------|-------|------|
| Gregory L. Poe | 0.25 | 450.00 |
| Lawrence S. Robbins | 0.50 | 550.00 |
| Alice W. Yao | 0.50 | 300.00 |

Previous balance of Funds held in reserve                       $10,000.00

New balance of Funds held in reserve                            $10,000.00

**Exhibit C**
**Page 42 of 80**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N W, SUITE 411
WASHINGTON, D C  20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

January 4, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

     Re:    *SEC* v. *Gary M. Kornman*
            Invoice No. 3784

Dear Gary:

    I am hereby enclosing an invoice for professional services rendered by our Firm through December 31, 2005.

    If you have any questions, please do not hesitate to contact me.

            Very truly yours,

            Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 43 of 80**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**
**1801 K Street N.W., Suite 411**
**Washington, DC  20006**
**EIN 52-2312249**

Gary M. Kornman                                         January 04, 2006
3640 Haynie Avenue                                    Our Matter No. 1104.0401
Dallas, TX 75205                                        Invoice No.                    3784


For legal services rendered through        December 31, 2005


In Reference To:  SEC v. Gary M. Kornman


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/14/2005 | AWY | Confer with G. Kornman re collateral estoppel effect in criminal case of denial of motion to dismiss in civil case; confer with L. Robbins re same; research re same. | 1.25 300.00/hr | 375.00 |
| 12/15/2005 | GLP | Office conferences with A. Yao; review cases and authorities; edit document. | 2.25 450.00/hr | 1,012.50 |
|  | LSR | Confer with client and co-counsel on possible challenges to indictment. | 1.00 550.00/hr | 550.00 |
|  | AWY | Research re collateral estoppel effect in criminal case of denial of motion to dismiss in civil case; confer with L. Robbins, G. Poe re same; communicate with J. Tillotson re same. | 7.25 300.00/hr | 2,175.00 |
| 12/16/2005 | GLP | Office conference; review emails. | 0.25 450.00/hr | 112.50 |

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| For professional services rendered |  | 12.00 | $4,225.00 |

Additional Charges :

| | |
|---|---|
| Local Transportation | 10.00 |
| Long Distance Telephone | 0.63 |
| Total costs | $10.63 |

**Exhibit C**
**Page 44 of 80**

Gary M. Kornman                                                      Page    2

|                                                              | Amount |
|--------------------------------------------------------------|--------------|
| Total amount of this bill                                    | $4,235.63    |
| Previous balance                                             | $1,889.95    |
| 11/23/2005 Payment - thank you. Check No. 574                | ($1,889.95)  |
| Total payments and adjustments                               | ($1,889.95)  |
| Balance due                                                  | $4,235.63    |

### Timekeeper Summary

| Name              | Hours | Rate   |
|-------------------|-------|--------|
| Gregory L. Poe    | 2.50  | 450.00 |
| Lawrence S. Robbins | 1.00 | 550.00 |
| Alice W. Yao      | 8.50  | 300.00 |

| | |
|---|---|
| Previous balance of Funds held in reserve | $10,000.00 |
| New balance of Funds held in reserve | $10,000.00 |

**Exhibit C**

**Page 45 of 80**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

February 2, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

Re:    *SEC v. Gary M. Kornman*
        Invoice No. 3832

Dear Gary:

I am hereby enclosing an invoice for professional services rendered by our Firm through January 31, 2005.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 46 of 80**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**
1801 K Street N.W., Suite 411
Washington, DC 20006
EIN 52-2312249

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

February 02, 2006
Our Matter No. 1104 0401
Invoice No.                                    3832

For legal services rendered through        January 31, 2006

In Reference To:  SEC v. Gary M. Kornman

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/2/2006 | GLP | Draft and review emails. | 0.25 450.00/hr | 112.50 |
| | LSR | Review magistrate order. | 0.25 550.00/hr | 137.50 |
| 1/4/2006 | RTE | Consultation with Larry Robbins re law of the case and related doctrines and tactical questions. | 0.25 495.00/hr | 123.75 |
| | GLP | Office conference with LSR; draft and review emails; review documents. | 0.50 450.00/hr | 225.00 |
| | LSR | Review indictment and court order. | 1.75 550.00/hr | 962.50 |
| 1/6/2006 | GLP | Review indictment, opinion, pleadings; office conference with LSR; teleconference with LSR and J. Tillotson; review research regarding legal issues | 2.75 450.00/hr | 1,237.50 |
| 1/15/2006 | GLP | Review emails regarding issues in criminal case. | 0.25 450.00/hr | 112.50 |
| 1/16/2006 | GLP | Draft and review emails | 0.25 450.00/hr | 112.50 |
| 1/19/2006 | GLP | Draft and review emails. | 0.25 450.00/hr | 112.50 |

**Exhibit C**
**Page 47 of 80**

Gary M. Kornman                                                                                   Page    2

|                |     |                                                                                                                                                                                                                                 | Hrs/Rate        | Amount   |
|----------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------------|----------|
| 1/20/2006      | GLP | Meeting with client; review pleadings, order, and other documents; office conferences; call to other counsel; review cases.                                                                         | 6.00 450.00/hr  | 2,700.00 |
|                | LSR | Confer with client and co-counsel.                                                                                                                                                                  | 3.25 550.00/hr  | 1,787.50 |
|                | AWY | Confer with G. Kornman, L. Robbins, G. Poe re issues in both SEC and criminal cases; confer with L. Robbins, G. Poe, D. Walfish re same.                                                             | 5.75 300.00/hr  | 1,725.00 |
|                | KSZ | Confer with co-counsel, client re: answer                                                                                                                                                           | 0.50 375.00/hr  | 187.50   |
| 1/21/2006      | GLP | Draft and review emails.                                                                                                                                                                            | 0.25 450.00/hr  | 112.50   |
|                | AWY | Draft email to G. Poe re issues raised in January 20, 2006 meeting with G. Kornman; review G. Kornman documents.                                                                                     | 0.50 300.00/hr  | 150.00   |
| 1/22/2006      | GLP | Draft and review emails; review outstanding issues                                                                                                                                                  | 0.50 450.00/hr  | 225.00   |
| 1/23/2006      | GLP | Draft and review emails                                                                                                                                                                             | 0.75 450.00/hr  | 337.50   |
|                | LSR | Review file materials; plan motion practice                                                                                                                                                         | 2.75 550.00/hr  | 1,512.50 |
|                | AWY | Review emails; confer with L. Robbins, G. Poe re January 24, 2006 meeting with G. Kornman.                                                                                                           | 0.25 300.00/hr  | 75.00    |
| 1/24/2006      | GLP | Office conferences; review privilege issues.                                                                                                                                                        | 0.75 450.00/hr  | 337.50   |
|                | LSR | Confer with client and co-counsel; review case law and complaint                                                                                                                                   | 3.50 550.00/hr  | 1,925.00 |
|                | AWY | Meet with L. Robbins, G. Kornman re SEC and criminal proceedings; research re whether waiver of Fifth Amendment privilege against self-incrimination in one proceeding constitutes waiver in separate proceeding based on the same facts where one proceeding is civil and the other criminal; communicate with L. Robbins, G. Poe re same. | 7.75 300.00/hr  | 2,325.00 |
| 1/25/2006      | GLP | Review complaint; review pleadings; prepare for meeting; review issues regarding answer; met with client; teleconference with other counsel; review documents and authorities                       | 4.00 450.00/hr  | 1,800.00 |
|                | LSR | Confer with client and co-counsel.                                                                                                                                                                  | 2.50 550.00/hr  | 1,375.00 |
|                | AWY | Confer with L. Robbins re research re collateral estoppel effect of summary judgment in SEC proceeding on criminal proceeding                                                                        | 0.25 300.00/hr  | 75.00    |

**Exhibit C**
**Page 48 of 80**

Gary M. Kornman                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/26/2006 | GLP | Review pleading | 0 25<br>450.00/hr | 112 50 |
| 1/29/2006 | GLP | Draft answer, review documents, re: same; draft and review emails. | 2 50<br>450.00/hr | 1,125.00 |
| 1/30/2006 | GLP | Review emails re: collateral estoppel and res judicata issues; draft emails; telephone call from other counsel | 0 50<br>450.00/hr | 225 00 |
|  | LSR | Confer with client; review estoppel law | 1 50<br>550.00/hr | 825 00 |
|  | AWY | Confer with L. Robbins, G. Kornman re research re collateral estoppel effect of order granting summary judgment in SEC proceeding on criminal case; research re same; communicate with L. Robbins, G. Poe re same. | 7 75<br>300.00/hr | 2,325.00 |
| 1/31/2006 | GLP | Revise complaint; office conference; call to other counsel; review documents. | 1.00<br>450.00/hr | 450.00 |
|  | LSR | Draft answer. | 1.00<br>550.00/hr | 550.00 |
|  | AWY | Review Fifth Circuit cases citing *Ashe* v. *Swenson*, 397 U.S. 436 (1970); communicate with L. Robbins re same | 3.75<br>300.00/hr | 1,125 00 |
|  |  | For professional services rendered | 64.00 | $26,523 75 |

Additional Charges :

| | |
|---|---|
| Computer Research Charges | 126.84 |
| Copying costs at $ 15/page | 180 60 |
| Long Distance Telephone | 0 70 |
| Total costs | $308 14 |
| Total amount of this bill | $26,831 89 |
| Previous balance | $4,235 63 |
| Balance due | $31,067 52 |

**Exhibit C
Page 49 of 80**

Gary M  Kornman                                                                      Page      4

<div align="center">Timekeeper Summary</div>

| Name | Hours | Rate |
|------|-------|------|
| Gregory L  Poe | 20.75 | 450 00 |
| Kathryn Schaefer Zecca | 0.50 | 375.00 |
| Lawrence S. Robbins | 16.50 | 550.00 |
| Roy T  Englert, Jr | 0.25 | 495 00 |
| Alice W  Yao | 26 00 | 300 00 |

|  | Amount |
|--|--------|
| Previous balance of Funds held in reserve | $10,000.00 |
| New balance of Funds held in reserve | $10,000.00 |

**Exhibit C**
**Page 50 of 80**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

March 3, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

     Re:    *SEC* v. *Gary M. Kornman*
               Invoice No. 92706

Dear Gary:

     I am hereby enclosing an invoice for professional services rendered by our Firm through February 28, 2006. Please note that the remaining balance of your retainer has been applied to this invoice.

     If you have any questions, please do not hesitate to contact me.

               Very truly yours,

               Lawrence S. Robbins

Encl.

*Gary —
Hope this are
well for your wife
Larry*

**Exhibit C**
**Page 51 of 80**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**

1801 K Street, N.W., Suite 411L
Washington, DC 20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

March 3, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

| | |
|---|---|
| Invoice number: | 92706 |
| Billed through: | February 28, 2006 |
| Our Matter No.: | 1104-0401 |

In reference to:     SEC v. Gary M. Kornman

| Date | Attorney | Function | Time | Rate | Total Cost |
|------|----------|----------|------|------|------------|
| 02/01/06 | LSR | Review witness transcripts; confer with client and co-counsel. | 6.00 hours | $550.00 | $3,300.00 |
| 02/01/06 | GLP | Draft and review emails; review pleadings; teleconference with other counsel. | 0.50 hours | $450.00 | $225.00 |
| 02/01/06 | AWY | Research re Fifth Circuit cases citing Ashe v. Swenson, 397 U.S. 436 (1970); communicate with L. Robbins re same; meet with L. Robbins, G. Poe re possibility of Franks hearing; communicate with T. Puccio re Kornman documents. | 1.00 hours | $285.00 | $285.00 |
| 02/02/06 | GLP | Office conference; teleconference with client; review documents re: answer and related issues | 0.75 hours | $450.00 | $337.50 |
| 02/03/06 | LSR | Confer with client and co-counsel; associated travel. | 8.00 hours | $550.00 | $4,400.00 |
| 02/03/06 | GLP | Travel to and from NYC; meet with client; conference with L. Robbins; review pleadings. | 12.25 hours | $450.00 | $5,512.50 |
| 02/03/06 | AWY | Research re whether answering SEC complaint would constitute waiver of Fifth Amendment privilege against self-incrimination later in the same proceeding; communicate with L. Robbins, G. Poe re same. | 3.50 hours | $285.00 | $997.50 |
| 02/06/06 | GLP | Teleconference; draft and review emails. | 0.75 hours | $450.00 | $337.50 |
| 02/09/06 | AWY | Review emails; review draft answer. | 0.25 hours | $285.00 | $71.25 |
| 02/12/06 | LSR | Confer with client and co-counsel | 1.50 hours | $550.00 | $825.00 |
| 02/12/06 | GLP | Draft and review emails | 0.25 hours | $450.00 | $112.50 |
| 02/13/06 | LSR | Confer with co-counsel; review proposed filings. | 1.50 hours | $550.00 | $825.00 |

**Exhibit C**
**Page 52 of 80**

1104    Gary Kornman                                    Invoice # 92706        Page    2

| Date | Atty | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 02/13/06 | GLP | Office conference with L. Robbins and A. Yao; conference call with B. Pollack; review draft pleadings and related documents; draft and review emails | 2.00 hours | $450.00 | $900.00 |
| 02/13/06 | AWY | Meet with L. Robbins, G. Poe re case status; review motions for bills of particular; re view letter from J. Ansley; review emails | 2.50 hours | $285.00 | $712.50 |
| 02/13/06 | DIW | Conference with A. Yao re discovery materials to be indexed and begin indexing same | 0.50 hours | $175.00 | $87.50 |
| 02/14/06 | LSR | Review pretrial filings | 0.50 hours | $550.00 | $275.00 |
| 02/14/06 | GLP | Review and revise draft answer; draft and review emails; office conference with A. Yao; calls to J. Tillotson and B. Pollack. | 1.25 hours | $450.00 | $562.50 |
| 02/14/06 | AWY | Draft Rule 16 discovery letter; prepare answer for filing; confer with G. Kornman, J. Tillotson, L. Robbins, G. Poe re same; confer with L. Robbins, G. Poe, D. Sarti re cataloguing Kornman documents; review Kornman documents. | 6.00 hours | $285.00 | $1,710.00 |
| 02/14/06 | DIW | Continue indexing discovery | 2.25 hours | $175.00 | $393.75 |
| 02/15/06 | LSR | Confer with client. | 0.25 hours | $550.00 | $137.50 |
| 02/15/06 | GLP | Draft and review emails; review answer | 0.50 hours | $450.00 | $225.00 |
| 02/15/06 | AWY | Review emails | 0.25 hours | $285.00 | $71.25 |
| 02/15/06 | DIW | Continue indexing discovery; legal research for A. Yao & A. Strasser to locate summary of state wiretapping laws; examine contents of electronic data from Mr. Kornman received 1/20 & 1/24 and begin indexing same | 5.75 hours | $175.00 | $1,006.25 |
| 02/16/06 | GLP | Draft and review emails | 0.25 hours | $450.00 | $112.50 |
| 02/17/06 | LSR | Review Mann transcript; confer with client | 2.50 hours | $550.00 | $1,375.00 |
| 02/17/06 | GLP | Draft and review email; review new case law | 1.25 hours | $450.00 | $562.50 |
| 02/17/06 | AWY | Review emails | 0.25 hours | $285.00 | $71.25 |
| 02/21/06 | LSR | Review recent case law on duty. | 1.50 hours | $550.00 | $825.00 |
| 02/21/06 | GLP | Draft and review emails re: scheduling issues; review pleading | 0.50 hours | $450.00 | $225.00 |
| 02/21/06 | AWY | Review emails; review United States v. O'Hagan, 521 U.S. 642 (1997), SEC v. Talbot, No. CV 04-04556 (N.D. Cal.) | 1.00 hours | $285.00 | $285.00 |
| 02/21/06 | DIW | Continue indexing documents on disk from client | 1.50 hours | $175.00 | $262.50 |

**Exhibit C**
**Page 53 of 80**

1104    Gary Kornman                                    Invoice # 92706        Page    3

| Date | Atty | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 02/22/06 | GLP | Review materials re: misappropriation theory issues; draft and review emails re: same. | 0.50 hours | $450.00 | $225.00 |
| 02/22/06 | AWY | Review misappropriation theory cases; review emails; confer with L. Robbins re Rule 16 letter. | 1.25 hours | $285.00 | $356.25 |
| 02/22/06 | DIW | Index exhibits to depositions of Chernoff, Ellwein, Grant and Gregg from documents provided by client on disk | 1.75 hours | $175.00 | $306.25 |
| 02/23/06 | LSR | Confer with co-counsel | 0.50 hours | $550.00 | $275.00 |
| 02/23/06 | GLP | Teleconference; office conference; review cases and documents. | 1.25 hours | $450.00 | $562.50 |
| 02/23/06 | AWY | Confer with D. Sarti, R. Thomas re cataloguing documents and creating pleading indices. | 0.25 hours | $285.00 | $71.25 |
| 02/23/06 | DIW | Index balance of deposition exhibits and additional documents on disk from client | 5.25 hours | $175.00 | $918.75 |
| 02/24/06 | LSR | Meeting with co-counsel | 2.50 hours | $550.00 | $1,375.00 |
| 02/24/06 | GLP | Conference call with B. Pollack, J. Tillotson, L. Robbins; conference with B. Pollack; review notes and case status. | 3.00 hours | $450.00 | $1,350.00 |
| 02/24/06 | AWY | Review search warrant and affidavit, transcript of call between G. Kornman, T. McCole, and J. Reding, Mann and Pratt declarations, draft of Rule 16 letter; participate in conference call with J. Tillotson, B. Pollack, L. Robbins, G. Poe re case status | 3.75 hours | $285.00 | $1,068.75 |
| 02/24/06 | DIW | Complete index of documents on disk from client; index documents labeled "Heritage Client Agreements" | 3.00 hours | $175.00 | $525.00 |
| 02/27/06 | AWY | Confer with D. Sarti, R. Thomas re Kornman documents; review emails. | 0.25 hours | $285.00 | $71.25 |
| 02/27/06 | DIW | Cull discovery documents for duplicates and complete index of existing paper documents | 4.25 hours | $175.00 | $743.75 |
| 02/28/06 | AWY | Draft Rule 16 letter; confer with L. Robbins, G. Poe re same | 4.50 hours | $285.00 | $1,282.50 |
| 02/28/06 | DIW | Complete index of all discovery documents received so far; complete cull and organization of duplicates; preparation of e-mail to A. Yao re same | 3.75 hours | $175.00 | $656.25 |

DISBURSEMENTS

| | |
|---|---|
| In-house copying charges | $39.90 |
| Computer Research Charges | $54.03 |

**Exhibit C**
**Page 54 of 80**

1104     Gary Kornman                              Invoice # 92706          Page     4

Travel - Out of Town                                              $527.26

                                               TOTAL            $621.19

TIMEKEEPER SUMMARY

|     |                        | Hours  | Rate      | Total       |
|-----|------------------------|--------|-----------|-------------|
| AWY | Yao, Alice W            | 24.75  | $285.00   | $7,053.75   |
| DIW | Sarti, Dana I. Wesley   | 28.00  | $175.00   | $4,900.00   |
| GLP | Poe, Gregory L.         | 25.00  | $450.00   | $11,250.00  |
| LSR | Robbins, Lawrence S.    | 24.75  | $550.00   | $13,612.50  |
|     | TOTAL                  | 102.50 |           | $36,816.25  |

| | | | |
|---|---|---|---|
| Total Fees | | | $36,816.25 |
| Total Disbursements | | | $621.19 |
| Total this Bill | | | $18,504.96 |
| 02/13/06 | Payment - thank you. Check No. | 203 | $4,235.63 |
| 02/13/06 | Payment - thank you. Check No. | 203 | $26,831.89 |
| Less retainer/prepayments applied | | | $18,932.48 |
| TOTAL DUE | | | $18,504.96 |

| | |
|---|---|
| Previous balance of retainer/overpayment to be applied | $18,932.48 |
| Less funds applied | $18,932.48 |
| New balance of retainer to be applied | $0.00 |
| Previous balance of funds held in reserve | $10,000.00 |
| New balance of funds held in reserve | $10,000.00 |

**Exhibit C**
**Page 55 of 80**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N W , SUITE 411
WASHINGTON, D C 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

April 6, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

Re:    *SEC* v. *Gary M. Kornman*
       Invoice No. 92925

Dear Gary:

I am hereby enclosing an invoice for professional services rendered by our Firm through March 31, 2006. Please note that this invoice reflects a previous balance of $18,504.96.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 56 of 80**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

April 6, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

| | |
|---|---|
| Invoice number: | 92925 |
| Billed through: | March 31, 2006 |
| Our Matter No. | 1104-0401 |

