# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBBINS, RUSSELL, ENGLERT** | : | |
| **ORSECK & UNTEREINER LLP,** | : | |
| | : | **Civil Action No.** |
| **Plaintiff,** | : | **1:07-cv-00554-JR/JMF** |
| | : | |
| **v.** | : | |
| | : | |
| **GARY KORNMAN,** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION TO COMPEL DISCOVERY

Plaintiff, Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP ("Robbins Russell") moves for an order to compel the following discovery:

1) Deposition testimony from Jeffrey M. Tillotson on the subjects proposed by Robbins Russell, on the ground that Kornman has waived his asserted privilege objection;

2) Kornman's responses to any interrogatory or document request as to which Kornman has asserted a privilege objection based on legal advice or work product provided to him in his SEC and criminal litigation, on the ground that Kornman has waived the privilege;

3) Kornman's responses to Interrogatory No. 16 and Document Request No. 11 (concerning Kornman's unpaid bills from other law firms), on the ground that Kornman's relevance objection is unfounded;

4) Kornman's response to Document Request No. 13 (concerning tape recordings of conversations and phone calls), in light of Kornman's failure to produce responsive material; and

5) Kornman's response to Document Request No. 21 (concerning text messages), on the ground that Kornman has neither produced responsive messages nor represented unambiguously that no such messages exist.

In support of this Motion, Robbins Russell has filed the accompanying Memorandum of Points and Authorities, as well as a Proposed Order.

WHEREFORE, Robbins Russell respectfully requests that this Court grant its Motion to Compel Discovery.

Dated: October 2, 2007                    Respectfully submitted,


_____/s/ Gary A. Orseck_____
Gary A. Orseck (Bar No. 433788)
Alan D. Strasser (Bar No. 967885)
Matthew R. Segal (Bar No. 483486)
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, DC  20006
Telephone: (202) 775-4500
Fax: (202) 775-4510

**Attorneys for Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ROBBINS, RUSSELL, ENGLERT   :
ORSECK & UNTEREINER LLP,   :
                                :      **Civil Action No.**
             **Plaintiff,**    :      **1:07-cv-00554-JR/JMF**
                                  :
      **v.**                      :
                                  :
**GARY KORNMAN,**          :
                                :
           **Defendant.**    :

---

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

---

Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP ("Robbins Russell") submits this memorandum of law in support of its Motion to Compel discovery.[1]

### INTRODUCTION AND BACKGROUND

On August 7, 2007, Robbins Russell served on defendant Gary Kornman its First Set of Interrogatories and First Request for Production of Documents. On September 7, 2007, the date Kornman's responses were due, Robbins Russell agreed to Kornman's request for an extension until September 13 to produce the responsive materials. Kornman answered some of the interrogatories (Exh. 1 hereto), and served written objections to the document request (Exh. 2 hereto), but he produced no actual documents. Instead, Kornman advised in his response that whatever he was going to produce would be provided "at a mutually convenient time and place." As to several

---

[1] In its September 26, 2007 Order, the Court held that plaintiff's obligation to present this discovery dispute in advance of filing a motion to compel is waived.

categories of requests, Kornman said that he would produce only those responsive documents "on which he intends to rely" in this litigation (as opposed to documents "relevant to the claim or defense of any party," Fed. R. Civ. P. 26(b)(1)). See Kornman Response to Document Request Nos. 2, 3, 4, 13, 18. But Robbins Russell has yet to see even those documents. Nearly three weeks later, and just a week before depositions are to begin, Kornman has not produced a single document.

Not only has Kornman failed to produce any documents, but he states in his written objections that, if and when he *does* produce documents, he will withhold on privilege grounds the majority of the most probative evidence in his possession. Although Kornman's Amended Answer and Counterclaim put directly in issue discussions he had with the lawyers he hired to defend his criminal case (including, most importantly, Jeffrey Tillotson, who served on Kornman's behalf as the coordinator of all these lawyers), Kornman claims that these communications remain privileged. Indeed, Kornman's counsel advises that he will instruct Tillotson not to answer questions at his October 19 deposition that call for attorney-client communications between Kornman and Tillotson. (Tillotson has since advised Robbins Russell that he believes he is duty-bound to comply with any such direction not to answer. See Sept. 24, 2007 email from Jeff Tillotson to Gary Orseck, attached hereto as Exh. 3.)

To narrow the issues for this Court's disposition (and to reduce the likelihood of privilege disputes at the upcoming Kornman and Tillotson depositions in Texas), we provided Kornman's counsel an illustrative list of topic areas on which we intend to question Tillotson; we also explained our view that, having put these topic areas at issue in his Amended Answer and Counterclaim, Kornman cannot direct Tillotson to decline to answer on privilege grounds. See Exh. 4. Kornman's counsel nevertheless has adhered to his position that the privilege applies. According to Kornman's counsel, it should be enough for *Kornman* to testify as to his communications with Tillotson.

At the eleventh hour, nearly three weeks after the extended deadline for Kornman's production, Kornman's counsel has made some seeming concessions in an evident effort to prop up

Kornman's position on this motion to compel.  See Exh. 5 hereto.  As the attached email reflects, Kornman's counsel has informed us that (1) "communications between Mr. Kornman or Jeff Tillotson, on the one hand, and your firm, on the other, will not be withheld" with an appropriate confidentiality agreement in place; (2) "fee negotiations with your firm will not be withheld, and instructions by Mr. Kornman to Attorney Tillotson regarding work by your firm will not be withheld" with an appropriately confidentiality agreement in place; (3) a "reasonable search will be made for tapes or transcripts containing recordings of anyone at your firm and any such portions will be produced[;]" (4) "law firm retention letters, any demand letters from la[w] firms and any complaints related to any law firms employed by Mr. Kornman for the SEC matter or subsequent criminal matter" will be produced; and (5) "[i]t appears that no potentially responsive text messages remain in Mr. Kornman's possession, custody or control."  As we show below, counsel's belated concession is a fig leaf that has little bearing on our motion to compel or the critical privilege issues at stake.

In short, Kornman's objections – on privilege grounds and otherwise – are baseless.  The Court should overrule Kornman's objections and issue an order compelling him to serve complete responses, forthwith, to our Interrogatories and Document Requests.  The Court should further order that Tillotson must answer questions on the topic areas listed in Exhibit 4 notwithstanding any assertion of privilege by Kornman.  In light of the imminent depositions, we respectfully request expedited treatment of this motion.

## ARGUMENT

## I.  KORNMAN'S AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DAMAGES WAIVE HIS ATTORNEY-CLIENT PRIVILEGE

In his Answer and Counterclaim, Kornman has squarely – and repeatedly – put his attorney-client communications with Tillotson and others in issue.  In his Seventh Affirmative Defense, for example, Kornman asserts that he "is not responsible for actions and statements taken or made by

Jeffrey Tillotson" on the ground that Tillotson's conduct was "outside the scope of [his] authority." In his Fifth Affirmative Defense, Kornman alleges that "Plaintiff made arrangements to hide certain of its work from Defendant." And in his counterclaim for damages, Kornman alleges that Robbins Russell failed to advise him regarding the Sentencing Guidelines and the advantages of pleading guilty – and, Kornman adds, if only Robbins Russell had given him this crucial advice, he would have resolved his criminal case earlier, thus sparing himself "additional expenses, burdens and distress." Counterclaim ¶ 26.

These allegations and others put Kornman's communications with Tillotson and his other lawyers squarely in issue. Nevertheless, Kornman has refused, on privilege grounds, to respond to our Interrogatories and Document Requests that call for communications on these subjects between Kornman and his counsel. In addition, and flatly inconsistently, Kornman's counsel has advised that he intends to direct Tillotson to refuse to answer an array of questions that Robbins Russell intends to ask at Tillotson's October 19, 2007 deposition, on the ground that relevant discovery may be obtained from Kornman himself. Invoking Texas law, Kornman argues that, notwithstanding his affirmative defenses and counterclaim for damages, he has not waived his attorney-client privilege. As we show below, that is mistaken, regardless of whether D.C. or Texas law applies.

Kornman's October 1 statement, through counsel, that "communications between Mr. Kornman or Jeff Tillotson, on the one hand, and your firm, on the other, will not be withheld" and that "fee negotiations with your firm will not be withheld, and instructions by Mr. Kornman to Attorney Tillotson regarding work by your firm will not be withheld" – on the condition that the parties reach an appropriate confidentiality agreement – has no bearing on the privilege issue we have raised. Although we welcome any effort by Kornman to produce anything (and so far we have

come up entirely empty-handed), and although we have no objection to an appropriate confidentiality agreement, Kornman's promise to produce communications he and Tillotson had *with our firm*, and instructions to Tillotson regarding work by Robbins Russell, along with being remarkably late, fails to address the crucial privilege issues before the Court.

### A.    This Court Need Not Choose Between D.C. And Texas Law

In the District of Columbia, "the attorney-client privilege is waived when the client places otherwise privileged matters in controversy." *Ideal Elec. Security Co., Inc.* v. *Int'l Fidelity Ins. Co.*, 129 F.3d 143, 151 (D.C. Cir. 1997). As the D.C. Circuit explained only three months ago, "[a] client waives [the attorney-client] privilege when he puts the attorney-client relationship in issue – for example, by suing the attorney for malpractice or by claiming he relied upon the attorney's advice." *Koch* v. *Cox*, 489 F.3d 384, 389 (D.C. Cir. 2007). "[C]ourts have disallowed the rules of privilege" where:

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.

*Wender* v. *United States Auto. Ass'n*, 434 A.2d 1372, 1374 (D.C. 1981) (holding that affirmative defense of reliance on advice of counsel waives privilege).

Although Kornman and Tillotson doubtless had many of their communications in Texas, Kornman has asserted his affirmative defenses, and advanced his counterclaim for damages, *in the District of Columbia* – in this lawsuit. It follows, in our view, that D.C. principles of waiver – a prototypical matter of *procedure* – should govern. See *Keeton* v. *Hustler Magazine, Inc.*, 465 U.S. 770, 778 n.10 (1984) ("Under traditional choice-of-law principles, the law of the forum State

governs on matters of procedure.")  Applying the D.C. waiver  rules would ensure that all litigants who seek affirmative relief in the D.C. courts receive the same, even-handed treatment.

But this Court need not ultimately make a choice of law: Texas and D.C. law come out the same way on the facts of this case.  In *Republic Ins. Co.* v. *Davis*, 856 S.W.2d 158 (Tex. 1993), the Texas Supreme Court, echoing the standard articulated by the D.C. Court of Appeals in *Wender*, adopted what it called "the offensive use waiver" doctrine for attorney-client privilege.  Observing that privilege may be waived when it is "used as a sword rather than a shield," the Texas court held:

> First, before a waiver may be found the party asserting the privilege must seek affirmative relief.  Second, the privileged information sought must be such that, if believed by the fact finder, in all probability it would be outcome determinative of the cause of action asserted.  Mere relevance is insufficient.  A contradiction in position without more is insufficient.  The confidential communication must go to the very heart of the affirmative relief sought.  Third, disclosure of the confidential communication must be the only means by which the aggrieved party may obtain the evidence.

*Id.* at 163.

Two years after *Republic Ins. Co.*, the Texas Supreme Court applied these principles and found that the privilege proponent had effected an "offensive use waiver."  *Texas Dep't of Pub. Safety Officers Ass'n* v. *Denton*, 897 S.W.2d 757 (Tex. 1995).  First, the court stated, the proponent of the privilege had sought "affirmative relief" because he was "seeking damages."  *Id.* at 761. Second, the discovery sought went "directly to the heart of [the proponent's] claims," and was therefore "outcome determinative."  *Id.* at 761-62.  Finally, the information at issue "could only be obtained through [the proponent]."  *Id.* at 762.  As we show below, under both D.C. and Texas law, Kornman has waived the privilege as to the communications at issue.

**B.    Under Either State's Waiver Law, Kornman Cannot Invoke Attorney-Client Privilege To Refuse To Respond To Discovery Or To Block The Proposed Testimony Of Tillotson**

Kornman's defenses and counterclaim place his attorney-client privilege squarely in issue:

1.  By asserting, in his Seventh Affirmative Defense, that Tillotson lacked the authority to bind Kornman when he requested services from Robbins Russell on Kornman's behalf, Kornman has placed his communications regarding Tillotson's authority front and center.  Indeed, Kornman concedes that Tillotson – whom Kornman lists in his Initial Disclosures as a potential trial witness – has "knowledge of the scope of legal services that Mr. Kornman agreed upon" with Robbins Russell, and "the value, reasonableness, and quality of such services."  Kornman Response to Interrogatory No. 1 at 3.  Yet Kornman refuses on grounds of attorney-client privilege to disclose the communications with Tillotson or any of his other lawyers in which the scope of that "authorization" was addressed.  See Responses to Interrogatory Nos. 7 and 10 (asserting that the question improperly calls for "the protected mental impressions of Mr. Kornman's legal counsel as to the scope of the Engagement Letter").  Kornman similarly refuses to produce any documents that reflect communications between Kornman and Tillotson on this topic.  See Responses to Document Requests Nos. 18(i) and 19.  It is not enough to disclose only Kornman's "instructions" to Tillotson, as Kornman proposed to do yesterday afternoon (see Exh. 5); Tillotson must be permitted to testify as to his understanding, based on his communications with Kornman, of his authority to hand out assignments to Robbins Russell.  See *Walker* v. *American Ice Co.*, 254 F. Supp. 736, 739 (D.D.C. 1966) ("[T]he rule as to privileged communications does not exclude evidence as to the instructions or authority given by the client to his attorney to be acted upon by the latter.").  The Court should overrule Kornman's objection to this discovery.

2.  By asserting, in his Fifth Affirmative Defense, that Robbins Russell "made arrangements to hide certain of its work from Defendant," Kornman has put in issue whether Tillotson, in fact, shared with Kornman, rather than hid from him, the work that Robbins Russell sent to Tillotson. Robbins Russell therefore should be permitted to question Tillotson on this subject.

3.  By asserting, in his counterclaim, that despite "multiple" requests by Kornman (Counterclaim, ¶ 12), Robbins Russell failed to advise him about (a) the Sentencing Guidelines, (b) the law regarding 18 U.S.C. § 1001, and (c) the "potential benefits of plea agreements, and that these alleged derelictions "foreseeably delayed [Kornman's] resolution of his criminal matter, which caused him to suffer additional expenses, burdens and distress," Kornman has put in issue such questions as (a) whether Kornman's criminal lawyers – such as Tillotson and others – gave Kornman the advice he claims he was missing; (b) whether Kornman expressed a willingness to plead guilty earlier than he did (the day before trial); and (c) whether the U.S. Attorney's office made an acceptable offer earlier than it did.  Robbins Russell should be permitted to question Tillotson and Kornman's other defense counsel on these topics.

Kornman also has refused on privilege grounds to produce any documents that relate to his criminal sentencing to the extent they were "generated by or for Mr. Kornman's legal counsel other than Robbins Russell."  Response to Document Request No. 23.  Such documents go directly to Mr. Kornman's claim (Counterclaim ¶ 26) that Robbins Russell's alleged malpractice caused him to "suffer additional expenses, burdens and distress associated with [the] criminal proceedings."  Those documents should be produced as well, and the subject should be fair game at the depositions.

4.  Kornman contends that he ought to be excused from paying Robbins Russell's outstanding bills because our work was substandard (Third and Fifth Affirmative Defenses; see also

Counterclaim ¶¶ 14-16, 19-23); "inadequate and incorrect" (Aug. 20, 2007 Joint Report at 3); and "subpar" and "useless" (Reply in Support of Motion to Dismiss at 10). Kornman thereby has put the quality of our work at issue. Kornman certainly never complained to Robbins Russell about the quality of our work, so we sought to discover whether there were any communications between Kornman and Tillotson (or Kornman's other lawyers) in which Kornman (1) questioned the quality of our work (Interrogatory 9, Document Requests 20 and, 18(iii-v)); (2) raised any dispute concerning any of our invoices (Interrogatory 8, Document Request 18(vi))); (3) discussed our attempts to obtain payment (Document Requests 15 and 18(ii)); or (4) communicated with other lawyers about their using and signing work product prepared by Robbins Russell (Interrogatories 11 and 12; Document Request 17). Kornman refuses on privilege grounds to produce any of these materials. He should be ordered to do so, and Tillotson (who Kornman says has knowledge about "the value, reasonableness, and quality of [Robbins Russell's] services," Response to Interrogatory 1) should be ordered to answer questions on these topics at his deposition.

These and other questions are firmly in play because of Kornman's litigation positions. Under Texas law, no less than under D.C. law, each of these areas of questioning go "directly to the heart of [Kornman's] claims." *Texas Dep't of Pub. Safety Officers Ass'n*, 897 S.W.2d at 762. What is more, Kornman is plainly seeking "affirmative relief"; as in *Texas Dep't of Pub. Safety Officers Ass'n*, Kornman is "seeking damages" through his counterclaim.[2] *Id.* at 761. And given the nature of Kornman's defenses and counterclaims, there are only two percipient witnesses to most of the key

_____

[2] Kornman's counterclaim seeks forfeiture of attorneys' fees, "including fees that he has already paid," as well as an "award of damages to compensate him for . . . emotional distress." Counterclaim ¶ 28.

facts – Kornman and Tillotson.  One of those witnesses, Kornman, has already refused to answer discovery on the subjects that would be covered in Tillotson's deposition.

It simply makes no sense to limit Robbins Russell (as Kornman has suggested) to questioning only *Kornman* about these matters, and not Tillotson and Kornman's other criminal lawyers.  First and foremost, once Kornman has answered questions about the issues raised by his defenses and counterclaim, his responses themselves will have vitiated any lingering privilege; at that point the privilege will have been waived (even if the Court does not agree with us that it has been already), as has been clear for more than a century.  See *Hunt* v. *Blackburn*, 128 U.S. 464, 470 (1888) ("But the privilege is that of the client alone, and no rule prohibits the latter from divulging his own secrets; and if the client has voluntarily waived the privilege, it cannot be insisted on to close the mouth of the attorney."); *Edmund J. Flynn Co.* v. *Lavay*, 431 A.2d 543, 551 (D.C. 1981) ("Where a party authorizes the partial disclosure of materials otherwise subject to a valid claim of attorney-client privilege, the privilege must be treated as waived.").  Second, the "'objective consideration' of fairness" (*In re Sealed Case*, 676 F.2d 793, 808 (D.C. Cir. 1982)) suggests that, in a case in which one percipient witness (Kornman) has already been convicted for making a false statement, it is sensible to take discovery from other witnesses as well.

## II.    KORNMAN'S OTHER DISCOVERY OBJECTIONS SHOULD BE REJECTED AS WELL

### A.  Interrogatory No. 16 and Document Request No. 11 (Other Firms' Unpaid Bills)

Interrogatory No. 16 calls for the identification of all other lawyers whose bills Kornman has not paid since October 2003, and Document Request No. 11 requests production of all legal bills sent to Kornman by his various counsel since October 2003.  Kornman has refused on *relevance* grounds

to provide answers or produce materials relating to other legal bills he has failed to pay, including those in the same matters on which Robbins Russell was engaged. See Kornman Response to Interrogatory No. 16 and Document Request No. 11. But evidence that Kornman failed to pay several law firms *other* than Robbins Russell plainly is relevant to his defenses here. In his Eighth Affirmative Defense, for example, Kornman claims that his failure to pay our bills was the result of a "mistake of fact and/or law regarding the terms and obligations between the parties." According to Winston & Strawn's suit against Kornman in Texas, however, Kornman failed to pay at least three other law firms besides Robbins Russell for work done in the very same case. Whether, as Winston & Strawn claims, Mr. Kornman "defrauded at least three additional law firms by inducing those firms to perform work" that he never intended to pay for (Exh. A to Robbins Russell's June 8, 2007 Opp. to Motion to Dismiss at ¶ 60) certainly bears on Kornman's assertion that his failure to pay Robbins Russell was the result of a "mistake." See Fed. R. Evid. 404(b).

Yesterday, after being advised that we were about to file the present motion, Kornman's counsel said he would produce any "demand letters" or "complaints" from other firms Kornman has not paid in the same underlying matters. Exh. 5. That is not sufficient; as the Court is doubtless aware, law firms do not always send "demand letters" to clients who do not pay. That is why we requested that *Kornman* identify all other firms he has not paid, and produce any relevant documents.

Documents concerning the terms of Kornman's engagement of other law firms in the same matters (see Document Request No. 12) are relevant for the same reason. If other firms who Kornman failed to pay had terms of engagement comparable to ours, it undercuts Kornman's defense that the work we performed was "beyond the scope" of our authorization.

**B. Document Request No. 13 (Tape Recordings of Conversations and Phone Calls)**

Document Request No. 13 calls for "[a]ny and all recordings" Kornman made "of any Robbins Russell attorney or employee." This request is prompted by Kornman's practice of tape recording conversations with his lawyers and others, sometimes with their knowledge and sometimes not. See, *e.g.*, Exh. 6. Kornman initially responded that he would produce "non-privileged, non-objectionable recordings" responsive to our request, but only those "*on which he intends to rely at trial*" (emphasis added). Now, apparently recognizing that his previous position was completely out of bounds, Kornman states that a "reasonable search will be made for tapes or transcripts containing recordings of anyone at your firm and any such portions will be produced. Our earlier response was meant to assure you that we didn't intend to use any recordings we don't produce."

Putting to one side the baseless position that Kornman took earlier, one would have expected him *already* to have undertaken the search for patently responsive tape recordings. We are now eight days away from the first scheduled deposition. Indeed, based on past experience, we believe that an order granting a motion to compel tape recordings in advance of the depositions remains necessary.

### C. Document Request No. 21 (Text Messages)

As Robbins Russell attorneys will testify, Kornman early on insisted that he not be copied on email exchanges, because he believed that his email account was being hacked by one or more individuals. Accordingly, Kornman instructed Robbins Russell to communicate with him only through Tillotson, his principal lawyer, or by sending him a text message on a particular phone line with a request that he return the call. See, *e.g.*, Exh. 7 (email from Robbins Russell to Tillotson and others reflecting Kornman's request "to be taken off the e-mail chain for security reasons") (Robbins Russell saved, and has produced, copies of many such text message exchanges with Kornman.)

Accordingly, we requested copies of Kornman's text messages from the entire period of Robbins Russell's representation of Kornman. Document Request No. 21. Mr. Kornman originally objected on various grounds, including privilege, and stated that he "will not produce the requested information." Now, counsel for Kornman states that "[i]t *appears* that no potentially responsive text messages remain in Mr. Kornman's possession, custody or control." Exh. 5 (emphasis added). That sort of carefully phrased ambiguity, just days before the first scheduled deposition, is only one step beyond Kornman's earlier stonewalling. Accordingly, we continue to request an order compelling production of the requested material.[3]

---

[3] Because Kornman has not yet produced any documents, we reserve our right to seek further relief to the extent he fails to produce those documents that he has committed to turn over. We also reserve the right to seek further relief to the extent Kornman fails to respond appropriately to the separate written discovery we sent after receiving Kornman's Answer and Counterclaim, and the Responses to our First Requests of Admissions, which are due no later than October 11.

## CONCLUSION

For the foregoing reasons, Robbins Russell's Motion to Compel should be granted.

Dated: October 2, 2007

Respectfully submitted,

_____/s/ Gary A. Orseck_____
Gary A. Orseck (Bar No. 433788)
Alan D. Strasser (Bar No. 967885)
Matthew R. Segal (Bar No. 483486)
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, DC 20006
Telephone: (202) 775-4500
Fax: (202) 775-4510

**Attorneys for Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP**

-14-

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBBINS, RUSSELL, ENGLERT,<br>ORSECK & UNTEREINER LLP,<br><br>        Plaintiff<br><br>        v.<br><br>GARY KORNMAN,<br><br>        Defendant. | :<br>:<br>:<br>:<br>:    Civil Action No. 1:07-cv-00554-JR<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT GARY KORNMAN'S RESPONSES TO PLAINTIFF ROBBINS,**
**RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP'S**
**FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33, Gary Kornman ("Mr. Kornman") herein responds to the

first set of interrogatories of Plaintiff Robbins, Russell, Englert, Orseck & Untereiner LLP

("Plaintiff"), as follows:

**GENERAL OBJECTIONS**

These General Objections apply to all responses herein and Mr. Kornman's failure to

refer specifically to a general objection in a particular response shall not constitute a waiver of

any such objection. Mr. Kornman reserves the right to supplement his objections and responses.

1.        Mr. Kornman objects to the Interrogatories to the extent they seek privileged

information including, without limitation, information protected from disclosure by the attorney-

client privilege, work-product doctrine, or any other privilege.

2.        Mr. Kornman objects to the Interrogatories to the extent they seek information

which is not relevant to the subject matter of this action nor reasonably calculated to lead to the

discovery of admissible evidence.

3.      Mr. Kornman objects to the Interrogatories to the extent they are vague or unduly burdensome and purport to impose burdens or obligations beyond the requirements of the Federal Rules of Civil Procedure.

4.      Mr. Kornman objects to the Interrogatories, including the instructions and definitions therein, to the extent they purport to impose obligations beyond those imposed by Federal Rules of Civil Procedure, applicable rules of Court, and case law.

5.      Mr. Kornman objects to the Interrogatories to the extent they seek information available in the public record.

## SPECIFIC OBJECTIONS AND RESPONSES

Interrogatory No. 1:

Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint, and state the subject matter of the personal knowledge possessed by each such person.

Interrogatory Answer No. 1:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it improperly and prematurely purports to require him to marshal all evidence and facts and identify all witnesses at this time. Mr. Kornman reserves his right to supplement his responses to this Interrogatory, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure, and is in no way limited in asserting facts or identifying documents upon which he relies for a particular claim or defense in this action by his response to the Interrogatories. Mr. Kornman also objects to the extent that the answer to this Interrogatory may be derived from documents that he produces, if any, such that the burden of ascertaining the answer is the same for Plaintiff as it is for Mr. Kornman.

- 2 -

Mr. Kornman further objects to this Interrogatory, to the extent that it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege. By his response, Mr. Kornman does not waive the right to object to the production, disclosure, or admissibility of any such privileged information.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman has identified at this time the following persons who might have knowledge of the facts alleged in the Complaint:

A.      Gary Kornman and Jeffrey Tillotson have knowledge of the scope of legal services that Mr. Kornman agreed upon with the Plaintiff, and the value, reasonableness, and quality of such services.

B.      The following attorneys at the Plaintiff's firm, as well as the secretaries and paralegals that support these attorneys, are expected to have unique knowledge of the scope of legal services the Plaintiff provided to Mr. Kornman:

        1.      Lawrence "Larry" Robbins, Esq.

        2.      Alice Yao, Esq.

        3.      Roy Englert, Jr. Esq.

        4.      Alan E. Untereriner, Esq.

        5.      Gregory L. Poe, Esq.

        6.      Kathryn Schaefer Zecca, Esq.

Mr. Kornman reserves the right to supplement this list.

Interrogatory No. 2:

For each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefore.

Interrogatory Answer No. 2:

In addition to and without waiving the General Objections, Mr. Kornman objects on the ground that this Interrogatory would be most efficiently answered at depositions. Mr. Kornman also objects to this Interrogatory to the extent that it improperly and prematurely purports to require him to marshal all evidence and/or testimony of all witnesses at this stage and disclose protected work-product. Mr. Kornman reserves his right to supplement his responses to this Interrogatory, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure, and is in no way limited in designating, utilizing, or retaining an expert or designating or utilizing a witness by his response to the Interrogatories. Mr. Kornman expects at trial to opine on the unreasonableness of fees that appear on bills issued by the Plaintiff, in connection with its work on the criminal matter.

Interrogatory No. 3:

Describe in detail all facts supporting the following contentions in Kornman's motion to dismiss the Complaint and reply brief in support:

      a.     that Kornman and/or Tillotson did not ask Robbins Russell to perform services beyond those reflected in the Engagement Letter;

      b.     that Robbins Russell did not seek to resolve the disputed fees for approximately one year;

      c.     that Robbins Russell performed "sub par" work for Kornman;

      d.     that Robbins Russell's fees were "exorbitant";

      e.      that Robbins Russell's services were, in whole or in part, "useless" to Kornman; and

      f.      that Kornman "has disagreed" with Robbins Russell's invoices.

Interrogatory Answer No. 3:

In addition to and without waiving the General Objections, Mr. Kornman objects on the ground that this Interrogatory would be most efficiently answered at depositions. Mr. Kornman also objects to this Interrogatory to the extent that it improperly and prematurely purports to require him to marshal all evidence at this time and disclose protected work-product. Mr. Kornman reserves his right to supplement his responses to this Interrogatory, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure, and is in no way limited in asserting facts or identifying documents upon which he relies for a particular claim or defense in this action by his response to the Interrogatories. Mr. Kornman also objects to the extent that the answer to this Request may be derived from documents that he produces, if any, such that the burden of ascertaining the answer is the same for Plaintiff as it is for Mr. Kornman.

Mr. Kornman further objects to this Interrogatory, to the extent that it seeks privileged information or mental impressions of his legal counsel, including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege. By his response, Mr. Kornman does not waive the right to object to the production, disclosure, or admissibility of any such privileged information.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman states that, by definition, all contentions in the motions to dismiss are based on the allegations in and omissions from the Complaint. In addition, Mr. Kornman states as follows:

a.   The Engagement Letter governed the scope of Robbins Russell's contractual relationship with Mr. Kornman. The Engagement Letter is a document that speaks for itself;

b.   Robbins Russell did not even allege that it kept Mr. Kornman apprised of the volume of pertinent work underway in connection with the criminal matter;

c.   Among other things, Robbins Russell performed legal services at a volume and form that were neither specifically requested nor utilized by Mr. Kornman;

d.   Mr. Kornman paid Robbins Russell approximately $300,000.00 for what amounted to a relatively minor role in a pretrial context, and Robbins Russell's demand for additional fees supports the exorbitance of Robbins Russell's fees; and

e.   After paying the vast majority of invoices from Robbins Russell, Mr. Kornman eventually refused to pay invoices with which he disagreed while insisting on the completion of certain work.

Interrogatory No. 4:

If you contend that you paid invoices from Robbins Russell for legal services and costs not covered by the Engagement Letter, describe in detail your reason(s) for making those payments.

Interrogatory Answer No. 4:

In addition to and without waiving the General Objections, Mr. Kornman objects on the ground that this Interrogatory would be most efficiently answered at depositions. Mr. Kornman also objects to this Interrogatory to the extent that it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege. Mr. Kornman further objects to the extent that the answer to this Request may be derived from documents that he produces, if any, such that the burden of ascertaining the answer is the same for Plaintiff as it is for Mr. Kornman. Mr. Kornman reserves his right to supplement his responses to this Interrogatory if non-privileged

- 6 -

and otherwise unobjectionable responsive information is identified, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure.

Subject to and without waiving these and the General Objections, Mr. Kornman made a payment for services in a criminal matter not covered by the Engagement Letter as a deposit against reasonable fees for work that he contemplated.

Interrogatory No. 5:

Identify all communications between Kornman and any other person or entity, including Robbins Russell but not including lawyers who have filed appearances on your behalf in litigation against Robbins Russell, expressing in whole or in part the reason(s) described in your response to Interrogatory No. 4.

Interrogatory Answer No. 5:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege. Mr. Kornman reserves his right to supplement his responses to this Interrogatory if non-privileged and otherwise unobjectionable responsive information is identified, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure.

Interrogatory No. 6:

Describe in detail your reason(s) for refusing to pay Robbins Russell's invoices in full.

Interrogatory Answer No. 6:

In addition to and without waiving the General Objections, Mr. Kornman objects on the ground that this Interrogatory would be most efficiently answered at depositions. Mr. Kornman

further objects to this Interrogatory to the extent that it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege. Mr. Kornman reserves his right to supplement his responses to this Interrogatory if non-privileged and otherwise unobjectionable responsive information is identified, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure. Subject to and without waiving these and the General Objections, Mr. Kornman states that he refused to pay invoices containing unreasonable fees for unauthorized or incomplete work.

Interrogatory No. 7:

Identify all communications between Kornman and any other person or entity, including Robbins Russell but not including lawyers who have filed appearances on your behalf in litigation against Robbins Russell, expressing in whole or in part the reason(s) described in your response to Interrogatory No. 6.

Interrogatory Answer No. 7:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege. Mr. Kornman reserves his right to supplement his responses to this Interrogatory if non-privileged and otherwise unobjectionable responsive information is identified, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure.

Mr. Kornman further objects to the extent that the answer to this Request may be derived from documents that he produces, if any, such that the burden of ascertaining the answer is the

same for Plaintiff as it is for Mr. Kornman. At various times, Mr. Kornman had conversations with Lawrence Robbins that included expressions of dissatisfaction.

Interrogatory No. 8:

If you contend that you disputed, contested, or raised a disagreement with Robbins Russell's invoices, in whole or in part, in any communications that took place before November 15, 2006, identify all of those communications.

Interrogatory Answer No. 8:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege. Mr. Kornman reserves his right to supplement his responses to this Interrogatory if non-privileged and otherwise unobjectionable responsive information is identified, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure.

Mr. Kornman further objects to the extent that the answer to this Request may be derived from documents that he produces, if any, such that the burden of ascertaining the answer is the same for Plaintiff as it is for Mr. Kornman. At various times, Mr. Kornman had conversations with Lawrence Robbins that included expressions of dissatisfaction.

Interrogatory No. 9:

Identify all communications between Kornman and any other person or entity, including Tillotson, concerning the quality of Robbins Russell's legal services.

Interrogatory Answer No. 9:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege. Mr. Kornman reserves his right to supplement his responses to this Interrogatory if non-privileged and otherwise unobjectionable responsive information is identified, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure.

Interrogatory No. 10:

Describe in detail all legal services you, or anyone on your behalf, requested from Robbins Russell that are not covered by the Engagement Letter.

Interrogatory Answer No. 10:

In addition to and without waiving the General Objections, Mr. Kornman objects on the ground that this Interrogatory would be most efficiently answered at depositions. Mr. Kornman further objects to this Interrogatory to the extent that it requests the protected mental impressions of Mr. Kornman's legal counsel as to the scope of the Engagement Letter as it applies to legal services not at issue. The Engagement Letter did not apply to work on the criminal matter.

Interrogatory No. 11:

Identify all communications concerning or reflecting the use, in whole or in part, of work product performed on Kornman's behalf by Robbins Russell but signed by lawyers other than Robbins Russell lawyers.

Interrogatory Answer No. 11:

In addition to and without waiving the General Objections, Mr. Kornman objects on the ground that this Interrogatory would be most efficiently answered at depositions. Mr. Kornman objects to this Interrogatory to the extent that it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege. Mr. Kornman reserves his right to supplement his responses to this Interrogatory if non-privileged and otherwise unobjectionable responsive information is identified, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure. Responsive information can be found in the public record.

Interrogatory No. 12:

Identify all persons who on your behalf have used, in whole or in part, work product performed on Kornman's behalf by Robbins Russell.

Interrogatory Answer No. 12:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory as vague and ambiguous. Mr. Kornman objects to this Interrogatory to the extent that it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege. Mr. Kornman reserves his right to supplement his responses to this Interrogatory if non-privileged and otherwise unobjectionable responsive information is identified, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure. Responsive information can be found in the public record.

Interrogatory No. 13:

If you contend that Robbins Russell has caused you any damages, itemize and show how you calculate any such damages, whether economic, non-economic, punitive or other.

Interrogatory Answer No. 13:

Mr. Kornman objects to this Interrogatory to the extent that it improperly and prematurely purports to require Mr. Kornman to detail all potential claims for damages. Subject to and without waiving the foregoing objection, Mr. Kornman's damages would be equivalent to the excessive fees that Robbins Russell has charged and demanded from Mr. Kornman and that Robbins Russell alleges are unpaid, in addition to the attorneys' fees and costs associated with defending against Robbins Russell's collections efforts. Furthermore, to the extent that Robbins Russell contends that it represented Mr. Kornman in the criminal litigation, Robbins Russell may be liable for failure to properly and timely advise Mr. Kornman regarding issues related to a guilty plea, which Mr. Kornman ultimately entered after incurring more than $1,000,000.00 in legal costs with the intention of going to trial. Mr. Kornman will produce pertinent invoices reflecting damages he seeks to recover.

Interrogatory No. 14:

Identify every bank account held or used by Kornman, including the account number and the name of the company and/or person in whose name each account is held.

Interrogatory Answer No. 14:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 15:

Identify every vehicle owned by Kornman, including the type, registration information, and location of each vehicle.

Interrogatory Answer No. 15:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 16:

Identify all persons who, during or since October 2003 have submitted to you invoices for legal services that, for any reason, you have not paid in full.

Interrogatory Answer No. 16:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 17:

For each witness you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly involve giving expert testimony and whom you expect to testify at trial, provide a complete statement of the opinions to be expressed and the basis and reasons therefor.

Interrogatory Answer No. 17:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it improperly and prematurely purports to require him to designate experts at this stage and to disclose information protected by the work-product

- 13 -

doctrine. Mr. Kornman reserves his right to supplement his responses to this Interrogatory, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure, and is in no way limited in designating, utilizing, or retaining an expert by his response to the Interrogatories. Subject to and without waiving his objections, Mr. Kornman states that he has not yet retained a testifying expert.

Interrogatory No. 18:

Identify each and every person not otherwise identified in your answers to these interrogatories with knowledge of the facts relevant to this case and describe in detail the knowledge that person has.

Interrogatory Answer No. 18:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it improperly and prematurely purports to require him to marshal all evidence and/or testimony of all witnesses at this stage. Mr. Kornman reserves his right to supplement his responses to this Interrogatory as responsive information is identified, although he limits his duty to do so to the obligations imposed by the Federal Rules of Civil Procedure, and is in no way limited in designating, utilizing, or retaining an expert or designating or utilizing a witness by his response to the Interrogatories. Mr. Kornman repeats his response to Interrogatory 1 and incorporates his initial disclosures by reference.

Interrogatory No. 19:

Describe in detail any settlement you have reached in the SEC litigation.

Interrogatory Answer No. 19:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Interrogatory to the extent that it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work-product doctrine, or

any other privilege.  There has been no settlement agreement reached in the SEC litigation.

The foregoing objections are made by counsel to Gary Kornman.

SULLIVAN & WORCESTER LLP


**/s/ Orlando E. Vidal**
Barry S. Pollack, Esquire
Orlando E. Vidal, Esquire (D.C. Bar # 461815)
1666 K Street, N.W., Suite 700
Washington, D.C.  20006
Ph.: (202) 775-6825
Fax.: (202) 293-2275
ovidal@sandw.com


September 13, 2007

## VERIFICATION

I, Gary Kornman, hereby state under penalty of perjury that I have read the foregoing responses, that I do not necessarily have personal knowledge of all facts and information set forth herein, that the answers set forth are necessarily limited by the accuracy and extent of the records and information still in existence, presently recollected and thus far discovered in the course of preparing the responses, and that subject to the aforesaid limitations the responses are true to the best of my knowledge, information, and belief.

_Gary Kornman_
Gary Kornman

Date: September 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2007, I caused a true and correct copy of *Defendant Gary Kornman's Responses to Plaintiff Robbins, Russell, Englert, Orseck & Untereiner LLP's First Set of Interrogatories* to be served by electronic mail on:

> Gary A. Orseck, Esq.
> Robbins, Russell, Englert, Orseck & Untereiner LLP
> gorseck@robbinsrussell.com


**/s/ Orlando E. Vidal**

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ :
                                :
ROBBINS, RUSSELL, ENGLERT,      :
ORSECK & UNTEREINER LLP,        :
                                :
              Plaintiff         :          Civil Action No. 1:07-cv-00554-JR
                                :
       v.                       :
                                :
GARY KORNMAN,                   :
                                :
              Defendant.        :
_____ :

### DEFENDANT GARY M. KORNMAN'S RESPONSE TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Gary M.

Kornman ("Mr. Kornman") responds to Plaintiff Robbins, Russell, Englert, Orseck & Untereiner

LLP's ("Robbins Russell" or "Plaintiff") first request for production as follows:

### General Objections

These general objections apply to all responses herein and Mr. Kornman's failure to

refer specifically to a general objection in a particular response shall not constitute a waiver of

any such objection. Mr. Kornman reserves the right to supplement his objections and responses.

1.     Mr. Kornman objects to the Document Requests to the extent they seek

privileged information including, without limitation, information protected from disclosure by

the attorney-client privilege, work-product doctrine, joint defense privilege or any other

privilege. Such information expressly includes communications, information and/or documents

generated, directly or indirectly, for or by Mr. Kornman. Inadvertent production of such

documents shall not be deemed to be a waiver of any otherwise applicable privilege, protection,

or immunity.

2.     Mr. Kornman objects to the Document Requests to the extent they seek information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.     Mr. Kornman objects to the Document Requests to the extent they are vague or unduly burdensome and purport to impose burdens or obligations beyond the requirements of the Federal Rules of Civil Procedure.

4.     Mr. Kornman objects to the Document Requests, including the instructions and definitions therein, to the extent they purport to impose obligations beyond those imposed by federal law, applicable rules of Court, and case law.

5.     Mr. Kornman objects to the Document Requests to the extent they seek information available in the public record.

6.     Mr. Kornman objects to the form of Requests, to the extent that they could be construed as asserting legal or factual conclusions. By producing documents in response to any Request, Mr. Kornman is not agreeing to or acquiescing in such assertions. By stating that he will produce responsive documents, Mr. Kornman is not representing that any exist

## DOCUMENT REQUESTS

### Document Request No. 1:

All documents referred to in your Answers to Interrogatories.

### Response No. 1:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks documents already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman objects to

this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, non-privileged, non-objectionable documents that he has access to and that are responsive to Request No. 1, if any.

**Document Request No. 2:**

All documents concerning the allegations of the Complaint.

**Response No. 2:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as overly broad, vague, ambiguous and unduly burdensome. Mr. Kornman further objects to this Request to the extent that it seeks documents already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, non-privileged, non-objectionable documents that are responsive to Request No. 2 and on which he intends to rely in this proceeding.

- 3 -

**Document Request No. 3:**

All documents that you and/or your representatives have sent to any person or entity or have received concerning the allegations of the Complaint.

**Response No. 3:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as overly broad, vague, ambiguous and unduly burdensome. Mr. Kornman further objects to this Request to the extent that it seeks documents already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman also objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, non-privileged, non-objectionable documents that he has access to and that are responsive to Request No. 3, and on which he intends to rely in this proceeding.

**Document Request No. 4:**

All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)) which were previously made by Kornman concerning the allegations of the Complaint.

**Response No. 4:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as overly broad, vague, ambiguous and unduly burdensome. Mr. Kornman further objects to this Request to the extent that it seeks statements in documents or communications that are already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman objects to this Request to the extent that it requests statements Mr. Kornman made to his legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law. Additionally, Mr. Kornman objects to the extent that this request calls for the disclosure of mental impressions and legal conclusions of counsel as to what constitutes a statement under Fed. R. Civ. P. 26(b)(3).

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, non-privileged, non-objectionable documents that he has access to and that are responsive to Request No. 4, and on which he intends to rely in this proceeding.

**Document Request No. 5:**

All documents which relate to, describe, summarize, or memorialize any communication between you and Robbins Russell, or anyone known or believed by you to have been acting under the authority of Robbins Russell, concerning the allegations of the Complaint.

### Response No. 5:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks documents already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing, the General Objections, his privilege and confidentiality rights, and Robbins Russell's ethical obligations, Mr. Kornman will produce, at a mutually convenient time and place, documents sent to or from Robbins Russell, to which he has access.

### Document Request No. 6:

All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) or in connection with any witness identified in your Answers to Interrogatories.

### Response No. 6:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as overly broad, vague, ambiguous, and unduly burdensome. Mr. Kornman also objects to this Request to the extent that it seeks documents that are not likely to lead to the discovery of admissible evidence, available from the public record or already in Robbins Russell's possession,

custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman further objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, non-privileged, non-objectionable documents that he has access to and that are responsive to Request No. 6, if any.

**Document Request No. 7:**

All documents reflecting or concerning communications, in any form, between Robbins Russell and Kornman.

**Response No. 7:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as vague, ambiguous, overly broad and unduly burdensome. Mr. Kornman also objects to this Request to the extent that it seeks documents that are not likely to lead to the discovery of admissible evidence, available from the public record or already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control.

Subject to and without waiving the foregoing, the General Objections, his privilege and confidentiality rights, and Robbins Russell's ethical obligations, Mr. Kornman will produce, at a mutually convenient time and place, documents sent to or from Robbins Russell, to which he has access.

- 7 -

**Document Request No. 8:**

All documents reflecting or concerning communications, in any form, between Robbins Russell and Tillotson.

**Response No. 8:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as vague, ambiguous, overly broad and unduly burdensome. Mr. Kornman also objects to this Request to the extent that it seeks documents that are not likely to lead to the discovery of admissible evidence, available from the public record or already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman further objects to this Request to the extent that it seeks information concerning privileged communications and/or requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing, the General Objections, his privilege and confidentiality rights, and Robbins Russell's ethical obligations, Mr. Kornman will produce, at a mutually convenient time and place, documents sent to or from Robbins Russell, to which he has access.

**Document Request No. 9:**

Copies of any and all work product prepared, in whole or in part, by Robbins Russell.

- 8 -

**Response No. 9:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks documents that are already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control.

Subject to and without waiving the foregoing, the General Objections, his privilege and confidentiality rights, and Robbins Russell's ethical obligations, Mr. Kornman will produce, at a mutually convenient time and place, work product prepared by Robbins Russell to which he has access.

**Document Request No. 10:**

Any and all invoices prepared by Robbins Russell.

**Response No. 10:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks documents that are already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, invoices from Robbins Russell.

**Document Request No. 11:**

Any and all documents created during or since October 2003 concerning invoices for legal work submitted to Kornman by any lawyer or law firm other than Robbins Russell, including but not limited to invoices concerning the SEC litigation and the criminal litigation.

**Response No. 11:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as vague, ambiguous, overly broad and unduly burdensome. Mr. Kornman also objects to this Request to the extent that it seeks documents that are not likely to lead to the discovery of admissible evidence, or already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman further objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, non-privileged, non-objectionable documents that he has access to and that are responsive to Request No. 11, and to the extent he seeks recovery of the underlying fees from Robbins Russell.

**Document Request No. 12:**

Documents created during or since October 2003 concerning the terms of your engagement of any lawyer or law firm other than Robbins Rusell [sic], including but not limited to contracts, engagement letters, retention agreements, and documents concerning or reflecting oral agreements.

 **Response No. 12:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as overbroad and unduly burdensome. Mr. Kornman further objects to this Request to the extent that it seeks documents that are not likely to lead to the discovery of admissible evidence and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman further objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, his engagement letter from Robbins Russell.

**Document Request No. 13:**

Any and all recordings, by any means, of any Robbins Russell attorney or employee.

 **Response No. 13:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as vague, ambiguous and unduly burdensome. Mr. Kornman further objects to this Request to the extent that it seeks items that are not likely to lead to the discovery of admissible evidence and/or not in Mr. Kornman's possession, custody or control.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, non-privileged, non-objectionable

recordings that he has access to, if any, that are responsive to Request No. 13, and on which he intends to rely at trial.

**Document Request No. 14:**

All bills or records concerning or reflecting calls made by Kornman to any Robbins Russell attorney or employee.

### Response to No. 14:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as vague, ambiguous and overly broad. Mr. Kornman further objects to this Request to the extent that it seeks items that are not likely to lead to the discovery of admissible evidence and/or not in Mr. Kornman's possession, custody or control.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, non-privileged, non-objectionable bills to which he has access and that are responsive to Request No. 14, if any.

**Document Request No. 15:**

All documents concerning Robbins Russell's efforts to obtain payment from Kornman on unpaid invoices.

### Response No. 15:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks documents already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman further objects to this Request to the extent that it requests documents generated by or for Mr.

- 12 -

Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, any demand letters or similar communications from Robbins Russell.

**Document Request No. 16:**

All documents that use, in whole or in part, work product performed on Kornman's behalf by Robbins Russell but signed by lawyers other than Robbins Russell lawyers.

**Response No. 16:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks documents already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman further objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Mr. Kornman directs Robbins Russell to the public record for pleadings that he actually used.

**Document Request No. 17:**

All communications concerning Robbins Russell's work product or legal services performed on Kornman's behalf, including but not limited to all communications concerning the transmittal of Robbins Russell's work product to other lawyers or law firms.

**Response No. 17:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks documents already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control.  Mr. Kornman further objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, non-privileged, non-objectionable documents comprising the transmittal of Robbins Russell's work product during the course of the criminal proceedings.

**Document Request No. 18:**

All documents supporting the following contentions in Kornman's motion to dismiss the Complaint and reply brief in support:

(i)    that Kornman and/or Tillotson did not ask Robbins Russell to perform services beyond those reflected in the Engagement Letter;

    (ii)     that Robbins Russell did not seek to resolve the disputed fees for approximately a
year;

    (iii)    that Robbins Russell performed "sub-par" work for Kornman;

    (iv)    that Robbins Russell's fees were "exorbitant";

    (v)    that Robbins Russell's services were, in whole or in part, "useless" to Kornman;
and

    (vi)    that Kornman "has disagreed" with Robbins Russell's invoices.

### Response No. 18:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks documents already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law.

Subject to and without waiving the foregoing or the General Objections, Mr. Kornman will produce, at a mutually convenient time and place, non-privileged, non-objectionable documents on which he intends to rely to support the above-enumerated contentions.

**Document Request No. 19:**

Communications between Tillotson and Kornman concerning requests that Robbins Russell perform legal services on Kornman's behalf.

**Response No. 19:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks documents already in Robbins Russell's possession, custody or control and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law. Consistent with his privilege rights, Mr. Kornman will not produce the requested information.

**Document Request No. 20:**

Documents concerning Kornman's or Tillotson's views on the quality, value, or usefulness of the legal services performed by Robbins Russell and invoiced to Kornman.

**Response No. 20:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks documents not in Mr. Kornman's possession, custody or control. Mr. Kornman objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or

any other applicable privilege, protection, or immunity recognized by law.  Consistent with his

privilege rights, Mr. Kornman will not produce the requested information.

**Document Request No. 21:**

Copies of all of Kornman's text messages sent or received during the entire period of

Robbins Russell's representation.

**Response No. 21:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this

Request as vague, ambiguous, overly broad and unduly burdensome.   Mr. Kornman further

objects to this Request to the extent that it seeks items that are not likely to lead to the discovery

of admissible evidence, already in Robbins Russell's possession, custody or control and/or not in

Mr. Kornman's possession, custody or control.  Mr. Kornman also objects to this Request to the

extent that it requests documents generated by or for Mr. Kornman's legal counsel other than

Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-

product doctrine, joint defense privilege or any other applicable privilege, protection, or

immunity recognized by law.  Mr. Kornman will not produce the requested information.


**Document Request No. 22:**

Documents concerning or reflecting the amount and whereabouts of all of Kornman's

assets.

- 17 -

### Response No. 22:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Mr. Kornman also objects to this Request to the extent that it requests documents that are a matter of public record. Mr. Kornman further objects to the extent that the documents requested are in the custody, possession or control of third parties or protected from disclosure by any applicable privilege, protection, or immunity recognized by law. Mr. Kornman will not produce the requested information.

### Document Request No. 23:

All documents concerning the sentencing of Kornman in the criminal litigation, including but not limited to all letters, statements, sentencing memoranda, and other documents filed by, on behalf of, or in support of Kornman.

### Response No. 23:

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks items that are a matter of public record and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman also objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law. Mr. Kornman directs Robbins Russell to the public record.

**Document Request No. 24:**

All documents concerning any settlement of the SEC litigation.

**Response No. 24:**

In addition to and without waiving the General Objections, Mr. Kornman objects to this Request to the extent that it seeks items that are a matter of public record and/or not in Mr. Kornman's possession, custody or control. Mr. Kornman also objects to this Request to the extent that it requests documents generated by or for Mr. Kornman's legal counsel other than Robbins Russell, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege or any other applicable privilege, protection, or immunity recognized by law. There has not been a settlement reached with the SEC.

SULLIVAN & WORCESTER LLP

**/s/ Orlando E. Vidal**
Barry S. Pollack, Esquire
Orlando E. Vidal, Esquire (D.C. Bar # 461815)
1666 K Street, N.W., Suite 700
Washington, D.C. 20006
Ph.: (202) 775-6825
Fax.: (202) 293-2275
ovidal@sandw.com

September 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2007, I caused a true and correct copy of

*Defendant Gary Kornman's Response to Plaintiff's First Request for Production* to be served by

electronic mail on:

Gary A. Orseck, Esq.
Robbins, Russell, Englert, Orseck & Untereiner LLP
gorseck@robbinsrussell.com


**/s/ Orlando E. Vidal**

# Exhibit 3

**From:** Jeff Tillotson [mailto:jmt@lynnllp.com]
**Sent:** Monday, September 24, 2007 11:31 AM
**To:** Orseck, Gary; Pollack, Barry S.
**Cc:** Beverly Wonnacot
**Subject:** Robbins Russell v. Gary Kornman (Deposition of Jeff Tillotson)

Gary—

Thanks for your letter. I owed you a call anyway because my trial got moved back a week and so I likely will be busy during the week of October 8, 2007. Therefore, your proposed change in my deposition (to October 19, 2007) works out very well for me.

Therefore, this email will confirm that my deposition will go forward on **October 19, 2007**. Both my deposition and Mr. Kornman's (scheduled for October 18, 2007) can take place at our offices if you wish.

One last point – as I think I mentioned to you, obviously I am duty bound to honor any assertion of privilege made by Mr. Kornman during the course of my deposition. I do encourage the two of you to see if you can reach agreement as to the permissible scope of any testimony offered by me. You may not be able to but I did want to alert you well before the deposition that I do believe I must honor any assertion of privilege made by Mr Kornman.

Let me know if there is anything else you need.

Jeff

Jeff Tillotson
LYNN TILLOTSON & PINKER, LLP
750 North St. Paul
Suite 1400
Dallas, Texas 75201

214.981.3838 (Direct)
214.981.3800 (Main)
214.981.3839 (Fax)
email: jmt@lynnllp.com

Assistant: Beverly Wonnacott
Phone: 214.981.3810

# Exhibit 4

# ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP

1801 K STREET, N W , SUITE 411 L
WASHINGTON, D C  20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Gary A  Orseck

(202) 775-4504
gorseck@robbinsrussell com

September 26, 2007

*Via Facsimile and U.S. Mail*

Barry S. Pollack
Sullivan & Worcester LLP
One Post Office Square
Boston, MA  02109

> Re:    *Robbins, Russell, Englert, Orseck & Untereiner LLP v  Kornman,*
>        Case No  1:07-cv-00554-JR

Dear Barry:

As we have discussed on the phone, this is to provide you with an illustrative, non-exhaustive list of topic areas on which I intend to depose Mr  Kornman, Mr  Tillotson, or both, and as to which I suspect (based on your objections to our written discovery) you will instruct the witnesses not to answer  The purpose of this letter is to identify more concretely the areas of disagreement, so that any privilege disputes can be resolved by the Court in advance of the depositions  In that regard, please advise me by noon on Friday, September 28, whether you agree that any attorney-client or other privilege as to communications on these topic areas are waived  Because the depositions are only a few weeks away, I want to leave plenty of time for the Court to resolve any disputes.

Here, then, is a list of some of the communications I intend to explore in my questioning that I believe are no longer protected by any privilege:

1.    With regard to the counterclaim:

(a)    What conversations did Mr  Kornman have either with Mr  Tillotson, or any other counsel, relating to the "merits of the false statement[] charges against him" (Counterclaim, ¶ 20)?

ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP

Barry S. Pollack
September 26, 2007
Page 2

    (b)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to "the application of the federal sentencing guidelines, including concepts of 'relevant conduct' and 'cross-referencing,'" and "risks [of] the charges against him" (Counterclaim, ¶¶ 22)?

    (c)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to "pertinent potential benefits of plea bargains" (Counterclaim, ¶ 23)?

    (d)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to the ultimate resolution of his criminal matter (Counterclaim, ¶ 26)? In ths connection, we will seek discovery of all communications between Mr. Kornman and any of his counsel concerning (among other things) (i) whether, when and on what terms to plead guilty; (ii) the pros and cons of pleading guilty; (iii) Mr. Kornman's and his counsel's reactions to all overtures or offers from the government; (iv) the substance of all plea bargaining discussions with the government. We also intend to subpoena all of Mr. Tillotson's work product on the subject of plea bargaining, and perhaps that of other counsel as well.

    (e)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to Count III of the Indictment, including the proposition that Mr. Kornman could be convicted under 18 U.S.C. § 1001 "even for an arguably ambiguous statement" (Counterclaim, ¶16)?

2.    With respect to Mr. Kornman's affirmative defenses:

    (a)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to Mr. Kornman's asserted understanding "that Plaintiff was required, in the criminal matter, to complete certain work before payment would be due, while the parties either negotiated or reached agreement on a flat fee arrangement" (Second Affirmative Defense)?

    (b)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to "alternative dispute resolution, including plea negotiations and related matters" (Fifth Affirmative Defense)?

    (c)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to the so-called "Stringer" motion, or any other matter that

ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP

Barry S. Pollack
September 26, 2007
Page 3

Mr. Kornman now alleges was subject to an "arrangement to hide" matters from Mr. Kornman (Fifth Affirmative Defense)?

(d)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to "the scope of the[] authority" of Tillotson to assign work to Robbins Russell or otherwise speak on Mr. Kornman's behalf (Seventh Affirmative Defense)?

3.    With respect to other matters that Mr. Kornman has put in issue in the litigation:

(a)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to Mr. Kornman's claim that Robbins Russell "churned Mr. Kornman's file" (Reply in Support of Motion to Stay Discovery at 3)?

(b)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to Mr. Kornman's contention that he was "dissatisfied" with Robbins Russell's work (Reply in Support of Motion to Stay Discovery at 3)?

(c)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to Mr. Kornman's claims, in various documents, that Robbins Russell's work was either "useless" or "subpar"?

(d)    What conversations did Mr. Kornman have either with Mr. Tillotson, or any other counsel, relating to any claim by Mr. Kornman that the charges listed in Robbins Russell's invoices, and which remain unpaid, were "clerical errors" or were otherwise excessive or inappropriate?

As I say, this is not intended to be an exhaustive list. However, if you believe that any of the categories of communications listed above remains privileged, please advise me right away so I will be able correctly to frame the dispute for Judge Robertson.

Very truly yours,

Gary A. Orseck

# Exhibit 5

| | |
|---|---|
| **From:** | Pollack, Barry S. [bpollack@sandw.com] |
| **Sent:** | Monday, October 01, 2007 3:10 PM |
| **To:** | Orseck, Gary |
| **Cc:** | Vidal, Orlando; Varghese, Lesley M. |
| **Subject:** | Re: Robbins Russell v. Kornman, D.C. District Court, Civil Action No. 1:07-cv-00554-JR/JMF |

Gary,

I will call you in a few minuites.  Subject to further discussions with you, here is where we presently are:

1) With the appropriate confidentialiity agreement in place, communications between Mr. Kornman or Jeff Tillotson, on the one hand, and your firm, on the other, will not be withheld.  We essentially need a commitment that, among other ordinary safeguards and remaining ethical obligations, use of this information will be restricted to what is necessary in these proceedings.

2) Again with an appropriate confidentiality agreement in place, fee negotiations with your firm will not be withheld, and instructions by Mr. Kornman to Attorney Tillotson regarding work by your firm will not be withheld.

3)  A reasonable search will be made for tapes or transcripts containing recordings of anyone at your firm and any such portions will be produced.   Our earlier response was meant to assure you that we didn't intend to use any recordings we don't produce.

4). We will produce law firm retention letters, any demand letters from la1 firms and any complaints related to any law firms employed by Mr. Kornman for the SEC matter or subsequent criminal matter.

5)  It appears that no potentially responsive text messages remain in Mr. Kornman's possession, custody or control.

Obviously we are not conceding relevance or admissibility on any of these points.  I think additional discussions will clarify why these are sufficient responses.

Barry


Barry S. Pollack
Attorney at Law

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2910
F 617 338 2880
bpollack@sandw.com
www.sandw.com

BOSTON   NEW YORK   WASHINGTON, DC

# Exhibit 6

**From:**   Yao, Alice

**Sent:**   Tuesday, January 24, 2006 3:08 PM

**To:**   Robbins, Larry; Poe, Greg

**Subject:** Kornman

Gary asked me to have his tapes from this morning's meeting transcribed for tomorrow, but has not sent me the .wav file. Do either of you know the best way to reach him?

Thanks,
Alice

Alice W. Yao
Robbins, Russell, Englert, Orseck & Untereiner LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Telephone: (202) 775-4492
Fax: (202) 775-4510
www.robbinsrussell.com
ayao@robbinsrussell.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROBBINS, RUSSELL, ENGLERT** | : | |
| **ORSECK & UNTEREINER LLP,** | : | |
| | : | **Civil Action No.** |
| **Plaintiff,** | : | **1:07-cv-00554-JR/JMF** |
| | : | |
| **v.** | : | |
| | : | |
| **GARY KORNMAN,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This matter comes before the Court on motion of Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP to compel discovery. Having considered Plaintiff's motion and having reviewed the Opposition thereto, it is hereby ORDERED that the motion is GRANTED and that Robbins Russell is entitled to the following discovery:

(1) Deposition testimony from Jeffrey M. Tillotson, over a privilege objection asserted by Defendant Gary Kornman;

(2) Kornman's responses to any interrogatory or document request to the extent that Kornman has asserted a privilege objection based on legal advice or work product provided to him in his SEC and criminal litigation, because Kornman has waived the privilege;

(3) Kornman's responses to Interrogatory No. 16 and Document Request No. 11 (concerning Kornman's unpaid bills from other law firms), over the relevance objection asserted by Kornman;

(4) Kornman's response to Document Request No. 13 (concerning tape recordings of conversations and phone calls); and

(5) Kornman's response to Document Request No. 21 (concerning text messages).

Kornman shall provide to Robbins Russell his responses to items (2) through (5) above on or before 10 a.m. on October 9, 2007.

SIGNED this _____ day of _____, 2007.

_____
THE HONORABLE JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE