UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBBINS, RUSSELL, ENGLERT,   :
ORSECK & UNTEREINER LLP,     :
                             :
        Plaintiff,           :
                             :
    v.                       :  Civil Action No. 07-0554 (JR)
                             :
GARY KORNMAN,                :
                             :
        Defendant.           :

**MEMORANDUM ORDER**

Plaintiff's motion to compel discovery [#29] is **granted in part and denied in part**, as explained below.

**Attorney-Client Privilege**

Plaintiff's motion to compel asserts that, on a number of subjects, Kornman has waived the attorney-client privilege that previously attached to his communications with Jeffrey Tillotson, another of Kornman's lawyers in the civil and criminal matters at the bottom of the present dispute. There can be no question that Kornman has waived his privilege as to certain communications with Tillotson.

First, the privilege has clearly been waived as to all communications that Tillotson addresses in his sworn certification that Kornman submitted in opposition to the present motion. See In re Sealed Case, 676 F.2d 793, 809 (D.C. Cir. 1982) ("voluntary disclosure by the client to a third party breaches the confidentiality of the attorney-client relationship

and therefore waives the privilege, not only as to the specific communication disclosed but often as to all other communications relating to the same subject matter"). Given the topics addressed in the certification, Kornman may have waived the privilege as relates to his communications with Tillotson regarding:

- fee arrangements between Robbins Russell and Kornman
- the quality of Robbins Russell's work
- disputes over fees and Robbins Russell's attempts to obtain payment
- other lawyers' use and signing of work product created by Robbins Russell

Regardless of whether I would ultimately conclude that Kornman has waived his privilege as to all communications on each of these topics, Robbins Russell may inquire about these subjects during the deposition so that there will be a clear record for later review, if necessary.

Second, by "plac[ing] otherwise privileged matters in controversy," Kornman has effected a waiver as to all communications with Tillotson that are related to his counterclaim and his affirmative defenses. See Ideal Elec. Security Co., Inc. v. Int'l Fidelity Ins. Co., 129 F.3d 143, 151 (D.C. Cir. 1997). Kornman has placed his communications with Tillotson at issue in the following ways:

- By asserting in his Fifth Affirmative Defense that Plaintiff "made arrangements to hide certain of its work from Defendant," Kornman has put at issue the question of how Tillotson shared work that Robbins Russell did.

- 2 -

>   Plaintiff is entitled to inquire about whether and how work product given to Tillotson reached Kornman.
>
>   - By asserting as his Seventh Affirmative Defense that Kornman is not responsible for any statements made by Tillotson that were outside of the scope of his authority, Kornman has opened the door to inquiry, both to himself and to Tillotson, about the scope of Tillotson's authority and about his communication with Tillotson on that subject.
>
>   - By asserting in his Counterclaim that Plaintiff failed to advise him on the Sentencing Guidelines and the benefits of plea agreements and that these failures "foreseeably delayed [Kornman's] resolution of his criminal matter, which caused him to suffer additional expenses, burdens, and distress" Kornman has put into issue: 1) what advice his other lawyers were giving him, 2) whether he had expressed an interest in a plea agreement to other lawyers, including Tillotson, and 3) the timing of plea offers from the U.S. Attorney's office.

**Additional Discovery Disputes**

Interrogatory No. 16

In this interrogatory, Plaintiff asks Kornman to identify all lawyers whose bills he has not paid since October 2003. Defendant refuses on relevance grounds, but his Eighth Affirmative Defense, that his failure to pay was the result of a "mistake of face and/or law regarding the terms and obligations between the parties," makes the information requested at least reasonably likely to lead to the discovery of relevant evidence. Kornman's objection is overruled, and he must respond to the interrogatory.

Document Request No. 11

Plaintiff requests production of all legal bills, both paid and unpaid, from all of his lawyers since October 2003. Kornman responds by producing all retention agreements, demand letters, and complaints from his other lawyers but objects to producing the bills themselves, citing both burden and attorney-client privilege. The objection is sustained.

Document Request Nos. 13 and 21

These two requests are for recordings that Kornman may have made of conversations with Robbins Russell employees as well as for text message conversations between Kornman and Robbins Russell. Kornman told plaintiffs that he would conduct a reasonable search for recordings, and that he has not found any responsive materials. He has not, however, clearly stated that the search itself has been completed. With regard to text messages, Kornman responds that "it appears that no potentially responsive text messages remain in Mr. Kornman's possession." The motion to compel as to these materials, is premature, but Mr. Kornman is admonished that Plaintiff is entitled to a clear answer to his requests.

**SO ORDERED.**

JAMES ROBERTSON
United States District Judge