**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBBINS, RUSSELL, ENGLERT ORSECK & UNTEREINER LLP,** : :  :  **Plaintiff,**  : : **v.** : : **GARY KORNMAN,** : : **Defendant.** : | **Civil Action No. 1:07-cv-00554-JR/JMF** |

### REPLY TO GARY M. KORNMAN'S COUNTERCLAIM

Plaintiff/Counterclaim Defendant Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP ("Robbins Russell") files this Reply to Defendant Gary M. Kornman's Amended Answer, Counterclaim and Jury Demand filed on September 28, 2007.

### Parties

1. Admitted.

2. Admitted. The firm changed its name to Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP on September 17, 2007.

### Jurisdiction

3. This allegation is a legal conclusion to which no answer is required. To the extent it requires an answer, it is denied.

### Facts

4. Robbins Russell admits that Kornman engaged Robbins Russell to represent him in connection with a matter involving the Securities and Exchange Commission ("SEC") but denies

the allegations of Paragraph 4 insofar as they allege that the engagement was limited to the SEC matter.

5. Admit that Kornman executed on or about October 5, 2004 the Engagement Letter now attached to the Complaint.

6. Admitted.

7. Robbins Russell admits that Kornman paid in full invoices from Robbins Russell dated between and including November 1, 2004, and February 2, 2006.

8. Robbins Russell admits that the amount of Kornman's February 2006 payment was greater than the amount of his then-outstanding balance. Robbins Russell denies the remaining allegations of Paragraph 8.

9. Robbins Russell admits that, at the request of Kornman and his Texas lawyer, Jeffrey Tillotson, Robbins Russell provided legal services to Kornman in connection with a criminal investigation of him by the U.S. Attorney's Office for the Northern District of Texas. Robbins Russell denies the remaining allegations of Paragraph 9.

10. Robbins Russell denies the allegations of Paragraph 10. Robbins Russell admits that Kornman's February 2006 payment was for $50,000.

11. Robbins Russell admits that attorneys Lawrence Robbins, Gregory Poe, and Alice Yao entered appearances in Kornman's criminal matter on April 12, 2006. The remainder of the paragraph appears to state a legal conclusion to which no response is required. To the extent that an answer is required, Robbins Russell denies the remaining allegations of Paragraph 11.

12. Robbins Russell denies the allegations of Paragraph 12.

13. Robbins Russell denies the allegations of Paragraph 13.

14. Robbins Russell denies the allegations of Paragraph 14.

15. Robbins Russell denies the allegations of Paragraph 15.

16. Robbins Russell denies the allegations of Paragraph 16.

## Count One – Breach of Fiduciary Duty
### (Forfeiture under Texas Law)

17. Robbins Russell incorporates by reference all of its answers to paragraphs 1 through 16 of the Amended Answer, Counterclaim and Jury Demand.

18. Robbins Russell admits that it had an attorney-client relationship with Kornman. Robbins Russell denies the remaining allegations of Paragraph 18.

19. Paragraph 19 consists of a legal conclusion as to which no response is required. To the extent a response is required, Robbins Russell denies the allegations of Paragraph 19.

20. Paragraph 20 consists of a legal conclusion as to which no response is required. To the extent a response is required, Robbins Russell denies the allegations of Paragraph 20.

21. Robbins Russell denies the allegations of Paragraph 21.

22. Robbins Russell denies the allegations of Paragraph 22.

23. Robbins Russell denies the allegations of Paragraph 23.

24. Robbins Russell denies the allegations of Paragraph 24.

25. Robbins Russell denies the allegations of Paragraph 25.

26. Robbins Russell denies the allegations of Paragraph 26.

27. Robbins Russell denies the allegations of Paragraph 27.

28. Robbins Russell denies the allegations of Paragraph 28.

**Prayer for Relief**

In response to the unnumbered paragraph entitled "Prayer for Relief," Robbins Russell denies that Kornman is entitled to any relief, including the relief he specifically requests. Robbins Russell also specifically asserts that Kornman's Counterclaim provides no basis to deny the relief requested by Robbins Russell for its breach of contract, *quantum meruit* (breach of implied-in-fact contract) and account stated claims.

### AFFIRMATIVE DEFENSES

First Affirmative Defense

Kornman has already had a reasonable opportunity for relevant investigation and discovery, yet his allegations and other factual contentions lack evidentiary support.

Second Affirmative Defense

Kornman's claims are barred by estoppel.

Third Affirmative Defense

Kornman's claims are barred by waiver.

Fourth Affirmative Defense

Kornman's claims are barred by laches.

Fifth Affirmative Defense

Kornman's claims are barred by ratification.

Sixth Affirmative Defense

Kornman's claims are barred by failure to mitigate damages.

<u>Seventh Affirmative Defense</u>

    Kornman's claims are barred by the doctrine of unclean hands.

<u>Eighth Affirmative Defense</u>

    Kornman's claims are barred by fraud.

<u>Ninth Affirmative Defense</u>

    Kornman's claims are barred by release.

<u>Tenth Affirmative Defense</u>

    Kornman's damages, if any, were caused by persons other than Robbins Russell.

## **RELIEF**

Robbins Russell respectfully asks that this Court:

    A.    Dismiss Kornman's Counterclaim with prejudice;

    B.    Award to Robbins Russell all damages available at law for its breach of contract, *quantum meruit* (breach of implied-in-fact contract), and account stated claims, including actual and statutory damages, as well as pre-judgment and post-judgment interest;

    C.    Award costs and attorneys' fees to Robbins Russell, including costs and fees associated with prosecuting Robbins Russell's affirmative claims for relief and with defending Kornman's Counterclaim; and

    D.    Award Robbins Russell such other relief as the Court deems just and proper.

Dated: October 18, 2007

                                              Respectfully submitted,

                                              _/s/ Gary A. Orseck_

Gary A. Orseck (Bar No. 433788)
Alan D. Strasser (Bar No. 967885)
Matthew R. Segal (Bar No. 483486)
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, DC  20006
Telephone: (202) 775-4500
Fax: (202) 775-4510

**Attorneys for Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP**