IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBBINS, RUSSELL, ENGLERT ORSECK & UNTEREINER LLP, | : : : | Civil Action No. 1:07-cv-00554-JR/JMF |
| Plaintiff, | : : | |
| v. | : : | |
| GARY KORNMAN, | : : | |
| Defendant. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
FURTHER DISCOVERY UNDER FED. R. CIV. P. 56(f)**

Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP ("Robbins Russell") submits this opposition to defendant Gary Kornman's Motion For Further Discovery Under Fed. R. Civ. P. 56(f).

On September 24, 2007, Robbins Russell moved for summary judgment on Count III (Account Stated). The thrust of that motion is that Kornman (i) received invoices for legal services, month after month; (ii) continued to demand additional legal services throughout that time; and (iii) never once disputed any part of any bill. Under those circumstances, an account stated was settled as a matter of law, and Robbins Russell therefore is entitled to summary judgment. See *Riley* v. *Mattingly*, 42 App. D.C. 290, 294 (D.C. Cir. 1914) ("[a]n account rendered" by a lawyer to his client, "and not objected to within a reasonable time, is to be regarded as admitted by the [client] to be prima facie correct, and may not be impeached save for fraud, error, or mistake."); *Continental Cas. Co.* v. *Dr. Pepper Bottling Co. of Texas, Inc.*, 416 F. Supp. 2d 497, 505 (N.D. Tex. 2006)

("Approval of an account can be inferred by a party's silence if the account is rendered and retained without objection for a reasonable time after full opportunity to object.").

In his Rule 56(f) motion, (and in his brief in opposition to our summary judgment motion, p. 21), Kornman argued that summary judgment on this claim would be premature, because he had not yet deposed Lawrence Robbins, Gregory Poe, or Alice Yao, the associate at our firm who also worked on the Kornman civil and criminal matters. Kornman's Rule 56(f) motion should be denied.

First, as explained in our memorandum in support of our motion for summary judgment (Dkt. 24-3 at 13 n. 9), courts have rejected similar efforts to forestall, via a Rule 56(f) motion, summary judgment on an account stated claim. That is because the critical question is whether the *defendant* ever raised a contemporaneous dispute regarding the validity of the unpaid invoices. And as to that question, "Defendants themselves are best situated to provide documentation of any earlier objections." *Lanklert, Siffert & Wohl, LLP* v. *Rossi*, 287 F. Supp. 2d 398, 409 (S.D.N.Y. 2003). Because Kornman never raised any objection, he has no documents that say he did.

Second, and in any event, Kornman has now deposed Mr. Robbins (October 10) and Mr. Poe (October 11). Indeed, Kornman just recently moved the Court to supplement the record on our summary judgment motion to include (irrelevant) snippets from Mr. Robbins's deposition. In addition, Robbins Russell long ago produced to Kornman's lawyers, on CD-ROM, more than 16,000 pages of documents, including all of its work product and correspondence on the underlying matter. We also have made an additional 10,000 or so pages of our research materials and drafts available in hard copy in our office.[1] While our associate, Ms. Yao, has yet to be deposed (Kornman's counsel

---

[1] We note that, by contrast, even in the wake of the Court's October 16, 2007 Memorandum Order granting in part our Motion to Compel, Kornman still has not produced a single document other than (1) documents that are publicly available filings; and (2) documents that Robbins Russell

requested a short postponement of that date because of a scheduling conflict), she will have nothing to say about the billing matters at issue in our Account Stated motion. Accordingly, Kornman's suggestion that the Court should table our motion until some later date should be rejected.

Dated: October 19, 2007

                                  Respectfully submitted,

                                  /s/ Gary A. Orseck
Gary A. Orseck (Bar No. 433788)
Alan D. Strasser (Bar No. 967885)
Matthew R. Segal (Bar No. 483486)
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, DC 20006
Telephone: (202) 775-4500
Fax: (202) 775-4510

Attorneys for Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP

---

produced *to Mr. Kornman*.