# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP, | ) ) ) ) |
| Plaintiff/Counterclaim-Defendant, | ) ) ) |
| v. | ) ) |
| GARY M. KORNMAN, | ) ) ) |
| Defendant/Counterclaim-Plaintiff. | ) ) ) |

Case No. 1:07-cv-00554-JR/JMF

### DEFENDANT GARY M. KORNMAN'S EMERGENCY MOTION TO DISQUALIFY ATTORNEY LAWRENCE ROBBINS FROM EXAMINING WITNESSES AT DEPOSITIONS AND FROM SERVING AS TRIAL COUNSEL

Defendant Gary Kornman ("Mr. Kornman") respectfully submits this emergency motion to disqualify Attorney Lawrence Robbins ("Attorney Robbins") from examining witnesses at depositions that have been scheduled for October 24, 2007, and October 25, 2007, and from serving as trial counsel. On October 19, 2007, counsel for Mr. Kornman attempted to schedule a conference call with the Court, as the subject matter of this motion affects discovery issues. Because only a few days remain before depositions at issue, this motion is being filed on an emergency basis.

Based on prior submissions to the Court, it is beyond dispute that Attorney Robbins will be a necessary witness at any trial in this matter. On September 24, 2007, Attorney Robbins submitted a Declaration reflecting that he is the Plaintiff's primary witness. On October 8, 2007, Mr. Kornman submitted his Certification and a Certification of Jeffrey Tillotson, the content of which also reflect that Attorney Robbins is likely a necessary witness in this matter. Deposition testimony by Attorney Robbins can also be found in the exhibits to Mr. Kornman's Motion for

Leave to Supplement the Summary Judgment Record with Newly-Discovered Materials, which further reflects that Attorney Robbins is likely a necessary witness.

On October 12, 2007, Attorney Lawrence Robbins filed a Notice of Appearance in this action. On October 13, 2007, his partner, Attorney Gary Orseck, informed counsel for Mr. Kornman that Attorney Robbins intended to examine the witnesses at the upcoming videotaped depositions of Mr. Kornman and nonparty witness Attorney Jeffrey Tillotson.

Counsel for Mr. Kornman has objected to Attorney Robbins examining witnesses because, as a necessary witness, he is ineligible to serve as trial counsel. Among other problems, Attorney Robbins could essentially vouch for his own testimony when asking questions. For example, with leading questions phrased in the first person, such as "didn't I say …" or "didn't you tell me …," he could effectively testify multiple times, once as a witness and then again each time he examines another witness. When examining defense witnesses, Attorney Robbins would effectively avoid cross-examination of his statements phrased as questions, or at least avoid a prompt cross-examination.

Efforts have been made to narrow this dispute. The Plaintiff has framed its present position as, regardless of whether Attorney Robbins can serve as trial counsel, he can serve in pretrial functions. Plaintiff has not, however, agreed that Attorney Robbins would refrain from a role as trial counsel in this matter. To be clear, Mr. Kornman has no objection to Attorney Robbins serving as counsel in pretrial matters so long as his service in that role remains entirely outside the presence of the jury. For example, Mr. Kornman has no objection to Attorney Robbins handling oral arguments or the like before the Court. Counsel for Mr. Kornman has inquired into whether Attorney Robbins would agree not to speak in the first person on a deposition record, or whether Plaintiff would agree to change language in pertinent deposition

questions from the first person to the third person before reading it to the jury.  No agreement could be reached that would resolve these concerns.[1]

Citing to Rule 3.7 of the D.C. Rules of Professional Conduct, Formal Opinion 228 (http://www.dcbar.org/for_lawyers/ethics/legal_ethics/opinions/opinion228.cfm) of the D.C. Bar Legal Ethics Committee addresses certain aspects of the rule that prohibits a lawyer from serving in trial counsel functions when he will likely serve as a necessary witness in the same matter. Opinion 228 explains that a lawyer does not violate a duty *to his present client* by serving as an advocate in *"most"* pretrial proceedings.  There are, however, other concerns that can arise that would limit the lawyer's ability to perform certain pretrial functions:

> As Comment [2] explains, the advocate-witness rule is intended to prevent prejudice that could result from the lawyer's assumption of dual roles at trial: "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or an analysis of the proof."
>
> Beyond the confusion that this combination of roles might create, the rule is justified on at least three other bases: ***(1) it is necessary to prevent the possibility that, in addressing the jury, the lawyer will appear to vouch for his own credibility;*** (2) it will prevent the difficult situation that occurs when an opposing counsel must cross-examine a lawyer-adversary and seek to impeach his credibility; and (3) the rule also will prevent the implication that the testifying lawyer is distorting the truth for his/her client's benefit.
>
> \*     \*     \*     \*
>
> Although noting that Rule 3.7 applies "specifically to service 'as advocate at a trial,'" the ABA ethics committee nonetheless

---

[1] Initially, Plaintiff's counsel stated that Attorney Robbins would be in Texas for other purposes and therefore significant efficiency concerns warranted an accommodation by which he could serve as counsel at the depositions in Texas.  Since that time, however, the deponents and Plaintiff have extended a courtesy to defense counsel, in connection with family health circumstances, by rescheduling the depositions.  As part of that accommodation, the deponents agreed to travel to D.C. for the depositions.  Now there is no longer an efficiency concern, or any other justification for Attorney Robbins having the opportunity to vouch for his own credibility when taking depositions.

>   believed "the policy behind the prohibition applies to any situation where the lawyer[-witness] is placed in the position of arguing the lawyer's own veracity" in a pre-trial proceeding. Inf. Op. 89-1529, *supra* note 1.

Formal Opinion 228 (emphasis added).

In sum, Mr. Kornman would suffer substantial prejudice if Attorney Robbins is permitted to create a videotaped record of depositions in which he testifies through his own questioning, or vouches for his own credibility, while examining witnesses. Plaintiff has offered no compelling reason for the departure from the usual rule that prohibits an attorney from vouching for his own credibility as counsel in a matter in which he will likely be a necessary witness. Because Plaintiff would likely attempt to play portions of the video and sound from depositions at any trial, or to read into the record leading questions by Attorney Robbins that could be framed in the first person, this Court should not permit him to examine witnesses at the upcoming depositions.

Dated: October 19, 2007                                     Respectfully submitted,

                                                            /s/ Orlando E. Vidal
                                                            Orlando E. Vidal (D.C. Bar No. 461815)
                                                            Barry S. Pollack, *Admitted Pro Hac Vice*
                                                            Sullivan & Worcester, LLP
                                                            1666 K Street, NW, Suite 700
                                                            Washington, DC 20006
                                                            Telephone: (202) 775-1200
                                                            Fax: (202) 293-2275

                                                            **COUNSEL FOR GARY M. KORNMAN**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                               :
ROBBINS, RUSSELL, ENGLERT,    :
ORSECK & UNTEREINER LLP,       :
                                               :
      Plaintiff/Counterclaim-Defendant  :   Case No. 1:07-cv-00554-JR/JMF
                                             :
                  v.                           :
                                             :
GARY M. KORNMAN,               :
                                             :
      Defendant/Counterclaim-Plaintiff. :
_____:

## ORDER

The Court **GRANTS** Defendant Gary M. Kornman's *Emergency Motion to Disqualify Attorney Lawrence Robbins from Examining Witnesses at Depositions and from Serving as Trial Counsel*. Because Mr. Robbins will be a necessary witness at any trial in this proceeding, it is inappropriate for him to examine witnesses and serve as trial counsel.

                                                    **BY THE COURT:**

                                                    _____
                                                                        **Judge**

Dated: _____