**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBBINS, RUSSELL, ENGLERT :
ORSECK & UNTEREINER LLP, :
         :  Civil Action No.
    Plaintiff,  :  1:07-cv-00554-JR/JMF
         :
  v.      :
         :
GARY KORNMAN,   :
         :
    Defendant.  :

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S "EMERGENCY MOTION" TO
DISQUALIFY LAWRENCE ROBBINS FROM TAKING DEPOSITIONS**

Plaintiff Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP ("Robbins Russell")

submits this opposition to defendant Gary Kornman's Motion To Disqualify Lawrence Robbins From

Examining Witnesses At Depositions.

Defendant Gary Kornman's latest foray into legal ethics is as misguided as each of the last.[1]

In support of his request that the Court prohibit Lawrence Robbins from taking any depositions in

this matter, Kornman relies on Formal Opinion 228 of the D.C. Bar Legal Ethics Committee (Exh.

1 hereto), which interprets Rule 3.7 of the D.C. Rules of Professional Conduct ("Lawyer as Witness")

---

[1] See Motion for Entry of Civility Order (Dkt. 20-2) at 2 (asserting that Robbins Russell made unethical efforts to obtain privileged materials from Kornman's lawyers); Motion to Supplement the Record (Dkt. 40) at 3-4 (asserting that Lawrence Robbins violated Opinions 238 and 310 of the D.C. Legal Ethics Committee); Opposition to Motion for Summary Judgment (Dkt. 32-2) at 12 (charging that Robbins Russell improperly removed $50,000 from a client trust account); Answer and Counterclaim (Dkt. 28) (charging that Robbins Russell violated "professional standards" by charging unreasonable fees (Third Affirmative Defense), "made arrangements to hide work" from Kornman (Fifth Affirmative Defense), breached various "fiduciary duties" (Sixth Affirmative Defense), and even purposely "delay[ed] resolution of [Kornman's] criminal matter" in order to "to earn additional fees" (Counterclaim ¶ 27).

(Exh. 2 hereto). According to Kornman (Br. 3), Opinion 228 addresses "concerns that can arise" when a lawyer who is a likely trial witness performs "certain pretrial functions" – such as taking depositions. Kornman says that Robbins Russell should not be permitted to depart from "the usual rule" expressed in Opinion 228, which (he claims) prohibits Mr. Robbins from taking any depositions. Br. 4.

*In fact, Opinion 228 states exactly the opposite.* The Committee observed that Rule 3.7's reach "is limited to the trial stage," and expressly "decline[d] to extend the D.C. Rule beyond its terms. Had the District of Columbia Court of Appeals intended the rule to apply beyond prohibition of courtroom representation, the rule could have been so written." The Committee therefore rejected precisely the argument Kornman presents here; it expressly held that a lawyer who is likely to be a necessary trial witness "may represent a client in most pre-trial matters," which "includes, but is not limited to, *taking witness depositions*, pre-trial discovery and argument of most pre-trial motions, and also assisting in trial preparation." (emphasis added).

But one would never know any of this from reading Kornman's brief, because the *entire holding of Opinion 228 is replaced in his brief with ellipses*. Br. at 3. We attach as Exhibit 1 hereto the entire three-page Opinion 228, highlighting the portions of the Opinion that are represented as "*  *  *  *" in Kornman's brief. Kornman's argument is foreclosed by the very ethics rule he relies upon, as well as the relevant case law (none of which merits a mention in his brief). The motion should be denied.

## BACKGROUND

On Saturday, October 13, the day after Mr. Robbins noticed his appearance in this matter, Kornman's counsel, Barry Pollack, advised that he would object to Mr. Robbins serving as trial

counsel or taking any of the depositions in the case. Exh. 3. Gary Orseck, counsel for Robbins Russell, responded (*id*.) that we had not yet decided whether Mr. Robbins would serve as trial counsel, but added that Mr. Robbins would be taking the upcoming Kornman and Tillotson depositions. Mr. Orseck noted that Rule 3.7 of the D.C. Rules of Professional Responsibility plainly permits Mr. Robbins to take those depositions, and requested that if Kornman "ha[s] an objection to this, please let me know right away what you plan to do about it. It's obviously in everyone's interest for any dispute to be resolved early this week." Having received no response from Kornman's counsel, on Tuesday, October 16 – two days before the depositions were scheduled to proceed in Dallas – Mr. Orseck asked Mr. Pollack to confirm that, after we all had traveled to Texas for the depositions, he would not seek to preclude Kornman from answering questions posed by Mr. Robbins. Mr. Pollack responded as follows:

> My thought is that we will object to use of Larry's voice *at trial* on any recording. We will also object to you reading in questions by Larry Robbins at trial in the first person. As for instructions not to answer, I could foresee argumentative questions in the first person being problematic. *Otherwise I do not foresee a problem.* You have agreed not to argue that proceeding this way affects our right to object to Larry Robbins' service as trial counsel.

Exh. 4 hereto (emphasis added). Mr. Orseck immediately responded, "Yes, I understand that you reserve all your rights, and I will not argue to the contrary." *Id*.

Less than an hour later (*id*.), Mr. Pollack advised that he could not travel to Texas for the Kornman deposition because of an illness in the family. On the basis of that representation, we agreed to Mr. Pollack's request to postpone *both* depositions, so long as Mr. Kornman would agree to travel to Washington, D.C. for his deposition on a convenient date (Tillotson had separately offered to be deposed in Washington, D.C., as he was scheduled to be here on other business.) The two

depositions were rescheduled for October 25 and 26 .[2]  The next day, after Robbins Russell had agreed to postpone both depositions to accommodate Mr. Pollack, and after Mr. Pollack had agreed to reserve for trial his objections about the questioning, he asked, "Do you still intend to have Larry Robbins handle any of the questioning?  We may have to call Judge Robertson on this issue this week."  Exh. 5 hereto.  Robbins Russell advised that its plans had not changed.

Now, only a few days before the rescheduled depositions are to begin, and a full week after we had advised Mr. Pollack that Mr. Robbins will be taking the depositions, Kornman seeks "emergency" relief to stop Mr. Robbins from taking the depositions.[3]

## ARGUMENT

Rule 3.7(a) of the D.C. Rules of Professional Conduct provides that, subject to certain exceptions not applicable here, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness."[4]  The Commentary to the Rule notes that, whereas a "witness is required to testify on the basis of personal knowledge," a lawyer "is expected to explain and comment on evidence given by others.  It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof."

---

[2]  Although we intend to proceed with the depositions, we note that Mr. Kornman still has not produced a single piece of paper in discovery other than (i) materials taken from the public record, and (ii) materials *we produced to him*.

[3]  Kornman states (Br. 2) that he was informed only on October 13, 2007 that his deposition would be videotaped.  In fact, we issued him a notice of videotaped deposition on September 10, 2007, seeking his testimony on September 24, 2007.  Exh. 6 hereto.  Kornman would not agree to be deposed on that date.

[4]  As the Rule prohibits it, Mr. Robbins will not act as an advocate at trial.

In 1992, the Legal Ethics Committee of the D.C. Bar fielded an inquiry from an attorney whose opposing counsel had succeeded in disqualifying him under Rule 3.7(a), because the attorney was likely to testify at trial. After obtaining the attorney's disqualification, opposing counsel then further objected to the attorney's participation in *pre-trial* proceedings on the same grounds. In Opinion 228 – the very opinion invoked by Kornman – the Legal Ethics Committee flatly held that Rule 3.7(a) has no application to pre-trial proceedings. As the Committee explained,

> All of the reasons underlying the rule relate to concerns that might arise *only at trial*. Indeed, Rule 3.7(a)'s reach is limited to the trial stage, *i.e.*, the lawyer is prohibited from acting only as "advocate at a trial" when he or she is likely to be a necessary witness. Given the Rule's express limitation and the trial-stage purposes it is intended to serve, we conclude that a lawyer who is likely to be a necessary witness at trial may represent a client in most pre-trial matters. This includes, but is not limited to, *taking witness depositions*, pre-trial discovery and argument of most pre-trial motions, and also assisting in trial preparation.

Opinion 228 (emphasis added). The Committee observed that, in 1989, the America Bar Association Committee on Ethics and Professional Responsibility had reached the same result in interpreting "substantially the same rule." The ABA had cited several reasons for its conclusion, including that (i) "the case may be settled in advance of trial so that the lawyer is not needed to testify," and (ii) "the lawyer-witness may have the most knowledge about the case, and it would be unfair to the client not to permit that lawyer to participate in pre-trial proceedings." Opinion 228 (citing ABA Informal Opinion 89-1529 (10/20/89)).

The D.C. Legal Ethics Committee also observed that "Courts considering the issue of advocate-witness participation in pre-trial matters generally have permitted such participation." Opinion 228 (citing, among other cases, *Culebras Enterprises Corp.*, v. *Rivera-Rios*, 846 F.2d 94, 99 (1st Cir. 1988) ("The question is whether the prohibition against acting as 'advocate at a trial' should be read as broadly prohibiting the rendition of case-related out-of-court services prior to trial.

We think not.")).  The D.C. Legal Ethics Committee agreed with both the ABA and the case law, adding "that the Rules should not be interpreted to interfere unnecessarily with a client's choice of counsel."  *Id*.  "Where none of Rule 3.7's purposes are served by a pre-trial disqualification, such a disqualification of the advocate-witness would serve only to deprive the client of the lawyer or firm which . . . knows the case best."  *Id*.

As the foregoing authorities make clear, there simply is no basis for Mr. Kornman's belated motion to disqualify Mr. Robbins from taking Kornman's and Tillotson's depositions this week.  To the contrary, it would be especially unfair in this case to prohibit Mr. Robbins from deposing these witnesses.  Robbins Russell wants Mr. Robbins to take these depositions precisely because he "ha[s] the most knowledge about the case" of anybody in the firm.  Opinion 228.  Mr. Kornman has chosen to defend the case by claiming (among other things) that (1) Kornman and Mr. Robbins agreed that Robbins Russell would not be paid for its work on a motion to dismiss the indictment until the papers were "complete[d] and file[d]" (Kornman Certification (Dkt. 34-2) at ¶¶ 11, 13; (2) Kornman and Mr. Robbins agreed that Robbins Russell would be paid fixed fees for two other motions, and that Robbins Russell would not be paid for those either until they were filed (*id*. ¶¶ 12, 13); and (3) Kornman "did complain" about the quality of our work when he received our invoices (*id*. ¶ 20).  As noted in the summary judgment papers we filed on our Account Stated claim, the record is devoid of evidence to support these false assertions by Mr. Kornman.  Because Mr. Kornman claims that he had these supposed conversations *with Mr. Robbins*, it will be most efficient and effective for Mr.

Robbins to examine Mr. Kornman on these topics.[5]  Indeed, we are confident that this is precisely why Mr. Kornman wishes to disqualify Mr. Robbins from taking his deposition.

Finally, there is simply nothing to Mr. Kornman's objection (Br. 2) that, by asking questions at a deposition, Mr. Robbins would unfairly prejudice Mr. Kornman by "vouch[ing] for his own testimony" and "avoid[ing] cross-examination of his statements phrased as questions."  To the extent Mr. Kornman objects to the form of any questions that are posed, he can state them at the deposition, and the Court can rule on them in the normal course.

## CONCLUSION

Defendant's motion to prohibit Mr. Robbins from taking the depositions of Mr. Kornman and Mr. Tillotson should be denied.

---

[5]  For the same reason, Robbins Russell wants Mr. Robbins to depose Mr. Tillotson. According to Mr. Kornman's Answer, Mr. Robbins and Mr. Tillotson "made arrangements to hide certain of [Robbins Russell's] work" from Kornman.  Fifth Affirmative Defense.  Mr. Kornman also claims that he is "not responsible" to pay for work assignments given by Mr. Tillotson to Mr. Robbins, since handing out such assignments was "outside the scope" of Mr. Tillotson's authority. Sixth Affirmative Defense.  Mr. Robbins plainly is in the best position to examine Mr. Tillotson on these matters.  We note, in this connection, that, contrary to Kornman's Emergency Motion (at 2), the Tillotson deposition is *not* being videotaped.

Dated: October 22, 2007

Respectfully submitted,


_____/s/ Gary A. Orseck_____
Gary A. Orseck (Bar No. 433788)
Alan D. Strasser (Bar No. 967885)
Matthew R. Segal (Bar No. 483486)
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, DC  20006
Telephone: (202) 775-4500
Fax: (202) 775-4510


Attorneys for Plaintiff Robbins, Russell, Englert,
Orseck, Untereiner & Sauber LLP

8



Home > For Lawyers > Ethics > Legal Ethics > Opinions

## Opinion 228

**Lawyer-Witness Participation in Pre-Trial Proceedings**

Although precluded from acting as trial counsel, a lawyer who is likely to be a necessary witness at trial ethically may assist substitute counsel in both pre-trial matters and trial preparation and may continue him/herself to represent the party in most pre-trial proceedings.

### Applicable Rules

- Rule 3.7(a) (Lawyer As Witness)
- Rule 1.7(b) (Conflict of Interest)
- Rule 1.4(b) (Communication)

### Inquiry

The inquirer has represented a client (the association) for several years. The association currently is involved in litigation in which opposing counsel successfully sought inquirer's disqualification from representation based on the opposition's intention to call inquirer as a witness. The association retained substitute trial counsel whom inquirer has assisted in preparing for trial.[1]

Opposing counsel objects to the assistance that inquirer has been providing to substitute counsel. Opposing counsel contends that this assistance violates Rule 3.7(a). Inquirer believes the court's disqualification of him as trial counsel does not affect his ability to assist his client in preparation for trial; he is limited only in his ability to represent the association at trial.

### Discussion

Rule 3.7(a) provides that "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. . . ." As Comment [2] explains, the advocate-witness rule is intended to prevent prejudice that could result from the lawyer's assumption of dual roles at trial: "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or an analysis of the proof."

Beyond the confusion that this combination of roles might create, the rule is justified on at least three other bases: (1) it is necessary to prevent the possibility that, in addressing the jury, the lawyer will appear to vouch for his own credibility: (2) it will prevent the difficult situation that occurs when an opposing counsel must cross-examine a lawyer-adversary and seek to impeach his credibility; and (3) the rule also will prevent the implication that the testifying lawyer is distorting the truth for his/her client's benefit. *Culebras Enterprises Corp. v. Rivera-Rios,* 846 F.2d 94, 99 (1st Cir. 1988), citing *Bottaro v. Hatton Associates,* 680 F.2d 895, 897 (2d Cir. 1982); *International Electronics v. Flanzer,* 527 F.2d 1288, 1294 (2d Cir. 1975); *MacArthur v. Bank of New York,* 524 F. Supp.

**Exhibit 1**
**Page 1 of 4**

Ethics Opinion 228: Lawyer-Witness Participation in Pre-Trial Proceedings

1205, 1208 (S.D.N.Y. 1981). *See also* A.B.A., Annotated Model Rules of Professional Conduct, at 387-89 (2d ed. 1992).

All of the reasons underlying the rule relate to concerns that might arise only at trial. Indeed, Rule 3.7(a)'s reach is limited to the trial stage, i.e., the lawyer is prohibited from acting only as "advocate at a trial" when he or she is likely to be a necessary witness. Given the Rule's express limitation and the trial-stage purposes it is intended to serve, we conclude that a lawyer who is likely to be a necessary witness at trial may represent a client in most pre-trial matters. This includes, but is not limited to, taking witness depositions, pre-trial discovery and argument of most pre-trial motions, and also assisting in trial preparation.[2] It follows *a fortiori* that the lawyer-witness may assist substitute counsel in similar matters.

The American Bar Association Committee on Ethics and Professional Responsibility considered the same issue in Informal Opinion 89-1529 (10/20/89). In reaching the same conclusion under substantially the same rule,[3] the ABA committee found several reasons for permitting the lawyer-witness to represent the client advocate during the pre-trial stage: (1) the case may be settled in advance of trial so that the lawyer is not needed to testify; (2) the lawyer's testimony may be replaced with other evidence at trial; (3) the client may choose to forego the lawyer's testimony rather than lose the lawyer's services at trial; (4) there is little likelihood of prejudice to the client or the justice system since the Rules now permit the lawyer's partner to act as trial counsel; and (5) the lawyer-witness may have the most knowledge about the case, and it would be unfair to the client not to permit that lawyer to participate in pre-trial proceedings.

We agree, and add that the Rules should not be interpreted to interfere unnecessarily with a client's choice of counsel. Where none of the Rule 3.7's purposes are served by pre-trial disqualification, such a disqualification of the advocate-witness would serve only to deprive the client of the lawyer or firm which not only knows the case best but with whom the client most likely has an established relationship. *See Norell, Inc. v. Federated Department Stores, Inc.*, 450 F. Supp. 127, 130 (S. D.N.Y. 1978).

Courts considering the issue of advocate-witness participation in pre-trial matters generally have permitted such participation. In *Culebras Enterprises, supra* at 99, the First Circuit squarely was asked and squarely refused to construe Rule 3.7 broadly: "The question is whether the prohibition against acting as 'advocate at a trial' should be read as broadly prohibiting the rendition of case-related out-of-court services prior to trial. We think not."

Even under the former and arguably broader rule, DR 5-102 (B),[4] Courts permitted advocate-witnesses 4 to participate in pre-trial proceedings though disqualified or likely to be disqualified from representation at trial. *See Moyer v. 1330 Nineteenth Street Corp.*, 597 F. Supp. 14, 17 (D.D.C. 1984); *Brotherhood Railway Carmen v. Delpro Co.*, 549 F. Supp. 780, 790 (D. Del. 1982); *MacArthur v. Bank of New York, supra* at 1211 ("The disqualified firm may consult with defendant's substitute counsel and assist in preparing for trial."); *Norell, Inc., supra. But see Munk v. Goldane National Corp.*, 697 F. Supp. 784, 788 (S.D.N.Y. 1988) (interests of justice best served if advocate-witness disqualified from pre-trial proceedings): General Mill Supply Co. v. SCA Services, 697 F.2d 704, 716 (6th Cir. 1982) ("The most acute evils we would foresee from failure to enforce [DR 5-102] in this instance would occur in the pretrial period. . . .")

Although noting that Rule 3.7 applies "specifically to service 'as advocate at a trial,'" the ABA ethics committee nonetheless believed "the policy behind the prohibition applies to any situation where the lawyer[-witness] is placed in the position of arguing the lawyer's own veracity" in a pre-trial proceeding. Inf. Op. 89-1529, *supra* note 1. The ABA thus felt that a lawyer should not argue, without the client's consent, a pre-

**Exhibit 1**
**Page 2 of 4**

Ethics Opinion 228: Lawyer-Witness Participation in Pre-Trial Proceedings

trial motion where the lawyer's testimony is both disputed and material to a contested matter being decided before trial. In a single-sentence footnote, the Court in *Brotherhood of Railway Carmen, supra* note 20, also precluded the advocate-witness from participating in pre-trial motions that required him to testify to the matter at issue. Neither opinion cited an ethics rule or previous judicial opinion.

While in some instances it may be best for a lawyer-witness to decline representation of a client in a pre-trial motion requiring argument of his/her own testimony, D.C. Rule 3.7(a), by its terms, extends only to prohibit advocacy at a trial. Although it is identical to ABA Model Rule 3.7(a), we decline to extend the D.C. rule beyond its terms. Had the District of Columbia Court of Appeals intended the rule to apply beyond prohibition of courtroom representation, the rule could have been so written.[5] However, in any case in which the lawyer's professional judgment on behalf of a client may be adversely affected by his/her role as a witness, the lawyer may not represent the client in pre-trial motions without the client's consent. Rule 1.7(b)(4). A lawyer-witness should carefully consider whether this is the case when his/her own testimony is at issue in a pre-trial motion.

Another representational issue that is raised concerns the lawyer-witness representing the client at the lawyer's own pre-trial deposition. While Rule 3.7 does not prohibit such representation, other ethical issues may be raised when a lawyer assumes both roles at his/her own deposition. Chief among these issues is whether the lawyer-witness will be able to protect his/her client's confidences and secrets diligently, as required by Rule 1.6. The ABA Committee, in cautioning against this practice, thought the "better practice is that another lawyer serve as counsel to the client at that deposition."

Once it becomes apparent that the lawyer likely will be a necessary witness at trial, it follows from Rule 1.4(b)[6] that the advocate-witness must inform his/her client of this development and seek the client's informed consent to the continued pre-trial representation. The client should understand the effect that withdrawal prior to trial will have, including the financial impact, if any, of retaining new counsel and the point at which new counsel should be retained. As with any withdrawal from employment, the advocate-witness is bound by the requirements of Rule 1.16(d).

Inquiry No. 91-10-38
Adopted: May 19, 1992

---

1. The events in this inquiry occurred before the adoption of the Rules of Professional Conduct. Under the former Code of Professional Responsibility, the inquirer's disqualification under DR 5-102(a) was imputed to his law firm. Rule 3.7 removes this imputed disqualification. Assuming that the applicable court order would permit, the change effected by Rule 3.7 would allow previously-disqualified law firms to resume representations in which a firm member is a necessary witness.
2. This is subject to any applicable rules of court, including rules regarding witnesses.
3. D.C. and Model Rule 3.7(a) are identical; subsection (b) of each rule is substantially the same.
4. DR-5-102(A) provided that a lawyer "shall withdraw from the conduct of the trial" if the lawyer learns or it is obvious that the lawyer ought to be called as a witness; the lawyer's firm "shall not continue representation in the trial."
5. For example, in Rule 3.4 (Fairness to Opposing Party

**Exhibit 1**
**Page 3 of 4**

Ethics Opinion 228: Lawyer-Witness Participation in Pre-Trial Proceedings

and Counsel), subsections (d) and (e) clearly distinguish between pretrial and trial obligations.

6. Rule 1.4(b) states: "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."





The District of Columbia Bar | 1250 H Street NW, sixth floor | Washington DC 20005-5937 | 202-737-4700 | **Directions/Parking**

**©2007** District of Columbia Bar. All rights reserved. **Privacy Policy** | **Disclaimer** | **Author guidelines**

**Exhibit 1**
**Page 4 of 4**



Home > For Lawyers > Ethics > Legal Ethics > Rules of Professional Conduct > Rule Three

## Rule 3.7 — Lawyer as Witness

**This Rule governed the practice of law in the District of Columbia from January 1, 1991, through January 31, 2007. As of February 1, 2007, the New Rules took effect.**

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) The testimony relates to an uncontested issue;

(2) The testimony relates to the nature and value of legal services rendered in the case; or

(3) Disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if the other lawyer would be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9. The provisions of this paragraph (b) do not apply if the lawyer who is appearing as an advocate is employed by, and appears on behalf of, a government agency.

**Comment**

[1] Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.

[2] The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

[3] Subparagraph (a)(1) recognizes that if the testimony will be uncontested, the ambiguities in the dual role are purely theoretical. Subparagraph (a)(2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has firsthand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.

[4] Apart from these two exceptions, subparagraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the opposing party. Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's

**Exhibit 2**
**Page 1 of 3**

testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness.

[5] If the only reason for not permitting a lawyer to combine the roles of advocate and witness is possible prejudice to the opposing party, there is no reason to disqualify other lawyers in the testifying lawyer's firm from acting as advocates in that trial. In short, there is no general rule of imputed disqualification applicable to Rule 3.7. However, the combination of roles of advocate and witness may involve an improper conflict of interest between the lawyer and the client in addition to or apart from possible prejudice to the opposing party. Whether there is such a client conflict is determined by Rule 1.7 or 1.9. For example, if there is likely to be a significant conflict between the testimony of the client and that of the lawyer, the representation is improper by the standard of Rule 1.7(b) without regard to Rule 3.7(a). The problem can arise whether the lawyer is called as a witness on behalf of the client or is called by the opposing party. Determining whether such a conflict exists is, in the first instance, the responsibility of the lawyer involved. *See* Comment to Rule 1.7. Rule 3.7(b) states that other lawyers in the testifying lawyer's firm are disqualified only when there is such a client conflict and the testifying lawyer therefore could not represent the client under Rule 1.7 or 1.9. The principles of client consent, embodied in Rules 1.7 and 1.9, also apply to paragraph (b). Thus, the reference to Rules 1.7 and 1.9 incorporates the client consent aspects of those Rules. Paragraph (b) is designed to provide protection for the client, not rights of disqualification to the adversary. Subject to the disclosure and consultation requirements of Rules 1.7 and 1.9, the client may consent to the firm's continuing representation, despite the potential problems created by the nature of the testimony to be provided by a lawyer in the firm.

[6] Even though a lawyer's testimony does not involve a conflict with the client's interests under Rule 1.7 or 1.9 and would not be precluded under Rule 3.7, the client's interests might nevertheless be harmed by the appearance as a witness of a lawyer in the firm that represents the client. For example, the lawyer's testimony would be vulnerable to impeachment on the grounds that the lawyer-witness is testifying to support the position of the lawyer's own firm. Similarly, a lawyer whose firm colleague is testifying in the case should recognize the possibility that the lawyer might not scrutinize the testimony of the colleague carefully enough and that this could prejudice the client's interests, whether the colleague is testifying for or against the client. In such instances, the lawyer should inform the client of any possible adverse effects on the client's interests that might result from the lawyer's relationship with the colleague-witness, so that the client may make a meaningful choice whether to retain the lawyer for the representation in question.

**Exhibit 2
Page 2 of 3**

Rules of Professional Conduct: Rule 3.7--Lawyer as Witness



The District of Columbia Bar | 1250 H Street NW, sixth floor | Washington DC 20005-5937 | 202-737-4700 | **Directions/Parking**
**©2007** District of Columbia Bar. All rights reserved. **Privacy Policy** | **Disclaimer** | **Author guidelines**

**Exhibit 2**
**Page 3 of 3**

**Orseck, Gary**

| | |
|---|---|
| **From:** | Orseck, Gary |
| **Sent:** | Saturday, October 13, 2007 5:31 PM |
| **To:** | 'Pollack, Barry S.' |
| **Cc:** | Vidal, Orlando |
| **Subject:** | RE: Kornman |

Barry:

Larry will take both the Kornman and Tillotson depositions next week.  We are perfectly within our rights in that regard.  I refer you to Rule 3.7 of the D.C. Rules of Professional Responsibility, which governs the circumstance of "Lawyer as Witness."  The Rule prohibits a necessary witness from acting as advocate at trial unless one of three conditions is satisfied.  We have not yet fully considered whether Rule 3.7 would prohibit Larry from participating in this trial, or whether he'd be part of the trial team in any event, but I'll certainly give you plenty of notice of our plans in that regard.  There is no question, however, that Larry is permitted to take depositions in the case.

If you have an objection to this, please let me know right away what you plan to do about it.  It's obviously in everyone's interest for any dispute to be resolved early this week.

Also, on the subject of depositions, you have advised both me and the Court that there are several categories of materials we sought in discovery as to which you originally raised an objection (in response to our document requests and interrogatories), that you're now willing to make available.  One example is demand letters and complaints from Kornman's other lawyers about lack of payment.  Insofar as you've lifted your objections to some of our discovery requests, please produce the responsive materials before this week's depositions.  Let me know how you plan to proceed.

Gary

-----Original Message-----
From: Pollack, Barry S. [mailto:bpollack@sandw.com]
Sent: Saturday, October 13, 2007 4:02 PM
To: Orseck, Gary
Cc: Vidal, Orlando
Subject: Re: Kornman

Gary,

Is it your firm's intention to have Attorney Robbins act as trial counsel?  Or to question witnesses at depositions?

Because he is an obviously necessary witness at trial, we would object to that.  If he merely plans to sign pleadings and argue motions, our position may be different.  Please let us know promptly so we can take any appropriate action before this week's depositions.

Barry


Barry S. Pollack
Attorney at Law

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2910
F 617 338 2880
bpollack@sandw.com
www.sandw.com

**Exhibit 3**
**Page 1 of 1**

**Orseck, Gary**

| | |
|---|---|
| **From:** | Pollack, Barry S. [bpollack@sandw.com] |
| **Sent:** | Tuesday, October 16, 2007 11:05 AM |
| **To:** | Orseck, Gary |
| **Subject:** | Re: Kornman |

It looks like I cannot.
I will talk to you later during a break in my deposition.


Barry S. Pollack
Attorney at Law

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2910
F 617 338 2880
bpollack@sandw.com
www.sandw.com

BOSTON    NEW YORK    WASHINGTON, DC

----- Original Message -----
From: Orseck, Gary <gorseck@robbinsrussell.com>
To: Pollack, Barry S.
Sent: Tue Oct 16 10:11:31 2007
Subject: RE: Kornman

Yes, I understand that you reserve all your rights, and I will not argue to the contrary.
Can you say yet whether you can travel to Dallas?

-----Original Message-----
From: Pollack, Barry S. [mailto:bpollack@sandw.com]
Sent: Tuesday, October 16, 2007 10:10 AM
To: Orseck, Gary
Subject: Re: Kornman

I am in a deposition.

My thought is that we will object to use of Larry's voice at trial on any recording.  We
will also object to you reading in questions by Larry Robbins at trial in the first
person.

As for instructions not to answer, I could foresee argumentative questions in the first
person being problematic.  Otherwise I do not foresee a problem.

You have agreed not to argue that proceeding this way affects our right to object to Larry
Robbins' service as trial counsel.


Barry S. Pollack
Attorney at Law

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2910
F 617 338 2880

**Exhibit 4**
**Page 1 of 2**

bpollack@sandw.com
www.sandw.com

BOSTON    NEW YORK    WASHINGTON, DC

----- Original Message -----
From: Orseck, Gary <gorseck@robbinsrussell.com>
To: Pollack, Barry S.
Sent: Tue Oct 16 09:29:21 2007
Subject: Kornman

Barry:

I will be busy today finalizing our summary judgment reply brief, so I wanted to make sure we are in touch on a few items:

1.  I am sorry to hear your wife is ill.  I hope everything is going to be OK.  Please tell me today if her situation will make you unable to be in Dallas for Kornman's deposition, and, if so, what you propose we do about it.

2.  As I requested yesterday, please let me know whether you intend to instruct Kornman not to answer any question on the ground that the question, asked by Larry, refers to Larry himself.  You certainly can reserve any objection you want on this issue, but I do want to know now whether, after we've all traveled to Texas, you intend to instruct Kornman not to answer questions on that basis.  If so (or if you won't say one way or the other), I will take it up with Judge Robertson now so we'll have an answer in advance.

3.  To confirm, you said that the reason you have produced no documents that fall into the categories you said in your opposition brief are unobjectionable is because you do not have any, not because you are now declining to produce them.  If I am wrong, please let me now.

# Material Redacted

Gary


_____
Gary A. Orseck
Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP
1801 K St. NW
Washington, DC 20006
(202) 775-4504
www.robbinsrussell.com

2

**Exhibit 4**
**Page 2 of 2**

**Orseck, Gary**

| | |
|---|---|
| **From:** | Pollack, Barry S. [bpollack@sandw.com] |
| **Sent:** | Wednesday, October 17, 2007 11:44 AM |
| **To:** | Orseck, Gary |
| **Subject:** | RE: Kornman |

Gary,

I just left a voice mail message from you.  We accept Attorney Tillotson's offer to travel
to DC, at your firm's expense, next week for his deposition.

Based on your conversation with me yesterday, I understood that you
intended to accommodate   my family health issue.  Now you are linking
it to the time and place for Gary's deposition, which is contrary to what you said
yesterday.  At any rate, I anticipate moving Gary's deposition to DC, but still need to
confirm.

Do you still intend to have Larry Robbins handle any of the questioning?
We may have to call Judge Robertson on this issue this week.

Barry

-----Original Message-----
From: Orseck, Gary [mailto:gorseck@robbinsrussell.com]
Sent: Wednesday, October 17, 2007 10:31 AM
To: Jeff Tillotson
Cc: Robbins, Larry; Pollack, Barry S.
Subject: RE: Kornman

Jeff:

Thanks for your offer and your flexibility.  Here is where we stand.
Larry has an argument in the DC Circuit next Friday, October 26, which will require
substantial preparation.  We are willing to take your deposition in our office in DC next
Wednesday, but only if Larry is not also required to travel to Dallas next week to take
Kornman's deposition (we are not willing to wait until the week of October 29 for
Kornman's deposition).  So (Barry), if you can make Kornman available in DC for his
deposition on either Monday or Tuesday of next week (October 22 or 23), we'd be willing to
take Jeff's deposition here on Wednesday, October 24.

If, instead, you (Barry) insist that the Kornman deposition must be in Texas next week,
we'll go ahead with Jeff's deposition this Friday as scheduled, rather than forcing Larry
to do a home-and-away the same week as his argument.  So Barry, let us know.

Gary

-----Original Message-----
From: Jeff Tillotson [mailto:jmt@lynnllp.com]
Sent: Wednesday, October 17, 2007 10:13 AM
To: Orseck, Gary
Cc: Robbins, Larry; bpollack@sandw.com
Subject: RE: Kornman

Gary--

Well, it looks less and less likely that the hearing will be moved.
Sorry for the false hope but the other side on that case is very difficult.

I spoke with Barry who does has a pretty severe medical family related issue. He asked if
I would be willing to go to DC next week for the depo.  I do have other business in DC and
NYC and would be willing to travel there to accommodate him and you.  I could do it next
Weds, Thurs or Friday.

1

**Exhibit 5**

**Page 1 of 1**

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

1801 K STREET, N W, SUITE 411
WASHINGTON, D C  20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Gary A. Orseck

(202) 775-4504
gorseck@robbinsrussell.com

September 10, 2007

*Via Facsimile and U S. Mail*

Barry S. Pollack
Sullivan & Worcester LLP
One Post Office Square
Boston, MA  02109

Orlando E. Vidal
Sullivan & Worcester LLP
1666 K Street, NW, Suite 700
Washington, DC  20006

Re:    *Robbins, Russell, Englert, Orseck & Untereiner LLP* v. *Kornman*,
Case No. 1:07-cv-00554-JR

Dear Barry and Orlando:

Attached is a Notice of Deposition for Gary Kornman's deposition. I have noticed it for September 24, which will give us some time to review the materials you are scheduled to provide us in discovery later this week. I have some availability later that week as well (Tuesday, Wednesday or Thursday) if September 24 is impossible for you or Mr. Kornman, but in light of the extremely compressed schedule, I do not want to push it beyond the end of that week.

Please give me a call if you would like to discuss this.

Very truly yours,

Gary A. Orseck

Enclosure

**Exhibit 6
Page 1 of 4**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
ROBBINS, RUSSELL, ENGLERT,                      )
ORSECK & UNTEREINER LLP,                        )
                                                )
            Plaintiffs,                         )
                                                )        Case No.: 1:07-cv-004554-JR
        v.                                      )
                                                )
GARY KORNMAN,                                   )
                                                )
            Defendant.                          )
_____)

## NOTICE OF VIDEOTAPED DEPOSITION

PLEASE TAKE NOTICE THAT, pursuant to Rules 30(b)(1) and 30(b)(2) of the Federal

Rules of Civil Procedure, Plaintiff Robbins, Russell, Englert, Orseck & Untereiner LLP ("RREOU")

will take, transcribe, and record on videotape, the deposition upon oral examination of the person

identified below, at the date, time, and place listed below:

WITNESS:    Gary Kornman

DATE:       September 24, 2007

TIME:       9:30 a.m.

PLACE:      Sullivan & Worcester LLP, 1666 K Street, NW Washington, DC  20006 (202) 775-

            1200.

**Exhibit 6**
**Page 2 of 4**

_____
Gary A. Orseck (D.C. Bar No. 433788)
Alan D. Strasser (D.C. Bar No. 967885)
Matthew Segal (D.C. Bar No. 483486)
ROBBINS, RUSSELL, ENGLERT,
ORSECK & UNTEREINER LLP
1801 K Street, NW, Suite 411
Washington, DC 20006
Telephone: (202) 775-4500
Fax: (202) 775-4510

*Counsel for Robbins, Russell, Englert,*
*Orseck & Untereiner LLP*

Dated: September 10, 2007

**Exhibit 6**
**Page 3 of 4**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2007, I caused a true and correct copy of the Notice

of Deposition of Gary Kornman to be served by facsimile and regular mail  on the following:


Orlando E. Vidal
Sullivan & Worcester LLP
1666 K Street, N.W., Suite 700
Washington, DC 20006

Barry S. Pollack
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109


Dated:  Washington, DC
        September 10, 2004


_____
Gary A. Orseck


**Exhibit 6**
**Page 4 of 4**