In reference to:    SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|------|----------|---|------|------|------------|
| 02/28/06 | DIW | Review e-mailed documents for new items; conference with A. Yao re number of copies to retain/prepare | 1.25 hours | $175.00 | $218.75 |
| 03/01/06 | LSR | Email on motion to suppress; Rule 16 letter. | 1.25 hours | $550.00 | $687.50 |
| 03/01/06 | AWY | Draft Rule 16 letter; confer with K. Zecca re same; review emails. | 4.25 hours | $285.00 | $1,211.25 |
| 03/02/06 | LSR | Rule 16 letter; email to co-counsel. | 0.50 hours | $550.00 | $275.00 |
| 03/02/06 | GLP | Review documents; draft and review emails; review subpoenas; revise letter | 1.25 hours | $450.00 | $562.50 |
| 03/02/06 | AWY | Review Rule 16 letter; confer with L. Robbins, G. Poe re same. | 1.25 hours | $285.00 | $356.25 |
| 03/03/06 | AWY | Review index of Kornman documents; confer with D. Sarti re same. | 1.00 hours | $285.00 | $285.00 |
| 03/06/06 | GLP | Draft and review emails; teleconference regarding discovery issue; review revised pleading. | 0.50 hours | $450.00 | $225.00 |
| 03/07/06 | AWY | Review emails. | 0.25 hours | $285.00 | $71.25 |
| 03/08/06 | LSR | Edit and circulate Rule 16 letter. | 1.25 hours | $550.00 | $687.50 |
| 03/08/06 | GLP | Draft and review emails; office conference with Alice Yao; review discovery letter | 0.50 hours | $450.00 | $225.00 |
| 03/08/06 | AWY | Revise and edit Rule 16 letter; confer with L. Robbins, G. Poe re same. | 1.25 hours | $285.00 | $356.25 |
| 03/09/06 | GLP | Review emails. | 0.25 hours | $450.00 | $112.50 |
| 03/10/06 | GLP | Review e-mails. | 0.25 hours | $450.00 | $112.50 |
| 03/10/06 | AWY | Review emails; research re motion to dismiss indictment. | 4.00 hours | $285.00 | $1,140.00 |
| 03/13/06 | AWY | Revise and edit Rule 16 letter; confer with L. Robbins, G. Poe re same; research re motion to dismiss indictment. | 4.25 hours | $285.00 | $1,211.25 |

**Exhibit C**
**Page 57 of 80**

1104    Gary Kornman                                    Invoice # 92925        Page    2

| | | | | | |
|---|---|---|---|---|---|
| 03/14/06 | GLP | Review discovery letter; draft and review e-mails regarding same. | 0.50 hours | $450.00 | $225.00 |
| 03/14/06 | AWY | Research re false statement count of indictment; revise and edit Rule 16 letter; confer with L. Robbins, G. Poe re same. | 4.75 hours | $285.00 | $1,353.75 |
| 03/16/06 | DIW | Inventory contents of additional CD's of documents and data; conference with A. Yao re what to put in discovery index and MiniMed binders | 0.75 hours | $175.00 | $131.25 |
| 03/17/06 | DIW | Index documents produced to SEC from CD | 0.50 hours | $175.00 | $87.50 |
| 03/18/06 | AWY | Research re false statement count of indictment; confer with L. Robbins re same. | 2.00 hours | $285.00 | $570.00 |
| 03/21/06 | AWY | Research re false statement count of indictment. | 2.00 hours | $285.00 | $570.00 |
| 03/22/06 | AWY | Research re false statement count of indictment. | 5.25 hours | $285.00 | $1,496.25 |
| 03/23/06 | AWY | Research re false statement count of Indictment; draft motion to dismiss indictment; confer with D. Sarti re Childs deposition transcript; review same. | 6.50 hours | $285.00 | $1,852.50 |
| 03/24/06 | AWY | Draft motion to dismiss indictment | 5.50 hours | $285.00 | $1,567.50 |
| 03/25/06 | AWY | Draft motion to dismiss indictment. | 3.75 hours | $285.00 | $1,068.75 |
| 03/26/06 | AWY | Research re misappropriation theory of insider trading | 0.25 hours | $285.00 | $71.25 |
| 03/27/06 | LSR | Confer regarding motion to dismiss; review new CA2 decision. | 1.00 hours | $550.00 | $550.00 |
| 03/27/06 | AWY | Draft motion to dismiss indictment; research re misappropriation theory of insider trading | 6.00 hours | $285.00 | $1,710.00 |
| 03/28/06 | LSR | Confer with co-counsel regarding status of projects. | 0.75 hours | $550.00 | $412.50 |
| 03/28/06 | GLP | Teleconference with J. Tillotson; review case law concerning search issue; draft and review emails. | 1.25 hours | $450.00 | $562.50 |
| 03/28/06 | AWY | Draft motion to dismiss indictment; participate in conference call with J. Tillotson, L. Robbins, G. Poe re case status. | 6.50 hours | $285.00 | $1,852.50 |
| 03/29/06 | AWY | Draft motion to dismiss indictment; confer with L. Robbins re same. | 6.75 hours | $285.00 | $1,923.75 |
| 03/29/06 | DIW | Index additional discovery on CD with bates number series "H" and "Heritage" | 2.75 hours | $175.00 | $481.25 |
| 03/30/06 | AWY | Draft motion to dismiss indictment; confer with L. Robbins re same. | 7.25 hours | $285.00 | $2,066.25 |

**Exhibit C**
**Page 58 of 80**

1104    Gary Kornman                                    Invoice # 92925        Page    3

| Date | TK | Description | Hours | Rate | Amount |
|------|----|-------------|-------|------|--------|
| 03/30/06 | DIW | Continue index of bates nos. "H" & "Heritage" on CD. | 3.50 hours | $175.00 | $612.50 |
| 03/31/06 | LSR | Edit motion to dismiss indictment. | 5.00 hours | $550.00 | $2,750.00 |
| 03/31/06 | AWY | Confer with L. Robbins re motion to dismiss indictment; revise and edit same | 5.50 hours | $285.00 | $1,567.50 |

                                                        TOTAL        $31,220.00

<u>DISBURSEMENTS</u>
| | |
|---|---|
| In-house copying charges | $204.00 |
| Long Distance Telephone | $2.06 |
| Computer Research Charges | $220.40 |
| Local Transportation | $20.00 |
| Meals | $6.36 |
| TOTAL | $452.82 |

<u>TIMEKEEPER SUMMARY</u>

| | | <u>Hours</u> | <u>Rate</u> | <u>Total</u> |
|---|---|---|---|---|
| AWY | Yao, Alice W. | 78.25 | $285.00 | $22,301.25 |
| DIW | Sarti, Dana I. Wesley | 8.75 | $175.00 | $1,531.25 |
| GLP | Poe, Gregory L. | 4.50 | $450.00 | $2,025.00 |
| LSR | Robbins, Lawrence S. | 9.75 | $550.00 | $5,362.50 |
| | TOTAL | 101.25 | | $31,220.00 |

| | |
|---|---|
| Total Fees | $31,220.00 |
| Total Disbursements | $452.82 |
| Total this Bill | $31,672.82 |
| Previous Balance | $18,504.96 |
| TOTAL DUE | $50,177.78 |

Previous balance of funds held in reserve                $10,000.00

**Exhibit C**
**Page 59 of 80**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N. W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

May 2, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

Re:  *SEC v. Gary M. Kornman*
Invoice No. 92976

Dear Gary:

I am hereby enclosing an invoice for professional services rendered by our Firm through April 30, 2006. Please note that this invoice reflects a previous balance of $50,177.78.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 60 of 80**

## Robbins, Russell, Englert, Orseck & Untereiner LLP

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

May 2, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

| | |
|---|---|
| Invoice number: | 92976 |
| Billed through: | April 30, 2006 |
| Our Matter No. | 1104-0401 |

In reference to:    SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|---|---|---|---|---|---|
| 04/02/06 | AWY | Revise and edit motion to dismiss indictment. | 6.75 hours | $285.00 | $1,923.75 |
| 04/03/06 | LSR | Edit motion to dismiss. | 2.50 hours | $550.00 | $1,375.00 |
| 04/03/06 | GLP | Draft and review emails; review pleadings in SEC case. | 0.50 hours | $450.00 | $225.00 |
| 04/03/06 | AWY | Revise and edit motion to dismiss indictment; confer with L. Robbins re same; communicate with J. Tillotson, L. Robbins, G. Poe re SEC discovery and motion to dismiss indictment. | 4.00 hours | $285.00 | $1,140.00 |
| 04/04/06 | AWY | Research re motion to suppress. | 3.75 hours | $285.00 | $1,068.75 |
| 04/05/06 | GLP | Review emails; teleconference with A. Yao; review case summary. | 0.25 hours | $450.00 | $112.50 |
| 04/05/06 | AWY | Research re Franks v. Delaware, 438 U.S. 154 (1978). | 4.25 hours | $285.00 | $1,211.25 |
| 04/05/06 | DIW | Complete index of bates nos. "Heritage" on CD | 3.00 hours | $175.00 | $525.00 |
| 04/06/06 | LSR | Edit motion to dismiss. | 4.50 hours | $550.00 | $2,475.00 |
| 04/06/06 | GLP | Review and revise motion; office conferences re: same. | 2.00 hours | $450.00 | $900.00 |
| 04/06/06 | AWY | Revise and edit motion to dismiss indictment; confer with L. Robbins, G. Poe re same; confer with L. Robbins, D. Sarti re pro hac vice motions for United States v. Kornman; research re Franks v. Delaware, 438 U.S. 154 (1978) | 6.50 hours | $285.00 | $1,852.50 |
| 04/09/06 | GLP | Draft and review emails. | 0.25 hours | $450.00 | $112.50 |
| 04/10/06 | LSR | Confer regarding Berg matter. | 0.50 hours | $550.00 | $275.00 |
| 04/10/06 | GLP | Review correspondence; review draft affidavit; draft and review emails. | 0.75 hours | $450.00 | $337.50 |

**Exhibit C**
**Page 61 of 80**

1104    Gary Kornman    Invoice # 92976    Page    2

| 04/10/06 | AWY | Draft motion to suppress; communicate with J. Tillotson, L. Robbins re Rule 16 letter, motion to dismiss indictment; review fax from J. Tillotson re G. Kornman affidavit. | 4.75 hours | $285.00 | $1,353.75 |
|---|---|---|---|---|---|
| 04/11/06 | LSR | Review co-counsel memo on new tapes; confer with co-counsel. | 0.50 hours | $550.00 | $275.00 |
| 04/11/06 | AWY | Draft motion to suppress; review emails. | 5.25 hours | $285.00 | $1,496.25 |
| 04/12/06 | LSR | Conference call with co-counsel; edit motion to dismiss. | 0.75 hours | $550.00 | $412.50 |
| 04/12/06 | AWY | Revise and edit motion to dismiss indictment; confer with L. Robbins re same; communicate with J. Tillotson, L. Robbins, G. Poe re same; participate in telephone conference with J. Tillotson, L. Robbins re case status; draft motion to suppress. | 7.00 hours | $285.00 | $1,995.00 |
| 04/13/06 | AWY | Research re particularity challenges to search warrants; draft motion to suppress. | 7.75 hours | $285.00 | $2,208.75 |
| 04/14/06 | AWY | Research re Griffin v. California, 380 U.S. 609 (1965), required computer protocol for conducting search. | 6.50 hours | $285.00 | $1,852.50 |
| 04/15/06 | AWY | Research re required computer protocol for conducting search. | 2.50 hours | $285.00 | $712.50 |
| 04/16/06 | AWY | Research re required computer protocol for conducting search. | 2.75 hours | $285.00 | $783.75 |
| 04/17/06 | AWY | Draft motion to suppress; confer with L. Robbins re same; communicate with J. Tillotson re search inventory; communicate with E. Boyd re subpoenas. | 7.00 hours | $285.00 | $1,995.00 |
| 04/18/06 | GLP | Office conference; review emails. | 0.25 hours | $450.00 | $112.50 |
| 04/18/06 | AWY | Draft motion to suppress; review emails. | 7.75 hours | $285.00 | $2,208.75 |
| 04/19/06 | AWY | Research re Griffin v. California, 380 U.S. 609 (1965) and particularity of search; draft motion to suppress. | 5.75 hours | $285.00 | $1,638.75 |
| 04/19/06 | DIW | Prepare ECF registration forms for G. Poe and A. Yao; submit same to clerk of the court. | 0.50 hours | $175.00 | $87.50 |
| 04/20/06 | AWY | Research re Griffin v. California, 380 U.S. 609 (1965); draft motion to suppress; confer with G. Poe re case status. | 5.00 hours | $285.00 | $1,425.00 |
| 04/20/06 | DIW | Review Standing Order on ECF Designation of case 3:05cr298; prepare ECF registration form for L. Robbins. | 0.25 hours | $175.00 | $43.75 |
| 04/21/06 | AWY | Research re United States v. Leon, 468 U.S 897 (1984). | 5.00 hours | $285.00 | $1,425.00 |
| 04/24/06 | LSR | Confer with co-counsel. | 0.50 hours | $550.00 | $275.00 |
| 04/24/06 | AWY | Draft motion to suppress. | 2.25 hours | $285.00 | $641.25 |

**Exhibit C**
**Page 62 of 80**

1104    Gary Kornman                                    Invoice # 92976        Page    3

| | | | | | |
|---|---|---|---|---|---|
| 04/25/06 | AWY | Draft motion to suppress; confer with L. Robbins re same. | 2.25hours | $285.00 | $641.25 |
| 04/26/06 | AWY | Draft motion to suppress; revise and edit same. | 5 00hours | $285.00 | $1,425.00 |
| 04/27/06 | AWY | Revise and edit motion to suppress. | 3.00hours | $285.00 | $855.00 |
| | | | TOTAL | | $37,397.50 |

DISBURSEMENTS

| | |
|---|---|
| In-house copying charges | $319.50 |
| Fax | $4.00 |
| Long Distance Telephone | $0.26 |
| Computer Research Charges | $365.41 |
| Courier/Overnight delivery | $12.67 |
| Postage | $2.52 |
| Meals | $20.96 |
| Filing Fees | $75.00 |
| TOTAL | $800.32 |

TIMEKEEPER SUMMARY

| | | Hours | Rate | Total |
|---|---|---|---|---|
| AWY | Yao, Alice W. | 104.75 | $285.00 | $29,853.75 |
| DIW | Sarti, Dana I. Wesley | 3.75 | $175.00 | $656.25 |
| GLP | Poe, Gregory L. | 4.00 | $450.00 | $1,800.00 |
| LSR | Robbins, Lawrence S. | 9 25 | $550.00 | $5,087.50 |
| | TOTAL | 121.75 | | $37,397 50 |

| | |
|---|---|
| Total Fees | $37,397.50 |
| Total Disbursements | $800.32 |
| Total this Bill | $38,197 82 |
| Previous Balance | $50,177.78 |
| TOTAL DUE | $88,375.60 |

| | |
|---|---|
| Previous balance of funds held in reserve | $10,000.00 |

**Exhibit C**
**Page 63 of 80**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

June 5, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

     Re:   *SEC* v. *Gary M. Kornman*
          Invoice No. 93078

Dear Gary:

    I am hereby enclosing an invoice for professional services rendered by our Firm through May 31, 2006. Please note that this invoice reflects a previous balance of $88,375.60.

    If you have any questions, please do not hesitate to contact me.

              Very truly yours,

              Lawrence S. Robbins

Encl.

*Gary — I would appreciate it if you could get rid of some of the older invoices. Thanks. Larry*

**Exhibit C**
**Page 64 of 80**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

June 5, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

| | |
|---|---|
| Invoice number: | 93078 |
| Billed through: | May 31, 2006 |
| Our Matter No. | 1104-0401 |

In reference to:     SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|---|---|---|---|---|---|
| 05/05/06 | LSR | Confer with client and co-counsel; opposition to SEC motion. | 4.00 hours | $550.00 | $2,200.00 |
| 05/05/06 | AEU | Talk to Robbins, Yao regarding government motion to dismiss and Stringer motion; research regarding same. | 1.25 hours | $450.00 | $562.50 |
| 05/05/06 | GLP | Review docket and pleading. | 0.25 hours | $450.00 | $112.50 |
| 05/05/06 | AWY | Confer with L. Robbins, A. Untereiner re case status. | 0.50 hours | $285.00 | $142.50 |
| 05/08/06 | AEU | Read government motion; emails with co-counsel. | 1.25 hours | $450.00 | $562.50 |
| 05/08/06 | AWY | Review SEC Motion To Dismiss Complaint Without Prejudice And For Stay Of Discovery Pending Outcome Ruling Of Dismissal; draft opposition to same; confer with J. Tillotson, L. Robbins, A. Untereiner re same. | 7.50 hours | $285.00 | $2,137.50 |
| 05/09/06 | AEU | Read cases and materials; edit opposition. | 2.00 hours | $450.00 | $900.00 |
| 05/09/06 | AWY | Confer with L. Robbins, A. Untereiner re Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal; research re same. | 3.50 hours | $285.00 | $997.50 |
| 05/10/06 | AEU | Talk to Tillotson; emails with co-counsel; re-draft and edit opposition; read cases; emails with co-counsel. | 5.00 hours | $450.00 | $2,250.00 |
| 05/10/06 | AWY | Research re Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal; confer with L. Robbins, A. Untereiner re same; revise and edit same. | 5.25 hours | $285.00 | $1,496.25 |
| 05/11/06 | AEU | Work on opposition. | 1.50 hours | $450.00 | $675.00 |

**Exhibit C**
**Page 65 of 80**

1104  - 0401    Gary M. Kornman                Invoice # 93078        Page    2

| | | | | | |
|---|---|---|---|---|---|
| 05/11/06 | AWY | Research re Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal. | 3.00hours | $285.00 | $855.00 |
| 05/12/06 | AEU | Further edits and re-drafting of opposition. | 0.75hours | $450.00 | $337.50 |
| 05/12/06 | GLP | Review pleading. | 0.25hours | $450.00 | $112.50 |
| 05/12/06 | AWY | Research re Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal; communicate with L. Robbins, A. Untereiner re same. | 2.75hours | $285.00 | $783.75 |
| 05/15/06 | AEU | Go through Yao's emails; add points to opposition; edit same. | 2.75hours | $450.00 | $1,237.50 |
| 05/16/06 | LSR | Edit opposition to SEC motion to dismiss; confer with co-counsel. | 1.00hours | $550.00 | $550.00 |
| 05/16/06 | GLP | Review emails and pleading. | 0.25hours | $450.00 | $112.50 |
| 05/16/06 | AWY | Review Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal; review emails re same. | 0.25hours | $285.00 | $71.25 |
| 05/18/06 | AEU | Research for Stringer motion; read phone transcript; read old emails on this topic. | 2.25hours | $450.00 | $1,012.50 |
| 05/22/06 | AEU | Talk to Poe regarding Stringer motion; research. | 1.00hours | $450.00 | $450.00 |
| 05/22/06 | GLP | Office conference re: Stringer issue; review parallel proceeding materials re: same. | 0.50hours | $450.00 | $225.00 |
| 05/23/06 | AEU | Westlaw research; talk to Robbins, work on Stringer motion. | 1.50hours | $450.00 | $675.00 |
| 05/24/06 | AEU | Draft Stringer motion. | 4.75hours | $450.00 | $2,137.50 |
| 05/25/06 | AEU | Further work on Stringer motion. | 2.00hours | $450.00 | $900.00 |
| 05/25/06 | AWY | Communicate with L. Robbins, A. Untereiner re Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal. | 0.25hours | $285.00 | $71.25 |
| 05/26/06 | AEU | Further research and drafting regarding Stringer memo. | 3.75hours | $450.00 | $1,687.50 |
| 05/26/06 | AWY | Research re G. Kornman's expectation of privacy in M. Kornman's house; review emails; communicate with L. Robbins, G Poe re same. | 2.25hours | $285.00 | $641.25 |
| 05/30/06 | AEU | Further work on Stringer motion; call to Tillotson. | 1.50hours | $450.00 | $675.00 |

**Exhibit C**
**Page 66 of 80**

1104  - 0401    Gary M. Kornman                    Invoice # 93078        Page    3

| Date | Code | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 05/30/06 | GLP | Review pleading; review docket; draft and review emails. | 0.50 hours | $450.00 | $225.00 |
| 05/30/06 | AWY | Research re G. Kornman's expectation of privacy in M. Kornman's house. | 1.00 hours | $285.00 | $285.00 |
| 05/31/06 | AEU | Read final opposition to government's motion to dismiss; discuss with Robbins and Poe; further research into COA 5 law; further drafting of Stringer memo; emails with co-counsel regarding case. | 4.00 hours | $450.00 | $1,800.00 |
| 05/31/06 | GLP | Review pleading and drafts; draft and review emails; office conferences. | 1.00 hours | $450.00 | $450.00 |
| 05/31/06 | AWY | Research re G. Kornman's expectation of privacy in M. Kornman's house. | 1.25 hours | $285.00 | $356.25 |
| | | | | TOTAL | $27,687.50 |

DISBURSEMENTS

| | |
|---|---|
| In-house copying charges | $20.40 |
| Long Distance Telephone | $4.76 |
| Computer Research Charges | $109.99 |
| Local Transportation | $10.00 |
| TOTAL | $145.15 |

TIMEKEEPER SUMMARY

| | | Hours | Rate | Total |
|---|---|---|---|---|
| AEU | Untereiner, Alan E. | 35.25 | $450.00 | $15,862.50 |
| AWY | Yao, Alice W. | 27.50 | $285.00 | $7,837.50 |
| GLP | Poe, Gregory L. | 2.75 | $450.00 | $1,237.50 |
| LSR | Robbins, Lawrence S. | 5.00 | $550.00 | $2,750.00 |
| | TOTAL | 70.50 | | $27,687.50 |

| | |
|---|---|
| Total Fees | $27,687.50 |
| Total Disbursements | $145.15 |
| Total this Bill | $27,832.65 |
| Previous Balance | $88,375.60 |
| TOTAL DUE | $116,208.25 |

| | |
|---|---|
| Previous balance of funds held in reserve | $10,000.00 |
| Less funds applied | $0.00 |
| New balance of funds held in reserve | $10,000.00 |

**Exhibit C**
**Page 67 of 80**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N W , SUITE 411
WASHINGTON, D C  20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

July 5, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

Re:    *SEC* v. *Gary M. Kornman*
       Invoice No. 93175

Dear Gary:

I am hereby enclosing an invoice for professional services rendered by our Firm through June 30, 2006.  Please note that this invoice reflects a previous balance of $116,208.25.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 68 of 80**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

July 5, 2006

| | |
|---|---|
| | Invoice number:    93175 |
| Gary M. Kornman | Billed through:    June 30, 2006 |
| 3640 Haynie Avenue | Our Matter No    1104-0401 |
| Dallas, TX  75205 | |

In reference to:     SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|------|----------|--|------|------|------------|
| 06/01/06 | LSR | Confer with co-counsel. | 1.00 hours | $550.00 | $550.00 |
| 06/01/06 | AEU | Work on Stringer motion. | 4.00 hours | $450.00 | $1,800.00 |
| 06/01/06 | GLP | Review memorandum opinion and order; draft email re: same; review docket information. | 0.50 hours | $450.00 | $225.00 |
| 06/04/06 | AWY | Review motion to suppress. | 0.50 hours | $285.00 | $142.50 |
| 06/05/06 | GLP | Review emails and pleading | 0.25 hours | $450.00 | $112.50 |
| 06/05/06 | AWY | Confer with B. Wonnacott re search inventories; research G. Kornman's expectation of privacy in M. Kornman's house. | 1.00 hours | $285.00 | $285.00 |
| 06/06/06 | AEU | Further work on Stringer memo. | 0.50 hours | $450.00 | $225.00 |
| 06/06/06 | GLP | Draft and review emails. | 0.50 hours | $450.00 | $225.00 |
| 06/06/06 | AWY | Revise and edit motion to suppress; communicate with L. Robbins, A. Untereiner, G. Poe re case status. | 2.25 hours | $285.00 | $641.25 |
| 06/12/06 | AEU | Research for Stringer motion; work on same; talk to Poe. | 3.25 hours | $450.00 | $1,462.50 |
| 06/12/06 | GLP | Office conferences re: status of motions; review email; review pleading | 0.75 hours | $450.00 | $337.50 |
| 06/13/06 | AEU | Work on Stringer memo; talk to Strasser and Poe. | 3.25 hours | $450.00 | $1,462.50 |
| 06/13/06 | GLP | Teleconference with J. Tillotson; draft email; review draft motions. | 2.25 hours | $450.00 | $1,012.50 |
| 06/13/06 | AWY | Review emails; review Stringer motion; communicate with L. Robbins, A. Untereiner, G. Poe re filing deadlines, motions to suppress. | 0.75 hours | $285.00 | $213.75 |
| 06/14/06 | GLP | Review draft motion; draft and review emails. | 0.25 hours | $450.00 | $112.50 |

**Exhibit C**

**Page 69 of 80**

1104  - 0401     Kornman, Gary                                    Invoice # 93175          Page     2

| | | | | | |
|---|---|---|---|---|---|
| 06/14/06 | AWY | Revise and edit motion to suppress; communicate with A. Untereiner, G. Poe re same. | 4.75hours | $285.00 | $1,353.75 |
| 06/15/06 | AEU | Discuss suppression motion timing with Poe; emails with co-counsel. | 0.25hours | $450.00 | $112.50 |
| 06/15/06 | GLP | Office conferences; draft email; review motion. | 0.75hours | $450.00 | $337.50 |
| 06/15/06 | AWY | Review case law re G. Kornman's expectation of privacy in M. Kornman's house; confer with G. Poe, D. Sarti re motion to suppress | 3.00hours | $285.00 | $855.00 |
| 06/16/06 | GLP | Review emails and cases. | 0.25hours | $450.00 | $112.50 |
| 06/16/06 | AWY | Review case law re G. Kornman's expectation of privacy in M. Kornman's house; confer with G. Poe, D. Sarti re motion to suppress. | 6.25hours | $285.00 | $1,781.25 |
| 06/17/06 | AWY | Review case law re G. Kornman's expectation of privacy in M. Kornman's house; draft list of factual questions re same; communicate with A. Untereiner, G. Poe re same. | 3.00hours | $285.00 | $855.00 |
| 06/19/06 | AWY | Review case law re G. Kornman's expectation of privacy in M. Kornman's house. | 1.75hours | $285.00 | $498.75 |
| 06/20/06 | AEU | Work on motion to suppress. | 1.75hours | $450.00 | $787.50 |
| 06/20/06 | GLP | Draft and review emails re: motion status. | 0.25hours | $450.00 | $112.50 |
| 06/21/06 | AEU | Re-draft and edit motion to suppress | 8.50hours | $450.00 | $3,825.00 |
| 06/21/06 | GLP | Review documents re: suppression issues; draft and review emails; review pleadings. | 2.25hours | $450.00 | $1,012.50 |
| 06/21/06 | AWY | Research re motion to suppress; confer with A. Untereiner re same. | 2.00hours | $285.00 | $570.00 |
| 06/22/06 | AEU | Review changes to Stringer motion; talk to Poe; emails with co-counsel | 0.50hours | $450.00 | $225.00 |
| 06/22/06 | GLP | Revise suppression motion; draft and review emails; review cases and record materials; teleconference. | 4.75hours | $450.00 | $2,137.50 |
| 06/22/06 | AWY | Confer with G. Poe re motion to suppress; review search warrant and affidavit; confer with B. Wonnacot re same; communicate with A. Untereiner, G. Poe re motion to suppress evidence seized from M. Kornman's house. | 1.00hours | $285.00 | $285.00 |
| 06/23/06 | GLP | Draft and review emails. | 0.25hours | $450.00 | $112.50 |
| 06/23/06 | AWY | Review draft motion to suppress; confer with G. Poe re same. | 1.00hours | $285.00 | $285.00 |
| 06/28/06 | GLP | Review draft from A. Yao re: expectation of privacy issues/MK search; draft and review emails. | 0.75hours | $450.00 | $337.50 |

**Exhibit C**

**Page 70 of 80**

1104  - 0401    Kornman, Gary                                Invoice # 93175        Page    3

| 06/28/06 | AWY | Communicate with G. Poe re questions re G. Kornman's expectation of privacy in M. Kornman's house; research re same. | 1.75 hours | $285.00 | $498.75 |
| 06/29/06 | GLP | Draft and review emails re: motion status. | 0.25 hours | $450.00 | $112.50 |
| 06/29/06 | GLP | Review A. Yao's Fourth Amendment research; draft and review emails re: same. | 0.75 hours | $450.00 | $337.50 |
| 06/29/06 | AWY | Research re G. Kornman's expectation of privacy in M. Kornman's house; communicate with A. Untereiner, G. Poe re same; communicate with B. Wonnacot, A. Untereiner, G. Poe re G. Kornman search warrant. | 4.00 hours | $285.00 | $1,140.00 |
| 06/30/06 | GLP | Review materials relating to MK search warrant; draft and review emails re: same; revise list of questions; draft and review emails re: case status; teleconference re: same. | 1.75 hours | $450.00 | $787.50 |
| 06/30/06 | AWY | Review emails; communicate with J. Tillotson, L. Robbins, A. Untereiner, G. Poe re questions re G. Kornman's expectation of privacy in M. Kornman's house; revise and edit same; communicate with J. Tillotson, L. Robbins, A. Untereiner, G. Poe re conference call re case status | 1.50 hours | $285.00 | $427.50 |

                                                                   TOTAL.                      $27,707.50

---

### DISBURSEMENTS

| In-house copying charges | $62.25 |
| Long Distance Telephone | $0.69 |
| Computer Research Charges | $271.42 |
| TOTAL | $334.36 |

### TIMEKEEPER SUMMARY

|     |                        | Hours | Rate | Total |
| --- | ---------------------- | ----- | ---- | ----- |
| AEU | Untereiner, Alan E. | 22.00 | $450.00 | $9,900.00 |
| AWY | Yao, Alice W. | 34.50 | $285.00 | $9,832.50 |
| GLP | Poe, Gregory L. | 16.50 | $450.00 | $7,425.00 |
| LSR | Robbins, Lawrence S. | 1.00 | $550.00 | $550.00 |
|     | TOTAL | 74.00 |  | $27,707.50 |

| Total Fees | $27,707.50 |
| Total Disbursements | $334.36 |
| Total this Bill | $28,041.86 |
| Previous Balance | $116,208.25 |

**Exhibit C**
**Page 71 of 80**

1104  - 0401    Kornman, Gary                                    Invoice # 93175        Page    4

TOTAL DUE                                                                        $144,250.11

Previous balance of funds held in reserve                                        $10,000.00
Less funds applied                                                                    $0.00
New balance of funds held in reserve                                             $10,000.00

**Exhibit C**
**Page 72 of 80**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N W., SUITE 411
WASHINGTON, D C  20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

August 3, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

   Re: *SEC* v. *Gary M. Kornman*
     Invoice No. 93259

Dear Gary:

   I am hereby enclosing an invoice for professional services rendered by our Firm through July 31, 2006.  Please note that this invoice reflects a previous balance of $144,250 11.

   If you have any questions, please do not hesitate to contact me.

      Very truly yours,

      Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 73 of 80**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**

1801 K Street, N.W., Suite 411L
Washington, DC 20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

August 2, 2006

|  |  |
|---|---|
| Gary M. Kornman | Invoice number: 93259 |
| 3640 Haynie Avenue | Billed through: July 31, 2006 |
| Dallas, TX 75205 | Our Matter No. 1104-0401 |

In reference to:    SEC v. Gary M. Kornman

| Date | Attorney |  | Time | Rate | Total Cost |
|---|---|---|---|---|---|
| 07/03/06 | GLP | Draft and review emails; review file notes re: case status. | 0.50 hours | $450.00 | $225.00 |
| 07/05/06 | GLP | Draft and review emails; review draft pleadings. | 0.50 hours | $450.00 | $225.00 |
| 07/06/06 | LSR | Confer with co-counsel; edit motion to suppress. | 2.00 hours | $550.00 | $1,100.00 |
| 07/06/06 | GLP | Teleconference with J. Tillotson; review memorandum and motion; draft email. | 0.50 hours | $450.00 | $225.00 |
| 07/10/06 | GLP | Review cases. | 0.75 hours | $450.00 | $337.50 |
| 07/11/06 | GLP | Review recent cases. | 0.25 hours | $450.00 | $112.50 |
| 07/28/06 | GLP | Review pleading and docket information; review email. | 0.25 hours | $450.00 | $112.50 |
| 07/31/06 | GLP | Draft email; review Sixth Circuit case. | 0.25 hours | $450.00 | $112.50 |
|  |  | TOTAL |  |  | $2,450.00 |

DISBURSEMENTS

| | |
|---|---|
| In-house copying charges | $15.90 |
| Long Distance Telephone | $3.89 |
| Computer Research Charges | $122.33 |
| TOTAL | $142.12 |

| TIMEKEEPER SUMMARY | | Hours | Rate | Total |
|---|---|---|---|---|
| GLP | Poe, Gregory L. | 3.00 | $450.00 | $1,350.00 |
| LSR | Robbins, Lawrence S. | 2.00 | $550.00 | $1,100.00 |
|  | TOTAL | 5.00 |  | $2,450.00 |

| | |
|---|---|
| Total Fees | $2,450.00 |
| Total Disbursements | $142.12 |

**Exhibit C
Page 74 of 80**

1104    - 0401    Kornman, Gary                                 Invoice # 93259        Page    2

Total this Bill                                                                $2,592.12
Previous Balance                                                            $144,250.11
TOTAL DUE                                                                   $146,842.23

Previous balance of funds held in reserve                                   $10,000.00

Less funds applied                                                               $0.00

New balance of funds held in reserve                                        $10,000.00

**Exhibit C**
**Page 75 of 80**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

September 7, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

      Re:    *SEC* v. *Gary M. Kornman*
            Invoice No. 93388

Dear Gary:

    I am hereby enclosing an invoice for professional services rendered by our Firm through August 31, 2006. Please note that this invoice reflects a previous balance of $146,842.23.

    If you have any questions, please do not hesitate to contact me.

                Very truly yours,

                Lawrence S. Robbins

Encl.

**Exhibit C**
**Page 76 of 80**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

September 7, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

| | |
|---|---|
| Invoice number: | 93388 |
| Billed through: | August 31, 2006 |
| Our Matter No. | 1104-0401 |

In reference to:     SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|---|---|---|---|---|---|
| 08/02/06 | GLP | Draft email re: case status; review schedule and docket status. | 0.25 hours | $450.00 | $112.50 |
| 08/16/06 | GLP | Review new cases. | 0.50 hours | $450.00 | $225.00 |
| 08/17/06 | GLP | Review pleading and docket material. | 0.25 hours | $450.00 | $112.50 |
| 08/23/06 | AWY | Review superseding indictment. | 0.25 hours | $285.00 | $71.25 |
| 08/24/06 | GB | Proofread of indictments. | 4.00 hours | $125.00 | $500.00 |
| 08/25/06 | AWY | Communicate with L. Robbins, G. Poe re superseding indictment. | 0.50 hours | $285.00 | $142.50 |
| 08/28/06 | GLP | Review emails and memorandum. | 0.25 hours | $450.00 | $112.50 |
| | | | | TOTAL | $1,276.25 |

DISBURSEMENTS

| | | |
|---|---|---|
| Computer Research Charges | | $2.81 |
| | TOTAL | $2.81 |

| TIMEKEEPER SUMMARY | | Hours | Rate | Total |
|---|---|---|---|---|
| AWY | Yao, Alice W. | 0.75 | $285.00 | $213.75 |
| GB | Baldwin, Gerwyn | 4.00 | $125.00 | $500.00 |
| GLP | Poe, Gregory L. | 1.25 | $450.00 | $562.50 |
| | TOTAL | 6.00 | | $1,276.25 |

| | |
|---|---|
| Total Fees | $1,276.25 |
| Total Disbursements | $2.81 |
| Total this Bill | $1,279.06 |
| Previous Balance | $146,842.23 |
| TOTAL DUE | $148,121.29 |

**Exhibit C**
**Page 77 of 80**

1104    - 0401     Kornman, Gary                                    Invoice # 93388      Page     2

| | |
|---|---|
| Previous balance of funds held in reserve | $10,000.00 |
| Less funds applied | $0.00 |
| New balance of funds held in reserve | $10,000.00 |

**Exhibit C**
**Page 78 of 80**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET. N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

October 4, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

Re:     *SEC* v. *Gary M. Kornman*
Invoice No. 93447

Dear Gary:

I am hereby enclosing an invoice for professional services rendered by our Firm through September 30, 2006. Please note that this invoice reflects a previous balance of $148,121.29.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Lawrence S. Robbins

Encl.

*Gary —*
*I hope Jeff has given you*
*a set of the invoices I just*
*e-mailed to him. I would really*
*like to get these bills cleared*
*up very soon. Thanks!*
*Larry*

**Exhibit C**
**Page 79 of 80**

### Robbins, Russell, Englert, Orseck & Untereiner LLP

1801 K Street, N.W., Suite 411L
Washington, DC 20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

October 4, 2006

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

| | |
|---|---|
| Invoice number: | 93447 |
| Billed through: | September 30, 2006 |
| Our Matter No.: | 1104-0401 |

In reference to:     SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|------|----------|---|------|------|------------|
| 09/01/06 | GLP | Review pleading and docket; draft email. | 0.25 hours | $450.00 | $112.50 |
| 09/11/06 | GLP | Review filing; draft email. | 0.25 hours | $450.00 | $112.50 |
| 09/13/06 | GLP | Draft and review emails; review motion. | 0.25 hours | $450.00 | $112.50 |
| 09/21/06 | GLP | Review emails and docket. | 0.25 hours | $450.00 | $112.50 |
| 09/25/06 | GLP | Review pleadings and docket. | 0.25 hours | $450.00 | $112.50 |
| 09/27/06 | GLP | Review pleading; review rules; draft and review emails; office conference. | 0.75 hours | $450.00 | $337.50 |
| | | | TOTAL | | $900.00 |

| TIMEKEEPER SUMMARY | | Hours | Rate | Total |
|--------------------|---|-------|------|-------|
| GLP | Poe, Gregory L. | 2.00 | $450.00 | $900.00 |
| | TOTAL | 2.00 | | $900.00 |

| | |
|---|---|
| Total Fees | $900.00 |
| Total this Bill | $900.00 |
| Previous Balance | $148,121.29 |
| TOTAL DUE | $149,021.29 |
| Previous balance of funds held in reserve | $10,000.00 |
| Less funds applied | $0.00 |
| New balance of funds held in reserve | $10,000.00 |

**Exhibit C**
**Page 80 of 80**

**Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP**

Wednesday, September 19, 2007       **Ledger History By Client**                                                 Page 1

**Client**

| Date | Bill | Action | PrePaid Balance | Fees | Expenses | Taxes | Surcharge | Interest | Balance |
|------|------|--------|-----------------|------|----------|-------|-----------|----------|---------|
| **1104** | | **Kornman, Gary** | | | | | | | |
| 10/8/2004 | 0 | PrePaid Receipt | $20,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/1/2004 | 0 | PrePaid Receipt | ($10,000.00) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/1/2004 | 2844 | Regular Bill | $0.00 | $110,406.25 | $1,131.86 | $0.00 | $0.00 | $0.00 | $111,538.11 |
| 11/1/2004 | 2844 | Cash Receipt | $0.00 | ($8,868.14) | ($1,131.86) | $0.00 | $0.00 | $0.00 | $101,538.11 |
| 11/15/2004 | 2915 | Regular Bill | $0.00 | $57,881.25 | $75.00 | $0.00 | $0.00 | $0.00 | $159,494.36 |
| 12/1/2004 | 2945 | Regular Bill | $0.00 | $5,125.00 | $912.77 | $0.00 | $0.00 | $0.00 | $165,532.13 |
| 12/10/2004 | 2844 | Cash Receipt | $0.00 | ($101,538.11) | $0.00 | $0.00 | $0.00 | $0.00 | $63,994.02 |
| 12/10/2004 | 2915 | Cash Receipt | $0.00 | ($57,881.25) | ($75.00) | $0.00 | $0.00 | $0.00 | $6,037.77 |
| 12/10/2004 | 2945 | Cash Receipt | $0.00 | $0.00 | ($505.64) | $0.00 | $0.00 | $0.00 | $5,532.13 |
| 1/4/2005 | 3006 | Regular Bill | $0.00 | $34,112.50 | $279.05 | $0.00 | $0.00 | $0.00 | $39,923.68 |
| 1/19/2005 | 2945 | Cash Receipt | $0.00 | ($5,125.00) | ($407.13) | $0.00 | $0.00 | $0.00 | $34,391.55 |
| 1/19/2005 | 3006 | Cash Receipt | $0.00 | ($29,188.82) | ($279.05) | $0.00 | $0.00 | $0.00 | $4,923.68 |
| 2/2/2005 | 3081 | Regular Bill | $0.00 | $17,842.50 | $226.47 | $0.00 | $0.00 | $0.00 | $22,992.65 |
| 3/2/2005 | 3133 | Regular Bill | $0.00 | $1,650.00 | $28.38 | $0.00 | $0.00 | $0.00 | $24,671.03 |
| 4/4/2005 | 3006 | Cash Receipt | $0.00 | ($4,923.68) | $0.00 | $0.00 | $0.00 | $0.00 | $19,747.35 |
| 4/4/2005 | 3081 | Cash Receipt | $0.00 | ($17,842.50) | ($226.47) | $0.00 | $0.00 | $0.00 | $1,678.38 |
| 4/4/2005 | 3133 | Cash Receipt | $0.00 | ($1,650.00) | ($28.38) | $0.00 | $0.00 | $0.00 | $0.00 |
| 4/4/2005 | 3178 | Regular Bill | $0.00 | $1,075.00 | $37.59 | $0.00 | $0.00 | $0.00 | $1,112.59 |
| 4/19/2005 | 3178 | Cash Receipt | $0.00 | ($1,075.00) | ($37.59) | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/3/2005 | 3247 | Regular Bill | $0.00 | $237.50 | $0.26 | $0.00 | $0.00 | $0.00 | $237.76 |
| 7/11/2005 | 3384 | Regular Bill | $0.00 | $750.00 | $0.10 | $0.00 | $0.00 | $0.00 | $987.86 |
| 10/5/2005 | 3578 | Regular Bill | $0.00 | $337.50 | $0.00 | $0.00 | $0.00 | $0.00 | $1,325.36 |
| 11/4/2005 | 3676 | Regular Bill | $0.00 | $537.50 | $27.09 | $0.00 | $0.00 | $0.00 | $1,889.95 |
| 11/23/2005 | 3247 | Cash Receipt | $0.00 | ($237.50) | ($0.26) | $0.00 | $0.00 | $0.00 | $1,652.19 |
| 11/23/2005 | 3384 | Cash Receipt | $0.00 | ($750.00) | ($0.10) | $0.00 | $0.00 | $0.00 | $902.09 |
| 11/23/2005 | 3578 | Cash Receipt | $0.00 | ($337.50) | $0.00 | $0.00 | $0.00 | $0.00 | $564.59 |
| 11/23/2005 | 3676 | Cash Receipt | $0.00 | ($537.50) | ($27.09) | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/4/2006 | 3784 | Regular Bill | $0.00 | $4,225.00 | $10.63 | $0.00 | $0.00 | $0.00 | $4,235.63 |
| 1/31/2006 | 0 | PrePaid Receipt | ($10,000.00) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4,235.63 |
| 2/2/2006 | 3832 | Regular Bill | $0.00 | $26,523.75 | $308.14 | $0.00 | $0.00 | $0.00 | $31,067.52 |
| 2/13/2006 | 0 | PrePaid Receipt | $18,932.48 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $31,067.52 |
| 2/13/2006 | 3784 | Cash Receipt | $0.00 | ($4,225.00) | ($10.63) | $0.00 | $0.00 | $0.00 | $26,831.89 |
| 2/13/2006 | 3832 | Cash Receipt | $0.00 | ($26,523.75) | ($308.14) | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/7/2006 | 92784 | Regular Bill | $0.00 | $36,816.25 | $621.19 | $0.00 | $0.00 | $0.00 | $37,437.44 |
| 3/7/2006 | 92784 | PrePaid Applied | ($18,932.48) | ($18,311.29) | ($621.19) | $0.00 | $0.00 | $0.00 | $18,504.96 |
| 4/6/2006 | 92925 | Regular Bill | $0.00 | $31,220.00 | $452.82 | $0.00 | $0.00 | $0.00 | $50,177.78 |
| 5/2/2006 | 92976 | Regular Bill | $0.00 | $37,397.50 | $800.32 | $0.00 | $0.00 | $0.00 | $88,375.60 |
| 6/5/2006 | 93078 | Regular Bill | $0.00 | $27,687.50 | $145.15 | $0.00 | $0.00 | $0.00 | $116,208.25 |
| 7/5/2006 | 93175 | Regular Bill | $0.00 | $27,707.50 | $334.36 | $0.00 | $0.00 | $0.00 | $144,250.11 |
| 8/2/2006 | 93259 | Regular Bill | $0.00 | $2,450.00 | $142.12 | $0.00 | $0.00 | $0.00 | $146,842.23 |
| 9/7/2006 | 93388 | Regular Bill | $0.00 | $1,276.25 | $2.81 | $0.00 | $0.00 | $0.00 | $148,121.29 |
| 10/4/2006 | 93447 | Regular Bill | $0.00 | $900.00 | $0.00 | $0.00 | $0.00 | $0.00 | $149,021.29 |
| | Report Totals | | $0.00 | $147,143.71 | $1,877.58 | $0.00 | $0.00 | $0.00 | |

End of Client Ledger History printed    Wednesday, September 19, 2007

**Exhibit D**

# LYNN TILLOTSON & PINKER, L.L.P.

ATTORNEYS AND COUNSELORS

750 NORTH ST. PAUL STREET, SUITE 1400
DALLAS, TEXAS 75201
Telephone (214) 981-3800
Telecopy (214) 981-3839

## TELECOPIER TRANSMISSION SHEET

Date:            4/10/2006

To:              Lawrence Robbins                    (202) 775-4510

From:            Jeffrey M. Tillotson, P.C.

Client No.:      01654-505

| TOTAL NUMBER OF PAGES, INCLUDING COVER SHEET: | 5 |

SPECIAL INSTRUCTIONS/MESSAGE:

Please see the attached.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL, INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

**Exhibit E-1**
**Page 1 of 5**

# LYNN TILLOTSON & PINKER, L.L.P.

### ATTORNEYS AND COUNSELORS

Jeffrey M. Tillotson, P.C.
Direct Dial (214) 981-3838
jmt@lynnllp.com

750 NORTH ST. PAUL STREET
SUITE 1400
DALLAS, TEXAS 75201

Telephone: (214) 981-3800
Telecopier: (214) 981-3839

April 10, 2006

ATTORNEY/CLIENT WORK PRODUCT

*Via Facsimile*
Lawrence Robbins
1801 K Street, N.W.
Suite 411
Washington, D.C. 20006

Re:    *United States v. Gary M. Kornman*, No.05-CR-0298P (N.D. Tex.)

Dear Larry:

I have a quick question for you regarding Gary Kornman's criminal case. The Heritage Organization, LLC allowed some clients to pay their fees by executing a promissory note. One of those clients was Carl Berg, a very rich but apparently nasty fellow. Mr. Berg executed a note for over $3 million but has failed to pay it.

The Trustee is considering suing Berg. Mr. Berg claims that Gary told him that he did not need to repay the note if he ever got audited. Of course, Mr. Berg did get audited and therefore claims that he can walk the Note. Privately, Gary strenuously denies this claim but has not told that to the Trustee except through me.[3]

The Trustee has asked Gary to sign the attached affidavit. The purpose of the affidavit is, in the words of Lee Morris (the lawyer for the Trustee), to provide some "protection" for the Trustee so he knows that any lawsuit he might bring would be in good faith. The Trustee says he is going "to put the affidavit in a file" and not use it in litigation.

There are two issues on which I need quick input:

a.    **Can Gary sign this affidavit without risk of waiver of his Fifth Amendment rights?**

(My view: Denying the existence of an oral agreement to modify a promissory note *after* someone has already become a client does not appear to me to implicate any issue in the SEC or criminal cases. Some clients have alleged as defenses that Gary or Heritage acted as their attorney in the particular transaction and,

---

[3]    I have orally told the Trustee's lawyer that Gary denies Mr. Berg's claim.

**Exhibit E-1**
**Page 2 of 5**

Lawrence Robbins
April 10, 2006
Page 2

<div style="border:1px solid;">**ATTORNEY/CLIENT WORK PRODUCT**</div>

obviously, Gary's alleged relationship with the client on those cases could overlap with the SEC/Criminal case. However, the Berg matter is not one of those cases).

b.    Does it make sense for Gary to execute the affidavit with respect to the bankruptcy case?

(I will turn to Gary's primary bankruptcy counsel for advice on this matter).

You can let me know your thoughts via phone or email.

Very truly yours,

Jeffrey M. Tillotson, P.C.

JMT/baw

Enclosure

01654-505/148184

**Exhibit E-1**
**Page 3 of 5**

03-21-2006  16:46  From-MUNSCH HARDT                    +2148557584          T-889  P.003/004  F-243

<u>**AFFIDAVIT OF GARY M. KORNMAN**</u>

STATE OF TEXAS        §
                      §
COUNTY OF DALLAS      §

BEFORE ME, the undersigned notary, on this day personally appeared GARY M. KORNMAN who, after being duly sworn, upon his oath deposed and stated as follows:

1.    "My name is Gary M. Kornman. I am over the age of 21 years and competent and otherwise qualified to make this Affidavit. I have personal knowledge of the matters set forth herein and they are all true and correct to the best of my knowledge.

2.    "In 2000 and 2001, I was the Chief Executive Officer of The Heritage Organization, L.L.C. ('Heritage'). During such time frame, Heritage was in the business of providing certain financial planning strategies to its customers for a fee if implemented by them.

3.    "Among Heritage's customers was Carl E. Berg ('Berg') who, on or about December 19, 2000, entered into an Agreement with Heritage (the 'Agreement'). Pursuant to the Agreement, Heritage disclosed certain financial planning strategies to Berg (the 'Strategies'), who thereafter decided to utilize them. Pursuant to the Agreement, Heritage charged Berg a utilization fee equal to $4,509,362.00 (the 'Utilization Fee').

4.    "In October 2001, Berg paid $1,500,000.00 of the Utilization Fee to Heritage (the 'Initial Payment'). Subsequent thereto, Heritage agreed to accept a promissory note from Berg, dated December 7, 2001, in the original principal amount of $3,009,362.00 (the 'Note'), in relation to the balance of the Utilization Fee.

5.    "I have been informed that Dennis S. Faulkner (the 'Trustee'), the Chapter 11 trustee of Heritage's estate in Heritage's pending bankruptcy case, has made demand on Berg for payment of the Note. I have further been informed that Berg has responded to the Trustee's

---

AFFIDAVIT OF GARY M. KORNMAN – Page 1

03-21-2006   10:46   From-MUNSCH HARDT                +2148557584          T-580   P.004/004   F-243

demand, alleging (a) that prior to Berg's payment of the Initial Payment, Berg allegedly obtained my oral agreement, on behalf of Heritage, that Heritage would not attempt to collect any amount of the unpaid balance of the Utilization Fee if the transactions implemented using the Strategies were challenged by either the Internal Revenue Service or the California Franchise Tax Board on or before October 1, 2004 (the 'Alleged Oral Agreement'), and (b) that prior to Berg's execution of the Note, I allegedly reaffirmed the terms of the above-described Alleged Oral Agreement and allegedly further told Berg that if the Note were revised to include the Alleged Oral Agreement, it would be very adverse to the credibility of the financial plan implemented using the Strategies (the 'Alleged Representation').

6.      "I unequivocally deny that I entered into the Alleged Oral Agreement with Berg. I further unequivocally deny that I made the Alleged Representation to Berg.  I am not aware of any agreements or representations made by Heritage or its personnel that would serve as a defense against collection of the Note."

FURTHER AFFIANT SAYETH NOT.

SIGNED this _____ day of March, 2006.

_____

GARY M. KORNMAN

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this _____ day of March, 2006.

_____

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

| From: | Gary Kornman [GMKornmanLegalPrivileged@YAHOO.com] |
|---|---|
| Sent: | Monday, May 01, 2006 10:24 AM |
| To: | Yao, Alice |
| Subject: | Re: Rule 16 Letter |

Alice, please send all future documents in Word format.
Thanks, Gary


Yao, Alice wrote:
> Please ignore my last email, which includes duplicate attachments.
> Please work from these instead.
> Alice
>
>       -----Original Message-----
>       *From:* Yao, Alice
>       *Sent:* Tuesday, March 14, 2006 2:25 PM
>       *To:* 'Pollack, Barry'; gmkornmanlegalprivileged@yahoo.com;
>       jmt@lynnllp.com
>       *Cc:* Robbins, Larry; Poe, Greg
>       *Subject:* RE: Rule 16 Letter
>
>       All,
>       Please find attached the most recent version of the Rule 16
>       letter, which incorporates Barry's suggestion (with some minor
>       edits), as well as a redline comparison to the version that I
>       circulated yesterday.
>       Alice
>
>           -----Original Message-----
>           *From:* Pollack, Barry [mailto:BPollack@colliershannon.com]
>           *Sent:* Tuesday, March 14, 2006 11:32 AM
>           *To:* gmkornmanlegalprivileged@yahoo.com; Yao, Alice;
>           jmt@lynnllp.com
>           *Cc:* Robbins, Larry; Poe, Greg
>           *Subject:* RE: Rule 16 Letter
>
>           One other concept we may want to address in the Brady letter
>           is materiality. The following is a paragraph I have included
>           in recent letters:
>
>           Further, the Government must identify and provide any
>           _potentially_ exculpatory materials. It cannot evade its
>           responsibility to produce /Brady/ materials by asserting that
>           in the Government's view the materials would not likely impact
>           the result of the proceeding. _United States__ v. Safavian_,
>           233 F.R.D. 12, 16 (D.D.C. 2005)("The only question before (and
>           even during) trial is whether the evidence at issue may be
>           `favorable to the accused'; if so, it must be disclosed
>           without regard to whether the failure to disclose it likely
>           would affect the outcome of the upcoming trial.").
>
>               -----Original Message-----
>               *From:* Yao, Alice [mailto:ayao@robbinsrussell.com]
>               *Sent:* Monday, March 13, 2006 4:53 PM
>               *To:* Pollack, Barry; jmt@lynnllp.com
>               *Cc:* Robbins, Larry; Poe, Greg
>               *Subject:* Rule 16 Letter
>
>               All,
>               Please find attached the most recent version of the Rule
>               16 letter, which incorporates some of Barry's points, as

1

**Exhibit E-2**
**Page 1 of 2**

> well as a few edits that we made here. Also attached is a
> redline comparison to the last version that Larry circulated.
> Alice
> Alice W. Yao
> Robbins, Russell, Englert, Orseck & Untereiner LLP
> 1801 K Street, N.W., Suite 411L
> Washington, D.C. 20006
> Telephone: (202) 775-4492
> Fax: (202) 775-4510
> www.robbinsrussell.com <http://www.robbinsrussell.com/>
> ayao@robbinsrussell.com <mailto:ayao@robbinsrussell.com>
> This communication is for the use of the intended
> recipient only. It contains information that may be
> privileged, confidential, and/or attorney work product. If
> you are not the intended recipient, any use, disclosure,
> or copying of this communication is prohibited. If you
> received this communication in error, please notify the
> sender and permanently delete this communication.
>
> This electronic message transmission contains information
> from the law firm of Collier Shannon Scott, PLLC and is
> intended only for the use of the individual or entity
> to which it is addressed and may contain information
> that is privileged, confidential and exempt from
> disclosure under applicable law. If the reader of
> this message is not the intended recipient, you are
> hereby notified that any dissemination or distribution
> of this communication to other than the intended recipient
> is strictly prohibited. If you have received this
> communication in error, please notify us immediately
> by collect telephone at (202)342-8808 or electronic
> mail (WebGroup@colliershannon.com). Thank you.
> For more information about Collier Shannon Scott,
> PLLC, please visit us at http://www.colliershannon.com/
>

**Exhibit E-2**
**Page 2 of 2**

**From:**        Jeff Tillotson [jmt@lynnllp.com]
**Sent:**        Saturday, May 06, 2006 12:04 AM
**To:**          Robbins, Larry
**Subject:**     Re: Commission motion

Larry

A) I always appreciate your thoughts/input as I think you guys are absolutely first rate and

B) I like the approach

Jeff

PS: whoever thought the SEC would dismiss!
-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Robbins, Larry
To: Yao, Alice; Untereiner, Alan
CC: Jeff Tillotson
Sent: Fri May 05 22:27:19 2006
Subject: Commission motion

Here is how I would approach our opposition to the commission's motion to dismiss without prejudice and to stay discovery (Jeff: I hope gary mentioned to you that he asked us to try our hand at the first draft -- I don't want to duplicate efforts at your shop):

First:  I would briefly remind the court how we got here procedurally:  the commission filed this lawsuit -- we defended -- we sought discovery -- and then the commission, in an effort to assist the criminal prosecutors, sought to block our efforts to secure discovery.  The issues were fully vetted, not once but twice -- since the commission took an appeal from the magistrate's ruling, which judge lindsay summarily rejected.  Now the commission effectively is filing an untimely motion for reconsideration on the eve of the depositions.  And on what basis?  That we are trying to get discovery that might assist our criminal defense -- a point the commission surely made when it tried to block this discovery in the first place.

Second:  the commission wants to have its cake and eat it too.  It wants the right to revive this civil case sometime in the future, yet it also wants to prevent discovery -- which would allow us to preserve the crucial testimony of two key witnesses, one of whom is quite old (mann) and the other of whom (pratt) may be as well (jeff would know).  It should not have both rights.  If the case is dismissed without prejudice, then the deps should go forward to preserve this crucial testimony.  Rule 41(a)(2) evidently allows the court to attach such conditions on dismissal as it wishes.  The condition should be that the deps go forward.  (That is actually the preferable course of action -- the lawsuit is dismissed, but the deps go forward).  Note, in this connection, that the commission's motion, oddly enough, asks only that the deps be stayed until the court decides whether to dismiss the action.  We might point out that the commission does not formally oppose allowing the deps to go forward after the case is dismissed without prejudice.

Third, I wonder if the commission has accurately stated the standard for dismissal without prejudice.  Is there really such a strong presumption that any dismissal will be without prejudice?

Fourth, the commission misstates the prejudice to gary of a dismissal without prejudice. It states that the only harm is that gary won't be able to obtain an illegitimate discovery advantage for his criminal case.  False.  The prejudice is that we may not be able to depose these guys at all because they're not getting any younger.  We are also

1

**Exhibit E-3**
**Page 1 of 2**

prejudiced by having the prospect of a civil lawsuit hanging over our heads for what may be years (criminal trial, appeals, etc.).

Fifth, the commission cynically suggests that it is a waste of resources to let gary defend himself civilly since, if he gets convicted, that judgment will have collateral estoppel effect in the civil case.  But last I checked, defendants can also get acquitted in this country.  We could actually WIN the criminal case.  More generally, the commission filed this case, and they have no basis asking the court to let the prosecutors spare them of the duty to prove the civil charges.  What is more, forcing gary to proceed that way is deeply unfair:  in a criminal case, as the commission notes, we are deprived of many discovery rights.  All the more reason NOT to deny discovery in the civil case on the ground that the criminal case may moot the civil case.

Finally, some smaller points:  can the commission really do what they seek to do in footnote 1 -- that is, if the court says the dismissal is WITH prejudice, then the government withdraws the motion entirely.  Is that approach available under rule 41?  Also:  note that, in the last paragraph before the conclusion, the commission says that we are not prejudiced because we have not even taken depositions yet.  Huh?  Whose friggin' fault is that?

Here's a final question:  suppose the court dismisses the case WITH prejudice.  Could that possible estop the government in the criminal case?  Alice has looked at this issue generally.  My recollection is that a dismissal with prejudice is considered a judgment on the merits for res judicata purposes (we have a brief on this that arnon did in that case we did in delaware chancery court for puccio).  Arguably, there has not been a full litigation -- but there has been some, and the commission is seeking dismissal rather than litigate further.

Very last point:  we should try to avoid a ploy by which the commission seeks to get this all to the fifth circuit in order to stall the deps past the criminal case.

Jeff:  can you get a copy of these thoughts to gary?

Larry
--------------------------
Sent from my BlackBerry Wireless Handheld

**Exhibit E-3**

**Page 2 of 2**

| From: | Jeff Tillotson [jmt@lynnllp.com] |
| Sent: | Tuesday, May 16, 2006 9:50 AM |
| To: | Robbins, Larry |
| Cc: | Untereiner, Alan; Yao, Alice |
| Subject: | Re: SEC Motion |

Larry

Thanks a ton. This format is fine for now. I just wanted to review first before Gary.

I appreciate it very much. I will look at this today.
--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Robbins, Larry
To: Jeff Tillotson
CC: Untereiner, Alan; Yao, Alice
Sent: Tue May 16 08:47:12 2006
Subject: RE: SEC Motion

    Jeff -- as promised, here is our draft of the opposition to the SEC motion.  There
are one or two places where some info is needed.
BTW, I know that Gary likes these documents in word format; but since it's going only to
you at this point, and since I would need to ask someone else to do the conversion (which
will slow things down in getting you the draft), I figured this was ok for now.)  Larry

-----Original Message-----
From: Jeff Tillotson [mailto:jmt@lynnllp.com]
Sent: Tuesday, May 16, 2006 7:12 AM
To: Robbins, Larry
Subject: SEC Motion

Larry --

I forget who at your office was helping with this.

Where are we on it?

Also -- to avoid client problems (I.e. Temper tantrums, etc) -- can the
initial draft be sent only to me?

It is due next week but Gary is hassling me about it so I'd like to get
going on it.

Thanks.
--------------------------
Sent from my BlackBerry Wireless Handheld

1

**Exhibit E-4**
**Page 1 of 1**

| | |
|---|---|
| **From:** | Poe, Greg |
| **Sent:** | Tuesday, June 13, 2006 6:03 PM |
| **To:** | Untereiner, Alan; Yao, Alice |
| **Cc:** | Robbins, Larry |
| **Subject:** | Kornman Status |

I spoke with Jeff Tillotson today. Here's the status on the Kornman issues:

1    I've reviewed Alan's draft Stringer motion and given him comments. I told Jeff that I was very uncomfortable circulating something that does not allege that the USAO engaged in some sort of misconduct. I asked Jeff whether any we have any facts to support an allegation that the USAO has misbehaved in some way or has used the SEC as a stalking horse for discovery. The short answer is no. Jeff agrees generally that we don't have facts to support a Stringer motion of any sort. Jeff said that he's been talking with Kornman extensively about the Stringer issue over the past few days and that Kornman seems to grasp the notion that a Stringer motion is a bad idea. Especially in light of that information, I told Jeff that I didn't think it made sense to circulate a motion that would risk propelling Kornman forward on the issue. Jeff agreed and said "put that motion on the slow boat." Given all of that, I suggested to Alan that we hold off on further Stringer work (like implementing some or all of my changes or putting in some additional case law that Alan suggested concerning standards).

2.    In terms of what's in the RREOU stable, Jeff said that the motion to suppress is the most pressing document we should be concerned about. Alan is tied up at least through tomorrow with the Payless cert. petition but may be able to look at your draft on Thursday, Alice, assuming you're still on target to circulate it internally as we discussed.

3    I explained that Alice has been looking at legal standards on the Michael Kornman motion and may have particular fact-related questions to pose to Jeff before she can draft up a motion. Jeff said he's fine with that. Alice, if you are still on target to do that by the end of the week, that would be great. Please let me know if you're running into any problems.

4.    Jeff said that the motion to dismiss has been reviewed by the client and that Kornman has concerns about moving to dismiss count 3 because he's afraid it will prompt a superseding indictment. Also, Kornman is refusing to file the motion to dismiss until a motion for a bill of particulars has been filed. I asked Jeff whether that had been a Pollack project and Jeff said yes. Jeff said that the motion for a bill of particulars is slated to be filed either this Friday or next Monday. The motion to dismiss "with changes" (whatever those may be) is expected to be filed in mid-July, Jeff said. There is a September motions deadline, Jeff said. Alice, can you please confirm the filing schedule in the criminal case?

5    The Rule 16 letter has not gone out. Jeff said that Kornman took it and turned it into junk. Apparently, it's taken on the character of one of his employment agreements or subpoenas. It now includes a request for photo lineups, for example. It looks like Kornman has been taking things from form books, Jeff said. Anyway, Jeff said that Dan Webb is revising the Rule 16 letter and that Jeff should have it this week in time to send it out on Friday. Webb is still on board, according to Tillotson, but hasn't entered an appearance yet. Tillotson mentioned Webb's scheduling issues so who knows where that may end up.

6    I asked Jeff about the privilege issue (which had been a Pollack project). Jeff said that they are supposed to get back everything from the FBI on Thursday of this week and that Jeff will be going through the documents to figure out whether there is a real claim here worth worrying about. The AUSA (Jeff Ainsley) is aware of the concerns about the privilege issue. According to Tillotson, Ainsley has said that it would be a mistake to get the agent (Christian) off the case because he is the most honest agent Kornman will get, etc. That may be true, apparently.

7    Tillotson said that the holdup in sending things out has been due to the client's position on things and the AUSA's involvement in a long trial that just ended. Jeff said if they sent things to the AUSA during trial, they'd just get back a form letter saying that he was in trial. (That's immaterial to getting stuff out, in my book, but I obviously didn't press it.) Now the prosecutor is going on a two-week vacation, Jeff said, and Jeff told him that he should be expecting a bunch of stuff.

**Exhibit E-5**
**Page 1 of 1**

| | |
|---|---|
| **From:** | Jeff Tillotson [jmt@lynnllp.com] |
| **Sent:** | Tuesday, June 20, 2006 1.59 PM |
| **To:** | Yao, Alice |
| **Cc:** | Poe, Greg; Untereiner, Alan |
| **Subject:** | Re: Update |

Sounds fine but can I get something by Thurs am even if not final?  I won't circulate to
client without your sign off but I just want to see what the ideas/arguments are.

Jeff Tillotson
Lynn Tillotson & Pinker, LLP
750 North St. Paul St.
Suite 1400
Dallas,Texas 75201

214.981.3838 (direct)
214.981.3839 (fax)

email: jmt@lynnllp.com
visit: lynnllp.com
------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Yao, Alice
To: Jeff Tillotson
CC: Poe, Greg; Untereiner, Alan
Sent: Tue Jun 20 12:49:21 2006
Subject: RE: Update

Jeff,

Unfortunately Greg is out sick today, so we will get the draft to you in
the next few days.

Alice

-----Original Message-----
From: Jeff Tillotson [mailto:jmt@lynnllp.com]
Sent: Tuesday, June 20, 2006 12:59 PM
To: Yao, Alice
Subject: Update


Alice -- where are we on the motion to supress?

Jeff Tillotson
Lynn Tillotson & Pinker, LLP
750 North St. Paul St.
Suite 1400
Dallas,Texas 75201

214.981.3838 (direct)
214.981.3839 (fax)

email: jmt@lynnllp.com
visit: lynnllp.com
------------------------
Sent from my BlackBerry Wireless Handheld

1

**Exhibit E-6**
**Page 1 of 1**

| | |
|---|---|
| **From:** | Jeff Tillotson [jmt@lynnllp.com] |
| **Sent:** | Thursday, June 22, 2006 10:13 PM |
| **To:** | Poe, Greg |
| **Cc:** | Robbins, Larry; Untereiner, Alan; Yao, Alice |
| **Subject:** | Re: Draft Suppression Motion |

I appreciate it very much.
-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Poe, Greg
To: Jeff Tillotson
CC: Robbins, Larry; Untereiner, Alan; Yao, Alice
Sent: Thu Jun 22 21:11:56 2006
Subject: Draft Suppression Motion


Jeff --

Attached is a draft of the suppression motion.  As you'll see, it's for your eyes at this
point.  Larry hasn't had a chance to review this yet.  I've restructured Alice's draft in
a way that I think makes logical sense, but after some decisions are made about the
relative strength of the arguments, we should revisit the issue of structure.  As you'll
see from my notes in the text, I'm skeptical about the fiduciary duty argument.  The
staleness argument, in my view, probably will go nowhere, but I'm not saying at this point
that we shouldn't make it.  The Fifth Amendment invocation argument is going to need more
work.  The Franks argument needs to be honed.  Other notes (on the
overbreadth/particularity points and especially on the computer search issue) are in the
text.  The document is now too long but cutting text will be very easy once we firm up the
approach some more.

The attached pdf copy doesn't include italics, for some reason.  The Word version has bad
formatting due to the conversion.  The draft was created using WordPerfect so you should
open up that document if possible.  By the time Gary looks at a draft, we can have a good
copy of a Word document.

Let's talk about this when you have a chance.  I'm not sure what Larry's schedule is but I
expect he'll want to get into this at his first reasonable opportunity.


Greg


Gregory L. Poe
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Telephone:  (202) 775-4490
Fax:  (202) 775-4510
www.robbinsrussell.com <http://www.robbinsrussell.com/> gpoe@robbinsrussell.com
<mailto:gpoe@robbinsrussell.com>


NOTICE:

This communication is intended solely for the use of the addressee.  It may contain
information that is privileged, confidential, exempt from disclosure under applicable law,
and/or attorney work product.  If the reader of this communication is not the intended
recipient or the employee or agent responsible for delivering it to the intended
recipient, you are hereby notified that any dissemination or copying of this communication
is strictly prohibited.  If you have received this communication in error, please notify

1

**Exhibit E-7**

**Page 1 of 2**

us immediately by reply e-mail and by telephone (at 202.775.4500) and immediately delete
this communication (including any attachments).

**Exhibit E-7**
**Page 2 of 2**

**From:**   Yao, Alice

**Sent:**   Tuesday, October 03, 2006 11:51 AM

**To:**     Robbins, Larry; Poe, Greg

**Subject:** Kornman Update

I just got a call from Gary Kornman.  He asked if we had a copy of the search warrant that was executed on his house.  I don't have a copy, nor could I find one on the system.  I told him that I had emailed Beverly (Jeff's assistant) in late June to get a copy of the warrant, but that she told me that no one had a copy of it.

Alice

Alice W. Yao
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Telephone:  (202) 775-4492
Fax: (202) 775-4510
www.robbinsrussell.com
ayao@robbinsrussell.com

| | |
|---|---|
| **From:** | Fowler, Beth |
| **Sent:** | Wednesday, September 27, 2006 4:56 PM |
| **To:** | 'Jeff Tillotson (jmt@lynnllp.com)' |
| **Cc:** | Robbins, Larry |
| **Subject:** | Invoices for Gary Kornman |
| **Contacts:** | Jeffrey M. Tillotson |
| **Attachments:** | Kornman Invoices.pdf |

Jeff:

    Attached is a PDF file which contains all unpaid invoices for services through August, 2006 for Gary Kornman, along with the invoices from December, 2005 and January, 2006 which were paid when we received the check for $50,000 from Gary on February 13 of this year.  The balance of the $50,000 was applied to our invoice for February, 2006, and we have received no payments since.  The total now outstanding is $148,121.29.   We would appreciate whatever you can do to see that these invoices are paid promptly.  In accordance with the engagement letter, the invoices show that we continue to hold $10,000 in reserve to be applied against the final invoice.

    Please let Larry Robbins or me know if you have any questions or need anything further.

Thank you,

*Beth L. Fowler*
Administrator
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W.
Suite 411L
Washington, DC  20006
(202) 775-4511 phone
(202) 775-4510 fax
bfowler@robbinsrussell.com

**Robbins, Russell, Englert, Orseck & Untereiner LLP**
**1801 K Street N.W., Suite 411**
**Washington, DC  20006**
**EIN 52-2312249**

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

January 04, 2006
Our Matter No.  1104.0401
Invoice No.                              3784

For legal services rendered through        December 31, 2005

In Reference To:  SEC v. Gary M. Kornman

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/14/2005 | AWY | Confer with G. Kornman re collateral estoppel effect in criminal case of denial of motion to dismiss in civil case; confer with L. Robbins re same; research re same. | 1.25 300.00/hr | 375.00 |
| 12/15/2005 | GLP | Office conferences with A. Yao; review cases and authorities; edit document. | 2.25 450.00/hr | 1,012.50 |
| | LSR | Confer with client and co-counsel on possible challenges to indictment. | 1.00 550.00/hr | 550.00 |
| | AWY | Research re collateral estoppel effect in criminal case of denial of motion to dismiss in civil case; confer with L. Robbins, G. Poe re same; communicate with J. Tillotson re same. | 7.25 300.00/hr | 2,175.00 |
| 12/16/2005 | GLP | Office conference; review emails. | 0.25 450.00/hr | 112.50 |

|  | | Hrs/Rate | Amount |
|---|---|---|---|
| For professional services rendered | | 12.00 | $4,225.00 |
| Additional Charges : | | | |
| Local Transportation | | | 10.00 |
| Long Distance Telephone | | | 0.63 |
| Total costs | | | $10.63 |

Gary M. Kornman                                                                 Page     2

|  | Amount |
|---|---|
| Total amount of this bill | $4,235.63 |
| Previous balance | $1,889.95 |
| 11/23/2005 Payment - thank you. Check No. 574 | ($1,889.95) |
| Total payments and adjustments | ($1,889.95) |
| Balance due | $4,235.63 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Gregory L. Poe | 2.50 | 450.00 |
| Lawrence S. Robbins | 1.00 | 550.00 |
| Alice W. Yao | 8.50 | 300.00 |

| | Amount |
|---|---|
| Previous balance of Funds held in reserve | $10,000.00 |
| New balance of Funds held in reserve | $10,000.00 |

**Robbins, Russell, Englert, Orseck & Untereiner LLP**
**1801 K Street N.W., Suite 411**
**Washington, DC  20006**
**EIN 52-2312249**

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX 75205

February 02, 2006
Our Matter No.  1104.0401
Invoice No.                              3832

For legal services rendered through          January 31, 2006

In Reference To:  SEC v. Gary M. Kornman

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/2/2006 | GLP | Draft and review emails. | 0.25<br>450.00/hr | 112.50 |
| | LSR | Review magistrate order. | 0.25<br>550.00/hr | 137.50 |
| 1/4/2006 | RTE | Consultation with Larry Robbins re law of the case and related doctrines and tactical questions. | 0.25<br>495.00/hr | 123.75 |
| | GLP | Office conference with LSR; draft and review emails; review documents. | 0.50<br>450.00/hr | 225.00 |
| | LSR | Review indictment and court order. | 1.75<br>550.00/hr | 962.50 |
| 1/6/2006 | GLP | Review indictment, opinion, pleadings; office conference with LSR; teleconference with LSR and J. Tillotson; review research regarding legal issues. | 2.75<br>450.00/hr | 1,237.50 |
| 1/15/2006 | GLP | Review emails regarding issues in criminal case. | 0.25<br>450.00/hr | 112.50 |
| 1/16/2006 | GLP | Draft and review emails. | 0.25<br>450.00/hr | 112.50 |
| 1/19/2006 | GLP | Draft and review emails. | 0.25<br>450.00/hr | 112.50 |

**Exhibit F**
**Page 4 of 28**

Gary M. Kornman                                                                              Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/20/2006 | GLP | Meeting with client; review pleadings, order, and other documents: office conferences; call to other counsel; review cases. | 6.00 450.00/hr | 2,700.00 |
|  | LSR | Confer with client and co-counsel. | 3.25 550.00/hr | 1,787.50 |
|  | AWY | Confer with G. Kornman, L. Robbins, G. Poe re issues in both SEC and criminal cases; confer with L. Robbins, G. Poe, D. Walfish re same. | 5.75 300.00/hr | 1,725.00 |
|  | KSZ | Confer with co-counsel, client re: answer. | 0.50 375.00/hr | 187.50 |
| 1/21/2006 | GLP | Draft and review emails. | 0.25 450.00/hr | 112.50 |
|  | AWY | Draft email to G. Poe re issues raised in January 20, 2006 meeting with G. Kornman; review G. Kornman documents. | 0.50 300.00/hr | 150.00 |
| 1/22/2006 | GLP | Draft and review emails; review outstanding issues. | 0.50 450.00/hr | 225.00 |
| 1/23/2006 | GLP | Draft and review emails. | 0.75 450.00/hr | 337.50 |
|  | LSR | Review file materials; plan motion practice. | 2.75 550.00/hr | 1,512.50 |
|  | AWY | Review emails; confer with L. Robbins, G. Poe re January 24, 2006 meeting with G. Kornman. | 0.25 300.00/hr | 75.00 |
| 1/24/2006 | GLP | Office conferences; review privilege issues. | 0.75 450.00/hr | 337.50 |
|  | LSR | Confer with client and co-counsel; review case law and complaint. | 3.50 550.00/hr | 1,925.00 |
|  | AWY | Meet with L. Robbins, G. Kornman re SEC and criminal proceedings; research re whether waiver of Fifth Amendment privilege against self-incrimination in one proceeding constitutes waiver in separate proceeding based on the same facts where one proceeding is civil and the other criminal; communicate with L. Robbins, G. Poe re same. | 7.75 300.00/hr | 2,325.00 |
| 1/25/2006 | GLP | Review complaint; review pleadings; prepare for meeting; review issues regarding answer; met with client; teleconference with other counsel; review documents and authorities. | 4.00 450.00/hr | 1,800.00 |
|  | LSR | Confer with client and co-counsel. | 2.50 550.00/hr | 1,375.00 |
|  | AWY | Confer with L. Robbins re research re collateral estoppel effect of summary judgment in SEC proceeding on criminal proceeding. | 0.25 300.00/hr | 75.00 |

**Exhibit F**

**Page 5 of 28**

Gary M. Kornman                                                                    Page    3

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/26/2006 | GLP | Review pleading. | 0.25<br>450.00/hr | 112.50 |
| 1/29/2006 | GLP | Draft answer, review documents, re: same; draft and review emails. | 2.50<br>450.00/hr | 1,125.00 |
| 1/30/2006 | GLP | Review emails re: collateral estoppel and res judicata issues; draft emails; telephone call from other counsel. | 0.50<br>450.00/hr | 225.00 |
|  | LSR | Confer with client; review estoppel law. | 1.50<br>550.00/hr | 825.00 |
|  | AWY | Confer with L. Robbins, G. Kornman re research re collateral estoppel effect of order granting summary judgment in SEC proceeding on criminal case; research re same; communicate with L. Robbins, G. Poe re same. | 7.75<br>300.00/hr | 2,325.00 |
| 1/31/2006 | GLP | Revise complaint; office conference; call to other counsel; review documents. | 1.00<br>450.00/hr | 450.00 |
|  | LSR | Draft answer. | 1.00<br>550.00/hr | 550.00 |
|  | AWY | Review Fifth Circuit cases citing *Ashe* v. *Swenson*, 397 U.S. 436 (1970); communicate with L. Robbins re same. | 3.75<br>300.00/hr | 1,125.00 |

For professional services rendered                             64.00      $26,523.75

Additional Charges :

Computer Research Charges                                                126.84

Copying costs at $.15/page                                              180.60

Long Distance Telephone                                                    0.70

Total costs                                                            $308.14

Total amount of this bill                                          $26,831.89

Previous balance                                                    $4,235.63

Balance due                                                        $31,067.52

Gary M. Kornman                                                                    Page    4

## Timekeeper Summary

| Name | Hours | Rate |
|------|------:|-----:|
| Gregory L. Poe | 20.75 | 450.00 |
| Kathryn Schaefer Zecca | 0.50 | 375.00 |
| Lawrence S. Robbins | 16.50 | 550.00 |
| Roy T. Englert, Jr. | 0.25 | 495.00 |
| Alice W. Yao | 26.00 | 300.00 |

| | Amount |
|---|---:|
| Previous balance of Funds held in reserve | $10,000.00 |
| New balance of Funds held in reserve | $10,000.00 |

**Exhibit F**
**Page 7 of 28**

# Robbins, Russell, Englert, Orseck & Untereiner LLP

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

March 7, 2006

| | |
|---|---|
| Invoice number: | 92784 |
| Billed through: | February 28, 2006 |
| Our Matter No. | 1104-0401 |

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

In reference to:     SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|------|----------|---|------|------|------------|
| 02/01/06 | LSR | Review witness transcripts; confer with client and co-counsel. | 6.00 hours | $550.00 | $3,300.00 |
| 02/01/06 | GLP | Draft and review emails; review pleadings; teleconference with other counsel. | 0.50 hours | $450.00 | $225.00 |
| 02/01/06 | AWY | Research re Fifth Circuit cases citing Ashe v. Swenson, 397 U.S. 436 (1970); communicate with L. Robbins re same; meet with L. Robbins, G. Poe re possibility of Franks hearing; communicate with T. Puccio re Kornman documents. | 1.00 hours | $285.00 | $285.00 |
| 02/02/06 | GLP | Office conference; teleconference with client; review documents re: answer and related issues. | 0.75 hours | $450.00 | $337.50 |
| 02/03/06 | LSR | Confer with client and co-counsel; associated travel. | 8.00 hours | $550.00 | $4,400.00 |
| 02/03/06 | GLP | Travel to and from NYC; meet with client; conference with L. Robbins; review pleadings. | 12.25 hours | $450.00 | $5,512.50 |
| 02/03/06 | AWY | Research re whether answering SEC complaint would constitute waiver of Fifth Amendment privilege against self-incrimination later in the same proceeding; communicate with L. Robbins, G. Poe re same. | 3.50 hours | $285.00 | $997.50 |
| 02/06/06 | GLP | Teleconference; draft and review emails. | 0.75 hours | $450.00 | $337.50 |
| 02/09/06 | AWY | Review emails; review draft answer. | 0.25 hours | $285.00 | $71.25 |
| 02/12/06 | LSR | Confer with client and co-counsel | 1.50 hours | $550.00 | $825.00 |
| 02/12/06 | GLP | Draft and review emails. | 0.25 hours | $450.00 | $112.50 |
| 02/13/06 | LSR | Confer with co-counsel; review proposed filings. | 1.50 hours | $550.00 | $825.00 |

1104        Gary Kornman                                    Invoice # 92784        Page    2

| 02/13/06 | GLP | Office conference with L. Robbins and A. Yao; conference call with B. Pollack; review draft pleadings and related documents; draft and review emails. | 2.00 hours | $450.00 | $900.00 |
|----------|-----|---|---|---|---|
| 02/13/06 | AWY | Meet with L. Robbins, G. Poe re case status; review motions for bills of particular; re view letter from J. Ansley; review emails. | 2.50 hours | $285.00 | $712.50 |
| 02/13/06 | DIW | Conference with A. Yao re discovery materials to be indexed and begin indexing same | 0.50 hours | $175.00 | $87.50 |
| 02/14/06 | LSR | Review pretrial filings. | 0.50 hours | $550.00 | $275.00 |
| 02/14/06 | GLP | Review and revise draft answer; draft and review emails; office conference with A. Yao; calls to J. Tillotson and B. Pollack. | 1.25 hours | $450.00 | $562.50 |
| 02/14/06 | AWY | Draft Rule 16 discovery letter; prepare answer for filing; confer with G. Kornman, J. Tillotson, L. Robbins, G. Poe re same; confer with L. Robbins, G. Poe, D. Sarti re cataloguing Kornman documents; review Kornman documents. | 6.00 hours | $285.00 | $1,710.00 |
| 02/14/06 | DIW | Continue indexing discovery | 2.25 hours | $175.00 | $393.75 |
| 02/15/06 | LSR | Confer with client. | 0.25 hours | $550.00 | $137.50 |
| 02/15/06 | GLP | Draft and review emails; review answer. | 0.50 hours | $450.00 | $225.00 |
| 02/15/06 | AWY | Review emails. | 0.25 hours | $285.00 | $71.25 |
| 02/15/06 | DIW | Continue indexing discovery; legal research for A. Yao & A. Strasser to locate summary of state wiretapping laws; examine contents of electronic data from Mr. Kornman received 1/20 & 1/24 and begin indexing same | 5.75 hours | $175.00 | $1,006.25 |
| 02/16/06 | GLP | Draft and review emails. | 0.25 hours | $450.00 | $112.50 |
| 02/17/06 | LSR | Review Mann transcript; confer with client. | 2.50 hours | $550.00 | $1,375.00 |
| 02/17/06 | GLP | Draft and review email; review new case law. | 1.25 hours | $450.00 | $562.50 |
| 02/17/06 | AWY | Review emails. | 0.25 hours | $285.00 | $71.25 |
| 02/21/06 | LSR | Review recent case law on duty. | 1.50 hours | $550.00 | $825.00 |
| 02/21/06 | GLP | Draft and review emails re: scheduling issues; review pleading. | 0.50 hours | $450.00 | $225.00 |
| 02/21/06 | AWY | Review emails; review United States v. O'Hagan, 521 U.S. 642 (1997), SEC v. Talbot, No. CV 04-04556 (N.D. Cal.). | 1.00 hours | $285.00 | $285.00 |
| 02/21/06 | DIW | Continue indexing documents on disk from client | 1.50 hours | $175.00 | $262.50 |

1104     Gary Kornman                                    Invoice # 92784        Page    3

| Date | Init | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/22/06 | GLP | Review materials re: misappropriation theory issues; draft and review emails re: same. | 0.50 hours | $450.00 | $225.00 |
| 02/22/06 | AWY | Review misappropriation theory cases; review emails; confer with L. Robbins re Rule 16 letter. | 1.25 hours | $285.00 | $356.25 |
| 02/22/06 | DIW | Index exhibits to depositions of Chernoff, Ellwein, Grant and Gregg from documents provided by client on disk | 1.75 hours | $175.00 | $306.25 |
| 02/23/06 | LSR | Confer with co-counsel. | 0.50 hours | $550.00 | $275.00 |
| 02/23/06 | GLP | Teleconference; office conference; review cases and documents. | 1.25 hours | $450.00 | $562.50 |
| 02/23/06 | AWY | Confer with D. Sarti, R. Thomas re cataloguing documents and creating pleading indices. | 0.25 hours | $285.00 | $71.25 |
| 02/23/06 | DIW | Index balance of deposition exhibits and additional documents on disk from client | 5.25 hours | $175.00 | $918.75 |
| 02/24/06 | LSR | Meeting with co-counsel. | 2.50 hours | $550.00 | $1,375.00 |
| 02/24/06 | GLP | Conference call with B. Pollack, J. Tillotson, L. Robbins; conference with B. Pollack; review notes and case status. | 3.00 hours | $450.00 | $1,350.00 |
| 02/24/06 | AWY | Review search warrant and affidavit, transcript of call between G. Kornman, T. McCole, and J. Reding, Mann and Pratt declarations, draft of Rule 16 letter; participate in conference call with J. Tillotson, B. Pollack, L. Robbins, G. Poe re case status. | 3.75 hours | $285.00 | $1,068.75 |
| 02/24/06 | DIW | Complete index of documents on disk from client; index documents labeled "Heritage Client Agreements" | 3.00 hours | $175.00 | $525.00 |
| 02/27/06 | AWY | Confer with D. Sarti, R. Thomas re Kornman documents; review emails. | 0.25 hours | $285.00 | $71.25 |
| 02/27/06 | DIW | Cull discovery documents for duplicates and complete index of existing paper documents | 4.25 hours | $175.00 | $743.75 |
| 02/28/06 | AWY | Draft Rule 16 letter; confer with L. Robbins, G. Poe re same. | 4.50 hours | $285.00 | $1,282.50 |
| 02/28/06 | DIW | Complete index of all discovery documents received so far; complete cull and organization of duplicates; preparation of e-mail to A. Yao re same | 3.75 hours | $175.00 | $656.25 |

                                                        TOTAL        $36,816.25

<u>DISBURSEMENTS</u>
In-house copying charges                                                $39.90
Computer Research Charges                                                $54.03

**Exhibit F**

**Page 10 of 28**

| 1104 | Gary Kornman | | | Invoice # 92784 | Page | 4 |

Travel - Out of Town                                                $527.26

<div align="right">TOTAL    $621.19</div>

### TIMEKEEPER SUMMARY

| | | Hours | Rate | Total |
|---|---|---|---|---|
| AWY | Yao, Alice W. | 24.75 | $285.00 | $7,053.75 |
| DIW | Sarti, Dana I. Wesley | 28.00 | $175.00 | $4,900.00 |
| GLP | Poe, Gregory L. | 25.00 | $450.00 | $11,250.00 |
| LSR | Robbins, Lawrence S. | 24.75 | $550.00 | $13,612.50 |
| | TOTAL | 102.50 | | $36,816.25 |

| | |
|---|---|
| Total Fees | $36,816.25 |
| Total Disbursements | $621.19 |
| Total this Bill | $37,437.44 |
| Previous Balance | $31,067.52 |
| 02/13/06    Payment - thank you.  Check No.    203 | $4,235.63 |
| 02/13/06    Payment - thank you.  Check No.    203 | $26,831.89 |
| Less retainer/prepayments applied | $18,932.48 |
| TOTAL DUE | $18,504.96 |
| Previous balance of retainer/overpayment to be applied | $18,932.48 |
| Less funds applied | $18,932.48 |
| New balance of retainer to be applied | $0.00 |
| Previous balance of funds held in reserve | $10,000.00 |

**Exhibit F**

**Page 11 of 28**

## Robbins, Russell, Englert, Orseck & Untereiner LLP

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

---

April 6, 2006

|  |  |
|---|---|
| | Invoice number:  92925 |
| Gary M. Kornman | Billed through:  March 31, 2006 |
| 3640 Haynie Avenue | Our Matter No.  1104-0401 |
| Dallas, TX  75205 | |

In reference to:    SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|---|---|---|---|---|---|
| 02/28/06 | DIW | Review e-mailed documents for new items; conference with A. Yao re number of copies to retain/prepare | 1.25 hours | $175.00 | $218.75 |
| 03/01/06 | LSR | Email on motion to suppress; Rule 16 letter. | 1.25 hours | $550.00 | $687.50 |
| 03/01/06 | AWY | Draft Rule 16 letter; confer with K. Zecca re same; review emails. | 4.25 hours | $285.00 | $1,211.25 |
| 03/02/06 | LSR | Rule 16 letter; email to co-counsel. | 0.50 hours | $550.00 | $275.00 |
| 03/02/06 | GLP | Review documents; draft and review emails; review subpoenas; revise letter. | 1.25 hours | $450.00 | $562.50 |
| 03/02/06 | AWY | Review Rule 16 letter; confer with L. Robbins, G. Poe re same. | 1.25 hours | $285.00 | $356.25 |
| 03/03/06 | AWY | Review index of Kornman documents; confer with D. Sarti re same. | 1.00 hours | $285.00 | $285.00 |
| 03/06/06 | GLP | Draft and review emails; teleconference regarding discovery issue; review revised pleading. | 0.50 hours | $450.00 | $225.00 |
| 03/07/06 | AWY | Review emails. | 0.25 hours | $285.00 | $71.25 |
| 03/08/06 | LSR | Edit and circulate Rule 16 letter. | 1.25 hours | $550.00 | $687.50 |
| 03/08/06 | GLP | Draft and review emails; office conference with Alice Yao; review discovery letter. | 0.50 hours | $450.00 | $225.00 |
| 03/08/06 | AWY | Revise and edit Rule 16 letter; confer with L. Robbins, G. Poe re same. | 1.25 hours | $285.00 | $356.25 |
| 03/09/06 | GLP | Review emails. | 0.25 hours | $450.00 | $112.50 |
| 03/10/06 | GLP | Review e-mails. | 0.25 hours | $450.00 | $112.50 |
| 03/10/06 | AWY | Review emails; research re motion to dismiss indictment. | 4.00 hours | $285.00 | $1,140.00 |
| 03/13/06 | AWY | Revise and edit Rule 16 letter; confer with L. Robbins, G. Poe re same; research re motion to dismiss indictment. | 4.25 hours | $285.00 | $1,211.25 |

**Exhibit F**
**Page 12 of 28**

1104        Gary Kornman                                          Invoice # 92925        Page      2

| Date | Atty | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 03/14/06 | GLP | Review discovery letter; draft and review e-mails regarding same. | 0.50 hours | $450.00 | $225.00 |
| 03/14/06 | AWY | Research re false statement count of indictment; revise and edit Rule 16 letter; confer with L. Robbins, G. Poe re same. | 4.75 hours | $285.00 | $1,353.75 |
| 03/16/06 | DIW | Inventory contents of additional CD's of documents and data; conference with A. Yao re what to put in discovery index and MiniMed binders | 0.75 hours | $175.00 | $131.25 |
| 03/17/06 | DIW | Index documents produced to SEC from CD | 0.50 hours | $175.00 | $87.50 |
| 03/18/06 | AWY | Research re false statement count of indictment; confer with L. Robbins re same. | 2.00 hours | $285.00 | $570.00 |
| 03/21/06 | AWY | Research re false statement count of indictment. | 2.00 hours | $285.00 | $570.00 |
| 03/22/06 | AWY | Research re false statement count of indictment. | 5.25 hours | $285.00 | $1,496.25 |
| 03/23/06 | AWY | Research re false statement count of Indictment; draft motion to dismiss indictment; confer with D. Sarti re Childs deposition transcript; review same. | 6.50 hours | $285.00 | $1,852.50 |
| 03/24/06 | AWY | Draft motion to dismiss indictment. | 5.50 hours | $285.00 | $1,567.50 |
| 03/25/06 | AWY | Draft motion to dismiss indictment. | 3.75 hours | $285.00 | $1,068.75 |
| 03/26/06 | AWY | Research re misappropriation theory of insider trading. | 0.25 hours | $285.00 | $71.25 |
| 03/27/06 | LSR | Confer regarding motion to dismiss; review new CA2 decision. | 1.00 hours | $550.00 | $550.00 |
| 03/27/06 | AWY | Draft motion to dismiss indictment; research re misappropriation theory of insider trading | 6.00 hours | $285.00 | $1,710.00 |
| 03/28/06 | LSR | Confer with co-counsel regarding status of projects. | 0.75 hours | $550.00 | $412.50 |
| 03/28/06 | GLP | Teleconference with J. Tillotson; review case law concerning search issue; draft and review emails. | 1.25 hours | $450.00 | $562.50 |
| 03/28/06 | AWY | Draft motion to dismiss indictment; participate in conference call with J. Tillotson, L. Robbins, G. Poe re case status. | 6.50 hours | $285.00 | $1,852.50 |
| 03/29/06 | AWY | Draft motion to dismiss indictment; confer with L. Robbins re same. | 6.75 hours | $285.00 | $1,923.75 |
| 03/29/06 | DIW | Index additional discovery on CD with bates number series "H" and "Heritage" | 2.75 hours | $175.00 | $481.25 |
| 03/30/06 | AWY | Draft motion to dismiss indictment; confer with L. Robbins re same. | 7.25 hours | $285.00 | $2,066.25 |

**Exhibit F**

**Page 13 of 28**

1104     Gary Kornman                                    Invoice # 92925          Page     3

| 03/30/06 | DIW | Continue index of bates nos. "H" & "Heritage" on CD. | 3.50 hours | $175.00 | $612.50 |
|---|---|---|---|---|---|
| 03/31/06 | LSR | Edit motion to dismiss indictment. | 5.00 hours | $550.00 | $2,750.00 |
| 03/31/06 | AWY | Confer with L. Robbins re motion to dismiss indictment; revise and edit same. | 5.50 hours | $285.00 | $1,567.50 |
| | | | TOTAL | | $31,220.00 |

<u>DISBURSEMENTS</u>

| In-house copying charges | $204.00 |
|---|---|
| Long Distance Telephone | $2.06 |
| Computer Research Charges | $220.40 |
| Local Transportation | $20.00 |
| Meals | $6.36 |
| TOTAL | $452.82 |

<u>TIMEKEEPER SUMMARY</u>

| | | <u>Hours</u> | <u>Rate</u> | <u>Total</u> |
|---|---|---|---|---|
| AWY | Yao, Alice W. | 78.25 | $285.00 | $22,301.25 |
| DIW | Sarti, Dana I. Wesley | 8.75 | $175.00 | $1,531.25 |
| GLP | Poe, Gregory L. | 4.50 | $450.00 | $2,025.00 |
| LSR | Robbins, Lawrence S. | 9.75 | $550.00 | $5,362.50 |
| | TOTAL | 101.25 | | $31,220.00 |

| Total Fees | $31,220.00 |
|---|---|
| Total Disbursements | $452.82 |
| Total this Bill | $31,672.82 |
| Previous Balance | $18,504.96 |
| TOTAL DUE | $50,177.78 |

Previous balance of funds held in reserve                          $10,000.00

**Exhibit F**
**Page 14 of 28**

# Robbins, Russell, Englert, Orseck & Untereiner LLP

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

May 2, 2006

| | |
|---|---|
| | Invoice number:     92976 |
| Gary M. Kornman | Billed through:     April 30, 2006 |
| 3640 Haynie Avenue | Our Matter No.     1104-0401 |
| Dallas, TX  75205 | |

In reference to:     SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|---|---|---|---|---|---|
| 04/02/06 | AWY | Revise and edit motion to dismiss indictment. | 6.75hours | $285.00 | $1,923.75 |
| 04/03/06 | LSR | Edit motion to dismiss. | 2.50hours | $550.00 | $1,375.00 |
| 04/03/06 | GLP | Draft and review emails; review pleadings in SEC case. | 0.50hours | $450.00 | $225.00 |
| 04/03/06 | AWY | Revise and edit motion to dismiss indictment; confer with L. Robbins re same; communicate with J. Tillotson, L. Robbins, G. Poe re SEC discovery and motion to dismiss indictment. | 4.00hours | $285.00 | $1,140.00 |
| 04/04/06 | AWY | Research re motion to suppress. | 3.75hours | $285.00 | $1,068.75 |
| 04/05/06 | GLP | Review emails; teleconference with A. Yao; review case summary. | 0.25hours | $450.00 | $112.50 |
| 04/05/06 | AWY | Research re Franks v. Delaware, 438 U.S. 154 (1978). | 4.25hours | $285.00 | $1,211.25 |
| 04/05/06 | DIW | Complete index of bates nos. "Heritage" on CD | 3.00hours | $175.00 | $525.00 |
| 04/06/06 | LSR | Edit motion to dismiss. | 4.50hours | $550.00 | $2,475.00 |
| 04/06/06 | GLP | Review and revise motion; office conferences re: same. | 2.00hours | $450.00 | $900.00 |
| 04/06/06 | AWY | Revise and edit motion to dismiss indictment; confer with L. Robbins, G. Poe re same; confer with L. Robbins, D. Sarti re pro hac vice motions for United States v. Kornman; research re Franks v. Delaware, 438 U.S. 154 (1978) | 6.50hours | $285.00 | $1,852.50 |
| 04/09/06 | GLP | Draft and review emails. | 0.25hours | $450.00 | $112.50 |
| 04/10/06 | LSR | Confer regarding Berg matter. | 0.50hours | $550.00 | $275.00 |
| 04/10/06 | GLP | Review correspondence; review draft affidavit; draft and review emails. | 0.75hours | $450.00 | $337.50 |

**Exhibit F**

**Page 15 of 28**

1104      Gary Kornman                                                    Invoice # 92976        Page      2

| 04/10/06 | AWY | Draft motion to suppress; communicate with J. Tillotson, L. Robbins re Rule 16 letter, motion to dismiss indictment; review fax from J. Tillotson re G. Kornman affidavit. | 4.75 hours | $285.00 | $1,353.75 |
|---|---|---|---|---|---|
| 04/11/06 | LSR | Review co-counsel memo on new tapes; confer with co-counsel. | 0.50 hours | $550.00 | $275.00 |
| 04/11/06 | AWY | Draft motion to suppress; review emails. | 5.25 hours | $285.00 | $1,496.25 |
| 04/12/06 | LSR | Conference call with co-counsel; edit motion to dismiss. | 0.75 hours | $550.00 | $412.50 |
| 04/12/06 | AWY | Revise and edit motion to dismiss indictment; confer with L. Robbins re same; communicate with J. Tillotson, L. Robbins, G. Poe re same; participate in telephone conference with J. Tillotson, L. Robbins re case status; draft motion to suppress. | 7.00 hours | $285.00 | $1,995.00 |
| 04/13/06 | AWY | Research re particularity challenges to search warrants; draft motion to suppress. | 7.75 hours | $285.00 | $2,208.75 |
| 04/14/06 | AWY | Research re Griffin v. California, 380 U.S. 609 (1965), required computer protocol for conducting search. | 6.50 hours | $285.00 | $1,852.50 |
| 04/15/06 | AWY | Research re required computer protocol for conducting search. | 2.50 hours | $285.00 | $712.50 |
| 04/16/06 | AWY | Research re required computer protocol for conducting search. | 2.75 hours | $285.00 | $783.75 |
| 04/17/06 | AWY | Draft motion to suppress; confer with L. Robbins re same; communicate with J. Tillotson re search inventory; communicate with E. Boyd re subpoenas. | 7.00 hours | $285.00 | $1,995.00 |
| 04/18/06 | GLP | Office conference; review emails. | 0.25 hours | $450.00 | $112.50 |
| 04/18/06 | AWY | Draft motion to suppress; review emails. | 7.75 hours | $285.00 | $2,208.75 |
| 04/19/06 | AWY | Research re Griffin v. California, 380 U.S. 609 (1965) and particularity of search; draft motion to suppress. | 5.75 hours | $285.00 | $1,638.75 |
| 04/19/06 | DIW | Prepare ECF registration forms for G. Poe and A. Yao; submit same to clerk of the court. | 0.50 hours | $175.00 | $87.50 |
| 04/20/06 | AWY | Research re Griffin v. California, 380 U.S. 609 (1965); draft motion to suppress; confer with G. Poe re case status. | 5.00 hours | $285.00 | $1,425.00 |
| 04/20/06 | DIW | Review Standing Order on ECF Designation of case 3:05cr298; prepare ECF registration form for L. Robbins. | 0.25 hours | $175.00 | $43.75 |
| 04/21/06 | AWY | Research re United States v. Leon, 468 U.S 897 (1984). | 5.00 hours | $285.00 | $1,425.00 |
| 04/24/06 | LSR | Confer with co-counsel. | 0.50 hours | $550.00 | $275.00 |
| 04/24/06 | AWY | Draft motion to suppress. | 2.25 hours | $285.00 | $641.25 |

**Exhibit F**
**Page 16 of 28**

1104     Gary Kornman                                    Invoice # 92976          Page     3

| 04/25/06 | AWY | Draft motion to suppress; confer with L. Robbins re same. | 2.25 hours | $285.00 | $641.25 |
| 04/26/06 | AWY | Draft motion to suppress; revise and edit same. | 5.00 hours | $285.00 | $1,425.00 |
| 04/27/06 | AWY | Revise and edit motion to suppress. | 3.00 hours | $285.00 | $855.00 |
| | | | TOTAL | | $37,397.50 |

<u>DISBURSEMENTS</u>

| | |
|---|---|
| In-house copying charges | $319.50 |
| Fax | $4.00 |
| Long Distance Telephone | $0.26 |
| Computer Research Charges | $365.41 |
| Courier/Overnight delivery | $12.67 |
| Postage | $2.52 |
| Meals | $20.96 |
| Filing Fees | $75.00 |
| TOTAL | $800.32 |

<u>TIMEKEEPER SUMMARY</u>

| | | Hours | Rate | Total |
|---|---|---|---|---|
| AWY | Yao, Alice W. | 104.75 | $285.00 | $29,853.75 |
| DIW | Sarti, Dana I. Wesley | 3.75 | $175.00 | $656.25 |
| GLP | Poe, Gregory L. | 4.00 | $450.00 | $1,800.00 |
| LSR | Robbins, Lawrence S. | 9.25 | $550.00 | $5,087.50 |
| | TOTAL | 121.75 | | $37,397.50 |

| | |
|---|---|
| Total Fees | $37,397.50 |
| Total Disbursements | $800.32 |
| Total this Bill | $38,197.82 |
| Previous Balance | $50,177.78 |
| TOTAL DUE | $88,375.60 |

| | |
|---|---|
| Previous balance of funds held in reserve | $10,000.00 |

## Robbins, Russell, Englert, Orseck & Untereiner LLP

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

June 5, 2006

|                         |              |
|-------------------------|--------------|
| Invoice number:         | 93078        |
| Billed through:         | May 31, 2006 |
| Our Matter No.          | 1104-0401    |

Gary M. Kornman
3640 Haynie Avenue
Dallas, TX  75205

In reference to:    SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|------|----------|---|------|------|------------|
| 05/05/06 | LSR | Confer with client and co-counsel; opposition to SEC motion. | 4.00 hours | $550.00 | $2,200.00 |
| 05/05/06 | AEU | Talk to Robbins, Yao regarding government motion to dismiss and Stringer motion; research regarding same. | 1.25 hours | $450.00 | $562.50 |
| 05/05/06 | GLP | Review docket and pleading. | 0.25 hours | $450.00 | $112.50 |
| 05/05/06 | AWY | Confer with L. Robbins, A. Untereiner re case status. | 0.50 hours | $285.00 | $142.50 |
| 05/08/06 | AEU | Read government motion; emails with co-counsel. | 1.25 hours | $450.00 | $562.50 |
| 05/08/06 | AWY | Review SEC Motion To Dismiss Complaint Without Prejudice And For Stay Of Discovery Pending Outcome Ruling Of Dismissal; draft opposition to same; confer with J. Tillotson, L. Robbins, A. Untereiner re same. | 7.50 hours | $285.00 | $2,137.50 |
| 05/09/06 | AEU | Read cases and materials; edit opposition. | 2.00 hours | $450.00 | $900.00 |
| 05/09/06 | AWY | Confer with L. Robbins, A. Untereiner re Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal; research re same. | 3.50 hours | $285.00 | $997.50 |
| 05/10/06 | AEU | Talk to Tillotson; emails with co-counsel; re-draft and edit opposition; read cases; emails with co-counsel. | 5.00 hours | $450.00 | $2,250.00 |
| 05/10/06 | AWY | Research re Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal; confer with L. Robbins, A. Untereiner re same; revise and edit same. | 5.25 hours | $285.00 | $1,496.25 |
| 05/11/06 | AEU | Work on opposition. | 1.50 hours | $450.00 | $675.00 |

**Exhibit F**
**Page 18 of 28**

1104    - 0401    Gary M. Kornman                          Invoice # 93078        Page    2

| 05/11/06 | AWY | Research re Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal. | 3.00hours | $285.00 | $855.00 |
|---|---|---|---|---|---|
| 05/12/06 | AEU | Further edits and re-drafting of opposition. | 0.75hours | $450.00 | $337.50 |
| 05/12/06 | GLP | Review pleading. | 0.25hours | $450.00 | $112.50 |
| 05/12/06 | AWY | Research re Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal; communicate with L. Robbins, A. Untereiner re same. | 2.75hours | $285.00 | $783.75 |
| 05/15/06 | AEU | Go through Yao's emails; add points to opposition; edit same. | 2.75hours | $450.00 | $1,237.50 |
| 05/16/06 | LSR | Edit opposition to SEC motion to dismiss; confer with co-counsel. | 1.00hours | $550.00 | $550.00 |
| 05/16/06 | GLP | Review emails and pleading. | 0.25hours | $450.00 | $112.50 |
| 05/16/06 | AWY | Review Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal; review emails re same. | 0.25hours | $285.00 | $71.25 |
| 05/18/06 | AEU | Research for Stringer motion; read phone transcript; read old emails on this topic. | 2.25hours | $450.00 | $1,012.50 |
| 05/22/06 | AEU | Talk to Poe regarding Stringer motion; research. | 1.00hours | $450.00 | $450.00 |
| 05/22/06 | GLP | Office conference re: Stringer issue; review parallel proceeding materials re: same. | 0.50hours | $450.00 | $225.00 |
| 05/23/06 | AEU | Westlaw research; talk to Robbins, work on Stringer motion. | 1.50hours | $450.00 | $675.00 |
| 05/24/06 | AEU | Draft Stringer motion. | 4.75hours | $450.00 | $2,137.50 |
| 05/25/06 | AEU | Further work on Stringer motion. | 2.00hours | $450.00 | $900.00 |
| 05/25/06 | AWY | Communicate with L. Robbins, A. Untereiner re Defendant Gary M. Kornman's Opposition To Plaintiff's Motion To Dismiss Without Prejudice And For Stay Of Discovery Pending Ruling On Dismissal. | 0.25hours | $285.00 | $71.25 |
| 05/26/06 | AEU | Further research and drafting regarding Stringer memo. | 3.75hours | $450.00 | $1,687.50 |
| 05/26/06 | AWY | Research re G. Kornman's expectation of privacy in M. Kornman's house; review emails; communicate with L. Robbins, G. Poe re same. | 2.25hours | $285.00 | $641.25 |
| 05/30/06 | AEU | Further work on Stringer motion; call to Tillotson. | 1.50hours | $450.00 | $675.00 |

**Exhibit F**

**Page 19 of 28**

1104   - 0401     Gary M. Kornman                          Invoice # 93078        Page    3

| Date | Code | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 05/30/06 | GLP | Review pleading; review docket; draft and review emails. | 0.50 hours | $450.00 | $225.00 |
| 05/30/06 | AWY | Research re G. Kornman's expectation of privacy in M. Kornman's house. | 1.00 hours | $285.00 | $285.00 |
| 05/31/06 | AEU | Read final opposition to government's motion to dismiss; discuss with Robbins and Poe; further research into COA 5 law; further drafting of Stringer memo; emails with co-counsel regarding case. | 4.00 hours | $450.00 | $1,800.00 |
| 05/31/06 | GLP | Review pleading and drafts; draft and review emails; office conferences. | 1.00 hours | $450.00 | $450.00 |
| 05/31/06 | AWY | Research re G. Kornman's expectation of privacy in M. Kornman's house. | 1.25 hours | $285.00 | $356.25 |

TOTAL          $27,687.50

DISBURSEMENTS

| | |
|---|---|
| In-house copying charges | $20.40 |
| Long Distance Telephone | $4.76 |
| Computer Research Charges | $109.99 |
| Local Transportation | $10.00 |
| TOTAL | $145.15 |

TIMEKEEPER SUMMARY

| Code | Name | Hours | Rate | Total |
|---|---|---|---|---|
| AEU | Untereiner, Alan E. | 35.25 | $450.00 | $15,862.50 |
| AWY | Yao, Alice W. | 27.50 | $285.00 | $7,837.50 |
| GLP | Poe, Gregory L. | 2.75 | $450.00 | $1,237.50 |
| LSR | Robbins, Lawrence S. | 5.00 | $550.00 | $2,750.00 |
| | TOTAL | 70.50 | | $27,687.50 |

| | |
|---|---|
| Total Fees | $27,687.50 |
| Total Disbursements | $145.15 |
| Total this Bill | $27,832.65 |
| Previous Balance | $88,375.60 |
| TOTAL DUE | $116,208.25 |

| | |
|---|---|
| Previous balance of funds held in reserve | $10,000.00 |
| Less funds applied | $0.00 |
| New balance of funds held in reserve | $10,000.00 |

**Exhibit F**

**Page 20 of 28**

**Robbins, Russell, Englert, Orseck & Untereiner LLP**

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

July 5, 2006

| | |
|---|---|
| | Invoice number:    93175 |
| Gary M. Kornman | Billed through:    June 30, 2006 |
| 3640 Haynie Avenue | Our Matter No.    1104-0401 |
| Dallas, TX  75205 | |

In reference to:      SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|------|----------|---|------|------|-----------|
| 06/01/06 | LSR | Confer with co-counsel. | 1.00 hours | $550.00 | $550.00 |
| 06/01/06 | AEU | Work on Stringer motion. | 4.00 hours | $450.00 | $1,800.00 |
| 06/01/06 | GLP | Review memorandum opinion and order; draft email re: same; review docket information. | 0.50 hours | $450.00 | $225.00 |
| 06/04/06 | AWY | Review motion to suppress. | 0.50 hours | $285.00 | $142.50 |
| 06/05/06 | GLP | Review emails and pleading. | 0.25 hours | $450.00 | $112.50 |
| 06/05/06 | AWY | Confer with B. Wonnacott re search inventories; research G. Kornman's expectation of privacy in M. Kornman's house. | 1.00 hours | $285.00 | $285.00 |
| 06/06/06 | AEU | Further work on Stringer memo. | 0.50 hours | $450.00 | $225.00 |
| 06/06/06 | GLP | Draft and review emails. | 0.50 hours | $450.00 | $225.00 |
| 06/06/06 | AWY | Revise and edit motion to suppress; communicate with L. Robbins, A. Untereiner, G. Poe re case status. | 2.25 hours | $285.00 | $641.25 |
| 06/12/06 | AEU | Research for Stringer motion; work on same; talk to Poe. | 3.25 hours | $450.00 | $1,462.50 |
| 06/12/06 | GLP | Office conferences re: status of motions; review email; review pleading. | 0.75 hours | $450.00 | $337.50 |
| 06/13/06 | AEU | Work on Stringer memo; talk to Strasser and Poe. | 3.25 hours | $450.00 | $1,462.50 |
| 06/13/06 | GLP | Teleconference with J. Tillotson; draft email; review draft motions. | 2.25 hours | $450.00 | $1,012.50 |
| 06/13/06 | AWY | Review emails; review Stringer motion; communicate with L. Robbins, A. Untereiner, G. Poe re filing deadlines, motions to suppress. | 0.75 hours | $285.00 | $213.75 |
| 06/14/06 | GLP | Review draft motion; draft and review emails. | 0.25 hours | $450.00 | $112.50 |

**Exhibit F**
**Page 21 of 28**

1104   - 0401   Kornman, Gary                          Invoice # 93175      Page   2

| Date | Atty | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 06/14/06 | AWY | Revise and edit motion to suppress; communicate with A. Untereiner, G. Poe re same. | 4.75hours | $285.00 | $1,353.75 |
| 06/15/06 | AEU | Discuss suppression motion timing with Poe; emails with co-counsel. | 0.25hours | $450.00 | $112.50 |
| 06/15/06 | GLP | Office conferences; draft email; review motion. | 0.75hours | $450.00 | $337.50 |
| 06/15/06 | AWY | Review case law re G. Kornman's expectation of privacy in M. Kornman's house; confer with G. Poe, D. Sarti re motion to suppress. | 3.00hours | $285.00 | $855.00 |
| 06/16/06 | GLP | Review emails and cases. | 0.25hours | $450.00 | $112.50 |
| 06/16/06 | AWY | Review case law re G. Kornman's expectation of privacy in M. Kornman's house; confer with G. Poe, D. Sarti re motion to suppress. | 6.25hours | $285.00 | $1,781.25 |
| 06/17/06 | AWY | Review case law re G. Kornman's expectation of privacy in M. Kornman's house; draft list of factual questions re same; communicate with A. Untereiner, G. Poe re same. | 3.00hours | $285.00 | $855.00 |
| 06/19/06 | AWY | Review case law re G. Kornman's expectation of privacy in M. Kornman's house. | 1.75hours | $285.00 | $498.75 |
| 06/20/06 | AEU | Work on motion to suppress. | 1.75hours | $450.00 | $787.50 |
| 06/20/06 | GLP | Draft and review emails re: motion status. | 0.25hours | $450.00 | $112.50 |
| 06/21/06 | AEU | Re-draft and edit motion to suppress. | 8.50hours | $450.00 | $3,825.00 |
| 06/21/06 | GLP | Review documents re: suppression issues; draft and review emails; review pleadings. | 2.25hours | $450.00 | $1,012.50 |
| 06/21/06 | AWY | Research re motion to suppress; confer with A. Untereiner re same. | 2.00hours | $285.00 | $570.00 |
| 06/22/06 | AEU | Review changes to Stringer motion; talk to Poe; emails with co-counsel. | 0.50hours | $450.00 | $225.00 |
| 06/22/06 | GLP | Revise suppression motion; draft and review emails; review cases and record materials; teleconference. | 4.75hours | $450.00 | $2,137.50 |
| 06/22/06 | AWY | Confer with G. Poe re motion to suppress; review search warrant and affidavit; confer with B. Wonnacot re same; communicate with A. Untereiner, G. Poe re motion to suppress evidence seized from M. Kornman's house. | 1.00hours | $285.00 | $285.00 |
| 06/23/06 | GLP | Draft and review emails. | 0.25hours | $450.00 | $112.50 |
| 06/23/06 | AWY | Review draft motion to suppress; confer with G. Poe re same. | 1.00hours | $285.00 | $285.00 |
| 06/28/06 | GLP | Review draft from A. Yao re: expectation of privacy issues/MK search; draft and review emails. | 0.75hours | $450.00 | $337.50 |

**Exhibit F**

**Page 22 of 28**

1104    - 0401    Kornman, Gary                    Invoice # 93175        Page    3

| Date | TK | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 06/28/06 | AWY | Communicate with G. Poe re questions re G. Kornman's expectation of privacy in M. Kornman's house; research re same. | 1.75hours | $285.00 | $498.75 |
| 06/29/06 | GLP | Draft and review emails re: motion status. | 0.25hours | $450.00 | $112.50 |
| 06/29/06 | GLP | Review A. Yao's Fourth Amendment research; draft and review emails re: same. | 0.75hours | $450.00 | $337.50 |
| 06/29/06 | AWY | Research re G. Kornman's expectation of privacy in M. Kornman's house; communicate with A. Untereiner, G. Poe re same; communicate with B. Wonnacot, A. Untereiner, G. Poe re G. Kornman search warrant. | 4.00hours | $285.00 | $1,140.00 |
| 06/30/06 | GLP | Review materials relating to MK search warrant; draft and review emails re: same; revise list of questions; draft and review emails re: case status; teleconference re: same. | 1.75hours | $450.00 | $787.50 |
| 06/30/06 | AWY | Review emails; communicate with J. Tillotson, L. Robbins, A. Untereiner, G. Poe re questions re G. Kornman's expectation of privacy in M. Kornman's house; revise and edit same; communicate with J. Tillotson, L. Robbins, A. Untereiner, G. Poe re conference call re case status. | 1.50hours | $285.00 | $427.50 |

                                                      TOTAL        $27,707.50

DISBURSEMENTS

| | |
|---|---|
| In-house copying charges | $62.25 |
| Long Distance Telephone | $0.69 |
| Computer Research Charges | $271.42 |
| TOTAL | $334.36 |

TIMEKEEPER SUMMARY

| | | Hours | Rate | Total |
|---|---|---|---|---|
| AEU | Untereiner, Alan E. | 22.00 | $450.00 | $9,900.00 |
| AWY | Yao, Alice W. | 34.50 | $285.00 | $9,832.50 |
| GLP | Poe, Gregory L. | 16.50 | $450.00 | $7,425.00 |
| LSR | Robbins, Lawrence S. | 1.00 | $550.00 | $550.00 |
| | TOTAL | 74.00 | | $27,707.50 |

| | |
|---|---|
| Total Fees | $27,707.50 |
| Total Disbursements | $334.36 |
| Total this Bill | $28,041.86 |
| Previous Balance | $116,208.25 |

**Exhibit F**

**Page 23 of 28**

1104   - 0401     Kornman, Gary                          Invoice # 93175        Page     4

TOTAL DUE                                                               $144,250.11

Previous balance of funds held in reserve                               $10,000.00

Less funds applied                                                           $0.00

New balance of funds held in reserve                                    $10,000.00

## Robbins, Russell, Englert, Orseck & Untereiner LLP

1801 K Street, N.W., Suite 411L
Washington, DC  20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

August 2, 2006

|  |  |
|---|---|
| | Invoice number:    93259 |
| Gary M. Kornman | Billed through:     July 31, 2006 |
| 3640 Haynie Avenue | Our Matter No.     1104-0401 |
| Dallas, TX  75205 | |

In reference to:      SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|---|---|---|---|---|---|
| 07/03/06 | GLP | Draft and review emails; review file notes re: case status. | 0.50 hours | $450.00 | $225.00 |
| 07/05/06 | GLP | Draft and review emails; review draft pleadings. | 0.50 hours | $450.00 | $225.00 |
| 07/06/06 | LSR | Confer with co-counsel; edit motion to suppress. | 2.00 hours | $550.00 | $1,100.00 |
| 07/06/06 | GLP | Teleconference with J. Tillotson; review memorandum and motion; draft email. | 0.50 hours | $450.00 | $225.00 |
| 07/10/06 | GLP | Review cases. | 0.75 hours | $450.00 | $337.50 |
| 07/11/06 | GLP | Review recent cases. | 0.25 hours | $450.00 | $112.50 |
| 07/28/06 | GLP | Review pleading and docket information; review email. | 0.25 hours | $450.00 | $112.50 |
| 07/31/06 | GLP | Draft email; review Sixth Circuit case. | 0.25 hours | $450.00 | $112.50 |
| | | | TOTAL | | $2,450.00 |

DISBURSEMENTS

| | |
|---|---|
| In-house copying charges | $15.90 |
| Long Distance Telephone | $3.89 |
| Computer Research Charges | $122.33 |
| TOTAL | $142.12 |

TIMEKEEPER SUMMARY

| | | Hours | Rate | Total |
|---|---|---|---|---|
| GLP | Poe, Gregory L. | 3.00 | $450.00 | $1,350.00 |
| LSR | Robbins, Lawrence S. | 2.00 | $550.00 | $1,100.00 |
| | TOTAL | 5.00 | | $2,450.00 |

| | |
|---|---|
| Total Fees | $2,450.00 |
| Total Disbursements | $142.12 |

**Exhibit F**

**Page 25 of 28**

1104   - 0401     Kornman, Gary                         Invoice # 93259       Page    2

Total this Bill                                                     $2,592.12
Previous Balance                                                 $144,250.11
TOTAL DUE                                                         $146,842.23

Previous balance of funds held in reserve                         $10,000.00
Less funds applied                                                      $0.00
New balance of funds held in reserve                              $10,000.00

**Robbins, Russell, Englert, Orseck & Untereiner LLP**

1801 K Street, N.W., Suite 411L
Washington, DC 20006
(202) 775-4500
www.robbinsrussell.com
EIN 52-2312249

September 7, 2006

|  |  |
|---|---|
| | Invoice number:   93388 |
| Gary M. Kornman | Billed through:   August 31, 2006 |
| 3640 Haynie Avenue | Our Matter No.   1104-0401 |
| Dallas, TX 75205 | |

In reference to:     SEC v. Gary M. Kornman

| Date | Attorney | | Time | Rate | Total Cost |
|------|----------|--|------|------|------------|
| 08/02/06 | GLP | Draft email re: case status; review schedule and docket status. | 0.25 hours | $450.00 | $112.50 |
| 08/16/06 | GLP | Review new cases. | 0.50 hours | $450.00 | $225.00 |
| 08/17/06 | GLP | Review pleading and docket material. | 0.25 hours | $450.00 | $112.50 |
| 08/23/06 | AWY | Review superseding indictment. | 0.25 hours | $285.00 | $71.25 |
| 08/24/06 | GB | Proofread of indictments. | 4.00 hours | $125.00 | $500.00 |
| 08/25/06 | AWY | Communicate with L. Robbins, G. Poe re superseding indictment. | 0.50 hours | $285.00 | $142.50 |
| 08/28/06 | GLP | Review emails and memorandum. | 0.25 hours | $450.00 | $112.50 |
| | | | | TOTAL | $1,276.25 |

DISBURSEMENTS

| | | |
|---|---|---|
| Computer Research Charges | | $2.81 |
| | TOTAL | $2.81 |

| TIMEKEEPER SUMMARY | | Hours | Rate | Total |
|--------------------|--|-------|------|-------|
| AWY | Yao, Alice W. | 0.75 | $285.00 | $213.75 |
| GB | Baldwin, Gerwyn | 4.00 | $125.00 | $500.00 |
| GLP | Poe, Gregory L. | 1.25 | $450.00 | $562.50 |
| | TOTAL | 6.00 | | $1,276.25 |

| | |
|---|---|
| Total Fees | $1,276.25 |
| Total Disbursements | $2.81 |
| Total this Bill | $1,279.06 |
| Previous Balance | $146,842.23 |
| TOTAL DUE | $148,121.29 |

**Exhibit F**
**Page 27 of 28**

1104    - 0401     Kornman, Gary                                    Invoice # 93388          Page     2

Previous balance of funds held in reserve                                    $10,000.00
Less funds applied                                                                $0.00
New balance of funds held in reserve                                         $10,000.00

| | |
|---|---|
| **From:** | Robbins, Larry |
| **Sent:** | Monday, January 24, 2005 12:25 PM |
| **To:** | 'Jeff Tillotson'; Poe, Greg; Yao, Alice; 'fhill@hillgilstrap.com' |
| **Cc:** | 'rjanvey@kjllp.com'; 'mgibson@bp-g.com' |
| **Subject:** | RE: Effect of Taking the Fifth |

**Attachments:**    5th Amendment Memo (BW).pdf; 5th Amendment Memo (BW).wpd




5th Amendment
Memo (BW).pdf (6.. Memo (BW).wpd (3..

      Gary asked me over the weekend for more than an off-the-cuff answer to the question whether the judge in his SEC case might preclude him from testifying at trial if he takes the Fifth during discovery.  My initial reaction was that the judge would likely require Gary to sit for a mid-trial deposition before taking the stand, but that I thought an outright preclusion of testimony was unlikely.  Well, as the attached memo from one of my associates makes clear, the law is a bit worse than that:  courts can and do preclude defendants from taking the stand at trial if they have refused to give a deposition on Fifth Amendment grounds.  In some cases, the decision turns on whether the Fifth was asserted in good faith (which, in our case, it would be).  This, of course, is all the more reason to slow down the discovery schedule in the SEC case.

      Jeff:  As you know, Gary has asked to be taken off the e-mail chain for security reasons.  Can I ask you to give him a copy of this memo when you see him later this week?  Thanks.

      Larry

**Exhibit G**

**Page 1 of 1**

**Text Messages transcribed from cellular telephone of Lawrence S. Robbins:**

| DATE & TIME | TO | FROM | MESSAGE |
|---|---|---|---|
| 09/20/06 2:29 pm | G. Kornman[*] | L. Robbins[*] | Call me |
| 9/26/06 5:25 pm | G. Kornman | L. Robbins | We need to talk please call |
| 9/27/06 2:01 pm | G. Kornman | L. Robbins | Gary I have left several messages please call asap |
| 9/27/06 4:58 pm | G. Kornman | L. Robbins | Invoices have been sent to jeff per your request |
| 9/27/06 4:59 pm | L. Robbins | G. Kornman | Thanks |
| 10/05/06 6:56 pm | G. Kornman | L. Robbins | Call me asap |
| 10/04/06 6:51 pm | G. Kornman | L. Robbins | Did you get the bills from jeff |
| 10/24/06 4:39 pm | G. Kornman | L. Robbins | Call me |
| 10/26/06 1:20 pm | L. Robbins | G. Kornman | Larry, Jeff's assistant is out on vacation  I won't be able to get the docs you have done from Jeff's E-mail until late next week. Thanks, Gary |
| 10/26/06 3:48 pm | G. Kornman | L. Robbins | Gary jeff tells me that he can get you the documents right away so that we can get this done asap |
| 10/26/06 4:23 pm | L. Robbins | G. Kornman | Ok |

---

[*]     The text messages themselves display the cellular telephone numbers of Gary M. Kornman and Lawrence S. Robbins, rather than their names. Those numbers have been omitted from this exhibit to respect privacy concerns.

**Exhibit H**
**Page 1 of 2**

**Text Messages transcribed from cellular telephone of Lawrence S. Robbins:**

| DATE & TIME | TO | FROM | MESSAGE |
|---|---|---|---|
| 11/01/06 3:34 pm | G. Kornman | L. Robbins | The clerks office has asked whether we are still in the criminal case I intend to say no by tomorrow if I have not heard from you to the contrary by this time tomorrow |
| 11/02/06 9:38 am | G. Kornman | L. Robbins | Gary it is essential that I hear from you today on the clerks inquiry |

**From:**    Robbins, Larry
**Sent:**    Tuesday, October 24, 2006 5:56 PM
**To:**    'Jeff Tillotson'
**Cc:**    Poe, Greg; Fowler, Beth; Orseck, Gary
**Subject:** Kornman

Jeff -- I just had a rather sobering conversation with Gary. He proposed withholding any payment on back bills until we do some further work, evidently including completing the motion to dismiss (in whatever form it has now taken). He also seems not to be familiar with various other motion papers and related matters we have prepared for him at his request and sent to him through you over these many months (including the motions to suppress; the so-called Stringer motion he asked for; etc.). He also suggested that perhaps the work is not worth the total amount of fees charged.

I have explained to Gary that I cannot agree to a delay in payment, and that I am trusting your representation to me, of two weeks ago, that we will be paid in full by no later than the end of the month. That remains both my understanding and expectation.

As always, I am sorry to put you in the middle of this, but you have the ear of the client, and I plainly do not. If have misunderstood anything you've told me, please let me know.

Best regards.

Larry

**Exhibit I**
**Page 1 of 1**

| | |
|---|---|
| **From:** | Yao, Alice |
| **Sent:** | Thursday, October 26, 2006 5:56 PM |
| **To:** | 'Jeff Tillotson (jmt@lynnllp.com)' |
| **Cc:** | Robbins, Larry; Poe, Greg |
| **Subject:** | FW: Draft Suppression Motion |

**Attachments:**     Motion to Suppress v3.doc; Motion to Suppress v3.pdf; Motion to Suppress v3.wpd

          

Motion to Suppress  Motion to Suppress  Motion to Suppress
   v3.doc (61 ...         v3.pdf (165...        v3.wpd (106...

Jeff,

Larry asked me to forward to you our work-product over the last nine months.  To avoid
duplication, I am sending you only the most recent versions of each document (motion to
suppress, motion to dismiss the indictment, Rule 16 letter, and a research memo).  The
rest will follow in subsequent emails.

Alice

-----Original Message-----
From: Poe, Greg
Sent: Thursday, June 22, 2006 10:12 PM
To: 'Jeff Tillotson'
Cc: Robbins, Larry; Untereiner, Alan; Yao, Alice
Subject: Draft Suppression Motion

Jeff --

Attached is a draft of the suppression motion.  As you'll see, it's for your eyes at this
point.  Larry hasn't had a chance to review this yet.  I've restructured Alice's draft in
a way that I think makes logical sense, but after some decisions are made about the
relative strength of the arguments, we should revisit the issue of structure.  As you'll
see from my notes in the text, I'm skeptical about the fiduciary duty argument.  The
staleness argument, in my view, probably will go nowhere, but I'm not saying at this point
that we shouldn't make it.  The Fifth Amendment invocation argument is going to need more
work.  The Franks argument needs to be honed.  Other notes (on the
overbreadth/particularity points and especially on the computer search issue) are in the
text.  The document is now too long but cutting text will be very easy once we firm up the
approach some more.

The attached pdf copy doesn't include italics, for some reason.  The Word version has bad
formatting due to the conversion.  The draft was created using WordPerfect so you should
open up that document if possible.  By the time Gary looks at a draft, we can have a good
copy of a Word document.

Let's talk about this when you have a chance.  I'm not sure what Larry's schedule is but I
expect he'll want to get into this at his first reasonable opportunity.

Greg

Gregory L. Poe
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Telephone:  (202) 775-4490
Fax: (202) 775-4510

**Exhibit J**
**Page 1 of 9**

www.robbinsrussell.com <http://www.robbinsrussell.com/>
gpoe@robbinsrussell.com <mailto:gpoe@robbinsrussell.com>


NOTICE:

This communication is intended solely for the use of the addressee.  It may contain
information that is privileged, confidential, exempt from disclosure under applicable law,
and/or attorney work product.  If the reader of this communication is not the intended
recipient or the employee or agent responsible for delivering it to the intended
recipient, you are hereby notified that any dissemination or copying of this communication
is strictly prohibited.  If you have received this communication in error, please notify
us immediately by reply e-mail and by telephone (at 202.775.4500) and immediately delete
this communication (including any attachments).

**Exhibit J**
**Page 2 of 9**

| | |
|---|---|
| **From:** | Yao, Alice |
| **Sent:** | Thursday, October 26, 2006 5:56 PM |
| **To:** | 'Jeff Tillotson (jmt@lynnllp.com)' |
| **Cc:** | Robbins, Larry; Poe, Greg |
| **Subject:** | FW: Motion to Dismiss |
| **Attachments:** | Motion to Dismiss Indictment v5.pdf; Motion to Dismiss Indictment v5.wpd; Redline Comparison of Motion to Dismiss Indictment (v5 and v4).pdf; Redline Comparison of Motion to Dismiss Indictment (v5 and v4).wpd |

-----Original Message-----
**From:** Yao, Alice
**Sent:** Wednesday, April 12, 2006 11:18 AM
**To:** Jeff Tillotson (jmt@lynnllp.com)
**Cc:** Robbins, Larry; Poe, Greg
**Subject:** Motion to Dismiss

Jeff,

Please find attached the most recent version of the motion to dismiss the indictment, which incorporates Greg's edits as well as a few other minor changes.  Also attached is a redline comparison to version 4.

Alice

Alice W. Yao
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Telephone:  (202) 775-4492
Fax: (202) 775-4510
www.robbinsrussell.com
ayao@robbinsrussell.com

This communication is for the use of the intended recipient only. It contains information that may be privileged, confidential, and/or attorney work product. If you are not the intended recipient, any use, disclosure, or copying of this communication is prohibited. If you received this communication in error, please notify the sender and permanently delete this communication.

| | |
|---|---|
| **From:** | Yao, Alice |
| **Sent:** | Thursday, October 26, 2006 5:57 PM |
| **To:** | Jeff Tillotson (jmt@lynnllp.com) |
| **Cc:** | Robbins, Larry; Poe, Greg |
| **Subject:** | FW: Rule 16 Letter |
| **Attachments:** | Rule 16 Letter v6.wpd; Rule 16 Letter v6.pdf; Redline of Rule 16 Letter (v6 and v5).pdf; Redline of Rule 16 Letter (v6 and v5).wpd |

-----Original Message-----
**From:** Yao, Alice
**Sent:** Tuesday, March 14, 2006 2:27 PM
**To:** Yao, Alice; 'Pollack, Barry'; 'gmkornmanlegalprivileged@yahoo.com'; 'jmt@lynnllp.com'
**Cc:** Robbins, Larry; Poe, Greg
**Subject:** RE: Rule 16 Letter

Please ignore my last email, which includes duplicate attachments.  Please work from these instead.

Alice

   -----Original Message-----
   **From:** Yao, Alice
   **Sent:** Tuesday, March 14, 2006 2:25 PM
   **To:** 'Pollack, Barry'; gmkornmanlegalprivileged@yahoo.com; jmt@lynnllp.com
   **Cc:** Robbins, Larry; Poe, Greg
   **Subject:** RE: Rule 16 Letter

   All,

   Please find attached the most recent version of the Rule 16 letter, which incorporates Barry's suggestion (with some minor edits), as well as a redline comparison to the version that I circulated yesterday.

   Alice

      -----Original Message-----
      **From:** Pollack, Barry [mailto:BPollack@colliershannon.com]
      **Sent:** Tuesday, March 14, 2006 11:32 AM
      **To:** gmkornmanlegalprivileged@yahoo.com; Yao, Alice; jmt@lynnllp.com
      **Cc:** Robbins, Larry; Poe, Greg
      **Subject:** RE: Rule 16 Letter

      One other concept we may want to address in the Brady letter is materiality.  The following is a paragraph I have included in recent letters:

          Further, the Government must identify and provide any <u>potentially</u> exculpatory materials.  It cannot evade its responsibility to produce *Brady* materials by asserting that in the Government's view the materials would not likely impact the result of the proceeding. <u>United States v. Safavian</u>, 233 F.R.D. 12, 16 (D.D.C. 2005)("The only question before (and even during) trial is whether the evidence at issue may be `favorable to the accused'; if so, it must be disclosed without regard to whether the failure to disclose it likely would affect the

**Exhibit J**
**Page 4 of 9**

outcome of the upcoming trial.").


-----Original Message-----
**From:** Yao, Alice [mailto:ayao@robbinsrussell.com]
**Sent:** Monday, March 13, 2006 4:53 PM
**To:** Pollack, Barry; jmt@lynnllp.com
**Cc:** Robbins, Larry; Poe, Greg
**Subject:** Rule 16 Letter

All,

Please find attached the most recent version of the Rule 16 letter, which incorporates some
of Barry's points, as well as a few edits that we made here.  Also attached is a redline
comparison to the last version that Larry circulated.

Alice

Alice W. Yao
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Telephone:  (202) 775-4492
Fax: (202) 775-4510
www.robbinsrussell.com
ayao@robbinsrussell.com

This communication is for the use of the intended recipient only. It contains information that
may be privileged, confidential, and/or attorney work product. If you are not the intended
recipient, any use, disclosure, or copying of this communication is prohibited. If you received
this communication in error, please notify the sender and permanently delete this
communication.

This electronic message transmission contains information

from the law firm of Collier Shannon Scott, PLLC and is
intended only for the use of the individual or entity
to which it is addressed and may contain information
that is privileged, confidential and exempt from
disclosure under applicable law. If the reader of
this message is not the intended recipient, you are
hereby notified that any dissemination or distribution
of this communication to other than the intended recipient
is strictly prohibited. If you have received this
communication in error, please notify us immediately
by collect telephone at (202)342-8808 or electronic
mail (WebGroup@colliershannon.com). Thank you.
For more information about Collier Shannon Scott,
PLLC, please visit us at http://www.colliershannon.com/

**Exhibit J**

**Page 5 of 9**

| | |
|---|---|
| **From:** | Yao, Alice |
| **Sent:** | Thursday, October 26, 2006 5:57 PM |
| **To:** | Jeff Tillotson (jmt@lynnllp.com) |
| **Cc:** | Robbins, Larry; Poe, Greg |
| **Subject:** | FW: Kornman Research |
| **Attachments:** | U.S. v. Shanbaum (5th Cir. 1994).wpd; Exhibitors Poster Exchange (5th Cir. 1975).wpd; A.F. Pylant, Inc. v. Republic Creosoting Co. (5th Cir. 1961).wpd; Avondale Shipyards, Inc. v. Insured Lloyd's (5th Cir. 1986).wpd; U.S. v. Rogers (10th Cir. 1992).wpd; Sunshine Anthracite Coal Co. v. Adkins (1940).wpd |

-----Original Message-----
**From:** Robbins, Larry
**Sent:** Monday, January 30, 2006 7:58 PM
**To:** 'Jeff Tillotson'
**Cc:** Poe, Greg; Yao, Alice
**Subject:** FW: Kornman Research

Jeff -- I have described the basic content of this e-mail to Gary this evening.  The short of the matter is this:  We have a real shot -- though not a slam dunk -- to get the criminal case dismissed on collateral estoppel grounds if we can first obtain summary judgment in the civil case.  Gary will want to read both the e-mail and the attached cases.  I think you will find this intriguing.  Larry

-----Original Message-----
**From:** Yao, Alice
**Sent:** Monday, January 30, 2006 5:56 PM
**To:** Robbins, Larry
**Cc:** Poe, Greg
**Subject:** Kornman Research

Larry,

Unlike a denial of a motion to dismiss, an order granting a motion for summary judgment is a final judgment for purposes of 28 U.S.C. § 1291, and collateral estoppel and res judicata purposes.  As I noted in an earlier email on research on the collateral estoppel effect of Judge Lindsay's language in his order denying our motion to dismiss, the elements of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are well-established in the Fifth Circuit.  The Fifth Circuit stated in *United States* v. *Shanbaum*, 10 F.3d 305 (5th Cir. 1994), that the application of the doctrine of res judicata "is appropriate only if four conditions are satisfied.  First, the parties in a later action must be identical to (or at least be in privity with) the parties in a prior action.  Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction.  Third, the prior action must have concluded with a final judgment on the merits.  Fourth, the same claim or cause of action must be involved in both suits."  *Id.* at 310.  The four conditions necessary for the application of the doctrine of collateral estoppel are: "First, the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action.  Second, the issue must have been fully and vigorously litigated in the prior action.  Third, the issue must have been necessary to support the judgment in the prior case.  Fourth, there must be no special circumstance that would render preclusion inappropriate or unfair."  *Id.* at 311.

It seems that we have a strong argument that collateral estoppel should apply to preclude the relitigation of certain issues in the criminal case if we win summary judgment in the civil case, even if the government's appeal in the civil case is still pending.  First, the allegations in the indictment closely track those made in the SEC complaint, with the exception of Count 3 (false statements to the SEC).  Second, the government will have a hard

time arguing that the issues have not been "fully and vigorously litigated" in the civil case. It is fairly well-established that an order granting summary judgment (though not partial summary judgment) is a final judgment that should be accorded preclusive effect in subsequent litigation. For example, in *Exhibitors Poster Exch., Inc.* v. *Nat'l Screen Serv. Corp.*, 517 F.2d 110 (5th Cir. 1975), the Fifth Circuit held that two orders granting summary judgment collaterally estopped relitigation in the current case even though "they were entered upon a summary judgment without specific factual findings, rather than upon a trial of contested facts." *Id.* at 115. The court goes on to note that it rejected the plaintiff's argument in a previous opinion in the same case, holding that, "It would be strange indeed if a summary judgment could not have collateral effect." *Ibid.* (quoting *Exhibitors Poster Exch., Inc.* v. *Nat'l Screen Serv. Corp.*, 421 F.2d 1313, 1319 (5th Cir. 1970)). The fact that the appeal from the summary judgment order in the civil case might be pending when we file a motion in the criminal case should not affect the estoppel effect of the order itself. See *A.F. Pylant, Inc.* v. *Republic Creosoting Co.*, 285 F.2d 840 (5th Cir. 1961) ("we do not think that the fact, that the judgment in the Mississippi case has been appealed from, at all affects its binding force as res judicata"); see also *Avondale Shipyards, Inc.* v. *Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986) ("'[t]he requirement of finality applies just as strongly to collateral estoppel as it does to res judicata'" (quotation omitted)). Section 13 cmt. f of the Restatement (Second) of Judgments supports that view: "There have been differences of opinion about whether, or in what circumstances, a judgment can be considered final for purposes of res judicata when proceedings have been taken to reverse or modify it by appeal. The better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo . . ." Third, it is clear that the issues litigated in the civil case (including whether Kornman owed a duty to either Mann or Pratt) are necessary to support an order granting summary judgment. Fourth, there do not seem to be any special circumstances that would render preclusion inappropriate or unfair.

Finally, although I have not found any case law in the Fifth Circuit, there is authority for the proposition that collateral estoppel can be applied in a criminal action even if the prior proceeding was civil in nature. See, *e.g.*, *United States* v. *Rogers*, 960 F.2d 1501, 1507 (10th Cir. 1992) ("The doctrine of collateral estoppel may be applicable where the first cause of action was civil and the second was criminal.") The fact that the actions are brought by different arms of the federal government does not preclude application of either res judicata or collateral estoppel because "[t]here is privity between the officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co.* v. *Adkins*, 310 U.S. 381, 402-03 (1940).

Alice

Alice W. Yao
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Telephone:  (202) 775-4492
Fax: (202) 775-4510
www.robbinsrussell.com
ayao@robbinsrussell.com

**Exhibit J**

**Page 7 of 9**

| | |
|---|---|
| **From:** | Yao, Alice |
| **Sent:** | Thursday, October 26, 2006 6:09 PM |
| **To:** | 'Jeff Tillotson (jmt@lynnllp.com)' |
| **Cc:** | Robbins, Larry; Poe, Greg |
| **Subject:** | FW: |
| **Attachments:** | Draft Stringer Motion v3.wpd |

Jeff,

We also prepared a draft Stringer motion.  This is the most recent version.

Alice
-----Original Message-----
**From:** Untereiner, Alan
**Sent:** Tuesday, June 13, 2006 3:31 PM
**To:** Poe, Greg
**Cc:** Yao, Alice
**Subject:**

Greg and Alice – as promised.  Let me know what you think.

Alan Untereiner
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W.
Suite 411
Washington, DC  20006

Ph.: 202-775-4505
Fax: 202-775-4510

auntereiner@robbinsrussell.com

**Exhibit J**
**Page 8 of 9**

| | |
|---|---|
| **From:** | Yao, Alice |
| **Sent:** | Thursday, October 26, 2006 6:11 PM |
| **To:** | 'Jeff Tillotson (jmt@lynnllp.com)' |
| **Cc:** | Robbins, Larry; Poe, Greg |
| **Subject:** | FW: Kornman |
| **Attachments:** | List of Questions v4.wpd |

Jeff,

We also prepared a list of questions so that we could draft a motion to suppress the evidence seized at Michael's house.

Alice
-----Original Message-----
**From:** Yao, Alice
**Sent:** Friday, June 30, 2006 12:35 PM
**To:** Jeff Tillotson (jmt@lynnllp.com)
**Cc:** Robbins, Larry; Untereiner, Alan; Poe, Greg
**Subject:** Kornman

Hi Jeff,

Please find attached the list of questions for Gary regarding his expectation of privacy in Michael's house that Greg mentioned to you last week.

Alice

Alice W. Yao
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Telephone:  (202) 775-4492
Fax: (202) 775-4510
www.robbinsrussell.com
ayao@robbinsrussell.com

This communication is for the use of the intended recipient only. It contains information that may be privileged, confidential, and/or attorney work product. If you are not the intended recipient, any use, disclosure, or copying of this communication is prohibited. If you received this communication in error, please notify the sender and permanently delete this communication.

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N. W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Lawrence S. Robbins

(202) 775-4501
lrobbins@robbinsrussell.com

October 31, 2006

Via Federal Express
Mr. Gary Kornman
3640 Haynie Avenue
Dallas, TX 75205

Dear Gary:

I write to make a formal demand for payment of the invoices you have received from our firm for legal services rendered from February 1, 2006 through September 30, 2006. As you know, we have represented you since October 5, 2004, an engagement covering both your pending SEC and criminal cases. In that connection, we have sent bills, all of which you duly paid, between November 1, 2004 and February 2, 2006.

Since March 3, 2006, however, we have sent 8 invoices, not a single one of which has been paid in full. Indeed, your last payment for any of our services was received on February 13, 2006. Since that date, you have requested, either directly or through your Texas counsel, Jeff Tillotson, our assistance in preparing a variety of motions and performing an array of legal research. As in the past, we submitted our invoices for these services on a timely basis, detailing precisely what work we did, and furnishing you, through Jeff, with the actual work product. What is more, because it is not easy to contact you directly, we have repeatedly sent copies of these invoices to Jeff, who assures us that he furnished the bills to you.

Although you (and Jeff, on your behalf) have several times promised to pay these invoices in full -- including as recently as last Tuesday -- you have yet to do so. Instead, in our phone call of October 24, 2006, you insisted that we perform certain additional legal work before you would agree to pay any of these bills. As I explained to you on the phone, that is not an acceptable approach. While we will scrupulously abide by our legal and ethical obligations as your attorneys, we cannot permit you to continue to treat our invoices as if they are subject to payment only at your discretion. In that connection, I understand that your office expressly directed Jeff's firm not to pay our bills out of a sizeable retainer that you recently paid -- and

**Exhibit K**
**Page 1 of 2**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

Mr. Gary Kornman
October 31, 2006
Page 2

which we were assured, on your behalf, would be used, in part, to discharge all of your unpaid bills to us by the end of October.

Gary, I deeply regret that matters have deteriorated to the point that I have had to send you this kind of letter. I cannot recall ever having done so with a client in nearly 30 years of law practice. But I find that I have exhausted nearly every other remedy at this point. I am therefore constrained to demand payment in full of all outstanding invoices -- a total of $149,021.29 -- by no later than November 15, 2006.

Very truly yours,

Lawrence S. Robbins

cc: Jeff Tillotson

**Exhibit K**
**Page 2 of 2**

# ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N W , SUITE 411
WASHINGTON, D C  20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Lawrence S. Robbins                                                                   (202) 775-4501
                                                                                       lrobbins@robbinsrussell.com

November 8, 2006

Via Federal Express

Mr. Gary Kornman
3640 Haynie Avenue
Dallas, TX  75205

Dear Gary:

I have not heard back from you since my letter of October 31, which I also copied to Jeff Tillotson to make doubly sure that you received it.  I have also had no responses to the last several text messages I have sent you (which, as you know, is the only means I have of contacting you, since you have long since advised us not to contact you either by phone or by e-mail).

Gary, let me reiterate:  It is essential that the unpaid bills be paid in full ($149,021.29) by November 15.  We cannot accept your request of October 24 to pay these bills only after our firm has performed certain additional legal work on your behalf.

I look forward to your prompt response.

Very truly yours,

Lawrence S. Robbins

cc:    Jeff Tillotson

**Exhibit L**
**Page 1 of 1**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**ROBBINS, RUSSELL, ENGLERT** :
**ORSECK & UNTEREINER LLP,** :
                           :      **Civil Action Nos.**
           **Plaintiff,** :      **1:07-cv-00554-JR/JMF** (lead)
                           :      **1:07-cv-01613-JR/JMF** (consolidated)
      **v.** :
                           :
**GARY KORNMAN,** :
                           :
         **Defendant.** :

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT III (ACCOUNT STATED) OF COMPLAINT AND COUNTERCLAIMS

      This matter comes before the Court on motion of Plaintiff, Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP for summary judgment on the account stated claims alleged in Count III of its Complaint in case number 07-00554 and Count III of its Counterclaims in case number 07-01613. Having considered Plaintiff's motion and having reviewed the Opposition attached thereto, it is hereby ORDERED that the motion is GRANTED and that summary judgment shall be entered against Defendant on the account stated claims.

SIGNED this _____ day of _____, 2007.

_____
THE HONORABLE JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE